1  **PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583**
2  LEPISCOPO & ASSOCIATES LAW FIRM
3  695 Town Center Drive, 7TH Floor
   Costa Mesa, California 92626
4  Telephone: (949) 878-9418
   Facsimile: (619) 330-2991
5
6  Attorneys for Defendant, **JAWAD NESHEIWAT**
7
8
9  **UNITED STATES DISTRICT COURT**
10 **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION (SANTA ANA)**
11
   **BUREAU OF CONSUMER**                )  Case No.  **8:20-cv-00043-JCS-ADS**
12 **FINANCIAL PROTECTION,**             )
                                         )  **DEFENDANT JAWAD**
13          Plaintiff,                   )  **NESHEIWAT'S MEMORANDUM**
                                         )  **OF POINTS AND AUTHORITIES IN**
14 v.                                    )  **SUPPORT OF MOTION TO**
                                         )  **DISMISS**
15                                       )
   **CHOU TEAM REALTY LLC,** *et al.,*   )
16                                       )  [F.R.Civ.P. Rules 12(b)(7) and 19;
            Defendants.                  )   L.R. 7-3]
17                                       )
                                         )  **\*** This motion is made following the
18                                       )    conference of counsel pursuant to L.R.
19                                       )    7-3, which took place on 3/2/20.
                                         )
20                                       )          DATE:  **May 18, 2020**
21                                       )          TIME:  **1:30 p.m.**
                                         )  COURTROOM:  **10-C**
22                                       )  JUDGE: **HON. JAMES V. SELNA**
23                                       )  TRIAL DATE:  **None Set**
                                         )
24                                       )
25                                       )
26
27
28

*(left margin, vertical)* LEPISCOPO & ASSOCIATES LAW FIRM

# <u>TABLE OF CONTENTS</u>

<u>P</u>AGE

I.     PRELIMINARY STATEMENT…………………………………………1

II.    STANDARD OF REVIEW UNDER RULES 12(b)(7) AND 19(a)..………..2

III.   ALLEGATIONS AND CLAIMS: THE BUREAU
       HAS OMITTED MATERIAL AND NECESSARY
       COMPONENTS OF THE ENTIRE ENTERPRISE
       RELATING TO MONSTER LOANS………………………………….3

IV.    THE COURT SHOULD ISSUE AN ORDER DIRECTING
       THE BUREAU TO FILE AN AMENDED COMPLAINT
       JOINING DESIREE AND MONSTER TAX AS DEFENDANTS,
       AND, IF THE BUREAU FAILS TO DO SO IN THE TIME
       SPECIFIED, THEN THE COMPLAINT AGAINST
       NESHEIWAT SHOULD BE DISMISSED……………………………..10

VI.    CONCLUSION……………………………………………………17

CERTIFICATE OF SERVICE…………………………………………...……18

# TABLE OF AUTHORITIES

**CASES:**                                                                    PAGE

*Biago W. Sales, Inc. v. Helena Chemical Company*,
    160 F.Supp.2d 1136 (E.D. Cal. 2001)…………...…………………….2, 4

*McShan v. Sherill*,
    283 F.2d 462 (9th Cir. 1960)………………………………………3, 4

*Mekah Indian Tribe v. Verity*,
    910 F.2d 555 (9th Cir. 1990)………………...……………………3, 4

*Salt River Project Agriculture Improvement & Power District v. Lee*,
    672 F.3d 1176 (9th Cir. 2012)………………………………………3, 4

