COLIN REARDON (NY Bar #4945655)
E-mail: colin.reardon@cfpb.gov
Phone: (202) 435-9668
E. VANESSA ASSAE-BILLE (NY Bar #5165501)
E-mail: elisabeth.assae-bille@cfpb.gov
Phone: (202) 435-7688
1700 G Street, NW
Washington, D.C. 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar #264787) – Local Counsel
E-mail: leanne.hartmann@cfpb.gov
Phone: (415) 844-9787
301 Howard St., Suite 1200
San Francisco, CA 94105
Fax: (415) 844-9788

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, <br><br> Plaintiff, <br><br> vs. <br><br> Chou Team Realty, LLC et al., <br><br> Defendants. | Case No.: 8-20-cv-00043-JVS-ADS <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE DEFENDANTS FRANK ANTHONY SEBREROS AND ASSURE DIRECT SERVICES, INC.** |

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff Bureau of Consumer Financial Protection ("Bureau") respectfully moves for a 30-day extension of time to serve summonses and the Complaint and on Defendants Frank Anthony Sebreros ("Sebreros") and Assure Direct Services, Inc. ("ADS, Inc.") (collectively, "Defendants"). As explained in this memorandum and the

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE
DEFENDANTS FRANK ANTHONY SEBREROS AND ASSURE DIRECT SERVICES, INC.

1

supporting declarations,[1] the Bureau has diligently attempted to serve Defendants, but has been unsuccessful. The 90-day period to serve Defendants under Rule 4(m) ends on April 8, 2020. A 30-day extension of time would permit the Bureau to make further service attempts before, if necessary, seeking leave from the Court to effectuate service in an alternative manner.

## BACKGROUND

The Bureau filed this action on January 9, 2020 against twenty-six defendants and relief defendants. The Bureau has served all defendants except Sebreros and ADS, Inc.

Sebreros is the designated agent for service of process for ADS, Inc.[2] On January 15, 2020, the clerk issued summonses for Sebreros (in his capacity as an individual defendant) and for ADS, Inc. (listing Sebreros as its registered agent).[3] The Bureau learned during its investigation that ADS, Inc. ceased operations around September 2017.[4] ADS Inc.'s status is currently listed as suspended on the California Secretary of State website, and it has not updated its service address since it originally registered in August 2016.[5] Its service address is a mailbox at a UPS store.[6] A process server who visited the UPS

---

[1] The Bureau is filing declarations by its counsel Colin Reardon ("Reardon Decl.") and its investigator Dani Schneider ("Schneider Decl."), and affidavits by two process servers ("Harrigan Aff." and "Alvarado Aff."). The Bureau requests permission to be relieved from Local Rule 5-4.3.4(a)(3)'s requirement that Schneider's declaration include a hand-signature. *See* Schneider Decl. ¶ 6.
[2] Reardon Decl. ¶ 5 and Exs. A and B. Sebreros was also ADS, Inc.'s president and owner. Compl. ¶ 44.
[3] ECF 13-1, 13-11.
[4] Reardon Decl. ¶ 7.
[5] Reardon Decl. ¶ 6 and Ex. B.
[6] Alvarado Aff. ¶ 16.

Store on April 3, 2020, was told that Sebreros and ADS, Inc. no longer receive mail there.[7]

Because ADS, Inc. has ceased operations, the Bureau has sought to serve Defendants at home addresses associated with Sebreros. In January 2020, a Bureau investigator identified three addresses in Orange County, California, recently associated with Sebreros: an apartment in Irvine ("Irvine Apartment") and two different apartments located at the same street address in Santa Ana ("Santa Ana Apartments #1 and #2").[8]

Process servers retained by the Bureau have attempted to serve Defendants at each of these three addresses. A process server attempted service at the Irvine Apartment on January 23 and 24, and again on April 3, 4, and 6.[9] During the attempts in January, the process server was not allowed to go up to the apartment by the building's staff.[10] During the attempts in April, the process server knocked on the apartment's door, which was not answered.[11]

The process server made six attempts to serve the Defendants at Santa Ana Apartment #1 between January 24 and January 30, 2020.[12] While attempting service on January 30, 2020, the process server spoke to an individual in the apartment's leasing office who said that Sebreros did not

---

[7] Alvarado Aff. ¶ 16.
[8] Schneider Decl. ¶ 4. The Bureau's memorandum and supporting papers do not identify the full home addresses where it has attempted to serve Defendants, which would need to be redacted under Local Rule 5.2-1, and instead identify the city for each address. The Bureau will submit a supplemental filing under seal identifying each full home address if the Court desires.
[9] Harrigan Aff. ¶¶ 8-9; Alvarado Aff. ¶¶ 18-20.
[10] Harrigan Aff. ¶¶ 8-9.
[11] Alvarado Aff. ¶¶ 18-20.
[12] Harrigan Aff. ¶¶ 11-14.

