# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>Plaintiff,<br><br>vs.<br><br>Chou Team Realty, LLC et al.,<br><br>Defendants. | Case No.: 8-20-cv-00043-JVS-ADS<br><br>**DECLARATION OF<br>MARIO ALVARADO** |

I, Mario Alvarado, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Process Server working with First Legal Investigations and have been assigned to assist in this action. I am a California registered process server with registration number 2018155566. My business address is 2070 N. Tustin Avenue, 2nd Floor, Santa Ana, CA 92705.

2. The facts set forth in this declaration are based on my personal knowledge.

3. The Bureau of Consumer Financial Protection ("Bureau") retained First Legal to serve process on Frank Anthony Sebreros ("Sebreros") in his capacity as an individual defendant and as the registered agent for service of process for Assure Direct Services ("ADS, Inc.").

4. Each of my service attempts described in this declaration were attempts serve Sebreros as both an individual defendant and as the registered agent for ADS, Inc.

5. The Bureau provided First Legal with copies of (1) the Complaint in this action; (2) summonses for Sebreros and ADS, Inc.; and the (3) Initial Order Following Filing of Complaint Assigned to Judge Selna. I was prepared

to serve each of those documents during each of the service attempts described in this declaration.

6. The Bureau provided First Legal with the addresses of apartments associated with Sebreros, which at the direction of Bureau counsel I am referring to as the "Irvine Apartment" and "Santa Ana Apartment #2."

7. I was assigned to attempt to serve Sebreros at the Irvine Apartment and Santa Ana Apartment #2.

8. On February 27, 2020, at 8:30 P.M., I attempted to serve Sebreros at Santa Ana Apartment #2. When I first arrived the large condo complex at 3:30 P.M., all the blinds for the apartment were closed and there was no movement or activity. I tried the leasing office but the individual there told me the office was unable to give me details on Santa Ana Apartment #2. The individual said that I could speak with her supervisor the next day, and that the supervisor might be able to give me details.  Santa Ana Apartment #2 remained dark with only the outside lights were on.

9. On February 28, 2020, at 1:00 P.M., I returned at the address of Santa Ana Apartment #2 to resume my attempt to effectuate service.  I spoke to the same individual in the leasing office and was told that her supervisor should be here shortly, so I waited. According to the leasing office, Santa Ana Apartment #2 was a bad address for Sebreros. I was told that the unit was currently vacant, and that the last tenants had moved out the previous month. I terminated surveillance activities at 1:55 P.M.

10. I was thus unable to serve Sebreros at the address of Santa Ana Apartment #2. I reported the results of my attempts to effectuate service to the Bureau, and was instructed to discontinue service attempts at this location.

DECLARATION OF MARIO ALVARADO

2

11.     The Bureau then requested that I attempt to serve Sebreros at an address in Long Beach, CA, which at the direction of Bureau counsel I am referring to as the "Long Beach Property."

12.     On March 29, 2020, at 1:00 P.M., I arrived at the address of the Long Beach Property to attempt service. There was no answer at the door and the blinds were partially open.  I was able to see inside, but nobody seemed to be home. There was a security camera at the entrance.  I tried the neighbor's door but received no answer.  I checked the back side of the location and saw that there was no parking at this address.  As a result, I did not observe any cars. I spoke to a neighbor on the back unit who said they did not know Sebreros. The neighbor informed me that a couple of the units were short-term rentals, but she did not know whether the Long Beach Property was a short-term rental. I observed regular furniture inside the Long Beach Property.  I marked the door to monitor activity while away and left the area at 6:00 P.M.

13.     On March 31, 2020, at 5:00 P.M., I arrived at the address of the Long Beach Apartment to resume my surveillance activities for the purpose of serving Sebreros.  I observed that the marker had moved, indicating that someone had entered or exited while I was away. There was no answer at the door and the blinds were closed.  I eventually spoke to a Jane Doe, who walked inside the location from the back entrance.  This individual spoke to me through the screen door, so I was not able to get a clear view of her.  She stated that she had never heard of Sebreros and that she did not know whether he was a previous tenant.  I terminated surveillance activities at 7:15 P.M.

14.     I was thus also unable to serve Sebreros at the address of the Long Beach Property.  I reported the results of my attempts to the Bureau, and was instructed to discontinue service attempts at this location.

1    15.    The Bureau then requested that I attempt to serve Sebreros at the Irvine Apartment and at ADS, Inc.'s business address of 23785 El Toro Road #467, Lake Forest, CA 92630.

16.    On April 3, 2020, at 1:30 P.M., I attempted to serve Sebreros and ADS, Inc. the address of 23785 El Toro Road #467, Lake Forest, CA 92630. I found the location occupied by a UPS store, and that #467 refers to a UPS mailbox number. I checked with a store clerk who said that Sebreros and ADS, Inc. are no longer receiving mail through the mailbox. The clerk was unable to confirm how long the mailbox had been vacated.

17.    As a result, I was unable to serve Sebreros and ADS, Inc. at 23785 El Toro Road #467, Lake Forest, CA 92630.

18.    On April 3, 2020, at 2:00 P.M., I attempted to serve Sebreros at the Irvine Apartment. The concierge allowed me to enter the building, but would not confirm information relating to tenants. The concierge told me their office was open 24 hours a day. I knocked on the door of the Irvine Apartment but there was no answer. I saw light through the peephole of the door, and heard a small dog crying or barking inside.

19.    On April 4, 2020, at 9:20 A.M., I attempted to serve Sebreros at the Irvine Apartment and was able to access the building and proceed to the unit. Upon arrival, I observed that the door tag had been removed and I could hear a dog barking inside. The only difference was that the peephole was dark. I concluded that the blinds must have been closed. I heard no other activity from inside.

20.    On April 6, 2020, at 11:20 A.M., I again attempted to serve Sebreros at the Irvine Apartment. There was no answer at the door of the apartment. There was a dog barking inside and I saw a shadow thru the peephole twice after I knocked on the door. I knocked again but no one

1 | responded. I tried asking the concierge for helpful information but was
2 | unsuccessful. I was unable to see anything from downstairs.

3 |   21. I reported the results of my attempts to serve Sebreros to the
4 | Bureau.

6 | I declare under penalty of perjury that the foregoing is true and correct.

8 | Executed on: April 7th, 2020

_____
Mario Alvarado