William I. Rothbard
Law Offices of William I. Rothbard
2333 Canyonback Rd.
Los Angeles, CA 90049
Telephone: (310) 453-8713
Email: Bill@Rothbardlaw.com

Attorney for Relief Defendants XO Media, LLC and Kenneth Lawson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>Plaintiff,<br><br>vs.<br><br>Chou Team Realty, LLC f/k/a Chou Team Realty, Inc., d/b/a Monster Loans, d/b/a MonsterLoans et al.,<br><br>Defendants,<br><br>Thomas "Tom" Chou; and Sean Cowell,<br><br>Defendants and<br>Relief Defendants,<br><br>Kenneth Lawson; Cre8labs, Inc.; XO Media, LLC; and TDK Enterprises, LLC<br><br>Relief Defendants | Case No. 8:20-cv-00043- JVS-ADS<br><br>**RELIEF DEFENDANTS XO MEDIA, LLC'S AND KENNETH LAWSON'S MOTION TO DISMISS COMPLAINT**<br><br>**[Declaration of Kenneth Lawson filed concurrently]**<br><br>Assigned to Hon. James V. Selna<br><br>Hearing Date: June 15, 2020, 1:30 p.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 15, 2020 at 1:30 p.m., or as soon thereafter as this matter may be heard in the above-entitled court, located at 411 West 4th Street, Room 1053 Santa Ana, CA 92701-4516 312, in Courtroom 10C, before the Honorable James v. Selna, United States District Judge of the Central District of California, Relief Defendants XO Media and Kenneth Lawson (individually, "XO" and "Lawson," and collectively "Lawson Relief Defendants"), will and hereby do move, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for an order dismissing the Complaint in this matter. The motion to dismiss is based on the grounds that: (1) Plaintiff Consumer Financial Protection Bureau ("CFPB") failed to allege facts sufficient to establish XO and Lawson as proper Relief Defendants in this matter, and (2) the Lawson Relief Defendants, and each of them, have a legitimate claim to the funds in question and thus are not properly named as Relief Defendants in this matter. The Complaint against XO and Lawson should therefore be dismissed.

This motion is made following the attempt by counsel for the Lawson Relief Defendants to conduct a "Conference of Counsel Pursuant to L.R. 7-3" with counsel for the CFPB on February 27, 2020. On that date, counsel for the Lawson Relief Defendants met with the CFPB by telephone to discuss counsel's position that his clients should be dismissed from this action – a position the Relief Defendants had articulated in detail in writing to the CFPB in its pre-complaint litigation. Just as the CFPB, in naming them in the Complaint, disregarded the Lawson Relief Defendants' cogent pre-filing arguments that as a matter of law they are not proper relief defendants because they are bona fide investors in certain of the primary defendants (and notwithstanding that the CFPB had possession of documentary evidence establishing their bona fide investor status), at the meet and confer, the CFPB categorically rejected those well-founded

arguments once again.  The meeting thus ended without a resolution of the dispute.  Having twice failed to prevail upon the CFPB to see the clear merit of its legal position, and the CFPB indicating no willingness to withdraw its relief claims or plead them more specifically in an amended complaint, the Lawson Relief Defendants, to protect themselves from the CFPB's overreaching, hereby respond to the Complaint.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities and supporting declaration and exhibits, the reply papers, the pleadings on file, and such other evidence and argument as the Court may receive.

DATED: April 9, 2020

William I. Rothbard
Law Offices of William I. Rothbard

By: */s/ William I. Rothbard*
    William I. Rothbard
    Attorneys for Relief Defendants XO
    Media, LLC and Kenneth Lawson

# MEMORANDUM OF POINTS AND AUTHORITIES

## Table of Contents

I.     INTRODUCTION................................................................6

II.    RELEVANT FACTUAL ALLEGATIONS AND LAW....................8

       A. The CFPB Fails To Allege Facts To Support Its Claim that XO and
       Lawson are Proper Relief Defendants.........................................8

       B. The Lawson Relief Defendants are Entitled To A Dismissal Because
       They Are Improperly Designated as Relief Defendants......................12

       1. Factual Attack to the Complaint Under Rule 12(b)(1).....................12

       2. The Lawson Relief Defendants Made Bona Fide Investments in the
       Student Loan Debt Relief Companies.........................................13

