COLIN REARDON (NY Bar #4945655)
E-mail: colin.reardon@cfpb.gov
Phone: (202) 435-9668
E. VANESSA ASSAE-BILLE (NY Bar #5165501)
E-mail: elisabeth.assae-bille@cfpb.gov
Phone: (202) 435-7688
1700 G Street, NW
Washington, D.C. 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar #264787) – Local Counsel
E-mail: leanne.hartmann@cfpb.gov
Phone: (415) 844-9787
301 Howard St., Suite 1200
San Francisco, CA  94105
Fax: (415) 844-9788

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, <br><br> Plaintiff, <br><br> vs. <br><br> Chou Team Realty, LLC et al., <br><br> Defendants. | Case No.: 8-20-cv-00043-JVS-ADS <br><br> **MEMORANDUM IN OPPOSITION TO DEFENDANT JAWAD NESHEIWAT'S MOTION TO DISMISS** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ..................................................................................................1

BACKGROUND ....................................................................................................2

ARGUMENT ..........................................................................................................4

    I.    THE BUREAU HAS BROAD DISCRETION TO DECIDE WHICH PARTIES TO JOIN IN THIS LAW ENFORCEMENT ACTION .............................................4

    II.    NEITHER JOINDER NOR DISMISSAL IS PROPER .............................................5

        A.    Hoose and Monster Tax are Not Required Parties Under Rule 19(a)(1) ..................................................................................6

        B.    Nesheiwat has Failed to Show that Hoose and Monster Tax Cannot be Joined ........................................................................8

        C.    Dismissal under Rule(b) is Not Appropriate ...................................9

CONCLUSION .....................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Alto v. Black*, 738 F.3d 1111 (9th Cir. 2013) .................................................... 7, 9

*Cash v. Red Balloon Rest.*, No. 14-cv-02545, 2014 WL 5670332
    (N.D. Cal. Nov. 3, 2014) ................................................................................ 9

*CFTC v. Paron Capital Mgmt., LLC*, No. 11-cv-4577 CW,
    2011 WL 6372819 (N.D. Cal. Dec. 20, 2011) ............................................... 5

*Conner v. Burford*, 848 F.2d 1441 (9th Cir. 1988) ............................................. 10

*Eldredge v. Carpenters 46 N. California Ctys. Joint Apprenticeship
    & Training Comm.*, 662 F.2d 534 (9th Cir. 1981) ......................................... 7

*Export-Import Bank of Korea v. ASI, Corp.*, No. 16-cv-2056,
    2016 WL 10788358 (C.D. Cal. July 28, 2016) .............................................. 6

*FTC v. Alternatel, Inc.*, No. 08-cv-21433, 2008 WL 11333084 (S.D.
    Fla. Dec. 4, 2008) ........................................................................................... 8

*FTC v. Commerce Planet, Inc.*, No. 09-cv-1324, 2010 WL 11673795
    (C.D. Cal. 2010) ......................................................................................... 5, 7

*Heckler v. Chaney*, 470 U.S. 821 (1985) .............................................................. 4

*Kescoli v. Babbitt*, 101 F.3d 1304 (9th Cir. 1996) ................................................ 9

*Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969 (2016) ................... 5

*Lopez v. Fed. Nat. Mortg. Ass'n*, No. 13-cv-4782, 2013 WL 7098634
    (C.D. Cal. Oct. 8, 2013) ............................................................................. 6, 7

*Makah Indian Tribe v. Verity*, 910 F.2d 555 (9th Cir. 1990) ............................... 6

*Massachusetts v. E.P.A.*, 549 U.S. 497 (2007) ..................................................... 4

*Nat'l Licorice Co. v. N.L.R.B.*, 309 U.S. 350 (1940) ............................................ 9

*Salt River Project Agric. Improvement & Power Dist. v. Lee*,
    672 F.3d 1176 (9th Cir. 2012) ....................................................................... 6

*SEC v. Geranio*, No. 12-cv-4257 DMG, 2013 WL 12146516 (C.D. Cal. Jan. 29, 2013) ................................................................................5

*SEC v. Norstra Energy Inc.*, No. 15-cv-4751, 2016 WL 4530893 (S.D.N.Y. Jan. 19, 2016) ................................................................................5

