COLIN REARDON (NY Bar #4945655)
E-mail: colin.reardon@cfpb.gov
Phone: (202) 435-9668
E. VANESSA ASSAE-BILLE (NY Bar #5165501)
E-mail: elisabeth.assae-bille@cfpb.gov
Phone: (202) 435-7688
1700 G Street, NW
Washington, D.C. 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar #264787) – Local Counsel
E-mail: leanne.hartmann@cfpb.gov
Phone: (415) 844-9787
301 Howard St., Suite 1200
San Francisco, CA  94105
Fax: (415) 844-9788

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

[counsel for Defendants and Relief Defendants listed on following page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, | |
| Plaintiff, | Case No.: 8-20-cv-00043-JVS-ADS |
| vs. | **JOINT RULE 26(f) REPORT** |
| Chou Team Realty, LLC et al., | Conference Date:  May 11, 2020 |
| Defendants. | Conference Time: 10:30 A.M. |
| | Courtroom:          10-C |

SEAN P. BURKE (IN Bar #26995-49)
Email: Sean.Burke@mbclaw.com
Phone: (317) 614-7320
Mattingly Burke Cohen & Biederman LLP
155 East Market Street, Suite 400
Indianapolis, IN 46204
Fax: (1-866-305-5248)

*Attorney for Defendant Chou Team Realty, LLC, Defendant and Relief Defendant Thomas Chou, Defendant and Relief Defendant Sean Cowell, Relief Defendant TDK Enterprises, LLC, and Relief Defendant Cre8labs, Inc.*

DAVID HOLT (CA Bar #137951)
E-mail: dholt@holtlawoc.com
Phone: 714-730-3999
The Holt Law Firm
1432 Edinger Ave., Ste. 130
Tustin, CA 92705
Fax: 714-665-3991

*Attorney for Defendants Docs Done Right, Inc., Docs Done Right, LP, Eduardo Martinez, David Sklar, Assure Direct Services, LP, and Lend Tech Loans, Inc.*

JOSHUA ROBBINS (CA Bar #270556)
E-mail: jrobbins@ggtriallaw.com
Phone: 949-383-2840
Greenberg Gross LLP
650 Town Center Drive, Suite 1700
Irvine, CA 92626
Fax: 949-383-281

*Attorney for Defendant Robert Hoose*

WILLIAM I. ROTHBARD (CA Bar #72447)
E-mail: Bill@RothbardLaw.com
Phone: 310-453-8713
Law Office of William I. Rothbard
2333 Canyonback Rd.
Los Angeles, CA 90049

*Attorney for Relief Defendants XO Media, LLC and Kenneth Lawson*

PETER D. LEPISCOPO (CA Bar #139583)
Email: plepiscopo@att.net
Telephone: (949) 878-9418
Lepiscopo & Associates Law Firm
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Facsimile: (619) 330-2991

*Attorney for Defendant Jawad Nesheiwat*

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order Setting Rule 26(f) Scheduling Conference, *see* ECF No. 14 ("Scheduling Order"), Plaintiff Bureau of Consumer Financial Protection ("Bureau") and Defendants Chou Team Realty, LLC f/k/a Chou Team Realty, Inc., d/b/a Monster Loans, d/b/a MonsterLoans ("Monster Loans"); Assure Direct Services, LP; Docs Done Right, Inc.; Docs Done Right, LP (collectively, with Docs Done Right, Inc., "Docs Done Right"); Lend Tech Loans, Inc. ("Lend Tech"); Robert Hoose; Eduardo Martinez; Jawad Nesheiwat; David Sklar; Defendants and Relief Defendants Thomas Chou and Sean Cowell; and Relief Defendants Kenneth Lawson; Cre8Labs, Inc.; TDK Enterprises, LLC; and XO Media, LLC, submit this Joint Rule 26(f) Report. On April 20, 2020, undersigned counsel for the foregoing parties met and conferred telephonically pursuant to Rule 26(f) and the Court's Scheduling Order. Counsel understand that the scheduling conference originally set for May 11, 2020 has been suspended due to the COVID-19 epidemic, and can make themselves available for a telephonic conference if the Court wishes.

