**PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583**
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Telephone: (949) 878-9418
Facsimile: (619) 330-2991

Attorneys for Defendant, **JAWAD NESHEIWAT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>Plaintiff,<br><br>v.<br><br>CHOU TEAM REALTY LLC, *et al.*,<br><br>Defendants. | Case No. **8:20-cv-00043-JCS-ADS**<br><br>**DEFENDANT JAWAD NESHEIWAT'S REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>DATE: **May 18, 2020**<br>TIME: **1:30 p.m.**<br>COURTROOM: **10-C**<br>JUDGE: **HON. JAMES V. SELNA**<br>TRIAL DATE: **None Set** |

# REPLY

In its opposition ("Opposition" or "Opp.") to defendant Jawad Nesheiwat's motion to dismiss ("Motion"), Plaintiff, the Bureau of Consumer Financial Protection ("Bureau"), asserts four arguments supporting its contention that the Motion should be denied.

First, the Bureau asserts that it has broad discretion to decide which parties to join in this action. (Opp. 4-5.)

---

**DEFENDANT JAWAD NESHEIWAT'S REPLY TO OPPOSITION TO MOTION TO DISMISS**
1

Second, the Bureau asserts that Desiree Hoose and Monster Tax are not required parties under Federal Rules of Civil Procedure ("FRCP"), Rule 19. (Opp. 5-8.)

Third, the Bureau asserts that Mr. Nesheiwat has failed to show that Desiree Hoose and Monster Tax cannot be joined. (Opp. 8-9.)

Finally, the Bureau asserts that Dismissal under FRCP Rule 19 is not appropriate (Opp. 9-11.)

The problem with the Bureau's Opposition is that it forgets that Mr. Nesheiwat has no duty to provide any information to fill-in the facts omitted by the Bureau. Further, government agencies and law enforcement, whether directly or, as the Bureau proposes, obliquely, seek to place legal disabilities upon citizens who have the audacity to assert their fundamental rights protected by the United States Constitution. Specifically, the Bureau opines in the Complaint about a comprehensive, interstate criminal enterprise, then they act surprised when a target of their investigation (Mr. Nesheiwat) assets his fundamental constitutional rights. For example, the Bureau describes the interstate criminal enterprise through which:

> "[Defendants] collected more than $15 million in **illegal** advance fees from thousands of consumers **nationwide** between 2015 and at least 2017."

(Exh. 1 p. 15, ¶ 106; emphasis added.)

The Court should keep in mind that in other parts of the Complaint the Bureau—in order to invoke federal subject matter jurisdiction—alleges what is *prima facie* criminal wire fraud[1]:

> "106. [Defendants] collected more than $15 million in **illegal** advance fees from thousands of consumers **nationwide** between 2015 and at least 2017.
>
> 121. The TSR defines 'telemarketing' in relevant part as a plan, program, or campaign which is conducted to induce the purchase of goods or services . . . by use of one or more telephones and which involves more than one **interstate telephone call**. 16 C.F.R. § 310.2(gg)."

(Exh. 1 p. 16, ¶ 106 and p. 19, ¶ 121; emphasis added.)

The criminal sanctions under 18 U.S.C. § 1343 are profound, exposing Mr. Nesheiwat to significant fines and up to 20-years in federal prison. Similarly, the Bureau also alleges that this nationwide criminal scheme was perpetrated via United

---

[1] See 18 U.S.C. § 1343, Fraud by Wire, which in its relevant part provides:

> "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both."

States Mail, which would constitute criminal **mail fraud** under 18 U.S.C. § 1341, including the same criminal penalties (*see e.g.* Exh. 1 ¶¶ 5, 60, 85, 86, 89).

