COLIN REARDON (NY Bar #4945655)
E-mail: colin.reardon@cfpb.gov
Phone: (202) 435-9668
E. VANESSA ASSAE-BILLE (NY Bar #5165501)
E-mail: elisabeth.assae-bille@cfpb.gov
Phone: (202) 435-7688
1700 G Street, NW
Washington, D.C. 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar #264787) – Local Counsel
E-mail: leanne.hartmann@cfpb.gov
Phone: (415) 844-9787
301 Howard St., Suite 1200
San Francisco, CA 94105
Fax: (415) 844-9788

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, <br><br> Plaintiff, <br><br> vs. <br><br> Chou Team Realty, LLC et al., <br><br> Defendants. | Case No.: 8-20-cv-00043-JVS-ADS <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SERVE DEFENDANTS ASSURE DIRECT SERVICES, INC. AND FRANK ANTHONY SEBREROS BY ALTERNATIVE MEANS AND TO EXTEND TIME TO SERVE THEM** |

Plaintiff Bureau of Consumer Financial Protection ("Bureau") seeks authorization from the Court to effectuate service of process on Defendants Assure Direct Services, Inc. ("ADS, Inc.") and Frank Anthony Sebreros ("Sebreros") using alternative means of service. As explained in this memorandum, in declarations and affidavits submitted in support of the

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SERVE DEFENDANTS ASSURE DIRECT SERVICES, INC. AND FRANK ANTHONY SEBREROS BY ALTERNATIVE MEANS AND TO EXTEND TIME TO SERVE THEM

1

Bureau's previous motion for an extension of the time for service,[1] and in additional declarations submitted with this motion,[2] the Bureau has been unsuccessful in serving process on Sebreros and ADS, Inc. despite its reasonably diligent efforts.  The Bureau respectfully asks the Court to enter an order granting it permission to serve ADS, Inc. through the California Secretary of State, and to serve Sebreros by email.

Pursuant to Fed. R. Civ. P. 4(m), and based on its reasonable diligent efforts to effectuate service of process, the Bureau also respectfully moves for an extension of time to serve the summons and the Complaint on ADS, Inc. and Sebreros.

## BACKGROUND

The Bureau filed this action on January 9, 2020 against twenty-six defendants and relief defendants.  On January 15, 2020, the clerk issued summonses for Sebreros (in his capacity as an individual defendant) and for ADS, Inc. (listing Sebreros as its registered agent).[3]  The Bureau has served all defendants except ADS, Inc. and Sebreros.  On April 8, 2020, the Bureau filed a motion requesting an extension of time to serve ADS, Inc. and Sebreros, which the Court granted on May 4, 2020.[4]

---

[1] In support of its Motion to Extend Time to Serve Defendants Sebreros and ADS (ECF No. 67), the Bureau filed declarations by Bureau counsel Colin Reardon (ECF No. 67-2) and investigator Dani Schneider (ECF No. 67-3), as well as affidavits by process servers Frank Harrigan (ECF No. 67-4) and Mario Alvarado (ECF No. 67-5).

[2] Concurrently with this Motion, the Bureau submits additional declarations by Bureau counsel Colin Reardon ("Second Reardon Decl.") investigator Dani Schneider (Second Schneider Decl."), and Defendant and Relief Defendant Thomas Chou ("Chou Decl.").

[3] ECF Nos. 13-1, 13-11.

[4] Order to Extend Time to Serve Sebreros and ADS, ECF No. 81.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SERVE DEFENDANTS ASSURE DIRECT SERVICES, INC. AND FRANK ANTHONY SEBREROS BY ALTERNATIVE MEANS AND TO EXTEND TIME TO SERVE THEM

2

### A. Service Attempts and Outreach Prior to April 8 Motion

As fully described in its April 8 motion to extend the time to serve Sebreros and ADS, Inc., the Bureau made numerous attempts to serve the two defendants before seeking an extension.[5]

Sebreros is both an individual defendant in this lawsuit and the designated agent for service of process for ADS, Inc.[6] ADS, Inc. ceased operations around September 2017, and is currently listed as suspended on the California Secretary of State website.[7] Its service address, which has not been updated since August 2016, is a mailbox at a UPS store where Sebreros and ADS, Inc. no longer receive mail.[8]

