# EXHIBIT S

William I. Rothbard
Law Offices of William I. Rothbard
2333 Canyonback Rd.
Los Angeles, CA 90049
Telephone: (310) 453-8713
Email: Bill@Rothbardlaw.com

Attorney for Relief Defendants XO Media, LLC and Kenneth Lawson

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>Plaintiff,<br><br>vs.<br><br>Chou Team Realty, LLC f/k/a Chou Team Realty, Inc., d/b/a Monster Loans, d/b/a MonsterLoans et al.,<br><br>Defendants,<br><br>Thomas "Tom" Chou; and Sean Cowell,<br><br>Defendants and<br>Relief Defendants,<br><br>Kenneth Lawson; Cre8labs, Inc.; XO Media, LLC; and TDK Enterprises, LLC<br><br>Relief Defendants | Case No. 8:20-cv-00043- JVS-ADS<br><br>**RELIEF DEFENDANT KENNETH LAWSON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Relief Defendant Kenneth Lawson ("Lawson") hereby responds to the First Set of Interrogatories ("First Set") propounded by plaintiff Bureau of Consumer Financial Protection Bureau ("Bureau") on April 10, 2020. Except as otherwise may be expressly noted, this entire response is submitted on behalf of Lawson. To the extent that an objection is made to any interrogatory, such objection is noted therein; further, each interrogatory response is subject to the general objections set forth at the beginning of this response. Any claims of privilege will be identified in a separate privilege log. Lawson expressly reserves the right to supplement this response if it becomes aware of additional information that may be responsive to any interrogatory request set forth in the First Set.

## GENERAL OBJECTIONS

1. Lawson is providing the information and documents contained in these Responses in accordance with Federal Rule of Civil Procedure 33 and the local rules of this District, which require the disclosure of non-privileged facts within the recipient's knowledge that may be relevant or lead to discovery of, relevant, information. Accordingly, Lawson, by providing the information requested, does not waive objections to its admission in evidence on the grounds of relevance, materiality, or on any other proper grounds for objections, nor does it submit to the instructions and definitions listed at the beginning of the First Set, except as those instructions and definitions specifically conform to the requirements of the applicable rules and any applicable case law.

2. The word usage and sentence structure of this response may be that of the attorney assisting in the preparation of these Responses. It does not purport to be the precise language of the executing party.

3. Lawson in this case has relied upon the recommendations of counsel. Not all of these Responses are necessarily prepared from the personal knowledge of any single individual.

4. The Responses set forth herein are based upon information and documents that have been collected and/or reviewed for the purpose of responding to these interrogatories. Lawson reserves the right to supplement or modify its Responses in the event that it obtains additional, better, or different information or should additional facts come to light which alter or supplement the facts currently known.

5. No incidental or implied admissions are intended by the Responses herein, and the fact that Lawson has answered or objected to any interrogatory should not be taken as an

admission that it accepts or admits the existence of any of the "facts" set forth or assumed by such interrogatory.

6. The fact that Lawson has answered part or all of any interrogatory is not intended to be, and shall not be construed to be, a waiver by Lawson of any part of any objection to any interrogatory.

7. Lawson objects to each and all of the interrogatories to the extent they seek information which is protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege. Lawson does not waive any protections or privileges by responding to these interrogatories.

8. Lawson objects to these interrogatories to the extent they seek information which is not relevant to the issues in this matter or are not reasonably calculated to lead to the discovery of admissible information.

9. Lawson objects to these interrogatories to the extent they are unreasonably broad, repetitious, unduly burdensome, or purport to require the disclosure of information beyond the scope of permissible discovery under the Federal Rules of Civil procedure and applicable law.

10. Lawson objects to these interrogatories to the extent they seek information related to matters beyond the scope of the issues raised by this action. Any fortuitous provision of information or production of documents not related to the issues raised by this action shall not waive this objection.

11. Lawson objects to these interrogatories to the extent they purport to require the disclosure of information which is a matter of public record, is equally available to the Bureau, or is already in the Bureau's possession.

12. Lawson objects to these interrogatories to the extent they seek information not reasonably available to, or documents not within the possession, custody or control of, XO.

13. Lawson objects to these interrogatories to the extent they seek information that is confidential, proprietary and/or a trade secret of a third party, or subject to any applicable state or federal statutory privilege or any common law privilege held by a third party. XO will not divulge such information to the extent it is under any obligation to maintain the third-party information in confidence and not to disclose it, unless the third party grants permission to do so; to the extent it does divulge such information inadvertently or otherwise such disclosure shall not constitute a waiver of any additional proprietary rights on the part of XO or the third party.

