COLIN REARDON (NY Bar #4945655)
E-mail: colin.reardon@cfpb.gov
Phone: (202) 435-9668
E. VANESSA ASSAE-BILLE (NY Bar #5165501)
E-mail: elisabeth.assae-bille@cfpb.gov
Phone: (202) 435-7688
1700 G Street, NW
Washington, D.C. 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar #264787) — Local Counsel
E-mail: leanne.hartmann@cfpb.gov
Phone: (415) 844-9787
301 Howard St., Suite 1200
San Francisco, CA 94105
Fax: (415) 844-9788

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>    Plaintiff,<br><br>vs.<br><br>Chou Team Realty, LLC et al.,<br><br>    Defendants. | Case No.: 8-20-cv-00043-JVS-ADS<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[DISCOVERY DOCUMENT: REFFERED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]** |

This matter having come before the Court pursuant to Federal Rule of Civil Procedure 26 and Local Rule 7.1, Plaintiff, the Bureau of Consumer Financial Protection ("Bureau"), and Defendants Docs Done Right, Inc.; Docs Done Right, LP; Lend Tech Loans, Inc.; Assure Direct Services, LP; Robert Hoose; Eduardo Martinez; Jawad Nesheiwat; David Sklar; and Relief Defendants Kenneth Lawson; and XO Media, LLC (collectively with the Bureau, "Parties"), having stipulated to the process set forth herein, it is hereby ORDERED:

## I. PURPOSES AND LIMITATIONS

A.     Discovery in this Action may involve production of confidential, proprietary, or private information requiring special protection from public disclosure and from use for any other purpose other than prosecuting or defending this litigation.  Accordingly, the Parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties also acknowledge the statutory obligations and regulatory permission of the Bureau to share confidential information under this Order with other federal and state agencies.  This Order does not automatically authorize the filing under seal of material designated under this Order.  Instead, the Parties must comply with Local Rule 79-5 if they seek to file anything under seal.  This Order does not govern the use at trial of material designated under this Order.

## II. GOOD CAUSE STATEMENT

A.     This action is likely to involve the exchange of non-publicly-available documents and other information of a sensitive, confidential, or proprietary nature, including Consumer Reports and financial records, that may contain confidential and personally identifiable information[1] ("PII"), including social security numbers,

---

[1] Office of Management and Budget (OMB) Memorandum M-17-12, Preparing for and Responding to a Breach of Personally Identifiable Information, January 3, 2017(OMB M-17-12), defines PII as

personal telephone numbers, personal addresses, personal email addresses, and bank statements.  Special protection from public disclosure is warranted for these documents and other information.  Such sensitive, confidential, and proprietary documents and other information consist of, among other things, confidential business or financial information, information regarding borrowers, information otherwise generally unavailable to the public, or information that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, protect information the Parties are entitled to keep confidential, ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that a confidential designation will not be made for tactical reasons and that nothing will be so

"information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual. Because there are many different types of information that can be used to distinguish or trace an individual's identity, the term PII is necessarily broad. To determine whether information is PII, the [entity or individual] . . . shall perform an assessment of the specific risk that an individual can be identified using the information with other information that is linked or linkable to the individual. In performing this assessment, it is important to recognize that information that is not PII can become PII whenever additional information becomes available -in any medium or from any source -that would make it possible to identify an individual."

designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

## III.  DEFINITIONS

A.  <u>Action</u>: This case, *Bureau of Consumer Financial Protection v. Chou Team Realty, LLC et al.*, Case No. 8-20-cv-00043-JVS-ADS, pending in the United States District Court for the Central District of California.

B.  <u>Challenging      Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

C.  <u>CONFIDENTIAL Information or Items</u>: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u> and as specified above in the Good Cause Statement.

D.  <u>Consumer Report</u>:  A "consumer report," as that term is defined in Section 603(d) of FCRA, <u>15 U.S.C. § 1681a(d)</u>, including without limitation consumer reports relating to consumers furnished by a Consumer Reporting Agency in connection with credit or insurance transactions that are not initiated by the consumers, pursuant to <u>15 U.S.C. § 1681b(c)</u>.

E.  <u>Consumer Reporting Agency</u>:  A "consumer reporting agency," as that term is defined in Section 603(f) of FCRA, <u>15 U.S.C. § 1681a(f)</u>.

F.  <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

G.  <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL.

H.     Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

I.     Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, unless and until such person is excluded by order of the Court.

J.     House Counsel: Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

K.     Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

L.     Outside Counsel of Record: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with the law firm of an attorney who has appeared on behalf of that Party, including support staff.

M.     Party: Any party to this Action, including all of its officers, directors, employees, consultants, contractors, retained experts, and Outside Counsel of Record.

N.     Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

O.     Professional Vendors: Persons or entities that provide litigation-support services (e.g., photocopying, videotaping,

translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

P.   <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as CONFIDENTIAL.

Q.   <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

R.   <u>Requesting Party</u>: A Party that requests Disclosure or Discovery Material from another Party.

## IV.  SCOPE

A.   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.   Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial, except as stated explicitly herein.

