UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-43 JVS (ADSx) | Date | June 3, 2020 |
| Title | Bureau of Consumer Financial Protection v. Chou Team Realty LLC et al | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Dismiss**

Pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19, Defendant Jawad Nesheiwat ("Nesheiwat") moves for an order directing the Consumer Financial Protection Bureau's ("the Bureau") to amend its Complaint to add necessary parties, or in the alternative, for dismissal of the Complaint. Mot., Dkt. No. 56. The Bureau opposed. Opp'n, Dkt. No. 77. Nesheiwat replied. Reply, Dkt. No. 79.

For the following reasons, the Court **DENIES** the motion.

**I. BACKGROUND**

This case concerns conduct by companies and individuals in connection with providing debt-relief services to consumers with student loans. Complaint, Dkt. No. 1 ¶ 3. A mortgage company, Monster Loans[1], and a sham entity, Lend Tech, unlawfully obtained consumer reports from the consumer-reporting agency Experian and then provided the reports to other companies. Id. ¶ 4.

In direct-mailings and in telemarketing-sales calls, certain of these debt-relief companies made false representations to consumers that: (1) the consumers would obtain lower interest rates by consolidating their federal student loans, (2) the consumers would improve their credit scores by consolidating their loans, and (3) the United States Department of Education would become the "new servicer" on their loans. Id. ¶ 5.

---

[1] Chou Team Realty, LLC and Chou Team Realty, Inc. have held themselves out as doing business as Monster Loans. Id. ¶ 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-43 JVS (ADSx) | Date | June 3, 2020 |
| Title | Bureau of Consumer Financial Protection v. Chou Team Realty LLC et al | | |

Several of these companies also unlawfully charged and collected advance fees.  Id. ¶ 6.

Nesheiwat was the chief operating officer of Monster Loans between January 2015 and April 2017.  Id. ¶ 35.  Nesheiwat exercised substantial managerial responsibility for and control over Monster Loans' business practices.  Id.  Nesheiwat was a limited partner in five associated companies that offered debt-relief services to consumers with student loans (the "Student Loan Debt Relief Companies").  Id. ¶ 36.  He oversaw Monster Loan's purchase of pre-screened lists from Experian for use by the Student Loan Debt Relief Companies in their direct mailings.  Id. ¶ 60.  Nesheiwat also exercised substantial managerial responsibility and control over one of the companies—Docu Prep Center—and participated in the marketing efforts of the other four companies.  Id. ¶¶ 37-38.

The Bureau brings 11 counts against Nesheiwat, for (1) violations of the Fair Credit Reporting Act (FCRA), (2) collecting advance fees in violation of the Telemarketing Sales Rule (TSR); (3) making misrepresentations in violation of the TSR (regarding lower interest rates); (4) making misrepresentations in violation of the TSR (regarding improved credit scores); (5) making misrepresentations in violation of the TSR (regarding new servicer); (6) providing substantial assistance in violation of the TSR; (7) deception in violation of the Consumer Financial Protection Act (CFPA) (regarding lower interest rates); (8)  deception in violation of the CFPA (regarding improved credit scores); (9)  deception in violation of the CFPA (regarding new servicer); (10) providing substantial assistance in violation of the CFPA; (11) and for CFPA violations based on violations of the FCRA and TSR.  See generally, Complaint.

## II. LEGAL STANDARD

Rule 12(b)(7) authorizes district courts to dismiss complaints for failure to join an indispensable party under Rule 19.  Fed. R. Civ. P. 12(b)(7).

Rule 19 "provides a three-step process for determining whether the court should dismiss an action for failure to join a purportedly indispensable party."  United States v. Bowen, 172 F.3d 682, 688 (9th Cir. 1999).  First, the court must determine whether the absent party is "necessary."  Id. (citing Fed. R. Civ. P. 19(a)). Second, if the absent party is "necessary," the court must determine whether joinder is "feasible."  Id. (citing Fed. R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-43 JVS (ADSx) | Date | June 3, 2020 |
| Title | Bureau of Consumer Financial Protection v. Chou Team Realty LLC et al | | |

Civ. P. 19(a),(b)). Third, if joinder is not "feasible," the court must determine whether the absent party is "indispensable," i.e., whether in "equity and good conscience" the action can continue without the party. Id. (citing Fed. R. Civ. P. 19(b)). If joinder is not feasible and the absent party is indispensable, the court must dismiss the action.

The Court may consider testimony to resolve the motion under Rule 12(b)(7). "In ruling on a dismissal for lack of joinder of an indispensable party, a court may go outside the pleadings and look to extrinsic evidence." Davis Cos. v. Emerald Casino, Inc., 268 F.3d 477, 480 (7th Cir. 2001). The Court "has a duty to protect absent persons who will be affected by [its] decree"; thus, the inquiry into whether such persons exist "should not be hampered by the evidentiary rules [Plaintiffs] would impose." McShan v. Sherrill, 283 F.2d 462, 464 (9th Cir. 1960) (considering affidavits over non-moving party's objection). Moreover, "evidence concerning absent indispensable parties may also be presented by the affidavit of any person having knowledge bearing upon their existence." Id.

