## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-43 JVS (ADSx) | Date | June 11, 2020 |

| | |
|---|---|
| Title | **Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al** |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Dismiss**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), Relief Defendants XO Media ("XO") and Kenneth Lawson ("Lawson") (together, "the Relief Defendants"), moved to dismiss the Bureau of Consumer Financial Protection's ("the Bureau's") Complaint.  Mot., Dkt. No. 69.  The Bureau opposed.  Opp'n, Dkt. No. 92.  The Relief Defendants replied.  Reply, Dkt. No. 96.

For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

The background is drawn from the allegations in the Bureau's Complaint, which concerns conduct by companies and individuals in connection with providing debt-relief services to consumers with student loans.  Complaint, Dkt. No. 1 ¶ 3.  A mortgage company, Monster Loans[1], and a sham entity, Lend Tech, unlawfully obtained consumer reports from the consumer-reporting agency Experian and then provided the reports to other companies. Id. ¶ 4.

Defendants Docu Prep Center, Certified Doc Prep Services, Assure Direct Services, Direct Document Services, and Secure Preparation Services (collectively, the "Student Loan Debt Relief Companies") marketed and sold debt-relief services to consumers with federal student loans. Id. ¶ 27.

---

[1] Chou Team Realty, LLC and Chou Team Realty, Inc. have held themselves out as doing business as Monster Loans. Id. ¶ 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-43 JVS (ADSx) | Date | June 11, 2020 |
|---|---|---|---|

| Title | **Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al** |
|---|---|

In direct-mailings and in telemarketing-sales calls, the debt-relief companies made false representations to consumers that: (1) the consumers would obtain lower interest rates by consolidating their federal student loans, (2) the consumers would improve their credit scores by consolidating their loans, and (3) the United States Department of Education would become the "new servicer" on their loans.  Id. ¶ 5.  Several of these companies also unlawfully charged and collected advance fees.  Id. ¶ 6.

The Bureau brings eleven counts against the defendants, for violations of the Fair Credit Reporting Act (FCRA), Telemarketing Sales Rule (TSR), and Consumer Financial Protection Act (CFPA).  See generally, Complaint.

Lawson owns limited partnership interests in the Student Loan Debt Relief Companies; he holds those interests though XO.  Id. ¶ 51.  He is the manager and owner of 90 percent of XO.  Id.

The Complaint names XO and Lawson as Relief Defendants, alleging that they "have received, directly or indirectly, distributions of profits from the Student Loan Debt Relief Companies that are traceable to funds obtained from consumers through the violations of the CPFA and TSR described herein."  Id. ¶ 200.  The Bureau claims that "[t]hey have no legitimate claim to such funds and would be unjustly enriched if not required to disgorge the funds or the value of the benefits they received."  Id.

Now, Lawson and XO move to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  See generally, Mot., Dkt. No. 69.

## II. LEGAL STANDARD

### A. 12(b)(1) Motion to Dismiss

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint.  Fed. R. Civ. P. 12(b)(1).  A "jurisdictional attack may be facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true.  Id.; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  If instead the challenge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 20-43 JVS (ADSx)        Date    June 11, 2020

Title      **Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al**

disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations. Safe Air, 373 F.3d at 1039. The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

**B.     12(b)(6) Motion to Dismiss**

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

**A.     12(b)(6) Motion to Dismiss**

The Relief Defendants argue that the Bureau fails to allege adequate facts to support its claim that they had no legitimate claim to the profits they received from the named defendants, the student loan debt relief companies and associated individual defendants. See generally, Mot. Accordingly, resolution of the motion depends on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-43 JVS (ADSx)                    Date   June 11, 2020

Title   **Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al**

nature of a "relief defendant."

"A nominal defendant holds the subject matter of the litigation in a subordinate or possessory capacity *as to which there is no dispute*." S.E.C. v. Cherif, 933 F.2d 403, 414 (2nd Cir. 1991) (internal quotations and citation omitted) (emphasis added). "The paradigmatic nominal defendant is a trustee, agent, or depositary ... [who is] joined purely as a means of facilitating collection." S.E.C. v. Collelo, 139 F.3d 674, 676 (9th Cir. 1998) (internal quotations and citation omitted). "As the nominal defendant has *no legitimate claim* to the disputed property, he is not a real party in interest." Id. (emphasis added). "Accordingly, there is no claim against him and it is unnecessary to obtain subject matter jurisdiction over him once jurisdiction of the defendant is established." Id. (internal quotations and citation omitted).

The Ninth Circuit "emphasize[d] that in the typical case, the creditor plaintiff must show that the nominal defendant has received ill gotten funds *and* that he does not have a legitimate claim to those funds." Id. at 677 (emphasis in original).

The Second Circuit has "recognized that relief defendants who have provided *some form of valuable consideration* in good faith . . .. are beyond the reach of the district court's disgorgement remedy." FTC v. LeadClick Media, LLC et al., 838 F.3d 158, 177 (2d Cir. 2016) (internal quotation and citation omitted) (emphasis added). " A gratuitous transfer, however, without the payment of consideration, does not give rise to a legitimate claim." Id.

The Court finds that the Complaint insufficiently alleges that the Relief Defendants lacked a legitimate claim to the profits they received from the named defendants. The Complaint conclusorily alleges that the Relief Defendants "have received, directly or indirectly, distributions of profits from the Student Loan Debt Relief Companies that are traceable to funds obtained from consumers through the violations of the CFPA and TSR described herein," and that "*[t]hey have no legitimate claim to such funds* and would be unjustly enriched if not required to disgorge the funds or the value of the benefits they received." Complaint ¶ 200 (emphasis added). The allegation that the Relief Defendants "have no legitimate claim to such funds" is a bare assertion that lacks adequate factual enhancement.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-43 JVS (ADSx) | Date | June 11, 2020 |

| | |
|---|---|
| Title | **Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al** |

Further, the Complaint affirmatively alleges facts showing that the Relief Defendants have a legitimate claim to the funds, because Lawson "owned limited-partnership interests in each of the Student Loan Debt Relief Companies." See id. ¶ 51. That Lawson and XO were *investors* in the entities – rather than trustees, agents, or depositories – counsels in favor of granting the motion. See SEC v. Founding Partners Capital Management, 639 F. Supp. 2d 1291, 1294 (M.D. Fla. 2009).

The Bureau argues that the Court must consider the Complaint as a whole, and not focus only on the two paragraphs of allegations specifically mentioning Lawson and XO. Opp'n at 21-22. However, the additional allegations the Bureau cites only support the fact that the Relief Defendant *received* funds from the Student Loan Debt Relief Companies. Id. at 22; see Complaint ¶¶ 17, 20, 22, 24, 26, 51, 106, 200. These allegations do not support the other element required to name Lawson and XO as relief defendants, that they *had no legitimate claim* to these funds.

Because the Bureau's allegations against the Relief Defendants are insufficiently pled, the Court **grants** the motion to dismiss.

## B.    12(b)(1) Motion to Dismiss

Because the Court decides the instant motion on 12(b)(6) grounds, the Court declines to consider the Relief Defendants' factual attack on the Complaint under 12(b)(1).

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.  The Bureau has 30 days to replead against the Relief Defendants.

The Court finds that oral argument would not be helpful in this matter and **vacates** the June 15, 2020 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     SACV 20-43 JVS (ADSx)                     Date     June 11, 2020

Title        **Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al**

:            0

Initials of Preparer          lmb