COLIN REARDON (NY Bar #4945655)
E-mail: colin.reardon@cfpb.gov
Phone: (202) 435-9668
E. VANESSA ASSAE-BILLE (NY Bar #5165501)
E-mail: elisabeth.assae-bille@cfpb.gov
Phone: (202) 435-7688
1700 G Street, NW
Washington, D.C. 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar #264787) – Local Counsel
E-mail: leanne.hartmann@cfpb.gov
Phone: (415) 844-9787
301 Howard St., Suite 1200
San Francisco, CA  94105
Fax: (415) 844-9788

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, <br><br> Plaintiff, <br><br> vs. <br><br> Chou Team Realty, LLC, et al., <br><br> Defendants. | Case No.: 8-20-cv-00043-JVS-ADS <br><br> STIPULATED FINAL JUDGMENT AND ORDER AS TO ROBERT HOOSE |

The Bureau of Consumer Financial Protection (Bureau) commenced this civil action on January 9, 2020, to obtain injunctive relief, redress, civil penalties, and disgorgement. The Complaint alleges that, in connection with providing Debt-Relief Services to consumers with student loans, certain entities and individuals, including Defendant Robert Hoose, violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681; the Telemarketing Sales Rule (TSR), 16 C.F.R. Part 310; and the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a)(1)(A).

The Bureau and Defendant Hoose agree to entry of this Stipulated Final Judgment and Order (Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute between these parties.

**THEREFORE**, it is **ORDERED:**

## FINDINGS

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Venue is proper in this district under 12 U.S.C. § 5564(f).

3. The relief provided in this Order is appropriate and available under sections 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564, 5565.

4. Defendant neither admits nor denies any allegations in the Complaint, except as specified in this Order. For purposes of this Order, Defendant admits the facts necessary to establish the Court's jurisdiction over him and the subject matter of this action.

5. Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

6. Entry of this Order is in the public interest.

## DEFINITIONS

7. The following definitions apply to this Order:

    a. "Affected Consumers" includes all consumers who, since January 1, 2015, were charged fees by Docu Prep Center.

    b. "Assisting Others" includes, but is not limited to:

        i. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing

material, including, but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication;

    ii. providing names of, or contributing to the generation of, potential customers;

    iii. participating in or providing services related to the offering, sale, or servicing of a product, or the collection of payments for a product;

    iv. acting or serving as an owner, officer, director, manager, principal, partner, or limited partner of any entity;

    v. investing or loaning money; and

    vi. renting or otherwise providing office space.

c. "Consumer Report" means a "consumer report," as that term is defined in Section 603(d) of FCRA, 15 U.S.C. § 1681a(d).

d. "Consumer Reporting Agency" means a "consumer reporting agency," as that term is defined in Section 603(f) of FCRA, 15 U.S.C. § 1681a(f).

e. "Debt-Relief Service" means any product, service, plan, or program represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt, including but not limited to a student loan debt, mortgage loan debt, credit card debt, or tax debt or obligation, between a person and one or more creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to a creditor or debt collector.

f. "Defendant" means Robert B. Hoose, formerly known as Robert Brooks Beauchamp, Jr., and any other name by which he might be known.

g. "Docu Prep Center" means Docu Prep Center, Inc., d/b/a DocuPrep Center, d/b/a Certified Document Center; Document Preparation Services, LP, d/b/a DocuPrep Center, d/b/a Certified Document Center; and their successors and assigns, individually, collectively, or in any combination.

h. "Effective Date" means the date on which the Order is issued.

i. "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegate.

j. "Prescreened Consumer Reports" means Consumer Reports relating to consumers furnished by a Consumer Reporting Agency in connection with credit or insurance transactions that are not initiated by the consumers, pursuant to 15 U.S.C. § 1681b(c).

k. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendant based on substantially the same facts as described in the Complaint.

l. "Student Loan Debt Relief Companies" means Docu Prep Center, Inc., d/b/a DocuPrep Center, d/b/a Certified Document Center; Document Preparation Services, LP, d/b/a DocuPrep Center, d/b/a Certified Document Center; Certified Doc Prep, Inc.; Certified Doc Prep Services, LP; Assure Direct Services, Inc.; Assure Direct Services, LP; Direct Document Solutions,

Inc.; Direct Document Solutions, LP; Secure Preparation Services, Inc.; Secure Preparation Services, LP, and their successors and assigns, individually, collectively, or in any combination.

