**PETER D. LEPISCOPO, ESQ. C.S.B. #139583**
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Telephone: (949) 878-9418
Facsimile: (619) 330-2991

Attorneys for Defendant, **JAWAD NESHEIWAT**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION (SANTA ANA)**

| | | |
|---|---|---|
| **BUREAU OF CONSUMER FINANCIAL PROTECTION,**<br><br>Plaintiff,<br><br>v.<br><br>**CHOU TEAM REALTY LLC, *et al.*,**<br><br>Defendants. | ) | Case No. **8:20-cv-00043-JCS-ADS**<br><br>**DEFENDANT JAWAD NESHEIWAT'S *REPLY* TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS FOR WANT OF JURISDICTION UNDER ARTICLE III**<br><br>DATE: **August 24, 2020**<br>TIME: **1:30 p.m.**<br>COURTROOM: **10-C**<br>JUDGE: **HON. JAMES V. SELNA**<br>TRIAL DATE: **July 13, 2021, 8:30 a.m.** |

## I. THE COURT SHOULD STAY THIS ACTION UNTIL THE NINTH CIRCUIT ISSUES ITS DECISION IN *SEILA LAW*

For the following reasons, defendant Jawad Neshiewat ("Nesheiwat") requests this Court to stay this Action until the Ninth Circuit issues its decision upon remand. Specifically, in its decision issued on June 29, 2020, in *Seila Law LLC v.*



LEPISCOPO & ASSOCIATES LAW FIRM

*Consumer Financial Protection Bureau*, 591 U.S. ___ (June 29, 2020), 2020 U.S. LEXIS 3515 ("*Seila Law*"), the U.S. Supreme Court remanded the case to the Ninth Circuit for further proceedings relating to the issues raised in the instant Motion:

> "[W]e remand for the Court of Appeals to consider whether the civil investigative demand was validly ratified."

*Seila Law*, *supra*, at *59.

It is important to note that *Seila Law* addressed the structural nature of our three branches of government relative to the Bureau's unconstitutionally structured office of the director. Contrariwise, in its opposition, the Bureau attempts to cure this constitutional defect through submission of a declaration signed by Kathleen Kraninger[1] purporting to "ratify" the filing of this Action (*see* Decl. of Kraninger ¶ 4-5). However, the Bureau's approach serves to trivialize the constitutional principle articulated by the Supreme Court in the conclusion of its opinion, in *Seila Law*, which, as it relates to this Acton, is of great constitutional import:

> "A decade ago, we declined to extend Congress's authority to limit the President's removal power to a new situation, never before confronted by the Court. We do the same today. **In our constitutional system, the executive power belongs to the President**, and that power generally includes the ability to supervise and remove the agents who wield executive power in his stead. While we have previously upheld limits

[1] Mr. Nesheiwat means no disrespect to Kathleen L. Kraninger by not referring to her as "Director" Kraninger but it is his position that the office of director has not been constitutionally constituted—as held in *Seila Law*—and, therefore, there is no constitutionally constituted office for her to occupy. Accordingly, Ms. Kraninger has no constitutional authority to act under Article II.



LEPISCOPO & ASSOCIATES LAW FIRM

> on the President's removal authority in certain contexts, we decline to do so when it comes to **principal officers who, acting alone, wield significant executive power. The Constitution requires that such officials remain dependent on the President, who in turn is accountable to the people**."

*Id*. (emphasis added). Whether or not Ms. Kraninger is vested with authority under Article II to act in this matter is not something that can be cured by a simple act of will exercised through a declaration but rather, and as will be explained in Section III, *infra*, an Act of Congress **amending** the Removal provision of the Act, 12 U.S.C. § 5491(c) (3), to bring it into alignment with Article II. *See Seila Law*, *supra*, at *25.

As mentioned above, upon remand the Supreme Court instructed the Ninth Circuit to address the issue relating to the civil investigative demand ("CID") issued in *Seila Law* and whether it is enforceable. On July 31, 2020 the Ninth Circuit issued an order ("Order") setting a briefing schedule upon remand from *Seila Law* and identifying the following issue for the parties to address:

> "In light of the United States Supreme Court's decision in *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020), the parties are directed to file supplemental briefs addressing **whether the civil investigative demand was validly ratified**."

*Consumer Financial Protection Bureau v. Seila Law LLC*, Ninth Circuit Case No. 17-56324, Docket No. 59 ("*Seila 9th Circuit*"). In addition, the Order sets a briefing schedule requiring all parties' briefs to be filed by September 30, 2020. If desired,

oral argument will be set by the Ninth Circuit. (*See* Supp. Decl. of Lepiscopo ¶ 2; Exh. 4.)

A stay of this Action pending the Ninth Circuit's decision in *Seila 9th Circuit* in order to facilitate a proper determination of the instant Motion on Article III jurisdictional grounds is also appropriate because jurisdiction is a "threshold matter" that courts must resolve before proceeding to the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Moreover, "The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Ruhrgas Ag. v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (quoting *Steel Co.*, 523 U.S. at 94-95); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("We have . . . urged counsel and district courts to treat subject matter jurisdiction as a threshold issue for resolution . . .").

