DAVID C. HOLT, ESQ. (SBN 137951)
THE HOLT LAW FIRM
1432 Edinger Ave., Suite 130
Tustin, CA  92780
Telephone No. (714) 730-3999
Facsimile No. (714) 665-3991

Attorney for Defendants,
DOCS DONE RIGHT, INC., DOCS
DONE RIGHT, LP, EDUARDO
"ED" MARTINEZ, DAVID SKLAR
AND LEND TECH LOANS, INC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Chou Team Realty, LLC, et. al )<br><br>Defendants. ) | Case No.: 8-20-CV-00043-JVS-ADS<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER GRANTING LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT**<br><br>[Declaration of David C. Holt filed concurrently]<br><br>Date:  August 31, 2020<br>Time 1:30 P.M.<br>Court: Hon. James V. Selna<br>          Courtroom 10-C |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## <u>INTRODUCTION</u>

The plaintiff, the Bureau of Consumer Financial Protection ("Bureau") seeks to file a Second Amended Complaint to add additional claims against defendants, Docs Done Right, Inc. and Docs Done Right, LP (together as "Docs Done Right"), and defendant Ed Martinez ("Martinez") that the Bureau knew or should have known about at the outset of the litigation given the Bureau's extensive investigation before the filing of this action.  This is no ordinary request for leave to make

-1-

ministerial amendments to its operative complaint.  The Bureau seeks to add entirely new claims now which are untimely and prejudicial to defendants.  The motion should be denied.

## PROCEDURAL BACKGROUND

Following an extensive investigation conducted over a two year period of time through issuance of civil investigative demands to most of the defendants in this matter, the Bureau filed a comprehensive (200 paragraphs) initial Complaint on January 9, 2020.  *See* ECF No. 1 and Holt Decl. ¶ 3.

Docs Done Right and Martinez each executed a Waiver of Service of the Summons.  *See* ECF Nos. 30-32.   A response to the Complaint was then due on or before March 10, 2020.  *See* ECF No. 52 at 2.  However, the parties subsequently agreed twice to extend the time to respond.  *See* ECF Nos. 54 and 65.  These extensions were based on the COVID-19 pandemic, personal family circumstances involving defense counsel's elderly mother and parties' ongoing settlement discussions.  The second stipulation extended the response by Docs Done Right and Martinez to the Complaint until May 8, 2020.  *See* ECF Nos. 52 and 62.

However, despite ongoing settlement discussions and even though the Bureau was agreeing to extend time for other defendants in the action to respond to the Complaint beyond May 8, 2020 (*see e.g.* ECF Nos. 109 and 123), the Bureau refused a grant a similar request made by Docs Done Right and Martinez.  The Bureau's rationale for the denial was that the Bureau was dissatisfied with the settlement progress between the parties and needed to get the case moving.  *See* Holt Decl. ¶ 4.

This denial forced Docs Done Right and Martinez to file a motion to extend time to respond to the Complaint which was granted by the Court.  *See* ECF Nos. 87 and 88.  Pursuant to the Court's Order, Docs Done Right and Martinez filed an answer to the Complaint on June 8, 2020.  See ECF No. 104.

On June 11, 2020, the Court granted the motion to dismiss filed by Relief Defendants Kenneth Lawson and XO Media, LLC but provided the Bureau leave to amend the Complaint.  *See* ECF No. 108.  On July 10, 2020, the Bureau filed its First Amended Complaint ("FAC").  *See* ECF No. 117.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER GRANTING LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT**

At noted in the Joint Report, the Bureau had served document requests on Docs Done Right and Martinez on March 13, 2020 and served interrogatories on Relief Defendants Lawson and XO Media on April 10, 2020.  *See* ECF No. 78 at 12.

Docs Done Right and Martinez have propounded written discovery (document requests and interrogatories) based on the allegations in the FAC.  *See* ECF No. 126 at 3.  Due to the Bureau's representation that the documents are voluminous (tens of thousands of documents), the Bureau was granted an extension to respond until September 16, 2020.  *See* Holt Decl. ¶ 5.

Without providing any new or recently obtained evidence, the Bureau now seeks leave to file a Second Amended Complaint ("SAC") in order to name Done Right and Martinez in two additional counts.  *See* Holt Decl. ¶ 6.

## **LEGAL STANDARD**

While Rule15 provides that "[t]he court should freely give leave when justice so requires," leave to amend is not to be granted automatically.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  Courts consider a number of factors in determining whether to grant leave to amend, including undue delay, prejudice to the opposing party, bad faith and futility of the amendment, and have adopted a flexible balancing test to evaluate motions for leave to amend.  Courts often deny leave to amend when the desired amendment is both untimely and prejudicial.  *See, e.g., Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Jackson*, 902 F.2d at 1387-88; *Janicki Logging Co. v. Mateer,* 42 F.3d 561, 566-67 (9th Cir. 1994).

