# Exhibit 1

COLIN REARDON (NY Bar #4945655)
E-mail: colin.reardon@cfpb.gov
Phone: (202) 435-9668
E. VANESSA ASSAE-BILLE (NY Bar #5165501)
E-mail: elisabeth.assae-bille@cfpb.gov
Phone: (202) 435-7688
1700 G Street, NW
Washington, D.C. 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar #264787) – Local Counsel
E-mail: leanne.hartmann@cfpb.gov
Phone: (415) 844-9787
301 Howard St., Suite 1200
San Francisco, CA 94105
Fax: (415) 844-9788

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Bureau of Consumer Financial Protection, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Chou Team Realty, LLC et al., )<br><br>Defendants. )<br>_____ ) | Case No.: 8-20-cv-00043-JVS-ADS |

### PLAINTIFF'S SECOND REQUEST FOR PRODUCTION
### OF DOCUMENTS TO DOCS DONE RIGHT, INC.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, the Bureau of Consumer Financial Protection ("Bureau"), hereby requests that Defendant Docs Done Right, Inc. ("Defendant" or "you") respond to the Bureau's Second Request for Production of Documents ("Request") within the time period prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection within thirty (30) days of service by uploading it to

the Bureau's Extranet or through another means agreed upon with counsel for the Bureau.

## **INSTRUCTIONS**

1.      If in responding to this Request, Defendant encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.      If you withhold a document under a claim of privilege (including, but not limited to, the work-product doctrine), you shall provide the information set forth in Fed. R. Civ. P. 26(b)(5).

3.      When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without disclosing the privileged material.  If a privilege (or other basis for withholding the information) is asserted with regard to part of the material contained in a document, Defendant must clearly identify the portions as to which the privilege or other basis is claimed.  When a document has been redacted or altered in any fashion, provide as to each document the information set forth in Fed. R. Civ. P. 26(b)(5) with respect to the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4.      If Defendant objects to the production of any requested document(s) on grounds other than privilege, state with specificity the grounds for objecting to the requested document(s), including the reasons.  If responsive materials are being withheld on the basis of any objection, include that information in your response.  If, with respect to any document request, there are no responsive documents, state so in writing.

5.      Responsive documents shall be produced in the form required in Section B of the attached "Document Submission Standards."

6.      Responsive documents shall be uploaded to the Bureau's Extranet consistent with the instructions in the attached guide "What is the CFPB Extranet?"

7.      Unless otherwise specified, the documents called for by this Request are documents in Defendant's possession, custody, or control that were applicable, effective, prepared, written, generated or sent, dated or received at any time since January 1, 2015.

8.      If any material called for by this Request contains sensitive personally identifiable information or sensitive health information of any individual, please contact Bureau counsel before sending this material to discuss ways to protect such information during productions.

9.      Pursuant to Fed. R. Civ. P. 26(e), Defendant is under a duty to supplement any response to this Request for which Defendant learns that the response is in some material respect incomplete or incorrect.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in this Request, the following terms shall be interpreted in accordance with these definitions.

1.      "Any" includes the word "all," and "all" includes the word "any."

2.      "Communication" means any written or electronic transmission, regardless of form, from one Person to another Person, including any attachments thereto.

3.      "Concerning" means relating to, referring to, discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, comprising, showing, setting forth, considering, recommending, or pertaining to, in whole or in part.

4.     "Debt Relief Service" means any product, service, plan, or program represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt, including a student loan debt, mortgage loan debt, or credit card debt, between a person and one or more creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to a creditor or debt collector.

5.     "Docs Done Right" means Docs Done Right, Inc. and Docs Done Right, LP, and their owners, limited partners, officers, employees, agents, and independent contractors.

6.     "Document" means the original and any non-identical copy (such as a draft or annotated copy) of any document or electronically stored information to the fullest extent and with the broadest interpretation of those terms under Fed. R. Civ. P. 34(a)(1)(A) and the Local Civil Rules for the Central District of California.

7.     "Monster Loans" means Chou Team Realty, LLC f/k/a Chou Team Realty, Inc., d/b/a Monster Loans, d/b/a MonsterLoans, and its owners, officers, directors, members, employees, agents, and independent contractors.

8.     "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, governmental or regulatory body, or other entity.

9.     "Student Loan Debt Relief Defendants" means the following Persons, and their owners, limited partners, officers, employees, agents, and independent contractors:

    a.  Assure Direct Services, Inc.;

    b.  Assure Direct Services, LP;

    c.  Certified Doc Prep, Inc.;

1       d.  Certified Doc Prep Services, LP;

2       e.  Docu Prep Center, Inc.;

3       f.  Document Preparation Services, LP;

4       g.  Direct Document Solutions, Inc.;

5       h.  Direct Document Solutions, LP;

6       i.  Secure Preparation Services, Inc.; and

7       j.  Secure Preparation Services, LP.

8   ## DOCUMENT REQUESTS

9   3.    All contracts or agreements between Docs Done Right and any of

10   the Student Loan Debt Relief Defendants.

11   4.    A copy of each unique version of talking points, telemarketing or

12   other scripts, FAQs, or other materials used by the Student Loan Debt Relief

13   Defendants or Docs Done Right to communicate with consumers.

14   5.    All communications concerning talking points, telemarketing or

15   other scripts, FAQs, or other materials used by the Student Loan Debt Relief

16   Defendants or Docs Done Right to communicate with consumers.

17   6.    All training materials provided or made available to any employees

18   or agents of the Student Loan Debt Relief Defendants or Docs Done Right.

19   7.    To the extent not already provided, all documents concerning the

20   Student Loan Debt Relief Defendants' representations to consumers

21   concerning:

22       a.    Obtaining lower interest rates on federal student loans;

23       b.    Obtaining a higher credit score by consolidating federal

24       student loans;

25       c.    The effect of consolidating federal student loans on the

26       identity of the consumer's servicer; and

27

28

---

d.    The U.S. Department of Education acting as the servicer of federal student loans that have been consolidated.

8.    A copy of each unique version of contracts or agreements between consumers and any of the Student Loan Debt Relief Defendants.

9.    A copy of each unique version of custodial account agreements between consumers and Debt Pay Gateway, Inc. used in connection with the Student Loan Debt Relief Defendants' offering or provision of services.

10.    A copy of each unique version of all templates used for communications with consumers in connection with the Student Loan Debt Relief Defendants' offering or provision of services.

11.    A copy of each unique version of all other forms or standardized documents used in connection with the Student Loan Debt Relief Defendants' offering or provision of services (e.g., welcome letters, payment schedules).

12.    All documents concerning the amount, timing, collection, and disbursement of fees charged by the Student Loan Debt Relief Defendants.

13.    All documents concerning Docs Done Right charging or collecting fees on behalf of the Student Loan Debt Relief Defendants or disbursing fees to the Student Loan Debt Relief Defendants.

14.    All documents concerning Docs Done Right's entitlement to and receipt of a portion of the fees charged by the Student Loan Debt Relief Defendants.

15.    All documents concerning Debt Pay Gateway charging or collecting fees on behalf of the Student Loan Debt Relief Defendants or disbursing fees to the Student Loan Debt Relief Defendants.

16.    All documents concerning the process and procedures used by the Student Loan Debt Relief Defendants for consumers who paid fees by credit card.

17.    All documents concerning any complaints from consumers, from state or federal regulators or state attorneys general, or from third parties on behalf of consumers (such as private attorneys, the Better Business Bureau, etc.) concerning the Student Loan Debt Relief Defendants' services, including any responses and any internal communications or summaries.

18.    To the extent not already provided, all documents concerning any requests for refunds from consumers, from state or federal regulators or state attorneys general, or from third parties on behalf of consumers (such as private attorneys, the Better Business Bureau, etc.) concerning the Student Loan Debt Relief Defendants' services, including any responses and any internal communications or summaries.

19.    All non-privileged documents concerning compliance by the Student Loan Debt Relief Defendants and Docs Done Right with the Telemarketing Sales Rule, 16 C.F.R. Part 310, including as it applies to the timing of charging fees by companies engaged in offering or providing Debt Relief Services.

20.    All non-privileged documents concerning the making of false or potentially false representations by the Student Loan Debt Relief Defendants in marketing, offering, or providing their services.

21.    To the extent not already provided, all communications with the following individuals concerning the Student Loan Debt Relief Defendants:

      a.  Thomas Chou;

      b.  Sean Cowell;

      c.  Kenneth Lawson;

      d.  Jawad Nesheiwat;

      e.  Robert Hoose;

      f.  Frank Anthony Sebreros;

1        g.  Bilal Abdelfattah a/k/a Belal Abdelfattah a/k/a Bill Abdel;

2        h.  Haithum Abdelfattah;

3        i.  Erin Mason;

4        j.  Aaron Sebreros;

5        k.  Mark Nevarez;

6        l.  Theresa Wray;

7        m. Max Chou;

8        n.  Peter Dao;

9        o.  Mohamed Hegazi;

10       p.  David Sklar; and

11       q.  Mikael Van Loon.

Dated: June 3, 2020         Respectfully Submitted,

/s/ Colin Reardon
Colin Reardon (*pro hac vice*)
E. Vanessa Assae-Bille (*pro hac vice*)
Leanne E. Hartmann
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, D.C. 20552

*Attorneys for Plaintiff Bureau of*
*Consumer Financial Protection*

## CERTIFICATE OF SERVICE

I, Colin Reardon, certify pursuant to Local Rule 5-3.2.1 that on this day, June 3, 2020, I caused to be served by e-mail[1] this document request on each of the following parties:

1. **Jawad Nesheiwat**
   c/o Pete Lepiscopo, counsel for Jawad Nesheiwat
   Lepiscopo & Associates
   695 Town Center Drive, 7th Floor
   Costa Mesa, CA 92626
   E-mail address: plepiscopo@att.net and pete@familyofficelaw.com

2. **Robert Hoose**
   c/o Joshua M. Robbins, counsel for Robert Hoose
   Greenberg Gross LLP
   650 Town Center Drive, Suite 1700
   Costa Mesa, CA 92626
   E-mail address: JRobbins@GGTrialLaw.com

3. **Kenneth Lawson**
   c/o William Rothbard, counsel for Kenneth Lawson
   Law Offices of William I. Rothbard
   2333 Canyonback Road
   Los Angeles, California 90049
   E-mail address: bill@rothbardlaw.com

4. **XO Media, LLC**
   c/o William Rothbard, counsel for XO Media, LLC
   Law Offices of William I. Rothbard
   2333 Canyonback Road
   Los Angeles, California 90049
   E-mail address: bill@rothbardlaw.com

I further certify, pursuant to Local Rule 5-3.2.1, that on this day, June 3, 2020, I caused to be served by Certified Mail, Return Receipt, this document request on each of the following parties:

5. **Assure Direct Services, LP**
   c/o David Holt, counsel for David Sklar,
   Assure Direct Services, LP's registered
   agent of service of process
   The Holt Law Firm

---

[1] Each of the listed parties have consented in writing to accept service of discovery requests and responses by email.  *See* Fed. R. Civ. P. 5(b)

1432 Edinger Avenue, Ste. 130
Tustin, CA 92780

**6.**     **David Sklar**
           c/o David Holt, counsel for David Sklar
           The Holt Law Firm
           1432 Edinger Avenue, Ste. 130
           Tustin, CA 92780

**7.**     **Docs Done Right, Inc.**
           c/o David Holt, counsel for Docs Done Right, Inc.
           The Holt Law Firm
           1432 Edinger Avenue, Ste. 130
           Tustin, CA 92780

**8.**     **Docs Done Right, LP**
           c/o David Holt, counsel for Docs Done Right, LP
           The Holt Law Firm
           1432 Edinger Avenue, Ste. 130
           Tustin, CA 92780

**9.**     **Lend Tech Loans, Inc.**
           c/o David Holt, counsel for Lend Tech Loans, Inc.
           The Holt Law Firm
           1432 Edinger Avenue, Ste. 130
           Tustin, CA 92780

**10.**    **Eduardo Martinez**
           c/o David Holt, counsel for Eduardo Martinez
           The Holt Law Firm
           1432 Edinger Avenue, Ste. 130
           Tustin, CA 92780

# Discovery Requests Document Submission Standards

## BCFP Office of Enforcement



# Discovery Document Submission Standards

This describes the technical requirements for producing electronic document collections to the Bureau of Consumer Financial Protection ("the Bureau")'s Office of Enforcement. All documents shall be produced in complete form, in color when necessary to interpret the document, unredacted unless privileged, and shall not be edited, cut, or expunged. These standards must be followed for all documents you submit in response to all discovery requests. Any proposed file formats other than those described below must be discussed with the legal and technical staff of the Bureau's Office of Enforcement prior to submission.

# Table of Contents

*Discovery Document Submission Standards* ............................................................................ 2

*Table of Contents* ................................................................................................................ 3

**A.   Transmittal Instructions** ....................................................................................... 4

**B.   Delivery Formats** ................................................................................................. 6

    **1)   General ESI Standards** ....................................................................................... 6

    **2)   Native and Image Production** ............................................................................. 6

        a)   Metadata File ............................................................................................. 6

        b)   Document Text ........................................................................................... 9

        c)   Linked Native Files ..................................................................................... 9

        d)   Images ..................................................................................................... 10

        e)   Image Cross Reference File ......................................................................... 10

    **3)   PDF File Production** .......................................................................................... 11

    **4)   Transactional Data** ........................................................................................... 11

    **5)   Audio/Video/Electronic Phone Records** .............................................................. 11

**C.   Production of Partially Privileged Documents** ....................................................... 13

# A. Transmittal Instructions

1) The written response to a request for production should include the following:
   a) Name of the party making the production and the date of the discovery request to which the submission is responsive.
   b) List of each piece of media (hard drive, thumb drive, DVD or CD) included in the production (refer to the media by the unique number assigned to it, see ¶ 4)
   c) List of custodians, identifying:
      i) The Bates Range (and any gaps therein) for each custodian,
      ii) Total number of images for each custodian, and
      iii) Total number of native files for each custodian
   d) List of fields in the order in which they are listed in the metadata load file.
   e) The specification(s) or portions thereof of the discovery request to which the submission is responsive.
2) Documents created or stored electronically MUST be produced in their original electronic format, not converted to another format such as PDF.
3) Data may be produced on CD, DVD, USB thumb drive, or hard drive; use the media requiring the least number of deliverables.
   a) Magnetic media shall be carefully packed to avoid damage and must be clearly marked on the outside of the shipping container:
      i) "MAGNETIC MEDIA – DO NOT USE METAL DETECTOR"
      ii) "MAY BE OPENED FOR POSTAL INSPECTION"
   b) CD-R CD-ROMs should be formatted to ISO 9660 specifications;
   c) DVD-ROMs for Windows-compatible personal computers are acceptable;
   d) USB 2.0 thumb drives for Windows-compatible personal computers are acceptable;
   e) USB 3.0 or USB 3.0/eSATA external hard disk drives, formatted in a Microsoft Windows-compatible file system (FAT32 or NTFS), uncompressed data are acceptable.
4) Label all media with the following:
   a) Case number
   b) Production date
   c) Bates range
   d) Disk number (1 of X), if applicable
   e) Name of producing party
   f) A unique production number identifying each production
5) All productions must be produced free of computer viruses.

6) All produced media must be encrypted. Encryption format must be agreed upon prior to production.
   a) Data deliveries should be encrypted at the disc level.
   b) Decryption keys should be provided separately from the data delivery via email or phone.
7) Passwords for documents, files, and compressed archives should be provided separately either via email or in a separate cover letter from the data.

# B.  Delivery Formats

**1)  General ESI Standards**

All productions must follow the specifications outlined below:

De-duplication

De-duplication of documents should be applied across custodians (global); each custodian should be identified in the Custodian field in the metadata load file separated by semi-colon. The first name in the Custodian list should represent the original holder of the document.

Bates Numbering Documents

The Bates number must be a unique, sequential, consistently formatted identifier, i.e., an alpha prefix unique to each producing party along with a fixed length number, i.e., ABC0000001. This format must remain consistent across all productions. There should be no space in between the prefix and the number. The number of digits in the numeric portion of the format should not change in subsequent productions, nor should hyphens or other separators be added or deleted.

Document Retention / Preservation of Metadata

The recipient of a discovery request should use reasonable measures to maintain the original native source documents in a manner so as to preserve the metadata associated with these electronic materials as it existed at the time of the original creation.

**2)  Native and Image Production**

In general, and subject to the specific instructions below: (1) produce electronic documents in their complete native/original format along with corresponding bates-labeled single page TIFF images (with the exception of large spreadsheets and/or text files, those files should be processed and a placeholder TIFF image indicating that they were produced natively provided); (2) scan and process all paper documents into single page TIFF images, OCR the images, and apply bates numbers to each page of the image; (3) produce fully searchable document level text for every produced document; and (4) produce metadata for every produced document in a data file that conforms to the specific instructions below.

a)  Metadata File

All produced documents, regardless of their original file format, must be produced with the below-described metadata fields in a data file (.DAT).

i)   The first line of the .DAT file must be a header row identifying the field names.

ii)  The .DAT file must use the following default delimiters:

**TABLE 1:**  DAT FILE DELIMITERS

| Comma | ¶ | ASCII character (020) |
|---|---|---|
| Quote | þ | ASCII character (254) |
| Newline | ® | ASCII character (174) |

iii) Date fields should be provided in the format: mm/dd/yyyy

iv)  All attachments should sequentially follow the parent document/email.

v)   All documents shall be produced in both their native/original form and as a corresponding bates-labeled single page TIFF image; provide the link to the original/native document in the NATIVELINK field.

vi)  Produce extracted metadata for each document in the form of a .DAT file, and include these fields (fields should be listed but left blank if not applicable):

**TABLE 2:**  DAT FILE FIELDS

| Field Name | Description |
|---|---|
| **Required Fields** ||
| BATES_BEGIN | First Bates number of native file document/email |
| BATES_END | Last Bates number of native file document/email<br>**The BATES_END field should be populated for single page documents/emails |
| ATTACH_BEGIN | First Bates number of attachment/family range |
| ATTACH_END | Last Bates number of attachment/family range |
| ATTACH_NAME | Populates parent records with original filenames of all attached records, separated by semi-colons. |
| PRIV | Indicate "YES" if document has a Privilege claim |
| ROG_NUM | Indicate Interrogatory number(s) document is responsive to. (ROG ##)  If multiple, separate by semi-colon |
| DR_NUM | Indicate Document Request document is responsive to. |

| | |
|---|---|
| | (DR ##) If multiple, separate by semi-colon |
| RECORDTYPE | Email: Populate field as "E-Mail"<br>Email Attachment: Populate field as "Attachment (E-mail)"<br>Loose Native: Populate field as "E-Document"<br>Other Attachment: Populate field as "Attachment"<br>Scanned Paper: Populate field as "Paper" |
| CUSTODIAN | Individual(s) or department(s) from which the record originated<br>**semi-colon should be used to separate multiple entries |
| FILENAME | Email: Filename of loose email or subject of non-loose email<br>Non-email: original file name |
| PGCOUNT | Number of pages in document/email |
| MD5HASH | The 32 digit value representing each unique document |
| SOURCE | Email: Path to email container and email container name<br>Non-email: Original path to source archive folder or files |
| FOLDERPATH | Email: Folder path within email container<br>Non-email: Folder path to file |
| DATE_CREATED | The date the electronic file was created |
| TIME_CREATED | The time the electronic file was created |
| DATE_MOD | Date an electronic file was last modified |
| TIME_MOD | Time an electronic file was last modified |
| PRINT_DATE | Date the document was last printed |
| PRINT_TIME | Time the document was last printed |
| FILE_SIZE | Size of native file document/email in KB |
| FILE_EXT | The file extension representing the email or native file document |
| AUTHOR | Email: (empty)<br>Non-email: Author of the document |
| SUBJECT | Subject metadata from electronic files (non-email) |
| COMPANY | Company (organization) metadata from electronic files |
| NATIVELINK | Hyperlink to the email or native file document<br>**The linked file must be named per the BATES_BEGIN Number |
| TEXTPATH | Contains path to OCR/Extracted text file that is titled after the document BATES_BEGIN |
| **Additional Fields for Email Productions** | |
| FROM | Sender of email |

| TO | Recipient(s) of email<br>**semi-colon should be used to separate multiple entries |
|---|---|
| CC | Carbon copy recipient(s)<br>**semi-colon should be used to separate multiple entries |
| BCC | Blind carbon copy recipient(s)<br>**semi-colon should be used to separate multiple entries |
| EMAIL_SUBJECT | "Subject" line of the email |
| DATE_SENT | Date and time that the email message was sent. |
| DATE_RECVD | Date and time that the email message was received. |
| TIME_ZONE | Time Zone processed in |
| CONVERSATION_INDEX | Conversation thread ID/Index value |
| PARENT_ID | Populated only for email attachments, this field will display the Image Tag field value of the attachment record's parent. |

b) Document Text

Searchable text of the entire document must be provided for every record, at the document level.

i) Extracted text must be provided for all documents that originated in electronic format.

Note: Any document in which text cannot be extracted must be OCR'd.

ii) For documents redacted on the basis of any privilege, provide the OCR text for unredacted/unprivileged portions.

iii) The text should be delivered in the following method: As multi-page ASCII text files with the files named the same as the Bates_Begin field. Text files can be placed in a separate folder or included with the .TIFF files.

c) Linked Native Files

Copies of original email and native file documents/attachments must be included for all electronic productions.

i) Native file documents must be named per the BATES_BEGIN number (the original file name should be preserved and produced in the FILENAME metadata field).

ii) The full path of the native file must be provided in the .DAT file in the

NATIVELINK field.

d) Images
   i) Images should be single-page, Group IV TIFF files, scanned at 300 dpi.
   ii) File names should be titled per endorsed bates number.
   iii) Color should be preserved when necessary to interpret the document.
   iv) Bates numbers should be endorsed on the lower right corner of all images.
   v) For documents partially redacted on the basis of any privilege, ensure the redaction box is clearly labeled "REDACTED".

e) Image Cross Reference File
   i) The image cross-reference file is needed to link the images to the database. It is a comma-delimited file consisting of seven fields per line. There must be a line in the cross-reference file for every image in the database.

**TABLE 3:**   IMAGE CROSS REFERENCE FILE FIELDS

| Field Title | Description |
| --- | --- |
| ImageID | The unique designation use to identify an image. |
| | ***Note***: *This imageID key **must** be a unique and fixed length number. This number will be used in the.DAT file as the ImageID field that links the database to the images. The format of this image key must be consistent across all productions. We recommend that the format be an eight digit number to allow for the possible increase in the size of a production.* |
| VolumeLabel | Optional |
| ImageFilePath | The full path to the image file. |
| DocumentBreak | The letter "Y" denotes the first page of a document.  If this field is blank, then the page is not the first page of a document. |
| FolderBreak | Leave empty |
| BoxBreak | Leave empty |
| PageCount | Optional |
| | *This file should not contain a header row.* |

SAMPLE:
IMG0000001,OPTIONALVOLUMENAME,E:\001\IMG0000001.TIF,Y,,,3
IMG0000002,OPTIONALVOLUMENAME,E:\001\IMG0000002.TIF,,,,
IMG0000003,OPTIONALVOLUMENAME,E:\001\IMG0000003.TIF,,,,
IMG0000004,OPTIONALVOLUMENAME,E:\001\IMG0000003.TIF,Y,,,1
IMG0000005,OPTIONALVOLUMENAME,E:\001\IMG0000003.TIF,Y,,,2

IMG0000006,OPTIONALVOLUMENAME,E:\001\IMG0000003.TIF,,,,

3) **PDF File Production**

When approved, Adobe PDF files may be produced in lieu of TIFF images for scanned
paper productions (metadata must also be produced in accordance with the instructions
above):

a) PDF files should be produced in separate folders named by the Custodian.

b) All PDFs must be unitized at the document level, i.e. each PDF should represent a
discrete document; a single PDF cannot contain multiple documents.

c) All attachments should sequentially follow the parent document.

d) All PDF files must contain embedded text that includes all discernible words within
the document, not selected text only. This requires all layers of the PDF to be
flattened first.

e) If PDF files are Bates endorsed, the PDF files must be named by the Bates range

f) The metadata load file listed in 2.a. should be included.

4) **Transactional Data**

If transactional data must be produced, further discussion must be had to ensure the
intended export is properly composed. If available, a data dictionary should accompany
the production, if unavailable; a description of fields should accompany transactional
data productions. The following formats are acceptable:

- MS Access
- XML
- CSV
- TSV
- Excel (with prior approval)

5) **Audio/Video/Electronic Phone Records**

a) Audio files must be produced in a format that is playable using Microsoft Windows
Media Player. Types of audio files that will be accepted include:

- Nice Systems audio files (.aud). AUD files offer efficient compression and would be
preferred over both NMF and WAV files.
- Nice Systems audio files (.nmf).
- WAV Files
- MP3, MP4
- WMA
- AIF

Produced audio files must be in a separate folder compared to other data in the

production.

Additionally, the call information (metadata) related to each audio recording must be produced if it exists. The metadata file must be produced in delimited text format (DAT, CSV, or TXT), using a tab or pipe delimiter. Field names must be included in the first row of the metadata file. Please note that the field names are case sensitive and should be created as listed below. The metadata must include, if available, the following fields:

**TABLE 4:** AUDIO METADATA FIELDS

| Field Name | Description |
| --- | --- |
| AgentName | Name of agent/employee |
| AgentId | Unique identifier of agent/employee |
| Group | Name for a collection of agents |
| Supervisor | Name of the Agent's supervisor |
| Site | Location of call facility |
| DNIS | Dialed Number Identification Service, identifies the number that was originally called |
| Extension | Extension where call was routed |
| CallDirection | Identifies whether the call was inbound, outbound, or internal |
| CallType | Purpose of the call |
| DURATION | Duration of call |
| CustomerId | Customer's identification number |
| CustomerCity | Customer's city of residence |
| CustomerState | Customer's state of residence |
| CallDateTime | Date and start time of call (MM/DD/YYYY HH:MM:SS) |
| CUSTOMERNAME | Name of person called |
| FileName | Filename of audio file |
| BATES_BEGIN | Unique number of the audio file |
| CALLEDPARTYNUMBER | The call center or phone number called |
| CALLSIZE | File size of audio file |
| CALLSERVICE | Call service code |
| MD5HASH | The 32 digit value representing each unique document |
| DOC_REQ | Document request number to which the file is responsive |
| CUSTODIAN | Individual(s) or department(s) from which the |

| Field Name | Description |
|---|---|
|  | recording originated |
| FOLDERPATH | Folder path of the audio file in the original source |
| SOURCE | Original path to where the source file resided |
| TIMEZONE | The time zone of the original call |
| GROUPID | A unique group identifier for grouping multiple calls |
| CODEC | Encoding/decoding of the audio digital stream |
| BITRATE | The number of bits that are conveyed or processed per unit of time |

| Supported Date Format | Example |
|---|---|
| mm/dd/yyyy hh:mm:ss am/pm | 01/25/1996 10:45:15 am |

The filename is used to link the metadata to the produced audio file. The file name in the metadata and the file name used to identify the corresponding audio file must match exactly.

b) Video files must be produced in a format that is playable using Microsoft Windows Media Player along with any available metadata. If it is known that the video files do not contain associated audio, indicate this in the accompanying transmittal letter. Types of video files accepted include:
   • MPG
   • AVI
   • WMV
   • MOV
   • FLV

# C.  Production of Partially Privileged Documents

If a portion of any material called for by a discovery request is withheld based on a claim of privilege, those portions may be redacted from the responsive material as long as the following conditions are met.

a) If originally stored as native electronic files, the image(s) of the unredacted portions are submitted in a way that preserves the same appearance as the original without

the redacted material (i.e., in a way that depicts the size and location of the redactions). The OCR text will be produced from the redacted image(s). Any redacted, privileged material should be clearly labeled to show the redactions on the tiff image(s). Any metadata not being withheld for privilege should be produced in the DAT file; any content (e.g., PowerPoint speaker notes, Word comments, Excel hidden rows, sheets or columns) contained within the native and not being withheld for privilege should be tiffed and included in the production.

b) If originally in hard copy form, the unredacted portions are submitted in a way that depicts the size and location of the redactions; for example, if all of the content on a particular page is privileged, a blank, sequentially numbered page should be included in the production where the responsive material, had it not been privileged, would have been located.

# What is the CFPB Extranet?

The Consumer Financial Protection Bureau (CFPB) Extranet enables organizations to securely upload files and receive a file transfer receipt.

## How does it work?



1. If you would like to send your productions to the Bureau via the Extranet, you will need to notify the paralegal or other deputy custodian assigned to your matter in advance. The paralegal will request contact information for any individuals in your organization that require access to the Extranet. This information is needed in order to set up your Extranet accounts.

2. Once the Extranet Support team sets up the account, they will send an e-mail with instructions to activate the account.

3. Once activated, files may be uploaded at https://extranet.cfpb.gov.

4. Choose the folder relevant to your Matter. Files cannot be uploaded to the root folder.

5. Be sure to choose the correct files to upload. Once you upload files, you won't be able to view, modify, or remove them.

6. Choose files to upload by selecting the "Upload" button or by using drag-and-drop functionality.

7. Uploaded files are transferred to another CFPB server every 20 minutes. After this happens, you will receive a file transmission receipt e-mail and the files will be removed from the Extranet.

8. If there is a problem receiving a file, it will be noted in the file transmission receipt.

## What else do I need to know?

### Account expiration

Accounts expire 6 months after the creation date per CFPB's cybersecurity regulations. Accounts can be re-created quickly by the CFPB's Paralegal or other point of contact.

### Multi-factor authentication

Extranet access requires the use of a one-time passcode for each login. Passcodes can be sent via e-mail, voice message, or text.

### Upload policies

Size: Maximum 2 GB per file

Quantity: There is no limit to how many files can be uploaded simultaneously

File types: A list of prohibited file types is available on the 'CFPB Help' page (find the link at the top right of the page)



Consumer Financial Protection Bureau

Directories: The system does not support uploading directories (folders). To upload a directory, please compress (or zip) the directory and upload the compressed file. Please do not encrypt the zip files, as the pipe is already encrypted.

## Automatic log-out

Your account will be logged out after 10 minutes of inactivity.

## Password policies

Length: 12 or more characters

Complexity: must contain a digit, a symbol, an uppercase letter and a lowercase letter

## Supported browsers

Microsoft Internet Explorer 8 through 11 (Compatibility View is not supported)

Google Chrome 33.x and above

Apple Safari 5.x and 6.x running on OS X only

Mozilla Firefox 24.x and above

## Having trouble?

Please contact your Deputy Custodian or point of contact if you have any problems accessing the system. If necessary, he or she will coordinate assistance with the CFPB's technical support team.

## Helpful links

Add, edit or remove delivery methods for receiving one-time passcodes:

https://login.extranet.cfpb.gov/updateprofile

## Change your password:

https://login.extranet.cfpb.gov/changepassword


Consumer Financial Protection Bureau

# Login and upload flow

**1** Login screen
**Enter username and password**



**2** Login screen
**Enter one-time passcode**



**3** Root folder
**Select folder**



**4** Selected folder
**Select "Upload"**



**5** File browser
**Select file(s) for upload**



**6** Selected folder
**Upload any additional files**



**7** **Wait for files to transfer to CFPB internal servers**



This can take up to 20 minutes

**8** Transfer receipt
**Review transfer receipt**



**Note:** After your files have been transferred to the CFPB's internal servers, they are no longer viewable on the Extranet website.



Consumer Financial
Protection Bureau