# Exhibit 2

DAVID C. HOLT, ESQ. (SBN 137951)
THE HOLT LAW FIRM
1432 Edinger Ave., Suite 130
Tustin, CA 92780
Telephone No. (714) 730-3999
Facsimile No. (714) 665-3991

Attorney for Defendants,
DOCS DONE RIGHT, INC., DOCS DONE RIGHT, LP, EDUARDO "ED" MARTINEZ, DAVID SKLAR AND LEND TECH LOANS, INC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, | Case No.: **8-20-CV-00043-JVS-ADS** |
| Plaintiff, | **DEFENDANT, EDUARDO "ED" MARTINEZ'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF, BUREAU OF CONSUMER FINANCIAL PROTECTION** |
| vs. | |
| Chou Team Realty, LLC f/k/a Chou Team Realty, Inc., d/b/a/ Monster Loans, d/b/a MonsterLoans; Lend Tech Loans, Inc.; Docu Prep Center, Inc., d/b/a DocuPrep Center, d/b/a Certified Document Center; Document Preparation Services, LP, d/b/a DocuPrep Center, d/b/a Certified Document Center; Certified Doc Prep, Inc.; Certified Doc Prep Services, LP; Assure Direct Services, Inc.; Assure Direct Services, LP; Direct Document Solutions, Inc.; Direct Document Solutions, LP; Secure Preparation Services, Inc.; Secure Preparation Services, LP; Docs Done Right, Inc.; Docs Done Right, LP; Bilal Abdelfattah, a/k/a Belal Abdelfattah, a/k/a Bill Abdel; Robert Hoose; Eduardo "Ed" Martinez; Jawad Nesheiwat; Frank Anthony Sebreros; and David Sklar, | Complaint filed: January 9, 2020 |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 34, Defendant, Eduardo Martinez ("Martinez"),

-1-
**DEFENDANT, EDUARDO "ED" MARTINEZ'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF, BUREAU OF CONSUMER FINANCIAL PROTECTION**

hereby requests that Plaintiff Bureau of Consumer Financial Protection ("Plaintiff" or "you") respond to Martinez's Request for Production of Documents ("Request") within the time period prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection within thirty (30) days of service by mail to Defendant at the address of his attorney, David C. Holt, located at 1432 Edinger Avenue, Suite 130, Tustin, California 92780, so long as they arrive at the designated address by the prescribed time.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms shall be interpreted in accordance with these definitions.

1. As used herein, the words "**DOCUMENT**" or "**DOCUMENTS**" mean any kind of written, typewritten, printed or recorded material whatsoever, including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits, statements, papers, files, forms, data, tapes, cassettes, discs, magnetic cards, printouts, letters, reports, summaries, compilations, chronicles, publications, books, manuals, handbooks, certificates, minutes, agenda, communications, contracts agreements, telegrams, teletypes, telefax, records, correspondence, diaries, calendars, appointment books, logs, audio and/or video recordings and transcriptions of recordings, microfilm, microfiche, electronic records or representations of any kind, information stored on computer or on any type of computer readable storage media and capable of being reproduced by printed representation of any form, whether or not ever printed out or displayed, photographs, pictures, diagrams, or any other writing, however, produced or reproduced, and further including, without limitation, originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such **DOCUMENTS** whether or not used, within the possession, custody and/or control of defendant, or their agents, attorneys, physicians, psychologists, psychiatrists, counselors, and/or any other persons who may act on their behalf, excepting only those **DOCUMENTS** which are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by written notice to plaintiff.

2. "**DEFENDANT**" refers to defendant, **EDUARDO "ED" MARTINEZ.**

3. "**PLAINTIFF**," "**YOU**" and "**YOUR**" refers to the **BUREAU OF CONSUMER FINANCIAL PROTECTION** and/or its agents.

4. "**COMMUNICATE**" and "**COMMUNICATIONS**" mean and include any meeting, conference, face-to-face conversation, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

5. "**COMPLAINT**" refers to the Complaint on file herein, specifically United States District Court Central District of California, Case Number **8-20-CV-00043-JVS-ADS**.

6. "**ANY**" includes the word "**ALL**," and "**ALL**" includes the word "**ANY**."

## INSTRUCTIONS

1. If in responding to this Request, **PLAINTIFF** encounters **ANY** ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. If you withhold a **DOCUMENT** under a claim of privilege (including, but not limited to, the work-product doctrine), you shall provide the information set forth in Fed. R. Civ. P. 26(b)(5).

3. When a **DOCUMENT** contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without disclosing the privileged material. If a privilege (or other basis for withholding the information) is asserted with regard to part of the material contained in a **DOCUMENT**, **PLAINTIFF** must clearly identify the portions as to which the privilege or other basis is claimed. When a **DOCUMENT** has been redacted or altered in **ANY** fashion, provide as to each **DOCUMENT** the information set forth in Fed. R. Civ. P. 26(b)(5) with respect to the redaction or alteration. **ANY** redaction must be clearly visible on the redacted document.

4. If **PLAINTIFF** objects to the production of **ANY** requested **DOCUMENT(S)** on grounds other than privilege, state with specificity the grounds for objecting to the requested **DOCUMENT(S)**, including the reasons. If responsive materials are being withheld on the basis of **ANY** objection, include that information in your response. If, with respect to **ANY DOCUMENT** request, there are no responsive **DOCUMENTS**, state so in writing.

5. Unless otherwise specified, the **DOCUMENTS** called for by this Request are

documents in **DEFENDANT'S** possession, custody, or control that were applicable, effective, prepared, written, generated or sent, dated or received at **ANY** time since January 1, 2015.

6.  If **ANY** material called for by this Request contains sensitive personally identifiable information or sensitive health information of **ANY** individual, please contact Martinez counsel before sending this material to discuss ways to protect such information during productions.

7.  Pursuant to Fed. R. Civ. P. 26(e), **PLAINTIFF** is under a duty to supplement **ANY** response to this Request for which **PLAINTIFF** learns that the response is in some material respect incomplete or incorrect.

## DOCUMENTS REQUIRED TO BE PRODUCED

1.  Please produce **ANY** and **ALL DOCUMENTS** that support **YOUR** contention that: "Between November 2017 and at least January 2019, * * * Martinez controlled Lend Tech's Experian account" as alleged in paragraph 73 of the **COMPLAINT** filed in this action.

2.  Please produce **ANY** and **ALL DOCUMENTS** that support **YOUR** contention that: "Martinez, * * * resold the prescreened lists to numerous other companies, including companies offering student-loan debt-relief services" as alleged in paragraph 77 of the **COMPLAINT** filed in this action.

3.  Please produce **ANY** and **ALL DOCUMENTS** that support **YOUR** contention that: "Martinez, * * * also used the prescreened lists to market student-loan debt-relief services through new companies created during or after September 2017" as alleged in paragraph 78 of the **COMPLAINT** filed in this action.

4.  Please produce **ANY** and **ALL DOCUMENTS** that support **YOUR** contention that: "Martinez participated directly in the charging of fees by the * * * or had the authority to control the charging of fees, and had knowledge of the * * * fee-charging practices or was recklessly indifferent to those practices" as alleged in paragraph 111 of the **COMPLAINT** filed in this action.

5.  Please produce **ANY** and **ALL DOCUMENTS** that support **YOUR** contention that: "In the course of providing, offering to provide, or arranging for others to provide debt-relief services, * * * Martinez charged and received fees before consumers' applications for loan consolidations, loan-repayment plans, and loan-forgiveness plans were approved, and before consumers had made the

first payments under the altered terms of their student loans, in violation of the TSR. 16 C.F.R. § 310.4(a)(5)(i)(A)-(B)" as alleged in paragraph 155 of the **COMPLAINT** filed in this action.

      7.    **ANY** and **ALL DOCUMENTS YOU** received during **YOUR** pre-suit investigation and after filing the **COMPLAINT** from any defendant named in the **COMPLAINT.**

      8.    **ANY** and **ALL DOCUMENTS YOU** received during **YOUR** pre-suit investigation and after filing the **COMPLAINT** from any third party, including but not limited to:

    a.    GoDaddy.com, LLC;
    b.    Domains by Proxy;
    c.    Experian Holdings, Inc.;
    d.    Debt Pay Gateway, Inc.;
    e.    Debt Pay, Inc.
    f.    Better Business Bureau;
    g.    Automated Mailers;
    h.    Orange County Direct Mail, Inc.;
    i.    JPMorgan Chase, N.A.; and
    k.    Wells Fargo, N.A.

      9.    **ANY** and **ALL DOCUMENTS YOU** received during **YOUR** pre-suit investigation and after filing the **COMPLAINT** relating to **DEFENDANT** from any third party, including but not limited to:

    a.    California Secretary of State;
    b.    Orange County Clerk;
    c.    California Department of Real Estate; and
    d.    Student Loand debt relief companies.

      10.    **ANY** and **ALL DOCUMENTS** reflecting testimony **YOU** obtained during **YOUR** pre-suit investigation and after filing the **COMPLAINT** relating to:

    a.    Bradley Brigante;
    b.    Thomas Chou;
    c.    Sean Cowell;

      d. Mohamed Hegazi;
      e. Eduardo Martinez;
      f. Erin Mason;
      g. Jawad Nesheiwat; and
      h. Mikael Van Loon.

11. **ANY** and **ALL DOCUMENTS** relating to any consumer complaint **YOU** received relating in any way to any service provided by **DEFENDANT**.

Dated: July 10, 2020                                      THE HOLT LAW FIRM

By: *[signature]*
DAVID C. HOLT, Attorney for Defendants
DOCS DONE RIGHT, INC., DOCS
DONE RIGHT, LP, EDUARDO
"ED" MARTINEZ, DAVID SKLAR
AND LEND TECH LOANS, INC

# CERTIFICATE OF SERVICE

I, Leslie Zaldivar, certify pursuant to Local Rule 5-3.2.1 that on this day July 10, 2020, I caused to be served by e-mail[1] and submission on CFPB Extranet website, the Defendant, Eduardo "ED" Martinez's First Set of Request for Production of Documents propounded to Plaintiff, Bureau of Consumer Financial Protection on each of the following parties:

| | |
|---|---|
| E. Vanessa Assae-Bille, Esq.<br>Email: Elisabeth.assae-bille@cfpb.gov<br>Phone: (202) 435-7688<br>Colin Reardon, Esq.<br>Email: colin.reardon@cfpb.gov<br>Phone: (202) 435-9668<br>1700 G. St., NW<br>Washington, D.C. 20552<br>Fax: (202) 435-5471<br>**BY EXTRANET** extranet.cfpb.gov | Attorneys for Plaintiff Bureau of Consumer Financial Protection |
| William I. Rothbard, Esq.<br>Law Offices of William I. Rothbard<br>2333 Canyonback Rd.<br>Los Angeles, CA 90049<br>E-mail: Bill@RothbardLaw.com | Attorney for Relief Defendants XO Media, LLC and Kenneth Lawson |
| Joshua Robbins, Esq.<br>Greenberg Gross LLP<br>650 Town Center Drive, Suite 1700<br>Irvine, CA 92626<br>E-mail: JRobbins@GGTrialLaw.com | Attorney for Defendant Roberto Hoose |
| Peter D. Lepiscopo, Esq.<br>Lepiscopo & Associates Law Firm<br>695 Town Center Drive, 7th Floor<br>Costa Mesa, CA 92626<br>E-mail: plepiscopo@att.net | Attorney for Defendant Jawad Nesheiwat |