**STATUTES, CODES, AND RULES:**

12 U.S.C. § 5531……………………………...……………………………..10

12 U.S.C. § 5536…………...……………………….…………………………..10

15 U.S.C. § 1681b(f)…………………………………...…………………15

15 U.S.C. § 1681s…………………………………………………………10

15 U.S.C. § 6102(c)………………………………………………………11

15 U.S.C. § 6105(d)………………...………………………………………..11

16 C.F.R. Part 310………………………………………………………..11

16 C.F.R. § 310.2(o)………………………………………………………..14

16 C.F.R. § 310.4(a)(5)(i)(A)-(B)………………………...………………16

Federal Rules of Civil Procedure Rule 12(b)(6)………….………...………………………3

Federal Rules of Civil Procedure Rule 12(b)(7)……...………………………passim

LEPISCOPO & ASSOCIATES LAW FIRM

Federal Rules of Civil Procedure Rule 19.……………….…………………passim

Lepiscopo & Associates Law Firm

LEPISCOPO & ASSOCIATES LAW FIRM

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure[1], defendant Jawad Nesheiwat ("Defendant" or "Nesheiwat") moves the Court for an order directing the Bureau of Consumer Financial Protection ("Bureau") to join Desiree Hoose and Tax Time Relief, Inc. dba Monster Tax Relief ("Monster Tax") as defendants in this action pursuant to Rule 19(a) or if the Bureau refuses to join them, then the Bureau's complaint[2] ("Complaint" or "Compl.") against Nesheiwat should be dismissed pursuant to Rule 12(b)(7).

## I.   PRELIMINARY STATEMENT:

As a practical matter and as will be demonstrated below, in the case at Bar the Court should conclude from the Complaint's allegations and the evidence proffered in support of the instant motion that Rules 12(b)(7) and 19(a) have been satisfied. Accordingly, the Court will have the authority to order the Bureau to file an amended

---

[1]   Hereinafter all references to "Rule" or "Rules" shall refer to the Federal Rules of Civil Procedure.

[2]   Pursuant to Section J of the Court's 1/13/20 *Initial Order Following Filing of Complaint Assigned to Judge Selna* (ECF No. 7), Defendant has attached a copy of the Complaint to this Memorandum as Exhibit 1, incorporated herein by this reference, as though fully set forth herein. (Lepiscopo Decl. ¶4.)

complaint that joins Desiree Hoose and Monster Tax as defendants, or, if the Bureau

fails to do so within the time ordered, then the Complaint should be dismissed.

## II.    <u>STANDARD OF REVIEW UNDER RULES 12(b)(7) AND 19(a)</u>:

Rule 12(b)(7) permits a party to request dismissal of a complaint for "failure

to join a party under Rule 19." In its relevant part, Rule 19(a) provides:

> "**(a) Persons Required to Be Joined if Feasible.**
>
>   **(1)**  *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>     **(A)**  in that person's absence, the court cannot accord complete relief among existing parties; or
>
>     **(B)**  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>     **(i)**  as a practical matter impair or impede the person's ability to protect the interest; or
>     **(ii)**  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

"A motion to dismiss for failure to join an indispensable party requires the

moving party to bear the burden in producing evidence in support of the motion."

*Biago W. Sales, Inc. v. Helena Chemical Company*, 160 F.Supp.2d 1136, 1142 (E.D.

Cal. 2001) ("*Biago*"). In fact, a motion to dismiss under Rule 19 demands that the

moving party provide facts supporting the motion, and the district court must make

LEPISCOPO & ASSOCIATES LAW FIRM

a "practical inquiry" consistent with the allegations and the evidence provided. *Id.*; *see also Mekah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) ("*Verity*").

Further, it is well established that unlike challenges to pleadings on their face under Rule 12(b)(6), a motion to dismiss under Rules 12(b)(7) and 19(a) permits the moving party to proffer and the reviewing court to "consider **evidence outside the pleadings**." *McShan v. Sherill*, 283 F.2d 462, 464 (9th Cir. 1960) (emphasis added) ("*Sherill*").

A party may move to dismiss a case for "failure to join a party under Rule 19." *See* Rule 12(b)(7). In this analysis, Rule 19 imposes a three-step inquiry for this Court to consider:

"(1) Is the absent party necessary (i.e., required to be joined if feasible) under Rule 19?

(2) If so, is it feasible to order that absent party to be joined?

(3) If joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed?"

*Salt River Project Agriculture Improvement & Power District v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012) ("*Lee*").

Finally, the Court should conclude from the Complaint's allegations and the evidence proffered in support of the motion that Rule 19(a) and *Lee* have been

LEPISCOPO & ASSOCIATES LAW FIRM

satisfied, and, therefore, should order the Bureau to file an amended complaint that joins Desiree Hoose and Monster Tax Relief as defendants, or, if the Bureau fails to do so then the Complaint against Nesheiwat should be dismissed. *See* Rules 12(b)(7) & 19(a) and *Lee, supra; see also Biago, Verity*, and *Sherill, supra.*

### III. ALLEGATIONS AND CLAIMS: THE BUREAU HAS OMITTED MATERIAL AND NECESSARY COMPONENTS OF THE ENTIRE ENTERPRISE RELATING TO MONSTER LOANS:

As a way of providing the Court with a full picture, this section is designed to identify the Bureau's omission of material and necessary components of the entire enterprise alleged in the Complaint. Specifically, review of the Complaint and the exhibits submitted in support of this motion will be harmonized to demonstrate that the Bureau has not told the entire story regarding this matter and has not included material and necessary parties involved, to wit: Desiree Hoose and Monster Tax.

Defendants Chou Team Realty, Inc. and Chou Team Realty, LLC  have held themselves out as doing business as "Monster Loans" and "MonsterLoans" (collectively, "Monster Loans"). (Compl. ¶12.)

Defendant Thomas "Tom" Chou ("Chou") was Monster Loans' president and owner between January 2015 and December 2017. Chou exercised substantial managerial responsibility for and control over Monster Loans' business practices, including the unlawful conduct alleged in the Complaint. (Compl. ¶33.)

LEPISCOPO & ASSOCIATES LAW FIRM

In the Complaint, the Bureau alleges that defendants Monster Loans and Lend Tech have purchased from Experian prescreened consumer reports (also known as "prescreened lists") that contained information regarding consumers with student loans, including consumers' names, addresses, number of student loans, and aggregate student loan balances. (Compl. ¶52.) However, this is only part of the facts in this matter. In particular, Chou created a more comprehensive enterprise and structure, which was omitted from the Complaint and which was comprised of four components gathered under the banner of "3 Whatney" ("Monster Loans Structure"), which is shorthand for Chou and Monster Loans' offices located at 3 Whatney Road, Suite 100, Irvine, California 92618 ("3 Whatney"):



(Compl. ¶¶ 10, 16, 17, 29, 30, and 52; Exhibit 2; Lepiscopo Decl. ¶5.)

The Bureau also failed to allege and disclose the facts that consistent with the strategy and design of the Monster Loans Structure, on March 8, 2016 Desiree Hoose

formed a California corporation, Tax Time Relief, Inc., and that Desiree Hoose was Tax Time Relief's **chief executive officer**. Further, the Bureau also failed to allege and disclose that on in March of 2016 Desiree Hoose prepared and filed a fictitious business name statement with the Orange County Clerk-Recorder permitting Tax Time Relief to operate under the name of "Monster Tax Relief" (referred to herein as "Monster Tax"). (Exhibits 4-6; Judicial Notice; Lepiscopo Decl. ¶¶ 7 & 8.)

In the Complaint, the Bureau discloses that Chou and Monster Loans procured an Experian account for the ostensible purpose of operating its mortgage loan business, which would be limited to mortgage products and which included credit information about more than 7 million consumers ("Consumer Report Information"). (Compl. ¶¶ 53-58.) However, the Bureau goes on to allege that Chou and Monster Loans would provide Consumer Report Information to **other companies** to provide consumers with debt-relief services, although Chou and Monster Loans did not disclose this information to Experian. (Compl. ¶ 56.)

Although it alleged that Chou and Monster Loans provided Consumer Report Information to other companies, including companies providing tax relief services, the Bureau did not name Desiree Hoose or Monster Tax as defendants in the Complaint. In this context, Desiree Hoose and Monster Tax had access to and utilized tax lien information contained in the Consumer Report Information, although this information was also omitted from the Complaint. (Compl. ¶¶ 53-58.)

LEPISCOPO & ASSOCIATES LAW FIRM

As demonstrated above, Monster Tax was a business envisioned and structured by Chou to utilize Monster Loans' logos, resources, staffing, and Consumer Report Information for the purpose of targeting consumers through direct mail marketing.  Chou and Monster Loans' goal was to have a series of financial service companies using the Monster Loans' name and branding. For example, although they must have known it, the Bureau did not disclose the unity of identity and purpose between Monster Loan and Monster Tax, including marketing under the same logos and slogans (i.e., "*So easy. . .It's scary!*"):



(Compl. ¶¶ 56 and 57; Exhibit 3; Lepiscopo Decl. ¶6.)

Consistent with the Monster Loans Structure, during the schemes alleged in the Complaint, Monster Tax's address (*i.e.*, 3 Whatney) was the same as other defendants in this action: Monster Loans; Chou Team Realty; Docu Prep Center, Inc.; Document Preparation Services, LP; Docs Done Right, LP;  and TKD Enterprises, LLC. (Compl. ¶¶ 10, 16, 17, 29, and 30; Exhibit 7; Lepiscopo Decl. ¶¶ 5 & 9.)

Another aspect of the Bureau's enforcement action in this case relates to advanced fees defendants charged consumers without providing the promised debt relief services. (Compl. ¶¶ 103-111.) However, Monster Tax has engaged in the same advance fees scheme designed by Chou and Monster Loans under the Monster Loans Structure. Just to make a point on the glaring absence of Desiree Hoose and Monster Tax as defendants in this action, here are some examples from the Orange County Better Business Bureau's website regarding Monster Tax's unlawful retention of advanced fees:

Complaint 1: "They were supposed to fix my taxes and took $3000 from us and almost a year later, nothing. They handed the file to someone else and didn't call me or anything. I have unfiled taxes from long ago, so it's a difficult case or I would do my own taxes. The irs already gave me a year break and I just don't know what's going to happen. This wasn't right what they did."

Complaint 2: "We paid these people 3 thousand dollars to help us with a tax problem. It's been almost a two year problem. I just found that

LEPISCOPO & ASSOCIATES LAW FIRM

LEPISCOPO & ASSOCIATES LAW FIRM

these people went out of business with no word to us. Where is my money and has our contract been sold to someone else. If so how do we find out to who and where. I got a collection bill for 72,000 thousand dollars going to collections. This company was saying they were working on this to get back taxes off so this could be affordable. I can't afford this. I am getting divorced and I need to know what is going to happen. I need help please!"

Complaint 3: "I paid Monster Tax $2490.00 to complete my taxes for 2015-2017 and they did nothing at all. I sent them a bunch of tax information. I want to know how to get my money refunded and more importantly get my tax paperwork returned to me. Thank you."

Complaint 4: "I hired Monster Tax Relief to work for me to get IRS issues resolved. I paid MTR $5,000 and submitted all the forms they requested and then they went silent. They don't return phone messages, e-mails and the main number on their website is not operational. I would like my money back and a guarantee that all of my personal information has been destroyed."

*See* https://www.bbb.org/us/ca/irvine/profile/tax-consultant/monster-tax-relief-lp-1126-172015410/complaints

Finally, and as discussed above, Monster Loans,  Desiree Hoose, and Monster Tax were part of the same overall strategy and structure regarding use of the Consumer Report Information for improper and unauthorized purposes including the soliciting and retention of advance fees, as alleged in the Complaint.[3] Relative to the instant motion, the noteworthy part is that the Bureau omitted Desiree Hoose and

---

[3]     *See* Compl. ¶¶ 4-6, 13-16, 19-47, 49, 51-54, 56-62, 64, 65, 68, 73, 84, 85, 86, 89, 101, 103, 104, 106, 107, 108, 128, 140, 142, 143-146, 151, 152, 158, 171, 172, and 200.

Monster Tax from the allegations (or disguised their identities through oblique references to "other companies"). Further, the Bureau failed to join them as defendants in this action, even though they were material and necessary parts of Chou and Monster Loans' strategy and structure and were participants in the improper and unauthorized use of the Consumer Report Information and unlawful solicitation and retention of advance fees. This is because the Consumer Report Information will reflect that Chou, Monster Loans, Desiree Hoose, and Monster Tax not only targeted student debt attributes but also state and federal tax lien attributes. Thus, Desiree Hoose and Monster Tax were able to carry out the **tax debt relief** component of Chou and Monster Loans' strategy. (Exhibits 3-6; Judicial Notice; Lepiscopo Decl. ¶¶5-8.)

## IV. **THE COURT SHOULD ISSUE AN ORDER DIRECTING THE BUREAU TO FILE AN AMENDED COMPLAINT JOINING DESIREE AND MONSTER TAX AS DEFENDANTS, AND, IF THE BUREAU FAILS TO DO SO IN THE TIME SPECIFIED, THEN THE COMPLAINT AGAINST NESHEIWAT SHOULD BE DISMISSED:**

The Bureau is an independent federal agency charged with enforcing Federal consumer financial laws. The Bureau alleges that it has authority to enforce prohibitions on unfair, deceptive, and abusive acts or practices in the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531, 5536; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s; and the Telemarketing Sales Rule

LEPISCOPO & ASSOCIATES LAW FIRM

("TSR"), 16 C.F.R. Part 310, as it applies to persons subject to the CFPA, 15 U.S.C. §§ 6102(c) and 6105(d). Hereinafter CFPA, FCRA, and TSR will be referred to collectively as Consumer Protection Laws.

In carrying out its duties under the Consumer Protection Laws, the Bureau unequivocally seeks equitable and monetary relief, as well as penalties against those engaged in the unlawful scheme alleged in the Complaint, that is, with the exception of Desiree Hoose and Monster Tax, as described above.

Monster Loans (a defendant) and Monster Tax (not joined) are one in the same, albeit two separate legal entities, with the same goal in mind—using allegedly unlawfully obtained Consumer Report Information for the alleged purpose of perpetrating consumer credit fraud upon 7 million individuals listed in those reports, to wit: Monster Loans through student loan debt relief and Monster Tax through state and federal tax debt relief. Essentially two bites from the same apple (*i.e.*, the Consumer Report Information). It is beyond dispute that Desiree Hoose, as Monster Tax's chief executive officer, operated under the control of and carried out the scheme for Chou, Monster Loans, and Monster Tax.

In order to prevent future harm to the public and redress consumers, the Bureau requests the following relief in the Complaint:

"a. permanently enjoin Defendants from committing future violations of the FCRA, TSR, and CFPA and enter such other injunctive relief as appropriate;

b. permanently enjoin Defendants from advertising, marketing, promoting, offering for sale, selling, or providing any form of assistance to any debt-relief service;

c. grant additional injunctive relief as the Court may deem to be just and proper;

d. order Monster Loans, the Student Loan Debt Relief Companies, Docs Done Right, Nesheiwat, Sklar, Hoose, Sebreros, and Martinez to pay redress to consumers harmed by their unlawful conduct;

e. award damages and other monetary relief against Defendants;

f. impose civil money penalties against Defendants. . .”

(Compl. p. 32, Demand for Relief.)

Thus, the relief sought by the Bureau cannot be complete in the absence of Desiree Hoose and Monster Tax, as they are integral and necessary components of the unlawful enterprise the Bureau alleges in the Complaint. Further, the tax debt relief aspect of this action involving Desiree Hoose and Monster Tax are a direct result of the alleged unlawful acquisition and use of the Consumer Report Information, which is the central gravamen of the Bureau’s allegations. Consequently, if the Bureau seeks prevention and redress regarding the misuse of consumer information in this action and future misuse, then Desiree Hoose and Monster Tax are necessary and indispensable parties in this action. Stated another

LEPISCOPO & ASSOCIATES LAW FIRM

way, not joining Desiree Hoose and Monster Tax results in ratification of their actions and incomplete relief in this action. (Compl. ¶¶ 117 and 118.)

Monster Loans and Monster Tax utilized the allegedly unlawfully obtained Consumer Report Information to conduct marketing of their tax debt relief services to those consumers who may have needed student loan debt relief and/or state and federal tax debt relief. Although the services Monster Loans and Monster Tax allegedly provided to consumers was specific but different, the source of consumer information upon which such services were provided was the same—the Consumer Report Information. Moreover, the specific but different services Monster Loans and Monster Tax provided were consistent with and pursuant to Chou and Monster Loans' global strategy as expressed in the Monster Loans Structure. In short, the scheme that the Bureau alleged in the Complaint is incomplete because it is an inaccurate and partial statement of the facts, and the remedies sought are incomplete because the Bureau omitted Desiree Hoose (although her husband, Robert Hoose, was included as a defendant) and Monster Tax. (Compl. ¶¶ 10, 16, 17, 29, 30, and 52; Exhibits 2-7; Lepiscopo Decl. ¶¶5-9.)

The injunctive and monetary relief as well as the civil penalties sought by the Bureau are not predicated upon **all the facts** and are not sought against **all the proper defendants** in this action. Here, the Bureau is attempting to enforce the TSR regarding "debt relief services" provided by Monster Loans and others that were

born out of the allegedly unlawful acquisition and use of the Consumer Report Information. (Compl. ¶¶ 117 and 118.) The scope of the TSR's definition of "debt relief services" clearly comprehends the tax debt relief services conceived by Chou and Monster Loans and engaged in and provided by Desiree Hoose and Monster Tax:

> "[A]ny program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector."

(Compl. ¶ 118; *see also* 16 C.F.R. § 310.2(o).)

Similarly, under the CFPA, the Bureau alleges that the alleged unlawful acquisition and use of the Consumer Report Information constitutes unfair, deceptive, and abusive acts or practices designed to mislead consumers regarding debt relief services. (Compl. ¶ 131.)

In paragraphs 138 and 139 of the Complaint, the Bureau alleges that Chou is a "related person" or "covered person" under the CFPA because he is Monster Loans' president and had managerial responsibility for it. Similarly, under the Bureau's assertion in paragraphs 138 and 139, Desiree Hoose is also a "related person" or "covered person" under the CFPA because she was Monster Tax's chief

LEPISCOPO & ASSOCIATES LAW FIRM

executive officer and had managerial responsibility of it. (Exhibits 4-6; Judicial Notice; Lepiscopo Decl. ¶¶7 & 8.)

In paragraphs 133-137 of the Complaint, the Bureau alleges that Monster Loans and the other corporate and business entity defendants are a "related person" or "covered person" under the CFPA because they offered to provide debt relates services to consumers, in particular the consumers gleamed from the Consumer Report Information. For the same reasons, Monster Tax is also a "related person" or "covered person" under the CFPA because it provided tax debt relief services.

The following examples from some of the counts alleged in the Complaint are provided in order to show how Desiree Hoose and Monster Tax were engaged in the same activity regarding unlawful acquisition and use of the Consumer Report Information.

In Count I of the Complaint (¶¶ 148, 150, and 152), the Bureau alleges Chou and the other individual defendants (including Desiree Hoose's husband, Robert) and Monster Loans and the other corporate and business entity defendants violated FCRA because they unlawfully procured the Consumer Report Information for the purpose of offering to provide consumers with debt relief services in violation of 15 U.S.C. § 1681b(f). Although omitted from the Complaint, Desiree Hoose and Monster Tax also used the Consumer Report Information for the purpose of offering to provide consumers with tax debt relief (*i.e.*, "debt relief services").

LEPISCOPO & ASSOCIATES LAW FIRM

LEPISCOPO & ASSOCIATES LAW FIRM

In Counts II and XI of the Complaint (¶¶ 154, 155, and 196), the Bureau alleges that certain individual and corporate defendants violated CFPA, FCRA, and TSR because they charged advance fees in connection with offering to provide consumers gleamed from the Consumer Report Information with debt relief services in violation of 16 C.F.R. § 310.4(a)(5)(i)(A)-(B). As mentioned in section III, *supra*, and as demonstrated from the consumer complaints[4]  filed with the Orange County Better Business, Desiree Hoose and Monster Tax also took and failed to return advance fees from consumers gleamed from the allegedly unlawfully obtained Consumer Report Information.

Finally, all the foregoing notwithstanding, the Bureau omitted Desiree Hoose and Monster Tax as defendants in this action, even after being given an opportunity to cure this defect during the March 2, 2020 L.R. 7-3 meeting of counsel. The fact remains that Desiree Hoose and Monster Tax were material and necessary components of the entire Monster Loans Structure, but the Bureau did not include them as defendants in this action. (Compl. ¶¶ 10, 16, 17, 29, 30, and 52; Exhibit 2; Lepiscopo Decl. ¶4.)

/////

---

[4]    *See*    https://www.bbb.org/us/ca/irvine/profile/tax-consultant/monster-tax-relief-lp-1126-172015410/complaints.

## V.    __CONCLUSION__:

Based on the foregoing, defendant Jawad Nesheiwat respectfully requests the Court to make a finding that Desiree Hoose and Tax Time Relief, Inc. dba Monster Tax Relief are necessary parties to this action pursuant to Rule 19(a) and that they should be joined to this action, or if the Bureau refuses to join them, then the action against defendant Jawad Nesheiwat should be dismissed pursuant to Rule 12(b)(7).

Dated:  March 10, 2020.                     LEPISCOPO & ASSOCIATES LAW FIRM

By: /s/ Peter D. Lepiscopo
                                                             **PETER D. LEPISCOPO**
                                                             ***Counsel of Record***

                                                             Attorneys   for   Defendant,   **JAWAD NESHEIWAT**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on the Court and all counsel of record via the Court's electronic filing system on March 10, 2020.

Dated: March 10, 2020.                    Respectfully submitted,


<u>/s/ Peter D. Lepiscopo         .</u>
**PETER D. LEPISCOPO**
  *Counsel of Record*

Attorneys for Defendant, **JAWAD NESHEIWAT**