1  reside in Santa Ana Apartment #1.[13]  But the individual gave the process server
2  reason to believe that Sebreros resided in Santa Ana Apartment #2, which was
3  part of the same apartment complex.[14]

4       The process server then attempted service at Santa Ana Apartment #2,
5  where he spoke to an individual named Steve Ortega.[15]  Ortega claimed to have
6  never heard of Sebreros.[16]  Evidence gathered during the Bureau's
7  investigation, however, indicates that Ortega is Sebreros' brother.[17]

8       The process server made three additional service attempts at Santa Ana
9  Apartment #2 between January 31 and February 2, 2020.[18]  A process server
10 returned to the apartment on February 27 and February 28, 2020.[19]  On the latter
11 date, the building's leasing office informed the process server that the unit was
12 vacant and that the previous tenants had moved out.[20]

13      Because it appeared that Sebreros had moved, the Bureau then directed
14 its process server to perform a skip trace to identify his new residence.[21]  The
15 skip trace did not identify any new address for Sebreros.[22]  The skip trace also
16 sought to identify addresses associated with Sebreros' two brothers, Steve
17 Ortega and Aaron Sebreros, on the theory that Sebreros might be living with
18 them.  The skip trace did not identify any new addresses for Ortega.[23]  The skip

---

[13] Harrigan Aff. ¶ 14.
[14] Harrigan Aff. ¶ 14.
[15] Harrigan Aff. ¶ 15.
[16] Harrigan Aff. ¶ 15.
[17] Reardon Decl. ¶ 11 and Ex. C.
[18] Harrigan Aff. ¶¶ 16-17.
[19] Alvarado Aff. ¶¶ 8-9.
[20] Alvarado Aff. ¶ 9.
[21] Reardon Decl. ¶ 12.
[22] Reardon Decl. ¶ 13.
[23] Reardon Decl. ¶ 14.

trace indicated that Aaron Sebreros likely lived at an address in Long Beach, California.[24]  On March 29 and 31, 2020, a process server attempted to serve Defendants at that Long Beach address.[25]  An individual who was entering the property told the process server that she has never heard of Sebreros.[26]

In addition to attempting to serve Defendants through process servers, the Bureau has made several attempts to contact Sebreros informally to arrange service.  On January 15, 2020, Bureau counsel left a voicemail for Sebreros at a phone number associated with him, referencing this lawsuit and requesting that he contact the Bureau.[27]  On April 3, 2020, the Bureau called the same number again and it was disconnected.[28]  That same day, the Bureau also called three other numbers associated with Sebreros that the Bureau identified through additional investigation; two were out of service, and the Bureau left a voicemail at the third.[29]  On that day, the Bureau also emailed a copy of the Complaint and summonses to an email address associated with Sebreros.[30]  The Bureau has not received any response from Sebreros to its efforts to reach him.[31]

## ARGUMENT

Rule 4(m) of the Federal Rules of Civil Procedure provides that a summons and complaint shall be served on a defendant within 90 days after the filing of the complaint.  If the deadline is not met, the Rule requires a court to

---

[24] Reardon Decl. ¶ 15.
[25] Alvarado Aff. ¶¶ 11-13.
[26] Alvarado Aff. ¶ 13.
[27] Reardon Decl. ¶ 17; Schneider Decl. ¶ 5.
[28] Reardon Decl. ¶ 17.
[29] Reardon Decl. ¶ 18; Schneider Decl. ¶ 5.
[30] Reardon Decl. ¶ 19 and Ex. D.
[31] Reardon Decl. ¶ 20.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE DEFENDANTS FRANK ANTHONY SEBREROS AND ASSURE DIRECT SERVICES, INC.

5

direct that service be made within an additional specified time if the plaintiff shows good cause for the failure to serve.[32] In addition, even where the plaintiff has not established good cause, the court "may extend time for service upon a showing of excusable neglect."[33]

When Rule 4(m) was amended to shorten the service period from 120 days to 90 days in 2015, it was envisioned that shortening the period for service would increase the frequency of occasions to extend time, and that additional time may be needed if "a defendant is difficult to serve."[34] That circumstance is present here.

Since filing the Complaint, the Bureau has expended considerable resources to attempt to serve Sebreros and ADS, Inc. As discussed above, ADS, Inc. is no longer operational and appears to have failed to properly update its service address with the California Secretary of State. The Bureau's efforts to serve Sebreros personally have included 18 attempts to serve him at five addresses; research by a Bureau investigator to identify his address; performance of a skip trace by a process server; and attempts to contact Sebreros by phone and email. None of these efforts succeeded. Accordingly, the Defendants have been difficult to serve, and the Bureau submits that good cause exists to extend the period of service by 30 days.[35]

---

[32] Fed. R. Civ. P. 4(m).
[33] *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).
[34] *See* Fed. R. Civ. P. Rule 4(m) advisory committee's note to 2015 amendment; *see also Fodrey v. City of Rialto*, No. 5:18-cv-02434-SJO-SPX, 2019 WL 2871158, at *2 (C.D. Cal. Apr. 23, 2019) (citing advisory committee note).
[35] *See Skazel v. Anderson*, No. CV 18-3669, 2018 WL 6167915, at *2 (C.D. Cal. 2018) (plaintiff established good cause where defendants were served a few months after the deadline for service); *Fodrey*, 2019 WL 2871158, at *4-5 (good cause existed where plaintiff served defendants "a little over a month after the end of the 90 day period permitted under Rule 4(m)").

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE
DEFENDANTS FRANK ANTHONY SEBREROS AND ASSURE DIRECT SERVICES, INC.

6

# CONCLUSION

The Bureau respectfully requests that the Court enter an order extending the Bureau's time to serve Sebreros and ADS, Inc. by 30 days.

Dated: April 8, 2020

Respectfully Submitted,

/s/ Colin Reardon
Colin Reardon (*pro hac vice*)
E. Vanessa Assae-Bille (*pro hac vice*)
Leanne E. Hartmann

Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, D.C. 20552

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*