       3. Lack of Subject Matter Jurisdiction and Fundamental Fairness Dictate
       That The Lawson Relief Defendants Be Dismissed At This Stage Of The
       Litigation....................................................................18

III.   CONCLUSION................................................................19

# Table of Authorities

## Cases

*S.E.C. v. Colello,*
    139 F.3d 674 (9th Cir. 1998)..................................6, 9, 10, 13, 17

*S.E.C. v. Cherif,*
    933 F.3d 403 (7th Cir. 1991)..............................................6, 9, 13

*FTC v. LeadClick Media, LLC et al.,*
    838 F.3d 158, 177 (2d Cir. 2016)...............................................7

*FTC v. Direct Marketing Concepts, Inc.,*
    648 F. Supp. 2d 202 (D. Mass. 2009)................................7, 14-15

*Johnson v. Studholme,*
    619 F. Supp. 1347(D. Colo. 1985), *aff'dsub nom. Johnson v. Hendricks,*
    833 F.2d 908 (10th Cir. 1987)......................................7, 15, 17

*Janvey v. Adams,*
    588 F.3d 831 (5th Cir. 2009)......................................7, 16-17

*SEC v. Founding Partners Capital Management,*
    639 F.Supp.2d 1291 (M.D. Fla. 2009)....................7, 11-13, 18-19

*Wilhelm v. Rotman,*
    680 F.3d 1113 (9th Cir. 2012).................................................8

*Fayer v. Vaughn,*
    649 F.3d 1061 (9th Cir. 2011)..................................................9

*Moss v. U.S. Secret Serv.,*
    572 F.3d 962 (9th Cir. 2009).................................................9

*Brown v. State Farm Fire & Cas. Co.,*
    2011 WL 2223016 at *4 (D. Nev. June 6, 2011)...........................9

*S.E.C. v. Infinity Grp. Co.,*
    993 F. Supp. 324 (E.D. Pa. 1998)..........................................10

# Table of Authorities

# (cont.)

*Morrison v. Amway Corp.*,

    323 F.3d 920 (11th Cir. 2003).................................................................12

*CFTC v. Kimberlynn Creek Ranch, Inc.*,

    276 F.3d 187 (4th Cir.2002).................................................................13

*SEC v. George*,

    426 F.3d 786 (6th Cir. 2005)...............................................................13

*SEC v. Ross*,

    504 F.3d 1130 (9th Cir. 2007)..............................................................18

## Rules

Fed. R. Civ. P. 12(b)(1)..........................................................................12

Fed. R. Civ. P. 12(b)(6)............................................................................8

## Other Authorities

Black's Law Dictionary (9th ed. 2009)....................................................13

## I.   INTRODUCTION

Alleged Relief Defendants XO Media, LLC and Kenneth Lawson (individually, "XO" and "Lawson," and collectively "Lawson Relief Defendants"), through counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), hereby respectfully moves this Court to dismiss the Complaint (Doc No.1) against them.  XO and Lawson are not proper relief, or "nominal," defendants and Plaintiff Consumer Financial Protection Bureau ("CFPB") **knows** it, yet named them as nominal defendants in this action anyway.[1]

A relief defendant is not a real party in an action, but is typically a trustee, custodian, depository or agent, without any claim to title or ownership, that is joined to an action solely as a means of facilitating the collection of funds the relief defendant is holding for a named defendant. *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998).  It is merely a nominal defendant who "holds property 'in a subordinate or possessory capacity *as to which there is no dispute*.'" *S.E.C. v. Cherif*, 933 F.3d 403, 414 (7th Cir. 1991) (internal quotes and citation omitted) (Emphasis added.). The Lawson Relief Defendants most definitely do not fit that description. As the CFPB **knows** from their pre-suit NORA Response, they are bona fide passive investors in some named defendants, with a documented and legitimate ownership interest in the funds that are the subject of the relief claims against them. They paid valuable consideration for those investments, including the risk of loss of same (which they in fact suffered), such that they had a legitimate and lawful claim of ownership to any distributions received from those defendants in return for their consideration. Having provided valuable consideration and having been named only as relief defendants, they "are beyond

---

[1]   See Lawson Relief Defendants' Notice of Opportunity to Respond and Advise ("NORA") submitted to the CFPB during its pre-complaint investigation.  Declaration of Kenneth Lawson, ¶ 8, Ex. 4.

the reach of the district court's disgorgement remedy." *FTC v. LeadClick Media, LLC et al.*, 838 F.3d 158, 177 (2d Cir. 2016) (internal quote and citation omitted).

The complaint against the Lawson Relief Defendants fails and must be dismissed for two reasons. First, it fails to allege the relief claim with sufficient specificity, averring in only the most conclusory way that they received profits from named defendants with no legitimate claim to them. Second, even if the CFPB did assert the allegations necessary to sustain a claim against XO and Lawson as relief defendants, the Complaint must be dismissed because each has a legitimate claim to the alleged ill-gotten funds. Indeed, the funds attributed to the Lawson Relief Defendants were received through bona fide investments. They are hardly a trustee or agent for any of the named defendants, and this clear legitimate claim to the funds, as investors who paid good consideration for the funds, precludes them from being proper relief defendants, subject to the subject matter jurisdiction of this Court, in this action. *FTC v. Direct Marketing Concepts, Inc.*, 648 F. Supp. 2d 202 (D. Mass. 2009) (investor not a proper relief defendant); *Johnson v. Studholme*, 619 F. Supp. 1347, 1348–49 (D. Colo. 1985), *aff'd sub nom. Johnson v. Hendricks*, 833 F.2d 908 (10th Cir. 1987) (investors not proper relief defendants); *Janvey v. Adams*, 588 F.3d 831, 835 (5th Cir. 2009) (investors not proper relief defendants; *SEC v. Founding Partners Capital Management,* 639 F.Supp.2d 1291, 1294 (M.D. Fla. 2009). Because the fact of this ownership claim implicates the subject matter jurisdiction of the Court over the Lawson Relief Defendants, the Complaint is properly subject not only to facial attack, but to **factual** attack as well, through extrinsic evidence, including the Lawson Declaration accompanying this Motion.

## II.   RELEVANT FACTUAL ALLEGATIONS AND LAW

The Complaint alleges that the named defendants, providers of mortgage and student loan debt relief services,[2] used consumer data received from credit reporting agencies for impermissible purposes, in violation of the Fair Credit Reporting Act, and engaged in deceptive business practices in violation of the Consumer Financial Protection Act and the Telemarketing Sales Rule, the implementing regulation of the Telemarketing and Consumer Fraud and Abuse Prevention Act. (Complaint at ¶¶147-198) The Complaint names XO and Lawson as relief defendants but only in the most barebones, cursory way, alleging only that they received distributions of "profits" from the student loan debt relief defendants constituting ill-gotten gains to which they have "no legitimate claim." (Complaint at ¶200) The Complaint offers no context or facts for how these funds allegedly came to be given to the Lawson Relief Defendants, nor does it claim that they played any role in the alleged wrongdoing by defendants.  In fact, the Complaint says very little about XO or Lawson at all. Of the 200 paragraphs of the Complaint, the Lawson Relief Defendants are mentioned a mere 2 times. (Complaint at ¶¶ 51, 200)

**A. The CFPB Fails To Allege Facts To Support Its Claim that XO and Lawson are Proper Relief Defendants.**

In order to survive a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S.

---

[2] Chou Team Realty, LLC f/k/a Chou Team Realty, Inc., d/b/a Monster Loans; Lend Tech Loans, Inc.; Docu Prep Center, Inc., d/b/a DocuPrep Center, d/b/a Certified Document Center; Document Preparation Services, LP, d/b/a DocuPrep Center, d/b/a Certified Document Center; Certified Doc Prep, Inc.; Certified Doc Prep Services, LP; Assure Direct Services, Inc.; Assure Direct Services, LP; Direct Document Solutions, Inc.; Direct Document Solutions, LP; Secure Preparation Services, Inc.; Secure Preparation Services, LP; Docs Done Right, Inc.; Docs Done Right, LP; Bilal Abdelfattah, a/k/a Belal Abdelfattah, a/k/a Bill Abdel; Robert Hoose; Eduardo "Ed" Martinez; Jawad Nesheiwat; Frank Anthony Sebreros; and David Sklar.

662, 678 (2009)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not defeat a motion to dismiss. *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). Furthermore, a complaint does not suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). When the claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's complaint must be dismissed. See *Brown v. State Farm Fire & Cas. Co.*, 2011 WL 2223016 at *4 (D. Nev. June 6, 2011) citing *Twombly*, 550 U.S. at 570.

In this matter, the SEC has named XO and Lawson as "relief," or nominal, defendants. The Ninth Circuit has established the contours of a nominal defendant and explained such a defendant's status in civil litigation:

> A nominal defendant is a person who 'holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute.' The paradigmatic nominal defendant is 'a trustee, agent, or depositary ... [who is] joined purely as a means of facilitating collection.' As the nominal defendant has no legitimate claim to the disputed property, he is not a real party in interest.

*S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (quoting *S.E.C. v. Cherif*, 933 F.2d at 414).

In order to sustain a claim against a nominal defendant, a plaintiff must establish that "the nominal defendant has received ill-gotten funds *and* that he

does not have a legitimate claim to those funds." *Id.*, 139 F.3d at 677 (Emphasis in original.) Indeed, it is not enough to simply allege that a nominal defendant received ill-gotten funds because "the lack of a legitimate claim to the funds is the defining element of a nominal defendant." *Id.* This two-prong requirement is necessary because such a showing allows a court to impose equitable relief on a third party who is not actually accused of wrongdoing. *See S.E.C. v. Infinity Grp. Co.*, 993 F. Supp. 324, 331 (E.D. Pa. 1998). ("[I]t is axiomatic that we may impose equitable relief on a third party against whom no wrongdoing is alleged if it is established that the third party possesses illegally-obtained profits but has no legitimate claim to them.")[3]

Viewed in a light most favorable to the SEC, the Complaint alleges that the Lawson Relief Defendants, through limited partnership interests in the Student Loan Debt Relief Companies, received distributions of profits in some unspecified amount, traceable to funds unlawfully obtained by those companies from consumers, with no legitimate claim to those funds. (Complaint at ¶¶ 51, 200.) At best, the CFPB has alleged that the Lawson Relief Defendants received ill-gotten funds by alleging that they hold proceeds of a violation of law in a manner that is somehow illegitimate. However, at no point in the Complaint does the SEC allege, with any specificity, *or even a single fact*, that they lack a legitimate claim to the funds. If anything, by alleging that they received the funds through "limited partnership interests in the Student Loan Debt Relief Companies," the Complaint is stating a fact that ***affirmatively supports*** the Lawson Relief Defendants claim that they have a legitimate ownership interest in the funds as investors, and not a

---

[3] While there is legal precedent for certain federal agencies, including the SEC, CFTC, and the FTC, to assert relief claims against nominal defendants, the Lawson Relief Defendants have not been able to find clear authority establishing the power of the CFPB to assert and recover on a relief claim. While the lack of such authority is not a ground for this Motion, it is worth noting that it appears to be untested, lacking in precedential support.

mere subordinate or possessory interest akin to that of an agent or trustee. (Complaint ¶ 51) *See SEC v. Founding Partners Capital Management,* 639 F. Supp. 2d at 1291, 1294 (M.D. Fla. 2009) (in holding that the SEC failed to adequately plead that the relief defendant lacked an ownership interest in or legitimate claim to loan proceeds, court noted that the complaint, by reflecting that the funds were obtained as a loan, "affirmatively alleges facts showing that [the Relief Defendant] *has* a legitimate ownership interest in and/or a legitimate claim to the loan proceeds.") (Emphasis in original).

This damning, if inadvertent, admission of a legitimate claim to the funds by the Lawson Relief Defendants effectively renders the CFPB's relief claim pleading defect *incurable*. Having conceded that they obtained the funds as investors in the Student Debt Relief Companies, the CFPB cannot plausibly amend the Complaint to allege that they received the funds in a mere subordinate or possessory capacity as agent or trustee, with no legitimate claim to the proceeds. Without that ability, its use of the relief claim pleading device as a means to recover alleged ill-gotten gains received by the Lawson Relief Defendants collapses of its own weight.

The CFPB's failure to adequately plead, with sufficient specificity, that the Lawson Relief Defendants lack an ownership interest in and legitimate claim to any profits they may have received from the Student Loan Debt Relief Companies, coupled with its affirmative allegation that they are investors in those entities - a status that implies a relief claim-disqualifying ownership interest and legitimate claim almost by definition - compels dismissal of the Complaint against them.

**B. The Lawson Relief Defendants are Entitled To A Dismissal Because They Are Improperly Designated as Relief Defendants.**

**1. Factual Attack to the Complaint Under Rule 12(b)(1)**

Even if this Court were to conclude that the CFPB's allegations against the Lawson Relief Defendants are sufficiently pled, the Lawson Relief Defendants are nevertheless entitled to a dismissal from this action because they do not meet the definition of a relief or nominal defendant. The challenge they make at this stage is akin to a factual attack to a complaint under Federal Rule 12(b)(1). A party can challenge the subject matter jurisdiction of the court under Federal Rule of Civil Procedure 12(b)(1) in two ways: as a "facial" attack and/or as a "factual" attack. "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n. 5 (11th Cir. 2003). Thus, the standard of a Rule 12(b)(1) facial attack is similar to the standard for a motion to dismiss made pursuant to Rule 12(b)(6). *SEC v. Founding Partners Capital Management*, 639 F.Supp.2d at 1293. "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits." *Morrison*, 323 F.3d at 925 n. 5 (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Furthermore, "as long as the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action," the motion to dismiss stage is the proper stage at which to decide a relief defendant's claim that he/she/it is not a proper defendant before the court. *SEC v. Founding Partners*, 639 F. Supp. 2d at 1293. Here, the Lawson Relief Defendants have submitted the declaration of Kenneth Lawson to support their factual attack against the relief claims of the Complaint. The information offered does not implicate the merits of the CFPB's claims that the named defendants engaged in

the alleged unlawful conduct. Instead, as shown below, the information firmly establishes that the funds received by the Lawson Relief Defendants were received via bona fide investments, thereby giving the Lawson Relief Defendants a legitimate ownership interest in the funds. For this reason, they are not proper relief defendants before this Court.

**2. The Lawson Relief Defendants Made Bona Fide Investments in the Student Loan Debt Relief Companies.**

As stated above, a nominal or relief defendant holds a special status in civil litigation. A court can exercise control over a nominal defendant and force him or her to turn over funds; however, the nominal defendant is not a real party in interest. *SEC v. Colello*, 139 F.3d at 676. Moreover, "[a] nominal defendant holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *Id.* (internal quotations and citation omitted). Because the designation of a nominal defendant requires a lack of ownership interest in the property at issue, it follows that proof of a legitimate claim in the property will negate such a designation. *See Founding Partners*, 629 F. Supp. 2d at 1294 ("The case law only requires an 'ownership interest' or 'legitimate claim' in the funds to preclude an entity from being a proper relief defendant.") (citing *SEC v. Cherif*, 933 F.2d at 414; *CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 191 (4th Cir. 2002); *SEC v. George*, 426 F.3d 786, 798 (6th Cir. 2005)).[4]

Here, the Lawson Relief Defendants have a legitimate claim to the funds attributed to them in the Complaint. As explained and documented in the Declaration of Kenneth Lawson, any distribution of profits from the Student Loan Debt Relief Companies to Lawson and XO, as alleged in the Complaint, were

---

[4] A "legitimate claim" is merely "any right to payment… *even if contingent or provisional*" that is lawful, genuine, or valid; an ownership "interest" is simply a "legal share in [ownership]; all *or part* of a legal or equitable claim to or right in property." Black's Law Dictionary (9th ed. 2009)

actually received by them in return for bona fide passive investments XO made in certain of those entities.[5] *See* Declaration of Kenneth Lawson ("Lawson Decl."), ¶¶ 2-4, Exs. 1-2. XO made capital contributions to the Student Loan Debt Relief Companies in the total amount of $150,000. *Id.* at ¶ 6. These contributions entitled it to distributable profits of those companies. In exchange for this consideration, XO received distributions from these defendants of $585,044.60, resulting in a profit of $435,044.60. These distributions in turn were distributed to the members of XO, including Lawson, who received $277,959. *Id.* XO is now essentially defunct, with no appreciable asset. *Id.* at ¶ 7.

XO and Lawson made these investments and received these profits in their capacity as a passive investor, in return for valuable consideration. As passive investors, they no managerial authority or responsibility for the Student Debt Loan Relief Companies and no involvement in the alleged wrongdoing of those entities or any of the other primary defendants, which is why they could be named in the Complaint, if at all, only as nominal defendants. *Id.* at ¶¶ 4-5, Ex. 3.

These facts are similar to those found in other cases in which innocent investors were improperly named as relief defendants and thus not subject to the remedy of disgorgement. In *FTC v. Direct Marketing Concepts, Inc.*, 648 F. Supp. 2d 202 (D. Mass. 2009), there were two relief defendants. One was ordered to disgorge proceeds from the sale of deceptively advertised products because it had "no legitimate claim to any funds from the marketing of Coral Calcium….the evidence did not establish that [it]…did any work that would have entitled it to any share of revenues or profits from Coral Calcium, whether legitimately derived or not." *Id.* at 222.

---

[5] Lawson as well as XO is alleged in the Complaint to have received any such profits because he is the majority owner of XO.

The other relief defendant avoided disgorgement.  A shareholder in two of the liability defendants, she had received a $1,545,305 distribution from one of them but "[t]he bare fact of that distribution" was not a sufficient basis to order her to disgorge it. There was no evidence that she had any role in the production or placement of the deceptive commercial or any other reason for questioning the legitimacy of the distribution. The court thus appropriately held that there was an "insufficient equitable basis for requiring her to forfeit a large sum which may have been a legitimate distribution." *Id.* at 222-223.

Implicit in the court's holding is that the shareholder relief defendant had paid valuable consideration for her ownership interest in the defendant company and, having had no role in the wrongdoing, had a legitimate claim to her distribution.  The decision is on all fours with the Lawson Relief Defendants' facts.  They paid valuable consideration – indeed, substantial sums - for their ownership interests in certain of the Student Loan Debt Relief Companies and had no role in their alleged misconduct.  As with the shareholder in *Direct Marketing Concepts*, the "bare fact" of alleged distributions to them from some of those companies, for which they paid valuable consideration, is an "insufficient equitable basis" for labeling them as relief defendants and requiring them to forfeit those distributions.

Other decisions besides *Direct Marketing Concepts*, often arising in securities and investment fraud contexts involving receiverships, have upheld the "innocent investor" principle against relief claims for recovery of ill-gotten gains where the investor staked a legitimate claim to and ownership interest in his/her/its investment returns.  In one, *Johnson v. Studholme*, 619 F. Supp. 1347, 1348–49 (D. Colo. 1985), *aff'd sub nom. Johnson v. Hendricks*, 833 F.2d 908 (10th Cir. 1987), the receiver claimed that the investors in a Ponzi scheme investigated by the Commodities Futures Trading Commission had not given value for their

returns on investment. The court disagreed, finding that the investors had given value for their entire returns:

> There was…no allegation that the defendants received these payments with anything less than a good faith belief that it was a legitimate return on their investment as part of a contractual relationship…. The plaintiffs' contention that the defendants were not purchasers for value is…wrong because the value given by the investors was, of course, their contributions and the risk that they may lose all or part of their investment…. While the scheme may have been illegal, from an economic perspective there is no doubt that the innocent investors gave value.

In another, *Janvey v. Adams*, 588 F.3d 831, 835 (5th Cir. 2009), a Ponzi scheme action brought by the Securities and Exchange Commission that also involved a receivership, the receiver added as relief defendants hundreds of certificate of deposit ("CD") investors, claiming they had no legitimate claim to any of these funds, including even principal, because they were simply lucky to have received payments from other investors' and creditors funds before the scheme collapsed.  On appeal of the district's court ruling allowing the continuation of a freeze on the accounts, the Fifth Circuit wholly rejected the receiver's claim, finding that investors had a legitimate claim to *all* of their contractual investment proceeds — both principal and interest:

> [T]he Receiver has failed to establish that the Investor Defendants lack a legitimate claim to the CD proceeds they received from the Stanford Bank. They are therefore not proper relief defendants….There was a debtor-creditor relationship between the Investor Defendants and the Stanford Bank based on written agreements well before the

underlying SEC enforcement action against Stanford and
the resulting receivership and restraining order. This constitutes
a sufficient legitimate ownership interest to preclude treating
the Investor Defendants as relief defendants…. Therefore, the
Receiver's claims and motions as to the Investor Defendants
[regarding both principal and interest] should have been denied
completely.

*Id*. at 834-835.

These cases stand for and establish the proposition that innocent investors have a ***per se*** legitimate claim to their investment proceeds.  That well-founded equitable proposition bars relief claims against Lawson and XO, who, like the innocent investors in *Janvey* and *Studholme* and the innocent shareholder in *Direct Marketing Concepts*, had established contractual investor relationships with certain of the Student Loan Debt Relief Companies, and had done so well before having any knowledge or notice of the CFPB's allegations of wrongdoing against those entities and the other defendants. Lawson Decl. ¶¶ 2-4, Exs. 1-2.  As only passive investors, they did not participate in or have the authority to control any defendant's behavior, including the alleged unlawful acts.  In every respect, therefore, they are innocent investors and it was frivolous and ***wrong*** for the CFPB, knowing of their investor status, and charged with being aware of legal precedent emphatically rejecting relief claims against bona fide investors, to name them as relief defendants in this action.

Given this robust factual attack on the Complaint's relief claims against the Lawson Relief Defendants, the CFPB cannot meet its burden of proof to show that they do not have a legitimate claim to and ownership interest in profits they received on Student Loan Debt Relief Company investments.  *See SEC v. Colello*, 139 F.3d at 677 ("creditor plaintiff must show that the nominal defendant has received ill-gotten funds and that he does not have a legitimate

claim to those funds."). The CFPB cannot possibly overcome the "presumptive title" the Lawson Relief Defendants have to their profits, based on the demonstrated and indisputable fact of the valuable consideration (substantial capital contributions and risk of losing them) they paid for their investments, well before notice of the CFPB's claims against defendants, and the legitimate claim to and ownership interest they acquired in returns on those investments as a result. *SEC v. Ross*, 504 F.3d 1130, 1142 (9th Cir. 2007) (relief defendant securities salesman  accused of violating securities laws had presumptive title to commissions earned on his sales of unregistered securities as "compensation in return for services rendered," thus warranting reversal of district court's exercise of jurisdiction over him as a relief defendant).

**3. Lack of Subject Matter Jurisdiction and Fundamental Fairness Dictate That The Lawson Relief Defendants Be Dismissed At This Stage Of The Litigation.**

Given that a legitimate ownership interest in the funds are established by the investment documents and capital contributions found in the Lawson Declaration, it is appropriate to dismiss the Lawson Relief Defendants from this matter.  Any request by the CFPB to allow for more time to amend the Complaint or to allow for additional discovery to be conducted should be rejected, as the evidence provided herewith of the Lawson Relief Defendants' ownership interest in and legitimate claim to distributions received from Student Loan Debt Relief Companies, in return for their capital contributions, is irrefutable, and there is no indication they engaged in any wrongdoing.  In *SEC v. Founding Partners*, the court found that it did not have subject matter jurisdiction over the improperly named relief defendant and dismissed the complaint. The SEC sought to assert "that the court has jurisdiction to allow the evidence to develop as to whether [the debtor] has even a legitimate temporary claim to the funds under the written loan agreements." 629 F. Supp. 2d at 1295. The court answered that it "does not find

that such a sue-first-and-sort-out-the-facts-later approach is compatible with the Federal Rules or fundamental fairness." *Id.* The court's decision relied heavily on the fact that the SEC made no allegations of wrongdoing as to the relief defendant. Further, the CFPB knew of the Lawson Relief Defendants' status as passive investors in the Student Loan Debt Relief Companies, rendering them improper relief defendants, before they sued, yet sued them anyway.  As in the *Founding Partners* case, there being no basis for the Court to exercise subject matter jurisdiction over these improperly named relief defendants, fundamental fairness dictates that they be dismissed at this time.

### III.   CONCLUSION

For the foregoing reasons, the Complaint against XO Media and Kenneth Lawson should be dismissed.

Respectfully submitted,

DATED: April 9, 2020          William I. Rothbard
                             Law Offices of William I. Rothbard

By: */s/ William I. Rothbard*
    William I. Rothbard
    Attorneys for Relief Defendants XO
    Media, LLC and Kenneth Lawson

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April 2020, I caused a copy of the foregoing to be e-filed and served via the Court's electronic filing system to all parties and counsel receiving ECF service.

/s/ William I. Rothbard
William I. Rothbard, Esq.