*SEC v. Princeton Econ. Int'l*, No. 99-cv-9667, 2001 WL 102333 (S.D.N.Y. Feb. 7, 2001)................................................................................5, 8

*State of Washington v. The Geo Group Inc.*, No. 17-cv-5806, 2018 WL 1963792 (W.D. Wash. Apr. 26, 2018) ..........................................10

*Temple v. Synthes Corp.,* 498 U.S. 5 (1990) ........................................................8

**Statutes**

12 U.S.C. § 5531....................................................................................................3

12 U.S.C. § 5536(a)(3)..........................................................................................3

12 U.S.C. § 5564...................................................................................................5

15 U.S.C. § 1681b.................................................................................................3

**Rules**

Fed. R. Civ. P. 12(b)(7) ....................................................................................4, 5

Fed. R. Civ. P. 19............................................................................................ *passim*

**Regulations**

12 C.F.R. § 1080.3................................................................................................9

16 C.F.R. § 310.3(b) ............................................................................................3

16 C.F.R. § 310.4(a)(2)(x) ...................................................................................3

16 C.F.R. § 310.4(a)(5).........................................................................................3

**INTRODUCTION**

The Complaint filed by the Bureau of Consumer Financial Protection ("Bureau") alleges that between 2015 and 2017 a mortgage company known as Monster Loans unlawfully obtained consumer reports for millions of consumers. Monster Loans then provided those reports to student-loan debt-relief companies, several of which deceptively marketed their services and collected fees unlawfully. Defendant Jawad Nesheiwat was at the center of this operation: at the time he was Monster Loans' chief operating officer, oversaw Monster Loans' unlawful purchases of consumer reports, and participated in and assisted the debt-relief companies' deceptive marketing and charging of unlawful advance fees.

In his motion to dismiss, Nesheiwat does not dispute the sufficiency of the Bureau's allegations or claims against him. Instead, he claims that the illegal scheme was even broader than alleged in the Complaint and argues that the Bureau must join two additional defendants—Desiree Hoose and Tax Time Relief, Inc. d/b/a Monster Tax Relief ("Monster Tax")—or face dismissal of its claims against him. Nesheiwat's motion, which rests on a flawed understanding of Federal Rule of Civil Procedure 19 and fails to cite any relevant precedent, should be denied for several independent reasons.

*First*, and most fatally, Nesheiwat's motion ignores the fundamental principle that a law enforcement agency like the Bureau has discretion over whom to sue when it seeks to vindicate the public interest. He cannot undercut that enforcement discretion by seeking joinder under Rule 19.

*Second*, even if Nesheiwat were permitted to seek joinder in a Bureau case, Desiree Hoose and Monster Tax are not required parties under Rule 19(a). If the Bureau ultimately succeeds, the Court can grant the relief the Bureau

seeks against Nesheiwat and the other defendants regardless of whether Hoose and Monster Tax are also defendants.

*Third*, dismissal of this action is inappropriate because Nesheiwat has not shown that Hoose and Monster Tax cannot be joined.

*Fourth*, even if Hoose and Monster Tax were required parties who could not be joined, equity and good conscience favor permitting this action to proceed without them under Rule 19(b).

Ultimately, there is no reason to permit Nesheiwat to avoid this law enforcement action against him because the Bureau did not sue others who Nesheiwat claims also contributed to the illegal scheme.

## BACKGROUND

The Bureau's Complaint alleges that between January 2015 and April 2017 Defendant Nesheiwat was the chief operating officer of Defendant Chou Team Realty, LLC, a mortgage lender that does business as Monster Loans ("Monster Loans").[1] During the same period, Nesheiwat was a limited partner in five associated companies that offered debt-relief services to consumers with student loans (the "Student Loan Debt Relief Companies").[2] Nesheiwat also exercised substantial managerial responsibility and control over one of the companies—Docu Prep Center—and participated in the marketing efforts of the other four companies.[3]

Nesheiwat oversaw Monster Loans' purchases of prescreened consumer reports (also known as "prescreened lists") from Experian for use in marketing by the Student Loan Debt Relief Companies.[4] The Complaint alleges that

---

[1] Complaint, ECF No. 1 at ¶¶ 10-13, 35 ("Compl.").
[2] *Id.* ¶ 36.
[3] *Id.* ¶¶ 37-38.
[4] *Id.* ¶¶ 57, 60.

Nesheiwat violated the Fair Credit Reporting Act ("FCRA"), which prohibits using or obtaining prescreened lists to market debt-relief services.[5]

The Complaint also alleges that Nesheiwat is directly liable under the Consumer Financial Protect Act of 2010 ("CFPA") and the Telemarketing Sales Rule ("TSR") for the deceptive representations that Docu Prep Center made in direct mailings and sales calls to consumers, and that Nesheiwat is directly liable under the TSR for the unlawful advance fees that company charged consumers for debt-relief services.[6]  Further, the Complaint alleges that Nesheiwat violated the CFPA and TSR by substantially assisting the violations of all five Student Loan Debt Relief Companies.[7]

The Complaint alleges several other defendants also violated the FCRA, CFPA, or TSR in connection with the marketing and sale of student loan debt-relief services, and it alleges a claim against several relief defendants who received profits traceable to the unlawful conduct.  The Bureau did not name Desiree Hoose or Monster Tax as defendants or relief defendants, and its Complaint does not include any allegations concerning them or tax debt-relief services.[8]

Nesheiwat argues in his motion that the Bureau should have also sued Hoose and Monster Tax, claiming they are "material and necessary parties" who were part of "the entire enterprise alleged in the Complaint" and that the

---

[5] *Id.* ¶¶ 147-152; *see also* 15 U.S.C. §§ 1681b(c), (f).
[6] Compl. ¶¶ 153-68, 174-86; *see also* 12 U.S.C. §§ 5531, 5536; 16 C.F.R. §§ 310.4 (a)(2)(x), (a)(5).
[7] Compl. ¶¶ 169-73, 187-90; *see also* 12 U.S.C. § 5536 (a)(3); 16 C.F.R. § 310.3 (b).
[8] The Bureau did name Desiree Hoose's husband, Robert Hoose, as a defendant based on his involvement with Docu Prep Center.  Unless otherwise noted, references to "Hoose" in this memorandum are to Desiree Hoose.

Bureau cannot obtain complete relief in their absence.[9] In particular, Nesheiwat claims—based on assertions in his brief, several public filings, and a photograph of a whiteboard—that Hoose and Monster Tax committed some of the same FCRA and TSR violations that the Bureau alleges he committed.[10]

## ARGUMENT

### I. THE BUREAU HAS BROAD DISCRETION TO DECIDE WHICH PARTIES TO JOIN IN THIS LAW ENFORCEMENT ACTION

Invoking Federal Rules of Civil Procedure 12(b)(7) and 19, Nesheiwat asks the Court to order the Bureau to file an amended complaint joining Hoose and Monster Tax as defendants, and to dismiss the Bureau's claims against him if the Bureau does not. But his motion ignores the fundamental principle that law enforcement agencies like the Bureau have wide discretion when deciding whom to sue in enforcement actions. Because law enforcement agencies possess such discretion, courts have routinely denied motions seeking to join additional parties against whom an agency did not bring an action.

A law enforcement agency's "discretion is at its height when the agency decides not to bring an enforcement action." *Massachusetts v. E.P.A.*, 549 U.S. 497, 527 (2007) (citing *Heckler v. Chaney*, 470 U.S. 821 (1985)). Consistent with that principle, the CFPA vests the Bureau with discretion in deciding whether to bring an enforcement action, providing that the Bureau "may"—not that it "shall"—commence civil actions against persons who violate Federal consumer financial law. 12 U.S.C. § 5564(a); *see Kingdomware Techs., Inc. v.*

---

[9] Defendant Nesheiwat's Memorandum of Points and Authorities in Support of Motion to Dismiss ("Nesheiwat Br.") at 4, 11-14 (ECF No. 56-1).

[10] *See id.* at 5-10; *see also* ECF Nos. 56-3 to 56-10. Although his motion fails for the reasons presented below, Nesheiwat never raised these concerns during the Bureau's investigation. Rather, in an investigational hearing in May 2019, he invoked the Fifth Amendment and refused to answer questions relating to the Bureau's investigation, including questions about Monster Tax and Hoose.

*United States*, 136 S. Ct. 1969, 1977 (2016) (noting that "the word 'may' … implies discretion").

Recognizing the importance of such enforcement discretion, courts routinely deny joinder motions like Nesheiwat's, holding that defendants "may not circumvent the exercise of agency discretion through compulsory joinder rules." *SEC v. Princeton Econ. Int'l*, No. 99-cv-9667, 2001 WL 102333, at *1 (S.D.N.Y. Feb. 7, 2001). Nesheiwat does not cite any case involving a court ordering a law enforcement agency to join additional defendants under Rule 19, let alone any decision granting a motion to dismiss under Rule 12(b)(7). And the case law uniformly rejects his position. *See, e.g.*, *SEC v. Norstra Energy Inc.*, No. 15-cv-4751, 2016 WL 4530893, at *1 (S.D.N.Y. Jan. 19, 2016) (denying Rule 12(b)(7) motion because "defendants cannot employ Rule 19 to force the SEC to sue other parties or face dismissal in enforcement actions").[11]

This principle applies here: Nesheiwat cannot use Rule 19 to add parties the Bureau declined to name in its enforcement action.

## II. NEITHER JOINDER NOR DISMISSAL IS PROPER

Putting aside the wide discretion the Bureau has as the "sole architect" of its enforcement proceedings, *cf. Princeton Econ.*, 2001 WL 102333, at *1, Nesheiwat has not met his burden of showing that Hoose and Monster Tax are required parties under Rule 19(a)(1) or that dismissal is warranted under Rule 19(b).

Rule 19 involves a three-step inquiry: "(1) whether the absent party is necessary (*i.e.*, required to be joined) under Rule 19(a); (2) if so, whether it is feasible to order that absent party to be joined; and (3) if joinder is not feasible,

---

[11] *See also SEC v. Geranio*, No. 12-cv-4257 DMG, 2013 WL 12146516, at *2 (C.D. Cal. Jan. 29, 2013); *CFTC v. Paron Capital Mgmt., LLC*, No. 11-cv-4577 CW, 2011 WL 6372819, at *2-3 (N.D. Cal. Dec. 20, 2011); *FTC v. Commerce Planet, Inc.*, No. 09-cv-1324, 2010 WL 11673795, at *3 (C.D. Cal. 2010).

whether the case can proceed without the absent party, or whether the absent party is indispensable such that the action must be dismissed." *Export-Import Bank of Korea v. ASI, Corp.*, No. 16-cv-2056, 2016 WL 10788358, *2 (C.D. Cal. July 28, 2016) (citing *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012)). The moving party bears the burden of persuasion. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

### A. Hoose and Monster Tax are Not Required Parties Under Rule 19(a)(1)

Under Rule 19(a)(1), a person can be a required party under either of two circumstances: if the court "cannot accord complete relief among existing parties" in that person's absence, or if "that person claims an interest relating to the subject matter of th[e] action" in certain circumstances.[12] Nesheiwat does not invoke the second theory—he makes no argument and presents no evidence that Hoose and Monster Tax "claim an interest" relating to this action under Rule 19(a)(1)(B).[13] And Nesheiwat's argument under the first theory—that Hoose and Monster Tax are needed to provide "complete relief"—fails because the Court can grant the relief the Bureau seeks regardless of whether Hoose and Monster Tax are parties.

To support his argument, Nesheiwat claims that the Bureau's request for injunctive relief, consumer redress, and civil money penalties "cannot be complete in the absence of Hoose and Monster Tax" because they are "integral

---

[12] Fed. R. Civ. P. 19(a)(1)(A)-(B).
[13] *See generally* Nesheiwat Br.; *see also Lopez v. Fed. Nat. Mortg. Ass'n*, No. 13-cv-4782, 2013 WL 7098634, at *6 (C.D. Cal. Oct. 8, 2013) ("[U]nless the absent party has actually claimed it has a legally protected interest in the action, she cannot be deemed a necessary party under Rule 19.").

and necessary components of the unlawful enterprise."[14] Nesheiwat also claims that not joining them would "result[] in ratification of their actions and incomplete relief."[15]

Nesheiwat's arguments misapply Rule 19's "complete relief" clause. That provision is concerned only "with 'relief as between the persons already parties, not as between a party and the absent person whose joinder is sought.'" *Lopez*, 2013 WL 7098634, at *5 (quoting *Eldredge v. Carpenters 46 N. California Ctys. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981)); *see also Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013).

Thus, the relevant question is whether the Bureau can obtain complete relief from Nesheiwat and the other defendants in the absence of Hoose and Monster Tax. It plainly can. The Bureau is seeking a court order granting injunctive relief against Nesheiwat, requiring him to pay redress, a civil penalty, and other monetary relief.[16] If Nesheiwat is ultimately found liable, the Court can grant that relief against him regardless of whether Hoose and Monster Tax are also defendants. The Court can similarly grant the Bureau's requested relief against the other defendants and relief defendants without joinder of Hoose and Monster Tax.

In other law enforcement actions, courts have repeatedly held that they could award the requested relief against the existing defendants, rejecting arguments that joinder of others allegedly involved in the illegal operation was necessary for the relief to be "complete." *See Commerce Planet*, 2010 WL 11673795, at *3 (striking Rule 19 defense in FTC action and holding that if the defendant "is liable, the Court can clearly accord complete relief among the

---

[14] Nesheiwat Br. at 12.
[15] *Id.* at 12-13.
[16] *See* Compl. at p. 32.

MEMORANDUM IN OPPOSITION TO DEFENDANT JAWAD NESHEIWAT'S MOTION TO DISMISS

7

existing parties"); *FTC v. Alternatel, Inc.*, No. 08-cv-21433, 2008 WL 11333084, at *2 (S.D. Fla. Dec. 4, 2008) (denying Rule 12(b)(7) motion because "this case concerns the *defendants'* alleged violations of the FTC Act" and the court could grant injunctive and equitable monetary relief against those defendants); *Princeton Econ.*, 2001 WL 102333, at *1 (denying Rule 12(b)(7) motion in SEC action because "complete relief can be afforded without the six-entities [the defendant] names as indispensable"). Nesheiwat's arguments should similarly be rejected.[17]

### B. Nesheiwat has Failed to Show that Hoose and Monster Tax Cannot be Joined

Even if Hoose and Monster Tax are required parties, Nesheiwat's motion to dismiss fails because he has not shown that they cannot be joined.

Nesheiwat's argument for dismissal reflects a misunderstanding of how Rule 19 operates. He asks the Court to dismiss the Bureau's claims against him if the Bureau declines to amend its Complaint to join Hoose and Monster Tax.[18] But that is not how Rule 19 works. If a required party can be joined, "the court must order that the person be made a party" under Rule 19(a)(2).[19] The court considers dismissal only if a required party "cannot be joined."[20]

Nesheiwat does not argue—and has failed to show—that Hoose and Monster Tax cannot be joined. He does not argue, for example, that the Court would lack personal jurisdiction over them. Only if Hoose and Monster Tax could not be joined would the Court then consider whether dismissal is

---

[17] To the extent Nesheiwat claims that Hoose and Monster Tax may be jointly liable for his violations, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.,* 498 U.S. 5, 7 (1990) (per curiam).
[18] Nesheiwat Br. 1, 10.
[19] Fed. R. Civ. P. 19(a)(2).
[20] Fed. R. Civ. P. 19(b).

appropriate. *See Cash v. Red Balloon Rest.*, No. 14-cv-02545, 2014 WL 5670332, at *2 (N.D. Cal. Nov. 3, 2014) (holding that Rule 19(b) is not implicated where a party can be joined). But Nesheiwat has made no such showing.

### C. Dismissal under Rule 19(b) is Not Appropriate

Nesheiwat's motion to dismiss also fails under Rule 19(b). Under that provision, if a required party cannot be joined, the Court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."[21] Here, even if Nesheiwat had shown that Hoose and Monster Tax were required parties who could not be joined, "equity and good conscience" would favor proceeding among the existing parties, not dismissing the Bureau's claims.

The principle that law enforcement agencies like the Bureau have discretion to decide who to sue, and that defendants cannot use Rule 19 to circumvent that discretion, *supra* Section I, provides ample reason to proceed rather than to dismiss. Further, because this is a law enforcement action brought by the Bureau, this action falls within the long-recognized "public rights" exception to Rule 19, which applies to actions that transcend private interests and "seek to vindicate a public right." *Kescoli v. Babbitt*, 101 F.3d 1304, 1311 (9th Cir. 1996); *see also Nat'l Licorice Co. v. N.L.R.B.*, 309 U.S. 350, 363 (1940) (holding that in an action for "the protection and enforcement of public rights, there is little scope or need for the traditional rules governing the joinder of parties in litigation determining private rights").

Here, the Bureau must "act only in the public interest" when taking an enforcement action, 12 C.F.R. § 1080.3, and has alleged claims under several Federal consumer financial laws—the CFPA, FCRA, and TSR—that protect

---

[21] Fed. R. Civ. P. 19(b); *see also Alto*, 738 F.3d at 1126.

MEMORANDUM IN OPPOSITION TO DEFENDANT JAWAD NESHEIWAT'S MOTION TO DISMISS

9

public rights.  *Cf. Conner v. Burford*, 848 F.2d 1441, 1459-60 (9th Cir. 1988) (applying public rights exception to enforce environmental protections); *State of Washington v. The Geo Group Inc.*, No. 17-cv-5806, 2018 WL 1963792, at *5 (W.D. Wash. Apr. 26, 2018) (applying public rights exception to claims arising under state Minimum Wage Act).  Indeed, Nesheiwat acknowledges that the Bureau's action seeks to "prevent future harm *to the public* and redress consumers."[22]

Dismissal is also inappropriate under the four factors set forth in Rule 19(b).  Those factors require the Court to consider (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed.[23]  Nesheiwat's brief does not even address those factors, much less make any argument that they are satisfied here.[24]  That alone is reason to deny his motion.

In any event, all of the Rule 19(b) factors favor proceeding.  *First*, there is no basis to conclude that proceeding without Hoose or Monster Tax would result in a judgment prejudicing them or the existing parties.[25]  Nesheiwat and the other defendants can mount whatever defenses they may have against the Bureau's claims without Hoose and Monster Tax, and the Court can render a judgment against defendants without Hoose and Monster Tax.  *Second*, since Nesheiwat has not shown any prejudice, and it is unclear how the absence of

---

[22] Nesheiwat Br. at 11 (emphasis added).
[23] Fed. R. Civ. P. 19(b).
[24] *See generally* Nesheiwat Br.
[25] Fed. R. Civ. P. 19(b)(1).

Hoose and Monster Tax could even theoretically result in prejudice to defendants or Hoose and Monster Tax, there is no need to consider "the extent to which any prejudice could be lessened."[26]  *Third*, the Court can render an "adequate" judgment without joining Hoose and Monster Tax.[27]  As discussed above, if the Bureau succeeds on its claims, the Court can grant complete relief as between the Bureau and Nesheiwat (and the other defendants) in the absence of Hoose and Monster Tax.  If the Bureau is successful, it can obtain the injunctive relief, consumer redress, and penalties it seeks against those defendants.  And if the defendants are successful, Hoose and Monster Tax are not necessary for the Court to enter judgment in defendants' favor.  *Fourth*, if this action is dismissed, the Bureau would be left without any remedy, including any appropriate restitution for consumers harmed by Nesheiwat's illegal actions.[28]  And even if the Court dismissed only the Bureau's claims against Nesheiwat, the Bureau would be unable to require him to provide redress to harmed consumers, to seek a penalty for his extensive unlawful conduct, and to obtain injunctive relief to prevent him from engaging in future unlawful conduct.

In short, there is no reason in equity or good conscience to dismiss the Bureau's claims against Nesheiwat.

## CONCLUSION

For the reasons set forth above, Jawad Nesheiwat's motion to dismiss should be denied.

---

[26] Fed. R. Civ. P. 19(b)(2).
[27] Fed. R. Civ. P. 19(b)(3).
[28] Fed. R. Civ. P. 19(b)(4).

| | |
|---|---|
| Dated April 27, 2020 | Respectfully Submitted, |
| | /s/ Colin Reardon |
| | Leanne E. Hartmann |
| | E. Vanessa Assae-Bille (*pro hac vice*) |
| | Colin Reardon (*pro hac vice*) |
| | Bureau of Consumer Financial Protection |
| | 1700 G Street, NW |
| | Washington, D.C. 20552 |
| | |
| | *Attorneys for Plaintiff Bureau of Consumer Financial Protection* |

# CERTIFICATE OF SERVICE

I, Colin Reardon, certify pursuant to Local Rule 5-3.2.1 that on April 27, 2020, I caused to be served by e-mail[29] this filing on each of the following parties:

1. **Thomas Chou**
   c/o Sean P. Burke, counsel for Thomas Chou
   Mattingly Burke Cohen & Biederman LLP
   155 East Market Street, Suite 400
   Indianapolis, IN 46204
   E-mail address: Sean.Burke@mbcblaw.com

2. **Chou Team Realty, LLC**
   c/o Sean P. Burke, counsel for Chou Team Realty, LLC
   Mattingly Burke Cohen & Biederman LLP
   155 East Market Street, Suite 400
   Indianapolis, IN 46204
   E-mail address: Sean.Burke@mbcblaw.com

3. **Sean Cowell**
   c/o Sean P. Burke, counsel for Sean Cowell
   Mattingly Burke Cohen & Biederman LLP
   155 East Market Street, Suite 400
   Indianapolis, IN 46204
   E-mail address: Sean.Burke@mbcblaw.com

4. **Cre8Labs, Inc.**
   c/o Sean P. Burke, counsel for Cre8labs, Inc.
   Mattingly Burke Cohen & Biederman LLP
   155 East Market Street, Suite 400
   Indianapolis, IN 46204
   E-mail address: Sean.Burke@mbcblaw.com

5. **TDK Enterprises, LLC**
   c/o Sean P. Burke, counsel for TDK Enterprises, LLC
   Mattingly Burke Cohen & Biederman LLP
   155 East Market Street, Suite 400
   Indianapolis, IN 46204
   E-mail address: Sean.Burke@mbcblaw.com

6. **Robert Hoose**
   c/o Joshua M. Robbins, counsel for Robert Hoose
   Greenberg Gross LLP
   650 Town Center Drive, Suite 1700
   Costa Mesa, CA 92626
   E-mail address: JRobbins@GGTrialLaw.com

---

[29] Each of the listed parties have consented in writing to accept filings in this matter via e-mail until they have filed notices of appearance. *See* Fed. R. Civ. P. 5(b)(2)(F).

7. **David Sklar**
c/o David Holt, counsel for David Sklar
The Holt Law Firm
1432 Edinger Avenue, Ste. 130
Tustin, CA 92780
E-mail address: dholt@holtlawoc.com

8. **Assure Direct Services, LP**
c/o David Holt, counsel for Assure Direct Services, LP's agent for service of process David Sklar
The Holt Law Firm
1432 Edinger Avenue, Ste. 130
Tustin, CA 92780
E-mail address: dholt@holtlawoc.com

9. **Eduardo Martinez**
c/o David Holt, counsel for Eduardo Martinez
The Holt Law Firm
1432 Edinger Avenue, Ste. 130
Tustin, CA 92780
E-mail address: dholt@holtlawoc.com

10. **Docs Done Right, Inc.**
c/o David Holt, counsel for Docs Done Right, Inc.
The Holt Law Firm
1432 Edinger Avenue, Ste. 130
Tustin, CA 92780
E-mail address: dholt@holtlawoc.com

11. **Docs Done Right, LP**
c/o David Holt, counsel for Docs Done Right, LP
The Holt Law Firm
1432 Edinger Avenue, Ste. 130
Tustin, CA 92780
E-mail address: dholt@holtlawoc.com

12. **Lend Tech Loans, Inc.**
c/o David Holt, counsel for Lend Tech Loans, Inc.
The Holt Law Firm
1432 Edinger Avenue, Ste. 130
Tustin, CA 92780
E-mail address: dholt@holtlawoc.com