Defendants who are in default[1] or whom the Bureau has not yet been able to serve[2] did not participate in the Rule 26(f) meet and confer or in the preparation of this report.

---

[1] The Clerk of Court has entered defaults as to Defendants (1) Docu Prep Center, Inc.; (2) Document Preparation Services, LP; (3) Certified Doc Prep, Inc.; (4) Certified Doc Prep Services, LP; (5) Direct Document Solutions, Inc.; (6) Direct Document Solutions, LP; (7) Secure Preparation Services, Inc.; (8) Secure Preparation Services, LP; and (9) Bilal Abdelfattah. ECF Nos. 71, 76.

[2] On April 8, 2020, the Bureau moved under Federal Rule of Civil Procedure 4(m) for a 30-day extension of time to serve Frank Anthony Sebreros and Assure Direct Services. ECF No. 67.

a. **Synopsis**:[3]

<u>Plaintiff's Claims</u>:

The Bureau's Complaint alleges that several entities and individuals violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531, 5536; and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with the sale and marketing of debt-relief services to consumers with student loans. The alleged conduct involved two mortgage companies, Monster Loans and Lend Tech; a group of student loan debt relief companies (the "SLDRCs")[4]; and Docs Done Right, which provided debt-relief services on behalf of the SLDRCs.

The Bureau alleges that many Defendants used or obtained consumer reports to market student loan debt-relief services in violation of FCRA (Count I); several Defendants unlawfully charged and received advance fees for debt relief services in violation of the TSR (Count II); and several Defendants violated the CFPA and the TSR by making misrepresentations that consumers would obtain lower interest rates and improved credit scores and about the role of the U.S. Department of Education (Counts III to V and VII to IX). The Bureau also alleges that Monster Loans and Nesheiwat substantially assisted violations of the CFPA and the TSR (Counts VI and X); Defendants' violations of FCRA and the TSR also constitute violations of the CFPA (Count XI); and that the Relief Defendants have received distributions of profits traceable to the alleged violations to which they have no legitimate claim (Count XII).

---

[3] The Bureau requested that Defendants—particularly Defendant Nesheiwat—coordinate to fit within the 2-page limit for this section; they declined to do so.
[4] The "SLDRCs" are Defendants Docu Prep Center, Inc.; Document Preparation Services, LP; Certified Doc Prep, Inc.; Certified Doc Prep Services, LP; Assure Direct Services, Inc.; Assure Direct Services, LP; Direct Document Solutions, Inc.; Direct Document Solutions, LP; Secure Preparation Services, Inc.; and Secure Preparation Services, LP.

<u>Defendants and Relief Defendants' Counterclaims and Affirmative Defenses:</u>

Defendant Robert Hoose intends to raise the following affirmative defenses: (1) Failure to state a claim; (2) Claims barred by statute of limitations; (3) Complaint not in public interest; (4) Third-party causation; (5) Good faith (6) No reasonable basis for requested relief; (7) Lack of materiality; (8) Violation of First Amendment right of free speech; (9) Arbitrary and capricious agency action; (10) Offset; (11) Laches; (12) Constitutionality – Separation of powers.

Defendants Docs Done Right, Inc., Docs Done Right, LLP, Eduardo Martinez, David Sklar, Assure Direct Services, LP, and Lend Tech Loans, Inc. deny Plaintiff's claims in their entirety.

Relief Defendants XO Media, LLC and Kenneth Lawson deny Plaintiff's claims on the ground that as bona fide investors in defendant Student Loan Debt Relief Companies they have an ownership interest in and legitimate claim to distributions of profits they received from those companies and thus are not proper relief defendants.

Defendant Jawad Nesheiwat reserves the right to subsequent disclosure of any possible counterclaims or affirmative defenses but provides the following affirmative defenses: (1) failure state a claim for relief; (2) claims are barred by the applicable statute of limitation; (3) plaintiff lacks the constitutional authority to maintain the claims alleged in the complaint; (4) plaintiff has failed to join proper parties; (5) the plaintiff does not have the constitutional authority to maintain the claims alleged in the complaint; (6) the plaintiff has exceeded its delegate authority; (7) the plaintiff does not have the enforcement authority alleged in the complaint; (8) the statutory authority relied upon by plaintiff in the complaint contravenes the Separation of Powers

Doctrine; (9) the plaintiff's failure to include other defendants is arbitrary and capricious in violation of substantive and procedural due process principles of the Fifth Amendment to the U.S. Constitution; (10) the plaintiff is exercising an improperly delegated duty under Article I, Section 8 of the U.S. Constitution; (11) in filing the complaint the plaintiff has exceeded the power Congress delegated to the plaintiff; (12) in delegating the statutory authority relied upon by plaintiff in the complaint, Congress improperly delegated powers reserved to the Executive Branch; (13) in delegating the statutory authority relied upon by plaintiff in the complaint, Congress improperly delegated legislative powers to an agency; (14) the plaintiff has alleges claims for relief in the complaint for which it has no constitutional authority to pursue; (15) this Court does not have jurisdiction under the Case or Controversy provision of Article III of the U.S. Constitution; (16) the claims alleged in the complaint are not in the public's interest; (17) defendant Nesheiwat was not the cause of any of the damages alleged in the complaint; (18) the plaintiff has acted against defendant Nesheiwat in an arbitrary and capricious manner in violation of substantive and procedural due process principles of the Fifth Amendment to the U.S. Constitution.

    **b. Legal Issues**:

    Plaintiff's Statement

    The key legal issues in this case are:

    1.    Whether the defendants violated the CFPA, FCRA and/or TSR, as charged in the complaint;

    2.    Whether the relief defendants hold ill-gotten funds to which they have no legitimate claims;

    3.    Whether to impose injunctive relief and the scope of any such relief;

4. Whether to impose restitution, disgorgement, damages, costs, and other legal and equitable relief, and the appropriate amount or scope of any such relief; and

5. The appropriate amount of any civil money penalty award under the CFPA.

Defendants and Relief Defendants' Statement

The key legal issues are:

For Defendant Robert Hoose, in addition to the legal issues raised by the Bureau above:

1. Whether the Bureau's governing structure violations the Constitution's separation of powers, as currently at issue before the United States Supreme Court in *Seila Law LLC v. Consumer Financial Protection Bureau*, No. 19-7, and thus whether the Bureau has the authority to pursue this action.

For Defendants Docs Done Right, Inc., Docs Done Right, LP, Eduardo Martinez, David Sklar, Assure Direct Services, LP, and Lend Tech Loans, Inc., in addition to the legal issues raised by the Bureau above:

1. Whether Defendants Eduardo Martinez and David Sklar can be held personally liable.

2. Whether Defendants Docs Done Right, Inc., Docs Done Right, LLP, Eduardo Martinez, David Sklar, Assure Direct Services, LP and Lend Tech Loans, Inc., are entities subject to the provisions of the CFPA, FCRA and/or TSR

For Relief Defendants XO Media, LLC and Kenneth Lawson:

1. Whether a relief claim can be stated against alleged ill-gotten funds that were received in return for bona fide investments in the Student Loan Debt Relief Defendants.

**For Defendant Jawad Nesheiwat:** Defendant Jawad Nesheiwat reserves the right to subsequent disclosure of key legal issues but provides the following legal issues at this time:

1. Whether plaintiff has failed to state a claim for relief.
2. Whether plaintiff's claims are barred by the applicable statute of limitation.
3. Whether plaintiff lacks the constitutional authority to maintain the claims alleged in the complaint.
4. Whether plaintiff has failed to join proper parties.
5. Whether plaintiff has the constitutional authority to maintain the claims alleged in the complaint.
6. Whether plaintiff has exceeded its delegated authority.
7. Whether plaintiff has the enforcement authority alleged in the complaint.
8. Whether the statutory authority relied upon by plaintiff in the complaint contravenes the Separation of Powers Doctrine.
9. Whether plaintiff's failure to join other defendants was an arbitrary and capricious violation of defendant Nesheiwat's substantive and procedural due process rights protected by the Fifth Amendment to the U.S. Constitution.
10. Whether plaintiff has exercised an improperly delegated power under Article I, Section 8 of the U.S. Constitution.
11. Whether in filing the complaint the plaintiff has exceeded the power Congress delegated to it under the statutory authority alleged in the complaint.
12. Whether in delegating the statutory authority relied upon by plaintiff in the complaint, Congress improperly delegated powers reserved to the Executive Branch.

13. Whether in delegating the statutory authority relied upon by plaintiff in the complaint, Congress improperly delegated legislative powers to an agency.

14. Whether plaintiff has alleged claims for relief in the complaint for which it has no constitutional authority to pursue.

15. Whether this Court has jurisdiction under the Case or Controversy provision of Article III of the U.S. Constitution.

16. Whether the claims alleged in the complaint are in the public's interest.

17. Whether defendant Nesheiwat was the cause of any of the damages alleged in the complaint.

18. Whether plaintiff has acted against defendant Nesheiwat in an arbitrary and capricious manner in violation of defendant Nesheiwat's substantive and procedural due process protected by the Fifth Amendment to the U.S. Constitution.

   c. **Damages**:

Under the CFPA, the Bureau may seek any appropriate legal or equitable relief with respect to violations of Federal consumer financial law, including, without limitation, rescission or reformation of contracts, the refund of moneys paid, restitution, disgorgement or compensation for unjust enrichment, limits on the activities of a person, and civil money penalties. 12. U.S.C. § 5565(a).

The Bureau expects that the full extent of appropriate monetary relief will be revealed through discovery. Based on information currently available to it, the Bureau estimates that redress for the Student Loan Debt Relief Companies' receipt of unlawful advance fees and for their deceptive acts or practices is likely at least $18 million. Several other Defendants would be jointly and severally liable for all or part of that amount. The Bureau also seeks

other relief against Defendants, including injunctive relief (including a ban from the debt-relief industry and limitations on the use of consumer reports), civil money penalties, and costs.

With respect to the Relief Defendants, the Bureau seeks the disgorgement of distributions of profits they received from the Student Loan Debt Relief Companies, so that those funds can be returned to consumers. Based on information currently available to it, the Bureau estimates that Chou and Cowell, directly and through entities they respectively control,[5] each received over $400,000 in such distributions, and that Lawson and his company XO Media, LLC received at least $585,000 in such distributions.

**d. Insurance:**

The parties are not aware of any insurance coverage that would cover any monetary relief granted in this action.

**e. Motions**:

The Bureau is investigating whether it will seek to amend the complaint to add claims. The Bureau does not currently anticipate seeking to add parties. Defendant Nesheiwat has moved under Federal Rule of Civil Procedure 19 for an order requiring the Bureau to join an individual and entity as additional defendants and to dismiss the Bureau's claims against him if the Bureau does not; the Bureau has opposed that motion. *See* ECF Nos. 56, 77. The other Defendants and Relief Defendants do not anticipate seeking to add parties. The parties do not intend to seek a transfer of venue.

**f. Discovery and experts**

The parties have conferred pursuant to Rule 26(f) and the Court's Scheduling Order.

---

[5] TDK Enterprises, LLC (Chou) and Cre8labs, Inc. (Cowell).

Initial Disclosures: The parties anticipate exchanging disclosures under Rule 26(a) by May 11, 2020, the date the scheduling conference was scheduled to take place.  The parties do not believe any changes to the disclosures should be made.

Subjects of Discovery: In general, the Bureau intends to seek discovery regarding all matters relevant to the claims or defenses, including (1) the relationships among Defendants and their respective roles in the conduct alleged in the Complaint; (2) the purchase and use of consumer reports to market student loan debt-relief services by certain Defendants; (3) the charging of advance fees for student loan debt-relief services by certain Defendants; (4) representations made by certain Defendants regarding lower interest rates, improved credit scores, and the U.S. Department of Education; (5) whether Defendants engaged in violations knowingly or recklessly; (6) the appropriate amount of redress, civil money penalties, disgorgement, damages, and other monetary relief; and (7) Relief Defendants' relationship with the Student Loan Debt Relief Companies and their receipt of distributions of profits.

Defendant Robert Hoose intends to seek discovery from the Bureau of all documents, testimony, and statements of defendants and third-parties that the Bureau has obtained in its investigation and litigation of this case.

Defendants Docs Done Right, Inc., Docs Done Right, LLP, Eduardo Martinez, David Sklar, Assure Direct Services, LP and Lend Tech Loans, Inc., intend to seek discovery regarding all matters relevant to Plaintiff's claims and their defenses to such claims.

Defendant Jawad Nesheiwat reserves the right to subsequent disclosure of possible discovery he will conduct but discloses that he expects and intends to seek discovery regarding all matters relevant to plaintiff's claims and

damages alleged, and as to defendant Nesheiwat's defense to such claims and damages.

Relief Defendants XO Media, LLC and Kenneth Lawson intend to seek discovery regarding all matters relevant to Plaintiff's claims and their defenses to such claims.

<u>Phased Discovery</u>: At this time, the parties do not anticipate the need to conduct discovery in phases.

<u>Discovery Conducted Thus Far</u>: The Bureau served document requests on Defendants Docs Done Right and Martinez on March 13, 2020, and served interrogatories on Relief Defendants Lawson and XO Media on April 10, 2020. In addition, before commencing this action, the Bureau obtained information, documents, and testimony from several of the Defendants and from third-parties.

On April 23, 2020, Defendant Nesheiwat conducted a deposition of non-party Desiree Hoose.

<u>Discovery Limitations</u>: The parties do not believe that it is necessary to limit discovery or modify the limits on discovery at this time. The Bureau reserves the right to seek modification of the limits once discovery is further underway.

<u>Other Orders</u>: Because much of the discovery in this matter also contains sensitive and confidential personally identifiable information, including consumers' personal addresses and financial information, the Bureau will seek to enter into a protective order prior to producing such discovery. The parties have therefore agreed to negotiate a stipulated protective order, which they anticipate submitting to the Court by May 11.

Depositions:  The Bureau expects to conduct up to ten depositions of fact witnesses, and reserves the right to seek leave of the Court to take more depositions if necessary.

Defendant Robert Hoose expects to conduct up to five depositions of fact witnesses, and reserves the right to seek leave of the Court to take more depositions if necessary.

Defendants Docs Done Right, Inc., Docs Done Right, LP, Eduardo Martinez, David Sklar, Assure Direct Services, LP, and Lend Tech Loans, Inc., anticipate conducting up to ten depositions of fact witnesses and reserve the right to seek leave of the Court to take more depositions if necessary.

Defendant Jawad Nesheiwat has already conducted one non-party witness deposition and hereby reserves the right to subsequent disclosure of possible depositions but discloses that he anticipates conducting depositions of all individual defendants and the persons most knowledgeable of the business entities, as well as other non-party witness according to discovery of those witnesses.

Relief Defendants XO Media, LLC and Kenneth Lawson expect to conduct up to five depositions of fact witnesses, and reserve the right to seek leave of the Court to take more depositions if necessary.

Expert Disclosures:  As shown in Exhibit A, the parties propose the following schedule for the completion of expert discovery:

- *Initial Expert Disclosures*:  The parties shall disclose any expert witnesses and exchange expert reports on or before December 14, 2020.
- *Rebuttal Expert Disclosures*:  The parties shall disclose any rebuttal expert witnesses and exchange rebuttal reports on or before January 18, 2021.

- *Expert Discovery Cut-Off*:  Depositions of experts must be completed by February 15, 2021.

### g. Dispositive motions

The Bureau currently anticipates filing motions for summary judgment as to some or all of its claims against Defendants and Relief Defendants. Defendants Docs Done Right, Inc., Docs Done Right, LP, Eduardo Martinez, David Sklar, Assure Direct Services, LP, Lend Tech Loans, Inc., and Robert Hoose anticipate filing motions for summary judgment as to some or all of Plaintiff's claims against them.  Defendant Jawad Nesheiwat anticipates the possibility of filing dispositive motions, including a motion for summary adjudication and/or summary judgment.  Relief Defendants XO Media, LLC and Kenneth Lawson anticipate filing motions for summary judgment as to all of Plaintiff's claims against them in the event their pending motion to dismiss the complaint is not granted.

The parties believe that many or all of the issues in this case can be resolved at summary judgment.  The parties agree that the opposing party will have 28 calendar days from the filing of the summary judgment motion to file any opposition papers and then the moving party will have 21 calendar days to reply.  The parties reserve the right to request more time, depending on the length and complexity of any such motion and the timing of other deadlines in the litigation.

The Bureau also anticipates moving for default judgments against the Defendants who have defaulted after conducting discovery.

### h. Settlement and settlement mechanism.

The Bureau has engaged in settlement discussions with several of the Defendants and Relief Defendants.

With respect to Monster Loans, Chou, Cowell, TDK Enterprises, LLC, and Cre8labs, Inc., the Bureau made an initial demand on January 30, 2020. Since then, the Bureau and those parties have exchanged several written settlement counter-proposals. The Bureau and those parties are continuing to negotiate a proposed stipulated final judgment and order for submission to the Court. For that reason, Monster Loans, Chou, Cowell, TDK Enterprises, LLC, and Cre8labs, Inc. have not submitted edits to the other portions of this Joint Report.

With respect to Hoose, the Bureau engaged in preliminary settlement discussions in February and March. On April 16, 2020, the Bureau presented a written settlement demand. The parties anticipate engaging in further settlement discussions in the near future.

With respect to Sklar, Martinez, Docs Done Right, and Lend Tech, the Bureau has engaged in preliminary settlement discussions.

With respect to Lawson and XO Media, LLC, the Bureau engaged in preliminary settlement discussions before they moved to dismiss. Those discussions have resumed since the motion was filed but prospects for a settlement prior to the resolution of the motion are uncertain at the present time.

With respect to Nesheiwat, the parties engaged in preliminary settlement discussions in January and early February. Since then, the parties have not engaged in further settlement discussions.

This case has been included in the Court-Directed ADR Program. Of the two presumptive options in the ADR Program, the parties would prefer a mediator from the Court Mediation panel. The parties prefer that the ADR session occur by December 7, 2020.

### i. Trial estimate.

Given the number of Defendants and Relief Defendants, the Bureau estimates that trial will last 12 days. The Bureau reserves the right to seek additional time for a trial if necessary. The 12-day time estimate includes time for the cross-examination of witnesses. The Bureau anticipates calling about 20 to 25 witnesses. The Bureau notes that a shorter trial may be appropriate if the Bureau reaches settlements with some of the Defendants and Relief Defendants or if the Court resolves some of its claims through summary judgment.

Defendant Robert Hoose anticipates calling three to five witnesses at trial.

Defendants, Docs Done Right, Inc., Docs Done Right, LLP, Eduardo Martinez, David Sklar, Assure Direct Services, LP. and Lend Tech Loans, Inc., anticipate calling five to ten witnesses at trial and estimate 2 days for their portion of the trial and conservatively estimate a jury trial length of 14 days.

Defendant Jawad Nesheiwat expects a trial length of 14 days and hereby requests a trial by jury.

Relief Defendants XO Media, LLC and Kenneth Lawson anticipate calling three to five witnesses at trial and estimate 3 days for the portion of the trial concerning the relief claims and defenses relating to them.

### j. Timetable.

The Parties' Presumptive Schedule of Pretrial Dates is set forth in Exhibit A, which is attached to this Joint Report.

### k. Other Issues.

The parties reserve the right to revise and amend this discovery plan as needed in light of developments as this case proceeds.

On April 8, 2020, the Bureau moved under Federal Rule of Civil Procedure 4(m) for a 30-day extension of time to serve Defendants Frank

Anthony Sebreros ("Sebreros") and Assure Direct Services, Inc. ECF No. 67. The Bureau has been unable to serve Sebreros and Assure Direct Services, Inc. since then, and anticipates moving for a further extension and for permission to serve them in an alternative manner on or before May 8, 2020.

**l. Conflicts.**

<u>Plaintiff's Statement</u>

This section does not apply to the Bureau.

<u>Defendants and Relief Defendants' Statements</u>

Defendants Docs Done Right, Inc., Docs Done Right, LP, Assure Direct Services, LP and Lend Tech Loans, Inc., have no subsidiaries, parents or affiliates.

Relief Defendant XO Media, LLC has no subsidiaries, parents or affiliates.

**m. Patent Cases.**

This section does not apply to this matter.

**n. Magistrates.**

The parties do not consent to having this case tried before a magistrate judge of this Court.

Dated: May 4, 2020                    Respectfully Submitted,

/s/ Colin Reardon
Colin Reardon (*pro hac vice*)
E. Vanessa Assae-Bille (*pro hac vice*)
Leanne E. Hartmann
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, D.C. 20552

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

/s/ Sean P. Burke
Sean P. Burke
Mattingly Burke Cohen & Biederman LLP
155 East Market Street, Suite 400
Indianapolis, IN 46204

*Attorney for Defendant Chou Team Realty, LLC, Defendant and Relief Defendant Thomas Chou, Defendant and Relief Defendant Sean Cowell, Relief Defendant TDK Enterprises, LLC, and Relief Defendant Cre8labs, Inc.*

/s/ William I. Rothbard
William I. Rothbard
Law Offices of William I. Rothbard
2333 Canyonback Rd.
Los Angeles, CA 90049

*Attorney for Relief Defendants XO Media, LLC and Kenneth Lawson*

/s/ David Holt
David Holt
The Holt Law Firm
432 Edinger Ave., Ste. 130
Tustin, CA 92705

*Attorney for Defendants Docs Done Right, Inc., Docs Done Right, LP, Eduardo Martinez, David Sklar, Assure Direct Services, LP, and Lend Tech Loans, Inc.*

/s/ Peter D. Lepiscopo
Peter D. Lepiscopo
Lepiscopo & Associates Law Firm
695 Town Center Drive, 7th Floor
Costa Mesa, California 92626

*Attorney for Defendant Jawad Nesheiwat*

/s/ Joshua M. Robbins
Joshua M. Robbins
Greenberg Gross LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

*Attorney for Defendant Robert Hoose*

# EXHIBIT A

## JUDGE JAMES V. SELNA
## PRESUMPTIVE SCHEDULE OF PRETRIAL DATES

| Matter | Time | Weeks before trial | Plaintiffs Request | Defendants Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury) (court) Estimated length: 12 or 14 days | 8:30 am (Tuesdays) | | 7/13/21 | 7/13/21 | |
| [Court trial] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | -1 | | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed Voir Dire Qs and Agreed−to Statement of Case | 11:00 a.m. (Mondays) | -2 | 6/28/21 | 6/28/21 | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3 | 6/21/21 | 6/21/21 | |
| Last day for hand-serving Motions in Limine. | | -6 | 5/31/21 | 5/31/21 | |
| Last day for hearing motions | 1:30 p.m. (Mondays) | -7 | 5/24/21 | 5/24/21 | |
| Last day for hand−serving motions and filing (other than Motions in Limine) | | -11 | 4/26/21 | 4/26/21 | |
| Non−expert Discovery cut−off | | -15 | 3/29/21 | 3/29/21 | |

ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16−14 Settlement Choice: (1) CT/USMJ (2) **Court Mediation Panel** (3) Private ADR

| | | | | | |
|---|---|---|---|---|---|
| Expert discovery cut−off | | | 2/15/21 | 2/15/21 | |
| Rebuttal Expert Witness Disclosure | | | 1/18/21 | 1/18/21 | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | | 12/14/20 | 12/14/20 | |
| Last day to conduct Settlement Conference | | | 12/7/20 | 12/7/20 | |
| Last day to amend pleadings or add parties | | | 9/7/20 | 9/7/20 | |

Revised 4−14−16