Now, in Footnote 10 of the Opposition, the Bureau is trying to enlist this Court to punish Mr. Nesheiwat for lawfully exercising his fundamental rights during the Bureau's investigative hearing:

> "Although his motion fails for the reasons presented below, Nesheiwat **never raised these concerns** during the Bureau's investigation. Rather, in an investigational hearing in May 2019, he **invoked the Fifth Amendment and refused to answer questions** relating to the Bureau's investigation, including questions about Monster Tax and Hoose."

(Opp. p. 4, ll. 25-28; emphasis added.)

So, the Bureau creates a false Hobbes' Dilemma: Mr. Nesheiwat cannot satisfy Rules 12(b)(7) and 19 because he did not testify during his investigative hearing. Thus, the Bureau's logic goes, he should have waived his fundamental rights in order to prevail on his motion. Mr. Nesheiwat does not need to be confronted with such an unconstitutional choice, which certainly cannot be countenanced or facilitated by this Court. Especially, since Mr. Nesheiwat has presented undisputed evidence: Exhibit 1, the Bureau's Complaint, the allegations of which serve as judicial admissions because it contains information from a legally authorized investigation under federal law (*see* FRE 803(8)(A)(iii)); and Exhibits 2 through 7.

**DEFENDANT JAWAD NESHEIWAT'S REPLY TO OPPOSITION TO MOTION TO DISMISS**
**4**

The foregoing procedure proposed by the Bureau is quite a departure from established Supreme Court precedent, for example, the 1965 U.S. Supreme Court decision in *Griffin v. California*, 380 U.S. 609, 612 (1965) ("*Griffin*"). In *Griffin*, the Court held that the Fifth Amendment privilege against compelled self-incrimination prohibits judges and prosecutors from pointing to a defendant's **failure to testify** as substantive evidence of guilt. That is to say, *Griffin* prohibits any "adverse comment" because it creates a **constitutionally prohibited legal disability**, a negative inference—*i.e.*, that the defendant is hiding something. *Id*.

Here, the Bureau is suggesting that the arguments Mr. Nesheiwat is making in his motion should have been presented **in his testimony** during the investigative hearing **thereby exposing him to criminal jeopardy**. Of course, this sort of punishment was rejected by the Court in *Griffin*, which held that this assumption amounts to an unfair and unconstitutional penalty on a defendant's invocation of a constitutionally protected right. Likewise, in the case at Bar, this is precisely what is embodied in the Bureau's argument that Mr. Nesheiwat's motion should be denied through an untenable constitutional procedure that should be resoundingly rejected by this Court (as it was under *Griffin*). *Id*.

As discussed above, the Bureau relies upon this Court to employ an unconstitutional procedure in order to facilitate its arguments in the Opposition. Here, the Bureau simply asserts that it can sue whomever it pleases due to its broad

**DEFENDANT JAWAD NESHEIWAT'S <u>REPLY</u> TO OPPOSITION TO MOTION TO DISMISS**
5

law enforcement discretion. However, Mr. Nesheiwat has provided undisputed evidence in his moving papers (Exhibits 1-7) to demonstrate that the nationwide fraudulent scheme alleged in the Complaint was not truthful as it omitted constituent components of the scheme involving Desiree Hoose and Monster Tax. The scope of the scheme includes four **necessary** components that utilized allegedly unlawfully obtained consumer reports: Tax Debt Relief (Desiree Hoose/Monster Tax); Mortgage Debt Relief (Monster Loan); Credit Card Debt Relief (Monster Loan); and Student Loan Debt Relief (Monster Loan). *See* Exh. 1 ¶¶ 10, 16, 17, 29, 30, and 52; Motion p. 5, ll. 14-24; Exhs. 2 & 3. Supposedly, the Bureau is concerned with this unlawful gathering and use of consumer reports but does not include the **entire scope** of the unlawful use (*see e.g.* Exh. 1 ¶¶ 5, 60, 85, 86, 89).

Furthermore, the cases cited by the Bureau relates to the Bureau's **rulemaking** not litigation discretion. For example, in a Supreme Court decision cited by the Bureau, the Court reviewed a federal agency's denial of exercise of **rulemaking** powers not litigation powers. *Massachusetts v. EPA*, 549 U.S. 497, 527-528 (2007) (emphasis added) ("*EPA*"). In the Opposition, the Bureaus does not cite any published U.S. district court decisions in California or any Ninth Circuit decisions to support its assertion. This is, primarily, because the Bureau is confused in its argument relating to 12 U.S.C. § 5564(a)'s use of the permissive "*may*" rather than the mandatory "*shall*." (Opp. p. 4, ll. 16-22). However, that is not the issue.

**DEFENDANT JAWAD NESHEIWAT'S <u>REPLY</u> TO OPPOSITION TO MOTION TO DISMISS**
6

Rather, the issue is the omission of Desiree Hoose and Monster Tax as defendants as they relate to the nationwide criminal scheme alleged in the Complaint.

The scheme, as alleged, is false as it does **not include the entire enterprise employed** to unlawfully obtain and use consumer reports—*i.e.*, omitting Desiree Hoose and Monster Tax as defendants. This is important because as alleged in the Complaint, the consumer reports were obtained by the individual defendants alleged in the Complaint and employed in the context of tax debt relief, student loan relief, etc., as components of an alleged **single, comprehensive criminal enterprise**.

Another important point is that Monster Loans and Monster Tax have the same identity, as evinced by their shared logos, slogans, and names and the same address, 3 Whatney. (*See* Exhs. 2, 3, and 7).

Based on the foregoing, it should be clear that the Bureau's inexplicable decision to omit those who procured and used the unlawfully obtained consumer reports, namely Desiree Hoose and Monster Tax, is without reason or rationale. Moreover, this decision—**which the Bureau did not explain in its Opposition**—is what constitutes the abuse of discretion; the Bureau merely asserts that it has the power to do so but fails to explain its decision in this case. The Court should order the Bureau to join Desiree Hoose and Monster Tax as defendants or suffer dismissal of the Complaint against Mr. Nesheiwat.

Finally, and contrary to the Bureau's assertion (Opp. pp. 8-9), if monetary damages are awarded against Mr. Nesheiwat and other individual and corporate defendants then Desiree Hoose and Monster Tax, who also used the allegedly unlawfully obtained and unlawfully used consumer reports, will escape imposition of damages, restitution orders, and fines, leaving the other defendants to shoulder 100% of those damages, restitution orders, and fines. Obviously, as Mr. Nesheiwat's evidence in support of the Motion demonstrates, Desiree Hoose and Monster Tax were receiving unlawful advance fees, which should be part of any restitution order issued by the Court. The Bureau alleges the unlawful advance fees in the Complaint (*see* Exh. 1 ¶¶ 103-111). Furthermore, Desiree Hoose and Monster Tax will also escape the **injunctive relief** sought by the Bureau, so **they will be free to continue to unlawfully use such unlawfully obtained consumer reports**. Omitting them is an obvious abuse of the Bureau's law enforcement discretion. Accordingly, in the absence of Desiree Hoose and Monster Tax being joined as defendants, full and complete relief cannot be granted, all of which would not only be fundamentally unfair but also **contrary to the public interest**.

## CONCLUSION

Based on the foregoing, as well as the opening brief and Exhibits 1-7, inclusive, defendant Jawad Nesheiwat respectfully requests the Court to **grant** his

motion by ordering the Bureau to join Desiree Hoose and Monster Tax as defendants or suffer dismissal of the action against Jawad Nesheiwat.

Dated:  May 4, 2020.         **LEPISCOPO & ASSOCIATES LAW FIRM**

                                          By:  /s/ Peter D. Lepiscopo
                                                 **PETER D. LEPISCOPO**
                                                 *Counsel of Record*
                                                 Attorneys for Defendant, **JAWAD NESHEIWAT**

**DEFENDANT JAWAD NESHEIWAT'S REPLY TO OPPOSITION TO MOTION TO DISMISS**
**9**