The Bureau thus focused on attempting service at various home addresses recently associated with Sebreros.[9] Between January and early April, process servers made 16 unsuccessful attempts to serve Sebreros at three home addresses associated with him—one in Irvine and two in the same apartment complex in Santa Ana.[10] During a service attempt at one of the Santa Ana apartments, the process server spoke to an individual who identified himself as Steve Ortega and claimed to have never heard of Sebreros. However, the Bureau has evidence indicating that Ortega is Sebreros' brother.[11]

Because these service attempts were unsuccessful, the Bureau directed its process server to perform a skip trace to identify any new address associated with Sebreros or either of his brothers, Steve Ortega and Aaron Sebreros, in the

---

[5] *See* Mem. in Supp. of Pl.'s Mot. at 2-5, ECF No. 67-1 ("Mem."); *see also* ECF Nos. 67-2 through 67-5 (supporting declarations).
[6] Mem. at 2, ECF No. 67-1.
[7] *Id*.
[8] *Id*. at 2-3.
[9] *Id*. at 3.
[10] *Id*. at 3-4; *see also* ECF Nos. 67-4, 67-5.
[11] Mem. at 4, ECF No. 67-1.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SERVE DEFENDANTS ASSURE DIRECT SERVICES, INC. AND FRANK ANTHONY SEBREROS BY ALTERNATIVE MEANS AND TO EXTEND TIME TO SERVE THEM

3

event that he could be reached at these alternate residences.[12] But the skip trace yielded no new results, except for one home address in Long Beach, associated with Aaron Sebreros.[13] A process server attempted service at the Long Beach location on March 29 and 31, 2020, but was again unable to locate Sebreros.[14] This last attempt brought the Bureau's efforts to 18 attempts at five addresses.

The Bureau also attempted to contact Sebreros informally to arrange service. Bureau counsel left voicemails at two phone numbers associated with Sebreros and attempted to call him at two other numbers, which had been disconnected.[15] Bureau counsel also emailed a copy of the Complaint and summonses to an email address associated with Sebreros.[16] The Bureau did not receive any response.[17]

**B. Efforts to Serve Since Previous Motion**

Since moving for an extension to serve the Defendants on April 8, 2020, the Bureau authorized its process server to perform another skip trace for updated contact information for Sebreros. But this skip trace did not reveal any address where the Bureau had not already attempted service.[18] A Bureau investigator also reviewed confidential databases for new contact information for Sebreros, but was similarly unsuccessful in locating him.[19] Bureau counsel also attempted to call Sebreros at another phone number associated with him, but was unable to reach him or leave a voicemail.[20]

---

[12] *Id*.
[13] *Id*. at 4-5.
[14] *Id*. at 5.
[15] *Id*. at 5.
[16] *Id*.
[17] Second Reardon Decl. ¶¶ 7-8.
[18] *Id*. ¶¶ 4-5.
[19] Second Schneider Decl. ¶ 3-4.
[20] Second Reardon Decl. ¶¶ 9-10.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SERVE DEFENDANTS ASSURE DIRECT SERVICES, INC. AND FRANK ANTHONY SEBREROS BY ALTERNATIVE MEANS AND TO EXTEND TIME TO SERVE THEM

4

# ARGUMENT

## I. THE BUREAU SHOULD BE PERMITTED TO SERVE SEBREROS AND ADS, INC. BY ALTERNATIVE MEANS

Rule 4 of the Federal Rules of Civil Procedure provides that both domestic corporations and individuals within a district of the United States may be served by following the state law that governs service where the district court is located or where service is made.[21] Under California law, if a corporation's designated agent of service of process cannot with reasonable diligence be found at the address designated for personally delivering the process, then a court may order service of process upon the California Secretary of State.[22] As for individuals, if traditional methods for service fail, California law allows a court to direct that summons be served in a manner reasonably calculated to give actual notice to the party to be served.[23]

In light of the Bureau's reasonably diligent but unsuccessful efforts to serve Sebreros in his individual capacity and as ADS, Inc.'s designated agent, as well as its efforts to serve ADS, Inc. at its designated address, the Bureau requests the Court's permission to: (1) serve ADS, Inc. via the California Secretary of State, and (2) serve Sebreros via email.

### A. Service of ADS, Inc. Through the California Secretary of State is Appropriate

In this District, ordinarily, "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substitute service to be made." *Ghadiri v. Las Gueritas*, *et al.*, 8:18-cv-01515-JVS-ADS, 2019 WL 6139923, at *3 (July 12, 2019) (Selna, J.) (citing

---

[21] Fed. R. Civ. P. 4(e)(1); (h)(1)(A).
[22] Cal. Corp. Code §§ 1702(a), 1702(d).
[23] Cal. Code of Civ. P. § 413.30.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SERVE DEFENDANTS ASSURE DIRECT SERVICES, INC. AND FRANK ANTHONY SEBREROS BY ALTERNATIVE MEANS AND TO EXTEND TIME TO SERVE THEM

5

*Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1391–92 (1992) (citation omitted)). In *FTC v. Discountmetalbrokers, Inc.*, the court authorized the Federal Trade Commission ("FTC") to accomplish service through the Secretary of State where it had attempted service six times, the defendant no longer received mail at the addresses listed in the Secretary of State records, and the FTC could not locate an alternate address or means to contact the defendant. No. 16-cv-02112-ODW, 2016 WL 3751618 (July 13, 2016).

Here, the Bureau's many attempts to serve Sebreros easily meet that standard. ADS, Inc. and its agent for service of process cannot be found at the address designated for serving process. The company is no longer operating and has stopped receiving mail at the mailbox listed in the California Secretary of State records.[24] And since January 2020, the Bureau has made 18 attempts to serve Sebreros at five addresses, in addition to reaching out to Sebreros by phone and email to notify him of the pending lawsuit. The Bureau has expended additional resources to locate Sebreros, including by searching confidential databases and performing two skip traces.[25] None of these efforts succeeded. Sebreros' brother told the Bureau's process server that he had never heard of Sebreros.[26] This, in addition to the numerous unanswered contact attempts, suggests Sebreros may be deliberately evading service.

Despite its persistent efforts, the Bureau cannot with reasonable diligence serve ADS, Inc. through traditional service. Accordingly, the Bureau requests the Court's permission to serve ADS, Inc. via the California Secretary of State.

---

[24] Mem. at 2-3, ECF No. 67-1.
[25] *Id.* at 3-5; Second Reardon Decl. ¶¶ 4-5.
[26] Mem. at 4, ECF No. 67-1.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SERVE DEFENDANTS ASSURE DIRECT SERVICES, INC. AND FRANK ANTHONY SEBREROS BY ALTERNATIVE MEANS AND TO EXTEND TIME TO SERVE THEM

6

**B.     Service of Sebreros through Email is Appropriate**

Several courts in this District, including this Court, have interpreted Section 413.30 of the California Code of Civil Procedure to permit service of process via email. *See, e.g., FTC v. Am. Fin. Support Servs., Inc.*, No. 8:19-cv-02109-JVS-ADS, 2019 WL 6337435 (C.D. Cal. Jan. 22, 2020) (Selna, J.); *Panini Am., Inc. v. Kollectorsvault, LLC*, No. 3:19-cv-03800-LB, 2019 WL 6311414, at *2 (N.D. Cal. Nov. 25, 2019); *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002).

To serve an individual through email pursuant to the above California statute, courts have required the party seeking to effectuate service to show that the party to be served "cannot with reasonable diligence be served in another manner." *Elson*, 2019 WL 4673211, at *3 (citing *Kohler v. Domainjet, Inc.*, No. 11-cv-1767-BEN-MDD, 2012 WL 716883, at *2 (S.D. Cal. Mar. 5, 2012) (citing Cal. Code of Civ. P. § 415.50(a)(1)). The reasonable diligence requirement is met if "the plaintiff 'took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances.'" *Id*.

Here, the Bureau has sufficient information regarding Sebreros' personal email address to render service through that email address appropriate. During its investigation, the Bureau obtained business records from a financial institution that has held bank accounts on which Sebreros was a signatory, which listed that email address as part of his contact information.[27] The same email address appears in an account application for Defendant Lend Tech Loans, Inc. produced by Experian and in more than 25 email communications obtained by the Bureau during its investigation, including in exchanges with

---

[27] Second Reardon Decl. ¶ 6.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SERVE DEFENDANTS ASSURE DIRECT SERVICES, INC. AND FRANK ANTHONY SEBREROS BY ALTERNATIVE MEANS AND TO EXTEND TIME TO SERVE THEM

7

other individual defendants in this lawsuit.[28] Defendant and Relief Defendant Thomas Chou has also confirmed in a declaration that he was able to reach Sebreros at this email address as recently as August 2019.[29] Further, when Bureau counsel emailed this address on April 3, 2020, counsel did not receive any automated report indicating an issue with the delivery of the message, as is typical when an email address is deactivated.[30] The email address thus appears to be operational. Email service is thus a reasonably calculated means to give Sebreros notice.

In light of the Bureau's diligent efforts to effectuate service of process, the Bureau should be permitted to serve Sebreros through email, which is reasonably calculated to provide him notice of this lawsuit. If the Court grants this motion, the Bureau will send the Summons and Complaint to this email address along with a copy of the Court's order.

## II. The Bureau's Time to Serve Sebreros and ADS, Inc. Should be Extended

Rule 4(m) of the Federal Rules of Civil Procedure provides that a summons and complaint shall be served on a defendant within 90 days after the filing of the complaint.[31] If the deadline is not met, the Rule requires a court to direct that service be made within an additional specified time if the plaintiff shows good cause for the failure to serve. In addition, even where the plaintiff has not established good cause, the court "may extend time for service upon a showing of excusable neglect."[32] When Rule 4(m) was amended in 2015 to shorten the service period from 120 days to 90 days, it was envisioned that

---

[28] *Id.*
[29] Chou Decl. ¶¶ 3-5.
[30] Second Reardon Decl. at ¶ 7.
[31] Fed. R. Civ. P. 4(m).
[32] *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SERVE DEFENDANTS ASSURE DIRECT SERVICES, INC. AND FRANK ANTHONY SEBREROS BY ALTERNATIVE MEANS AND TO EXTEND TIME TO SERVE THEM

8

shortening the period for service would increase the frequency of occasions to extend time, and that additional time may be needed if "a defendant is difficult to serve."[33]

Good cause exists to extend the period of service.[34] The Bureau has been unsuccessful in serving ADS, Inc. and Sebreros, despite having expended significant resources and diligently attempting to serve them. These extensive efforts formed the basis of the Bureau's April 8, 2020, motion for an extension of 30 days to serve them.[35] If this motion is granted, the Bureau will proceed expeditiously.

## CONCLUSION

The Bureau respectfully moves the Court to enter an order authorizing service of process on ADS, Inc. through the California Secretary of State, and on Frank Anthony Sebreros by email. The Bureau also moves for an extension until June 7, 2020, to serve process on ADS, Inc. and Sebreros.

---

[33] *See* Fed. R. Civ. P. Rule 4(m) advisory committee's note to 2015 amendment; *see also Fodrey v. City of Rialto*, No. 5:18-cv-02434-SJO-SPX, 2019 WL 2871158, at *2 (C.D. Cal. Apr. 23, 2019) (citing advisory committee note).
[34] *See Skazel v. Anderson*, No. 2:18-cv-03669-PA-AGR, 2018 WL 6167915, at *2 (C.D. Cal. 2018) (plaintiff established good cause where defendants were served a few months after the deadline for service); *Fodrey*, 2019 WL 2871158, at *4-5 (good cause existed where plaintiff served defendants "a little over a month after the end of the 90 day period permitted under Rule 4(m)").
[35] *See* Pl.'s Notice of Mot. and Mot. to Extend Time to Serve Defs. Sebreros and ADS, ECF No. 67.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SERVE DEFENDANTS ASSURE DIRECT SERVICES, INC. AND FRANK ANTHONY SEBREROS BY ALTERNATIVE MEANS AND TO EXTEND TIME TO SERVE THEM

9

| | |
|---|---|
| Dated: May 8, 2020 | Respectfully Submitted, |
| | /s/ Colin Reardon<br>Colin Reardon (*pro hac vice*)<br>E. Vanessa Assae-Bille (*pro hac vice*)<br>Leanne E. Hartmann |
| | Bureau of Consumer Financial Protection<br>1700 G Street, NW<br>Washington, D.C. 20552 |
| | *Attorneys for Plaintiff Bureau of Consumer Financial Protection* |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SERVE DEFENDANTS ASSURE DIRECT SERVICES, INC. AND FRANK ANTHONY SEBREROS BY ALTERNATIVE MEANS AND TO EXTEND TIME TO SERVE THEM

10