14. Lawson objects to these interrogatories to the extent they seek private, confidential, trade secret and/or proprietary information of XO on the grounds that such interrogatories are overbroad, unduly burdensome, oppressive and seek information which is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure and applicable law and which may be protected by statutory and common law rights of privacy or other similar laws.

15. Lawson expressly incorporates by reference the above General Objections in each of the specific interrogatory responses set forth below as if set forth in full therein.

**RESPONSE TO FIRST SET OF INTERROGATORIES**

1. For the $150,000 in total capital contributions provided by XO Media, LLC to the Student Loan Debt Relief Defendants referenced in Paragraph 6 of the Lawson Declaration, provide the date and amount of each capital contribution and the name of the Student Loan Debt Relief Defendant that received it.

RESPONSE TO INTERROGATORY NO. 1

Lawson adopts and incorporates herein by reference its previous General Objections as if stated fully herein. Lawson further specifically objects to this interrogatory on the ground that the Court lacks subject matter jurisdiction over him as a relief defendant, rendering any discovery against him in that capacity improper, because he has demonstrated, through argument and evidence submitted in his pending motion to dismiss the complaint, that XO Media, LLC, and in turn he as an owner of XO Media, has an ownership interest in and legitimate claim to the funds sought by the Bureau under its relief claim.

A relief defendant is not a real party in an action, but is typically a trustee, custodian, depository or agent, without any claim to title or ownership, that is joined to an action solely as a means of facilitating the collection of funds the relief defendant is holding for a named defendant. *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). Because Lawson, through his ownership of XO Media, has a "claim to title or ownership" of the funds sought, he is not a proper relief defendant and, absent a claim of wrongdoing making him a real party in the action, the Court lacks subject matter jurisdiction over him. *SEC v. Founding Partners Capital Management*, 639 F.Supp.2d 1291, 1295 (M.D. Fla. 2009) (request for evidentiary development rejected and relief claim dismissed for lack of subject matter jurisdiction over relief defendant who had demonstrated an ownership interest in and legitimate claim to funds sought under a

relief claim, with court finding that "such a sue-first-and-sort-out-the-facts-later approach is [in]compatible with the Federal Rules or fundamental fairness.") *Id.*

The Bureau knew before it sued Lawson that XO Media, and Lawson in turn as an owner of the entity, had an ownership interest in and legitimate claim to the funds it received from the Student Loan Debt Relief Companies as a limited partner in those entities; indeed, its complaint expressly acknowledges and admits that limited partnership interest. As an owner of XO Media, which received distributions from those companies as an investor through its limited partnership interests, Lawson is not a proper relief defendant. *See, e.g., FTC v. Direct Marketing Concepts, Inc.*, 648 F. Supp. 2d 202 (D. Mass. 2009) (investor not a proper relief defendant); *Johnson v. Studholme*, 619 F. Supp. 1347, 1348–49 (D. Colo. 1985), *aff'd sub nom. Johnson v. Hendricks*, 833 F.2d 908 (10th Cir. 1987) (investors not proper relief defendants); *Janvey v. Adams*, 588 F.3d 831, 835 (5th Cir. 2009) (investors not proper relief defendants).

As in *Founding Partners*, there being no basis for the Court to exercise subject matter jurisdiction over Lawson as an improperly named relief defendant because he has an ownership interest in and legitimate claim to the funds sought by the Bureau, fundamental fairness dictates that the Bureau may not proceed with discovery against Lawson in his capacity as a relief defendant.

2. *For the $585,044.60 in total distributions XO Media, LLC received from the Student Loan Debt Relief Defendants referenced in Paragraph 6 of the Lawson Declaration, identify the total amount of the distributions that came from each of the Student Loan Debt Relief Defendants.*

RESPONSE TO INTERROGATORY NO. 2

Lawson adopts and incorporates herein by reference its previous General Objections as if stated fully herein. Lawson further specifically objects to this interrogatory on the ground that the Court lacks subject matter jurisdiction over him as a relief defendant, rendering any discovery against him in that capacity improper, because he has demonstrated, through argument and evidence submitted in his pending motion to dismiss the complaint, that XO Media, LLC, and in turn he as an owner of XO Media, has an ownership interest in and legitimate claim to the funds sought by the Bureau under its relief claim.

A relief defendant is not a real party in an action, but is typically a trustee, custodian, depository or agent, without any claim to title or ownership, that is joined to an action solely as a means of facilitating the collection of funds the relief defendant is holding for a

named defendant. *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). Because Lawson, through his ownership of XO Media, has a "claim to title or ownership" of the funds sought, he is not a proper relief defendant and, absent a claim of wrongdoing making him a real party in the action, the Court lacks subject matter jurisdiction over him. *SEC v. Founding Partners Capital Management*, 639 F.Supp.2d 1291, 1295 (M.D. Fla. 2009) (request for evidentiary development rejected and relief claim dismissed for lack of subject matter jurisdiction over relief defendant who had demonstrated an ownership interest in and legitimate claim to funds sought under a relief claim, with court finding that "such a sue-first-and-sort-out-the-facts-later approach is [in]compatible with the Federal Rules or fundamental fairness.") *Id.*

The Bureau knew before it sued Lawson that XO Media, and he in turn as an owner of the entity, had an ownership interest in and legitimate claim to the funds it received from the Student Loan Debt Relief Companies as a limited partner in those entities; indeed, its complaint expressly acknowledges and admits that limited partnership interest. As an owner of XO Media, which received distributions from those companies as an investor through its limited partnership interests, Lawson is not a proper relief defendant. See, e.g., *FTC v. Direct Marketing Concepts, Inc.*, 648 F. Supp. 2d 202 (D. Mass. 2009) (investor not a proper relief defendant); *Johnson v. Studholme*, 619 F. Supp. 1347, 1348–49 (D. Colo. 1985), *aff'd sub nom. Johnson v. Hendricks*, 833 F.2d 908 (10th Cir. 1987) (investors not proper relief defendants); *Janvey v. Adams*, 588 F.3d 831, 835 (5th Cir. 2009) (investors not proper relief defendants).

As in *Founding Partners*, there being no basis for the Court thus to exercise subject matter jurisdiction over Lawson as an improperly named relief defendant because he has an ownership interest in and legitimate claim to the funds sought by the Bureau, fundamental fairness dictates that the Bureau may not proceed with discovery against Lawson in his capacity as a relief defendant.

DATE: May 8, 2020

By: /s/ William I. Rothbard
William I. Rothbard
LAW OFFICES OF WILLIAM I. ROTHBARD
2333 Canyonback Rd.
Los Angeles, CA 90049

Counsel for Relief Defendant Kenneth Lawson

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May 2020, I caused a copy of the foregoing to be served via electronic mail on all parties and counsel.

/s/ William I. Rothbard
William I. Rothbard, Esq.

William I. Rothbard
Law Offices of William I. Rothbard
2333 Canyonback Rd.
Los Angeles, CA 90049
Telephone: (310) 453-8713
Email: Bill@Rothbardlaw.com

Attorney for Relief Defendants XO Media, LLC and Kenneth Lawson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>Plaintiff,<br><br>vs.<br><br>Chou Team Realty, LLC f/k/a Chou Team Realty, Inc., d/b/a Monster Loans, d/b/a MonsterLoans et al.,<br><br>Defendants,<br><br>Thomas "Tom" Chou; and Sean Cowell,<br><br>Defendants and Relief Defendants,<br><br>Kenneth Lawson; Cre8labs, Inc.; XO Media, LLC; and TDK Enterprises, LLC<br><br>Relief Defendants | Case No. 8:20-cv-00043- JVS-ADS<br><br>**RELIEF DEFENDANT XO MEDIA, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Relief Defendant XO Media, LLC ("XO") hereby responds to the First Set of Interrogatories ("First Set") propounded by plaintiff Bureau of Consumer Financial Protection Bureau ("Bureau") on April 10, 2020. Except as otherwise may be expressly noted, this entire response is submitted on behalf of XO. To the extent that an objection is made to any interrogatory, such objection is noted therein; further, each interrogatory response is subject to the general objections set forth at the beginning of this response. Any claims of privilege will be identified in a separate privilege log. XO expressly reserves the right to supplement this response if it becomes aware of additional information that may be responsive to any interrogatory request set forth in the First Set.

## GENERAL OBJECTIONS

1. XO is providing the information and documents contained in these Responses in accordance with Federal Rule of Civil Procedure 33 and the local rules of this District, which require the disclosure of non-privileged facts within the recipient's knowledge that may be relevant or lead to discovery of, relevant, information. Accordingly, XO, by providing the information requested, does not waive objections to its admission in evidence on the grounds of relevance, materiality, or on any other proper grounds for objections, nor does it submit to the instructions and definitions listed at the beginning of the First Set, except as those instructions and definitions specifically conform to the requirements of the applicable rules and any applicable case law.

2. The word usage and sentence structure of this response may be that of the attorney assisting in the preparation of these Responses. It does not purport to be the precise language of the executing party.

3. XO in this case has relied upon the recommendations of counsel. Not all of these Responses are necessarily prepared from the personal knowledge of any single individual.

4. The Responses set forth herein are based upon information and documents that have been collected and/or reviewed for the purpose of responding to these interrogatories. XO reserves the right to supplement or modify its Responses in the event that it obtains additional, better, or different information or should additional facts come to light which alter or supplement the facts currently known.

5. No incidental or implied admissions are intended by the Responses herein, and the fact that XO has answered or objected to any interrogatory should not be taken as an

admission that it accepts or admits the existence of any of the "facts" set forth or assumed by such interrogatory.

6. The fact that XO has answered part or all of any interrogatory is not intended to be, and shall not be construed to be, a waiver by XO of any part of any objection to any interrogatory.

7. XO objects to each and all of the interrogatories to the extent they seek information which is protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege. XO does not waive any protections or privileges by responding to these interrogatories.

8. XO objects to these interrogatories to the extent they seek information which is not relevant to the issues in this matter or are not reasonably calculated to lead to the discovery of admissible information.

9. XO objects to these interrogatories to the extent they are unreasonably broad, repetitious, unduly burdensome, or purport to require the disclosure of information beyond the scope of permissible discovery under the Federal Rules of Civil procedure and applicable law.

10. XO objects to these interrogatories to the extent they seek information related to matters beyond the scope of the issues raised by this action. Any fortuitous provision of information or production of documents not related to the issues raised by this action shall not waive this objection.

11. XO objects to these interrogatories to the extent they purport to require the disclosure of information which is a matter of public record, is equally available to the Bureau, or is already in the Bureau's possession.

12. XO objects to these interrogatories to the extent they seek information not reasonably available to, or documents not within the possession, custody or control of, XO.

13. XO objects to these interrogatories to the extent they seek information that is confidential, proprietary and/or a trade secret of a third party, or subject to any applicable state or federal statutory privilege or any common law privilege held by a third party. XO will not divulge such information to the extent it is under any obligation to maintain the third-party information in confidence and not to disclose it, unless the third party grants permission to do so; to the extent it does divulge such information inadvertently or otherwise such disclosure shall not constitute a waiver of any additional proprietary rights on the part of XO or the third party.

14. XO objects to these interrogatories to the extent they seek private, confidential, trade secret and/or proprietary information of XO on the grounds that such interrogatories are overbroad, unduly burdensome, oppressive and seek information which is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure and applicable law and which may be protected by statutory and common law rights of privacy or other similar laws.

15. XO expressly incorporates by reference the above General Objections in each of the specific interrogatory responses set forth below as if set forth in full therein.

## RESPONSE TO FIRST SET OF INTERROGATORIES

1. For the $150,000 in total capital contributions provided by XO Media, LLC to the Student Loan Debt Relief Defendants referenced in Paragraph 6 of the Lawson Declaration, provide the date and amount of each capital contribution and the name of the Student Loan Debt Relief Defendant that received it.

RESPONSE TO INTERROGATORY NO. 1

XO adopts and incorporates herein by reference its previous General Objections as if stated fully herein. XO further specifically objects to this interrogatory on the ground that the Court lacks subject matter jurisdiction over it as a relief defendant, rendering any discovery against it in that capacity improper, because it has demonstrated, through argument and evidence submitted in his pending motion to dismiss the complaint, that it has an ownership interest in and legitimate claim to the funds sought by the Bureau under its relief claim.

A relief defendant is not a real party in an action, but is typically a trustee, custodian, depository or agent, without any claim to title or ownership, that is joined to an action solely as a means of facilitating the collection of funds the relief defendant is holding for a named defendant. *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). Because XO has a "claim to title or ownership" of the funds sought, it is not a proper relief defendant and, absent a claim of wrongdoing making it a real party in the action, the Court lacks subject matter jurisdiction over it. *SEC v. Founding Partners Capital Management*, 639 F.Supp.2d 1291, 1295 (M.D. Fla. 2009) (request for evidentiary development rejected and relief claim dismissed for lack of subject matter jurisdiction over relief defendant who had demonstrated an ownership interest in and legitimate claim to funds sought under a relief claim, with court finding that "such a sue-first-and-sort-out-the-facts-later approach is [in]compatible with the Federal Rules or fundamental fairness.") *Id.*

The Bureau knew before it sued XO that it had an ownership interest in and legitimate claim to the funds it received from the Student Loan Debt Relief Companies as a limited partner in those entities; indeed, its complaint expressly acknowledges and admits that limited partnership interest. As it received distributions from those companies in its capacity as a limited partner investor, XO is not a proper relief defendant. See, e.g., *FTC v. Direct Marketing Concepts, Inc.*, 648 F. Supp. 2d 202 (D. Mass. 2009) (investor not a proper relief defendant); *Johnson v. Studholme*, 619 F. Supp. 1347, 1348–49 (D. Colo. 1985), *aff'd sub nom. Johnson v. Hendricks*, 833 F.2d 908 (10th Cir. 1987) (investors not proper relief defendants); *Janvey v. Adams*, 588 F.3d 831, 835 (5th Cir. 2009) (investors not proper relief defendants).

As in *Founding Partners*, there being no basis for the Court to exercise subject matter jurisdiction over XO as an improperly named relief defendant because it has an ownership interest in and legitimate claim to the funds sought by the Bureau, fundamental fairness dictates that the Bureau may not proceed with discovery against XO in its capacity as a relief defendant.

2. *For the $585,044.60 in total distributions XO Media, LLC received from the Student Loan Debt Relief Defendants referenced in Paragraph 6 of the Lawson Declaration, identify the total amount of the distributions that came from each of the Student Loan Debt Relief Defendants.*

RESPONSE TO INTERROGATORY NO. 2

XO adopts and incorporates herein by reference its previous General Objections as if stated fully herein. XO further specifically objects to this interrogatory on the ground that the Court lacks subject matter jurisdiction over it as a relief defendant, rendering any discovery against it in that capacity improper, because it has demonstrated, through argument and evidence submitted in his pending motion to dismiss the complaint, that it has an ownership interest in and legitimate claim to the funds sought by the Bureau under its relief claim.

A relief defendant is not a real party in an action, but is typically a trustee, custodian, depository or agent, without any claim to title or ownership, that is joined to an action solely as a means of facilitating the collection of funds the relief defendant is holding for a named defendant. *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). Because XO Media has a "claim to title or ownership" of the funds sought, it is not a proper relief defendant and, absent a claim of wrongdoing making it a real party in the action, the Court lacks subject matter jurisdiction over it. *SEC v. Founding Partners Capital Management*, 639 F.Supp.2d 1291, 1295

-4-

(M.D. Fla. 2009) (request for evidentiary development rejected and relief claim dismissed for lack of subject matter jurisdiction over relief defendant who had demonstrated an ownership interest in and legitimate claim to funds sought under a relief claim, with court finding that "such a sue-first-and-sort-out-the-facts-later approach is [in]compatible with the Federal Rules or fundamental fairness.") *Id.*

The Bureau knew before it sued XO that it had an ownership interest in and legitimate claim to the funds it received from the Student Loan Debt Relief Companies as a limited partner in those entities; indeed, its complaint expressly acknowledges and admits that limited partnership interest. As it received distributions from those companies in its capacity as a limited partner investor, XO is not a proper relief defendant. See, e.g., *FTC v. Direct Marketing Concepts, Inc.*, 648 F. Supp. 2d 202 (D. Mass. 2009) (investor not a proper relief defendant); *Johnson v. Studholme*, 619 F. Supp. 1347, 1348–49 (D. Colo. 1985), *aff'd sub nom. Johnson v. Hendricks*, 833 F.2d 908 (10th Cir. 1987) (investors not proper relief defendants); *Janvey v. Adams*, 588 F.3d 831, 835 (5th Cir. 2009) (investors not proper relief defendants).

As in *Founding Partners*, there being no basis for the Court to exercise subject matter jurisdiction over XO as an improperly named relief defendant because it has an ownership interest in and legitimate claim to the funds sought by the Bureau, fundamental fairness dictates that the Bureau may not proceed with discovery against XO in its capacity as a relief defendant.

DATE: May 8, 2020          By: _/s/ William I. Rothbard_
William I. Rothbard
LAW OFFICES OF WILLIAM I. ROTHBARD
2333 Canyonback Rd.
Los Angeles, CA 90049

Counsel for Relief Defendant XO MEDIA, LLC

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May 2020, I caused a copy of the foregoing to be served via electronic mail on all parties and counsel.

/s/ William I. Rothbard
William I. Rothbard, Esq.