## V.  DURATION

A.   Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of

this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.  DESIGNATING PROTECTED MATERIAL

A.    Exercise of Restraint and Care in Designating Material for Protection

1.    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.    Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

4.      Notwithstanding any other provision of this Order, any Party or Non-Party that produces Consumer Reports must designate them for protection under this Order.

B.      Manner and Timing of Designations

1.      Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.      Designation in conformity with this Order requires:

a.      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend CONFIDENTIAL, to each page that contains protected material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  For information in non-static documentary form (e.g., spreadsheets) for which the application of the legend CONFIDENTIAL is impracticable, a slip or cover sheet with the legend CONFIDENTIAL shall be provided.  If only a portion or portions of the material in such a document qualify for protection, the slip or cover sheet shall clearly identify the protected portion(s) (e.g., by specifying the row and column numbers in a spreadsheet).

b.      A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

c.      For testimony given in depositions, that the Designating Party identify the protected testimony (i) on the record before the close of the deposition, or (ii) up to 14 days after receipt of the deposition transcript if on the record during the deposition or in writing before the end of the next business day after the deposition, the Designating Party indicates an intent to so identify protected testimony.  Before the expiration of the 14-day period for designation, a transcript shall be treated during

that period as if it had been designated CONFIDENTIAL unless otherwise agreed.

    d.    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C.    Inadvertent Failures to Designate

    1.    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.    Timing of Challenges

    1.    A party objecting to the designation of any document or material as CONFIDENTIAL may challenge such designation at any time or request the party making such designation identify what information it contends is CONFIDENTIAL.  Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens or significant disruption or delay of the

litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B.    Treatment of Challenged Material

1.    In the event a party challenges any designation of information as CONFIDENTIAL, such information shall be deemed confidential under this Order until the challenge is resolved pursuant to the terms of this Order.

C.    Process for Challenge

1.    A party that challenges a CONFIDENTIAL designation must do so in writing to the designating party and must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Challenging Party must identify the challenged material and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the asserted designation.  Following written notice to the Designating Party of a challenge, the parties shall have fourteen (14) days to meet and confer in an attempt to reach an informal resolution of the dispute.  If attempts at an informal resolution prove unsuccessful, or the Designating Party refuses to participate in the meet and confer process, the Challenging Party may notify the Designating Party in writing that it is invoking the Court Review stage of the challenge process set forth in paragraph 6.4 of this Protective Order.

D.    Court Review

1.    After the Challenging Party notifies the Designating Party in writing that it is invoking the Court Review stage of the challenge process, the Designating Party if it seeks to maintain the CONFIDENTIAL designation shall, within 14 days of such notification, file a motion with the Court pursuant to Local Rule 37-1.  Pursuant to Local Rule 37-1, the Designating Party shall certify to the Court that the parties have made sincere, good faith efforts to resolve the dispute.  Failure by the designating party to file a motion pursuant to Local Rule 37-1 within 14 days shall automatically waive the confidentiality designation for each challenged designation.  The designating party shall have the burden to establish that the information has been appropriately designated as CONFIDENTIAL under the terms of this Order and applicable law.  Frivolous challenges and designations, and those made for an improper purpose (e.g., to harass or to impose unnecessary expenses and burdens on other parties) may expose the challenging or designating party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to treat the material in question as Protected Material pursuant to the terms of this Order until the court rules on the challenge.

VIII.   ACCESS TO AND USE OF PROTECTED MATERIAL

A.    Basic Principles

1.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in

connection with this Action only for prosecuting, defending, or attempting to settle this Action unless another use is authorized by this Order or permitted by federal statute or regulation applicable to the Bureau.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order and as permitted by federal statute or regulation applicable to the Bureau.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

2.      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.     Disclosure of CONFIDENTIAL Information or Items

1.      Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

a.      The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.      The officers, directors, employees (including House Counsel) and contractors of the Receiving Party;

c.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.      The court and its personnel;

e.      Court reporters and their staff;

f.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the witness has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

j.      To a federal or state agency by the Bureau where the disclosure is required by statute.

C.      Limits on Disclosure of Consumer Reports

1.      Notwithstanding any other provision of this Order, unless otherwise ordered by the court, a Party or Non-Party may disclose Consumer Reports or information derived from Consumer Reports only where disclosure of the Consumer Reports is reasonably necessary to proving the Requesting Party's claims or defenses in this action and may make such disclosure only to:

a.      The Bureau;

b.      Attorneys who have appeared in this Action for Defendants and Relief Defendants (not including other attorneys from the same firm or support staff);

c.      The court and its personnel;

d.      Court reporters and their staff;

e.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the witness has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any Consumer Reports unless otherwise agreed by the Bureau and the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal consumer information derived from Consumer Reports (e.g., names, addresses, or student loan balances) must be separately bound by the

court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

f.      To a federal or state agency by the Bureau where the disclosure is required by statute.

2.      Consumer Reports may not be disclosed to Defendants or Relief Defendants themselves.  The Bureau and attorneys who have appeared in this action for Defendants and Relief Defendants must take care to avoid the disclosure of Consumer Reports to Defendants or Relief Defendants.  Requesting Parties must also take care to avoid requesting Consumer Reports unless the Consumer Reports are reasonably necessary to proving the Requesting Party's claims or defenses and other alternatives (e.g., receiving other documents or redacted versions of Consumer Reports) would not meet the Requesting Party's legitimate needs.  When any Party or Non-Party is served with a discovery request or subpoena that seeks Consumer Reports or would result in the production of Consumer Reports, the Party or Non-Party must confer with the Requesting Party (and the Bureau, if it is not the Requesting Party) regarding whether disclosure of the Consumer Reports is reasonably necessary to the Requesting Party's claims or defenses and whether other alternatives would meet the Requesting Party's legitimate needs.

IX.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

A.     If a Party is served with a subpoena or a court order or other legal process, including discovery requests, issued in other litigation

that compels disclosure of any information or items designated as CONFIDENTIAL in this Action, that Party must:

    1.    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order or other legal process;

    2.    Promptly notify in writing the party who caused the subpoena or order or other legal process to issue in the other litigation, that some or all of the material covered by the subpoena or order or other legal process is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

    3.    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court from which the subpoena or order or other legal process issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   3.      make the information requested available for inspection by the Non-Party.

C.      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A.    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

B.    The production of privileged or work product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to

provide the maximum protection allowed by Federal Rule of Evidence 502(d).

C.     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## XIII.     MISCELLANEOUS

A.     Right to Further Relief

1.     Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.     Right to Assert Other Objections

1.     By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.     Filing Protected Material

1.     Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. The fact that a Party or Non-Party has designated a document or other material as CONFIDENTIAL under this

Order is insufficient to justify filing under seal. Instead, Local
Rule 79-5 prescribes that, in the absence of prior express
authorization to file a document under seal, the Party(s) must
establish good cause or demonstrate compelling reasons why
the strong presumption of public access in civil cases should be
overcome.  If a Party's request to file Protected Material under
seal is denied by the court, then the Receiving Party may file the
information in the public record unless otherwise instructed by
the court.

## XIV.      FINAL DISPOSITION

A.    After the final disposition of this Action, within 60 days of a
written request by the Designating Party, each Receiving Party must
return all Protected Material to the Producing Party or destroy such
material or retain such material as required by federal recordkeeping
requirements in a manner that ensures the confidentiality of the
material. As used in this subdivision, "all Protected Material" includes
all copies, abstracts, compilations, summaries, and any other format
reproducing or capturing any of the Protected Material except as
required to comply with federal recordkeeping requirements.
Whether the Protected Material is returned, destroyed, or retained
pursuant to federal recordkeeping requirements, the Receiving Party
must submit a written certification to the Producing Party (and, if not
the same person or entity, to the Designating Party) by the 60 day
deadline that (1) identifies (by category, where appropriate) all the
Protected Material that was returned,  destroyed or retained pursuant
to federal recordkeeping requirements and (2) affirms that the
Receiving Party has not retained any copies, abstracts, compilations,

summaries, or any other format reproducing or capturing any of the Protected Material except as required pursuant to federal recordkeeping requirements. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

## XV.      JURISDICTION

The Court shall retain jurisdiction after the resolution of this action to enforce or modify the terms of this order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated: May 29, 2020           Respectfully Submitted,

/s/ Colin Reardon
Colin Reardon (*pro hac vice*)
E. Vanessa Assae-Bille (*pro hac vice*)
Leanne E. Hartmann
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, D.C. 20552

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

/s/ William I. Rothbard
William I. Rothbard
Law Offices of William I. Rothbard
2333 Canyonback Rd.
Los Angeles, CA 90049

*Attorney for Relief Defendants XO Media, LLC and Kenneth Lawson*

/s/ David C. Holt
David Holt
The Holt Law Firm
432 Edinger Ave., Ste. 130
Tustin, CA 92705

*Attorney for Defendants Docs Done Right, Inc., Docs Done Right, LP, Eduardo Martinez, David Sklar, Assure Direct Services, LP, and Lend Tech Loans, Inc.*

/s/ Peter D. Lepiscopo
Peter D. Lepiscopo
Lepiscopo & Associates Law Firm
695 Town Center Drive, 7th Floor
Costa Mesa, California 92626

*Attorney for Defendant Jawad Nesheiwat*

/s/ Joshua M. Robbins
Joshua M. Robbins
Greenberg Gross LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

*Attorney for Defendant Robert Hoose*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:____June 2, 2020_____        _____/s/ Autumn D. Spaeth_____
                                    HONORABLE AUTUMN D. SPAETH
                                    United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Consumer Financial Protection Bureau v. Chou Team Realty,* Case No. 8:20-cv-00043-JVS-ADS.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____