### III. DISCUSSION

Nesheiwat argues that the case should not proceed without Desiree Hoose ("Hoose") and Tax Time Relief, Inc. dba Monster Tax Relief ("Monster Tax") as defendants in this action pursuant to Rule 19(a). Alternatively, he asks the Court to dismiss the Complaint against him pursuant to Rule 12(b)(7), based on the Bureau's failure to join these allegedly necessary parties. See generally, Mot., Dkt. No. 56.

**A.     Nesheiwat's Request for Judicial Notice**

Nesheiwat requests that the Court take judicial notice of the following: (1) the Complaint in this action, (2) the Articles of Incorporation for Tax Time Relief, Inc., filed March 8, 2016, (3) the Statement of Information for Tax Time Relief, Inc., filed January 13, 2017, and (4) the Fictitious Business Name Statement for Tax Time Relief, Inc. d/b/a Monster Tax Relief, recorded on March 20, 2016. RJN, Dkt. No. 56-10.

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b). The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-43 JVS (ADSx) | Date | June 3, 2020 |
| Title | Bureau of Consumer Financial Protection v. Chou Team Realty LLC et al | | |

takes judicial notice of the documents in the RJN pursuant to Fed. R. Evid. 201. All of the documents in the RJN contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

**B.     The Bureau Has Discretion in Deciding Which Parties to Join in its Enforcement Action**

First, the Court is persuaded by the Bureau's argument that it possesses broad discretion in deciding whom to sue in this action, and that Rule 19 is not the appropriate vehicle to force the Bureau to name parties it declined to include in its Complaint. See Opp'n at 4-5.

An agency's decision not to bring an enforcement action against a person or entity is "presumed immune from judicial review." Heckler v. Chaney, 470 U.S. 821, 831 (1985). Accordingly, "courts have generally concluded that defendants cannot employ Rule 19 to force the [agency] to sue other parties or face dismissal in enforcement actions." SEC v. Norstra Energy Inc., 2016 WL 4530893, at *1 (S.D.N.Y. Jan. 19, 2016) (collecting cases). Nesheiwat "may not circumvent the exercise of agency discretion through compulsory joinder rules." SEC v. Princeton Econ. Int'l, 2001 WL 102333, at *1 (S.D.N.Y. Feb. 7, 2001). Nesheiwat does not meaningfully distinguish this cases or even address them. See Reply, Dkt. No. 79.

**C.     Desiree Hoose and Monster Tax Are Not Necessary Parties**

Even if Rule 19 permitted Nesheiwat to seek compulsory joinder or dismissal in this Bureau enforcement action, Hoose and Monster Tax would not be required parties.

Nesheiwat generally argues that Monster Tax and Monster Loans "are one in the same, albeit two separate legal entities, with the same goal in mind." Mot. at 11. Desiree Hoose is Monster Tax's chief executive officer.[2] Id.; see Dkt. No. 56-6, Ex. 5. According to Nesheiwat, "the relief sought by the Bureau cannot be complete in the absence of Desiree Hoose and Monster Tax, as they are integral and necessary

---

[2] Hoose's husband, Robert Hoose, is a defendant in the action, based on his involvement with Docu Prep Center. See Complaint ¶ 43.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-43 JVS (ADSx) | Date | June 3, 2020 |
| Title | Bureau of Consumer Financial Protection v. Chou Team Realty LLC et al | | |

components of the unlawful enterprise the Bureau alleges in the Complaint." Id. at 12; see Fed. R. Civ. P 19(a)(1)(A).

In support of this argument, he suggests that Monster Loans and Monster Tax used the same allegedly unlawfully obtained consumer report information to market their tax debt relief services. Although he admits that services the two entities offered were "different," "the source of consumer information upon which such services were provided was the same." Id. at 13. In particular, Nesheiwat suggests that Hoose and Monster Tax committed some of the same FCRA and TSR violations that the Bureau alleges he committed. Id. at 13-16. Accordingly, Nesheiwat argues that the Bureau cannot obtain complete relief in the absence of these parties. Id.

The Court finds that Nesheiwat has not met his burden of showing that Hoose and Monster Tax are required parties under Rule 19 or that the Court should dismiss him from the action. See, e.g., FTC v. Commerce Planet, Inc., 2010 WL 11673795, at *3 (C.D. Cal. 2010) ("the FTC is not required to bring enforcement actions against all entities involved with an allegedly unfair or deceptive practice," and if the defendant is liable, "the Court can clearly accord complete relief among the existing parties."). The Court may award the Bureau's requested relief against Nesheiwat regardless of Hoose and Monster Tax's presence as defendants; Nesheiwat has not provided evidence to the contrary, and does not seriously contest this issue.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion. The Court finds that oral argument would not be helpful in this matter and **vacates** the June 8, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-43 JVS (ADSx)                                Date  June 3, 2020

Title  **Bureau of Consumer Financial Protection v. Chou Team Realty LLC et al**

                                                                            :     0

                                                    Initials of Preparer    lmb