## ORDER

## CONDUCT RELIEF

### I.

### Permanent Ban on Offering or Providing Debt-Relief Services

**IT IS ORDERED that:**

8. Defendant, whether acting directly or indirectly, is permanently restrained from:

   a. participating in, advertising, marketing, promoting, offering for sale, selling, or providing any Debt-Relief Service; or

   b. Assisting Others in, or receiving any remuneration or other consideration from, the provision, advertising, marketing, promoting, offering for sale, sale or production of any Debt-Relief Service.

This Paragraph does not prohibit Defendant from maintaining a passive ownership interest in TaxTime Relief, Inc. or from receiving income from that passive ownership interest, provided that he has no other involvement in TaxTime Relief, Inc. Nothing else in this Order shall be read as an exception to this Paragraph.

### II.

### Permanent Ban on Using or Obtaining Prescreened Consumer Reports

**IT IS ORDERED that:**

9. Defendant, whether acting directly or indirectly, is permanently restrained and enjoined from using, obtaining, offering, providing, selling, or

arranging for others to use or obtain Prescreened Consumer Reports for any purpose. Nothing in this Order shall be read as an exception to this Paragraph.

## III.
## Prohibition on Using or Obtaining Consumer Reports
## for Any Business Purpose

**IT IS ORDERED that:**

10. Defendant, and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from using, obtaining, offering, providing, selling, or arranging for others to use or obtain Consumer Reports for any business purpose other than underwriting or otherwise evaluating mortgage loans. Nothing in this Order shall be read as an exception to this Paragraph.

## IV.
## Consumer Information

**IT IS ORDERED** that:

11. Defendant and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, may not:

   a. disclose, use, or benefit from consumer information, including the name, address, or any information about the consumer's student loans, contained in or derived from Prescreened Consumer Reports obtained for use in marketing Debt-Relief Services; or

  b. disclose, use, or benefit from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), obtained from or through the activities of the Student Loan Debt Relief Companies.

*However*, this Order does not prohibit the disclosure of consumer information if lawfully requested by a government agency or required by law, regulation, or court order.

## MONETARY PROVISIONS

## V.

### Order to Pay Redress

**IT IS FURTHER ORDERED** that:

  12. A judgment for monetary relief is entered in favor of the Bureau and against Defendant, in the amount of $7,000,000 for the purpose of providing redress to Affected Consumers; however, full payment of this judgment will be suspended upon satisfaction of the obligations in Paragraphs [13 through 17] of this Section and Paragraphs [26 through 30 and 32] of Section VIII [Additional Monetary Provisions] and subject to Section VI [Effect of Misrepresentation or Omission of Financial Condition] of this Order.

  13. Within 10 days of the Effective Date, Defendant must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, $25,000, in partial satisfaction of the judgment referenced in Paragraph [12] of this Section.

  14. With regard to any redress that Defendant pays under this Section, if Defendant, directly or indirectly, receives any reimbursement or

indemnification from any source, including but not limited to payment made under any insurance policy, or if Defendant secures a tax deduction or tax credit with regard to any federal, state, or local tax, Defendant must: (a) immediately notify the Enforcement Director in writing, and (b) within 10 days of receiving the funds or monetary benefit, Defendant must transfer to the Bureau the full amount of such funds or monetary benefit (Additional Payment) to the Bureau or to the Bureau's agent according to the Bureau's wiring instructions. After the Bureau receives the Additional Payment, the amount of the suspended judgment referenced in Paragraph [12] will be reduced by the amount of the Additional Payment and the Additional Payment will be applied toward satisfaction of the monetary judgment entered in Paragraph [12].

15. Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for Affected Consumers, including, but not limited to, refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

16. If the Bureau determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or if funds remain after redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Defendant will have no right to challenge any actions that the Bureau or its representatives may take under this Section.

17. Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

# VI.

## Effect of Misrepresentation or Omission Regarding Financial Condition

**IT IS FURTHER ORDERED** that:

18. The suspension of the monetary judgment entered in Section V [Order to Pay Redress] of this Order is expressly premised on the truthfulness, accuracy, and completeness of Defendant's financial statements and supporting documents submitted to the Bureau, which Defendant asserts are truthful, accurate, and complete, and which include the Financial Statement of Defendant, including the attachments, executed on March 9, 2020, and submitted to the Bureau on or about March 10, 2020.

19. If upon motion by the Bureau, the Court determines that Defendant has failed to disclose any material asset, or that his Financial Statement identified in Paragraph [18] contains any material misrepresentations or omissions, including materially misstating the value of any asset, the Court shall terminate the suspension of the monetary judgment entered in Section V [Order to Pay Redress] of this Order and the full judgment of $7,000,000 entered shall be immediately due and payable, less any amounts paid to the Bureau under Section V [Order to Pay Redress] of this Order.

20. If the Court terminates the suspension of the monetary judgment under this Section, the Bureau will be entitled to interest on the Order, computed from the date of entry of this Order, at the rate prescribed by 28 U.S.C. § 1961, as amended, on any outstanding amounts not paid; provided, however, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, provided further, that proceedings instituted under this provision would be in addition to, and not in lieu of any other civil or criminal remedies as may be provided by law, including any other proceedings that the Bureau may initiate to enforce this Order.

# VII.

## Order to Pay Civil Money Penalties

**IT IS FURTHER ORDERED** that:

21. Under section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged against Defendant in the Complaint, and taking into account the factors in 12 U.S.C. § 5565(c)(3), Defendant must pay a civil money penalty of $1.00 to the Bureau. This nominal penalty is based on Defendant's limited ability to pay as attested to in its financial statements identified in Section VI [Effect of Misrepresentation or Omission Regarding Financial Condition] above.

22. Within 10 days of the Effective Date, Defendant must pay the civil money penalties in Paragraph [21] by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

23. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau, as required by section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

24. Defendant must treat the civil money penalties paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendant may not:

    a. claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Consent Order; or

    b. seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

25. Defendant agrees that the civil penalty imposed by the Order represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, thus that it is not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

## VIII.
## Additional Monetary Provisions

26. In the event of any default on Defendant's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

27. Defendant relinquishes all dominion, control, title to the funds paid under this Order to the fullest extent permitted by law. No part of the funds may be returned to Defendant.

28. The facts alleged in the Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by, or on behalf of the Bureau, including in a proceeding to enforce its rights to any payment or monetary judgment under this Order, such as a nondischargeability complaint in any bankruptcy case.

29. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Bureau under to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A). For such purposes, this Order will have collateral estoppel effect against Defendant, even in Defendant's capacity as debtor-in-possession.

30. Under 31 U.S.C. § 7701, Defendant, unless he already has done so, must furnish to the Bureau his taxpayer-identification numbers, which may be

used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

31. Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Defendant must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendant paid or is required to pay to consumers, and it must describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendant may not argue that Defendant is entitled to, nor may Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action, or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Defendant based on the civil money penalty paid in this action, or based on any payment that the Bureau makes from the Civil Penalty Fund, Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

32. Under Section 604(a)(I) of FCRA, 15 U.S.C.§ 168l b(a)(1), any Consumer Reporting Agency may furnish a Consumer Report concerning Defendant to the Bureau, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

# COMPLIANCE PROVISIONS

## IX.

### Reporting Requirements

**IT FURTHER ORDERED** that:

33. Defendant must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendant; or a change in Defendant's name or address. Defendant must provide such notice at least 30 days before the development, or as soon as practicable after learning of the development, whichever is sooner.

34. Within 7 days of the Effective Date, Defendant must:
    a. designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Defendant;
    b. identify all businesses for which Defendant is the majority owner, or that Defendant directly or indirectly controls, by all of their names, telephone numbers, and electronic, physical, and postal addresses;
    c. describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales;
    d. identify Defendant's telephone numbers and all electronic, physical, and postal addresses, including all residences; and

     e. describe in detail Defendant's involvement in any business for which he performs services in any capacity or which he wholly or partially owns, including his title, role, responsibilities, participation, authority, control, and ownership.

35. Defendant must report any change in the information required to be submitted under Paragraph [34] at least 30 days before the change, or as soon as practicable after learning about the change, whichever is sooner.

36. Within 90 days of the Effective Date, and again one year after the Effective Date, Defendant must submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury ("Compliance Report"), which, at a minimum:

     a. lists each applicable paragraph and subparagraph of this Order and describes in detail the manner and form in which such Defendant has complied with each such paragraph and subparagraph of this Order;

     b. describes in detail the manner in which and purposes for which Defendant has used or obtained Consumer Reports; and

     c. attaches a copy of each Order Acknowledgment obtained under Section X [Order Distribution and Acknowledgment], unless previously submitted to the Bureau.

## X.
## Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED** that,

37. Within 7 days of the Effective Date, Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

38. Within 30 days of the Effective Date, Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to each of its owners, board members, officers, LLC members and managers, and general and limited partners, as well as any managers, employees, or other agents and representatives who have responsibilities related to Consumer Reports.

39. Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section IX [Reporting Requirements], any future owners, board members, officers, LLC members and managers, and general and limited partners, as well as any managers, employees, or other agents and representatives who will have responsibilities related to Consumer Reports before they assume their responsibilities.

40. Defendant must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

# XI.
# Recordkeeping

**IT IS FURTHER ORDERED** that,

41. Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must create all documents and business records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau. Defendant must retain these documents for at least 10 years after creation and make them available to the

Bureau upon the Bureau's request.

42. Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must maintain, for 10 years from the Effective Date, or 10 years after creation, whichever is longer:

    a. all records concerning Consumer Reports used or obtained; and

    b. all consumer complaints and refund requests (whether received directly or indirectly, such as through a third party), and any responses to those complaints or requests.

Defendant must make these materials available to the Bureau upon the Bureau's request.

## XII.
## Notices

**IT IS FURTHER ORDERED** that:

43. Unless otherwise directed in writing by the Bureau, Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB v. Chou Team Realty, LLC, et al.*, Case No. 8:20-cv-00043-JVS-ADS," and send them by overnight courier or first-class mail to the below address, and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

    Assistant Director for Enforcement
    Bureau of Consumer Financial Protection
    ATTENTION: Office of Enforcement
    1700 G Street, N.W.
    Washington D.C. 20552

## XIII.

## Cooperation with the Bureau

**IT IS FURTHER ORDERED** that:

44. Defendant must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Defendant must provide such information in his agents' possession or control within 14 days of receiving a written request from the Bureau.

45. Defendant must cooperate fully with the Bureau in this lawsuit, *CFPB v. Chou Team Realty, LLC, et al.*, Case No. 8:20-cv-00043-JVS-ADS (C.D. Cal.), and in any investigation related to or associated with the conduct described in the Complaint. Defendant must provide truthful and complete information, evidence, and testimony. Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as the Bureau may designate, without the service of compulsory process.

## XIV.

## Compliance Monitoring

**IT IS FURTHER ORDERED** that, to monitor Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended:

46. Within 14 days of receipt of a written request from the Bureau, Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; provide testimony; or produce documents.

47. For purposes of this Section, the Bureau may communicate directly with the Defendant, unless the Defendant retains counsel related to these communications.

48. Defendant must permit Bureau representatives to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

49. Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

## XV.
## Retention of Jurisdiction

**IT IS FURTHER ORDERED** that:

50. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

**IT IS SO ORDERED**.

DATED this 7th day of July, 2020.

*/s/ James V. Selna*
Hon. James V. Selna

STIPULATED FINAL JUDGMENT AND ORDER AS TO ROBERT HOOSE
18