If the Ninth Circuit were to find that the CID cannot be ratified, then it cannot be enforced. Accordingly, it follows that this Action may not be maintained because the purported ratification by Ms. Kraninger would have no legal effect and there would be no "Case or Controversy" under Article III. On the other hand, if the Ninth Circuit fashions a saving remedy to be applied on a case-by-case basis then this Court would be duty bound to apply such a remedy. Either way, this Court should stay this Action until the Ninth Circuit issues its decision in the *Seila 9th Circuit* case.

Only after the Ninth Circuit issues its decision will the Bureau, Mr. Nesheiwat, and this Court be in the position to further brief and decide the instant Motion. A stay is warranted for reasons of judicial economy and conservation of the parties' resources, as well as placing this Court and the parties in the best position to address the legal issues raised in *Seila Law*, the decision to be issued in *Seila 9th Circuit*, and the instant Motion:

> "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Stone v. Immigration and Naturalization Serv*., 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings.").

## II. THE DECLARATION OF KATHLEEN L. KRANINGER MUST BE STRICKEN BECAUSE THE INFORMATION CONTAINED THEREIN IS IMPROPER, AND, THEREFORE, IRRELEVANT

In paragraph 5 of her declaration, Ms. Kraninger issues an order purporting to ratify the filing of the instant Action:

> "5. On behalf of the Bureau, **I hereby ratify** the decision to file the above-captioned lawsuit against Defendants and Relief Defendants."

Unfortunately, the Court is constrained to striking paragraph 5, and, in turn, the entire declaration as irrelevant (F.R.E. 401 and 402) because the purported ratification is improper. Specifically, the purported ratification issued by Ms.



LEPISCOPO & ASSOCIATES LAW FIRM

Kraninger constitutes an order by a Federal Agency under 44 U.S.C. § 1501 (emphasis added):

> "'[D]ocument' means a Presidential proclamation or Executive order and **an order**, regulation, rule, certificate, code of fair competition, license, notice, **or similar instrument**, issued, prescribed, or **promulgated by a Federal agency**."

As such, the purported ratification must first be published in the Federal Register. 44 U.S.C. § 1505(a) and 1507. Interestingly, the previous ratification issued by Ms. Kraninger regarding ratification of non-litigation actions was issued on July 7, 2020 and published in the Federal Register on July 10, 2020—see Exhibit 3 to the instant Motion. Another interesting point is that Ms. Kraninger signed her declaration on July 9, 2020, two days after the July 7th ratification and one day before the July 7th ratification was published in the Federal Register. *See* Decl. of Kraninger p. 2, ll. 11-12; Exh. 3 (ECF No. 118-4 pp. 2-4).

Unless Ms. Kraninger wanted to conceal the purported ratification in this Action from the public, there really is no explanation as to why it was not properly promulgated in the Federal Register in early July before being proffered in this Action as a legal basis to establish Article III jurisdiction. *See* 44 U.S.C. § 1505(a) and 1507.

Based on the foregoing, Mr. Nesheiwat hereby requests the Court to strike the entire declaration of Kraninger. Furthermore, even if the Ninth Circuit were to hold

that a ratification might serve to cure an agency action, the purported ratification in this Action would be ineffective thereby constraining the Court to grant the instant Motion.

## III. <u>THE CONSTITUTIONAL DEFECT IN THE OFFICE OF THE DIRECTOR CAN ONLY BE CURED BY AN ACT OF CONGRESS NOT A CONSTITUTIONALLY IMPROPER RATIFICATION BY KATHLEEN L. KRANINGER</u>

The constitutional corrections required under *Seila Law* must be made by an Act of Congress not through a person purporting to occupy an office that does not exist. In *Seila Law* the Supreme Court declared 12 U.S.C. § 5491(c)(3), the **office** of Director and the **officer** (*i.e.*, the Director) appointed thereby, unconstitutional under the Doctrine of Separation of Powers:

> "We hold that the CFPB's leadership by a single individual removable only for inefficiency, neglect, or malfeasance violates the separation of powers."

*Seila Law*, *supra*, at *25.

Clearly, Congress must amend 12 U.S.C. § 5491(c)(3) to comply with *Seila Law* by creating an office over which the President has the power to terminate any director for any reason or no reason. Currently there is no office of the director constitutionally constituted, and, therefore, Ms. Kraninger does not occupy a constitutionally created office under Article I and she is not constitutionally authorized to act under Article II. Accordingly, the purported ratification in



LEPISCOPO & ASSOCIATES LAW FIRM

paragraph 5 of Ms. Kraninger's declaration does not serve to authorize the instant Action or create Article III jurisdiction.

## IV. CONCLUSION

Mr. Nesheiwat requests the Court to stay the instant Action until after the Ninth Circuit issues its decision in *Seila 9th Circuit* case. Alternatively, Mr. Nesheiwat respectfully requests this Court to grant the instant Motion and dismiss this Action or enter judgment in favor of defendants on the First Amended Complaint for want of Article III jurisdiction. U.S. CONST. ART. III; *Seila Law*, *supra*; FRCP § 12(b)(1) & (c).

Dated: August 10, 2020.

**LEPISCOPO & ASSOCIATES LAW FIRM**

By: /s/ Peter D. Lepiscopo________
**PETER D. LEPISCOPO**
***Counsel of Record***
Attorneys for Defendant, **JAWAD NESHEIWAT**