**Untimeliness**.  A party who delays in alleging facts or claims it knew or should have known at the outset of the litigation is not entitled to the benefits of Rule 15(a)'s liberal amendment policy. *Jordan v. Los Angeles Cty*., 669F.2d1311, 1324 (9th Cir.), vacated on other grounds, 459 U.S. 810 (1982) (motion to amend may be denied for lack of diligence); *Kaplan v. Rose,* 49 F.3d 1363, 1370 (9th Cir. 1994). While there is no hard-and-fast rule regarding delay, the Ninth Circuit has found that delays as short as six months warrant denying leave to amend. *McGlinchyv. Shell Chem. Co*., 845 F.2d 802, 809 (9th Cir. 1988); *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (15 month delay); *Jackson*, 902 F.2d at1388 (seven-month delay).

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER GRANTING LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT**

**Bad Faith.**  Courts will not permit amendment if made in bad faith, including where plaintiffs were attempting to have the court "entertain 'theories seriatim' which would permit them to fulfill their apparent wish of conducting open-ended discovery." *Koch v. Koch Industries*, 127 F.R.D. 206, 211 (D. Kan. 1989). Similarly, courts reject proposed amendments where the real (but unstated) purpose behind the amendment is to avoid a dispositive ruling. *See Wimm v. Jack Eckerd Corp*., 3 F.3d 137, 139-40(5th Cir. 1993) (finding bad faith and denying leave where plaintiffs sought to amend to avoid summary judgment).

**Prejudice.**  Courts have recognized that allowing a plaintiff to amend to alter the theory of or acts underlying its case at a late stage of the litigation is impermissible because the potential of continued litigation and additional discovery would cause undue prejudice. *Ascon Properties, Inc. v. Mobil Oil Co*., 866 F.2d1149, 1161 (9th Cir. 1989). The cost, expense, delay, and "wear and tear" that further discovery requires are elements of prejudice justifying denial of leave to amend. *Kaplan*, 49 F.3d at 1370.  Where amendment will require additional discovery on new issues of which the plaintiff was aware at the outset of the litigation, it should be rejected. *See EEOC v. Boeing Co*., 843 F.2d 1213, 1222 (9th Cir. 1988).

## ARGUMENT

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SAC SHOULD BE DENIED.

**A.  The Bureau's Motion to Add Claims is Untimely.**

The Bureau's delay in bringing these new claims is inexcusable.  On the eve of the deadline and even excluding the seven (7) months of current litigation and discovery, the Bureau had more than two years of extensive investigation, which included the gathering of tens of thousands of documents and conducting eight (8) investigational hearings, which included testimony from Martinez.  *See* Holt Decl. ¶ 3.

The Bureau is not claiming that it just discovered new facts and evidence; thus clearly, the Bureau knew or should have known at the outset of the litigation of the new claims in the proposed SAC against Docs Done Right and Martinez and has delayed in bringing these facts and claims and is therefore not entitled to the benefits of Rule 15(a)'s liberal amendment policy.  *See* Holt Decl. ¶ 3.

///

-4-

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER GRANTING LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT**

**B.  The Bureau's Motion for Leave to Amend is in Bad Faith.**

The Bureau denied a simple and short extension for Docs Done Right and Martinez to respond to the Complaint because time was of the essence, and the Bureau needed to get the case moving against Docs Done Right and Martinez.  *See* Holt Decl. ¶ 4.  Yet, now the Bureau contends there is plenty of time for Docs Done Right and Martinez to respond to the SAC and propound and complete additional discovery on the new claims in the proposed SAC.  This is bad faith by the Bureau.

**C.  Granting Leave to File SAC Will Prejudice Docs Done Right and Martinez.**

The motion should be denied because of prejudice to Docs Done Right and Martinez.  Docs Done Right and Martinez have expended great deal of resources in defending this action and have used their limited resources to propound discovery, which according to the Bureau includes tens of thousands of documents.  Adding additional claims against Docs Done Right and Martinez now, when the claims could have been easily brought in the initial Complaint, will require further discovery at additional cost, expense, delay, and "wear and tear," which justifies denial of leave to amend.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court deny this Motion for Leave to File a Second Amended Complaint

Dated: August 10, 2020                              THE HOLT LAW FIRM


By:  */s/ David C. Holt*_____
        DAVID C. HOLT, Attorney for Defendants
        DOCS DONE RIGHT, INC., DOCS
        DONE RIGHT, LP, EDUARDO
        "ED" MARTINEZ, DAVID SKLAR
        AND LEND TECH LOANS, INC

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER GRANTING
LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August 2020, I caused a copy of the foregoing to be e-filed and served via the Court's electronic filing system to all parties and counsel receiving the ECF service.

*/s/ David C. Holt*_____
David C. Holt

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER GRANTING
LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT**