COLIN REARDON (NY Bar #4945655)
E-mail: colin.reardon@cfpb.gov
Phone: (202) 435-9668
E. VANESSA ASSAE-BILLE (NY Bar #5165501)
E-mail: elisabeth.assae-bille@cfpb.gov
Phone: (202) 435-7688
KEVIN E. FRIEDL
E-mail: kevin.friedl@cfpb.gov (NY Bar #5240080)
Phone: (202) 435-9268
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar #264787) – Local Counsel
E-mail: leanne.hartmann@cfpb.gov
Phone: (415) 844-9787
301 Howard St., Suite 1200
San Francisco, CA  94105
Fax: (415) 844-9788

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>Plaintiff,<br><br>vs.<br><br>Chou Team Realty, LLC, *et al.*,<br><br>Defendants. | Case No.: 8-20-cv-00043-JVS-ADS<br><br>**PLAINTIFF'S SURREPLY ADDRESSING DEFENDANT JAWAD NESHEIWAT'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS**<br><br>Honorable James V. Selna<br>United States District Judge |

1    The Court should deny Defendant Jawad Nesheiwat's motion to dismiss

2  and for judgment on the pleadings for the reasons the Bureau has already

3  explained in its opposition to that motion. *See* ECF No. 127. The Bureau files

4  this surreply by leave of the Court, ECF No. 137, to address two requests for

5  additional relief that Defendant raised for the first time in his reply in support of

6  his motion, ECF No. 129.

7    Specifically, Defendant asks the Court (1) to stay this proceeding

8  pending the Ninth Circuit's resolution of *CFPB v. Seila Law, LLC*, No. 17-

9  56324 (9th Cir.), and (2) to strike the declaration by the Bureau's Director

10  ratifying this action. The Court should deny both requests as having been

11  improperly raised in a reply rather than by motion. *Cf.* Fed. R. Civ. P. 7(b)(1)

12  ("A request for a court order must be made by motion."). In the alternative, the

13  Court should deny them on the merits.

14  **I.    There Is No Cause to Stay This Case**

15    "A district court has discretionary power to stay proceedings in its own

16  court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). Among

17  the factors that courts weigh in deciding whether to issue a stay are: "[1] the

18  possible damage which may result from the granting of a stay, [2] the hardship

19  or inequity which a party may suffer in being required to go forward, and

20  [3] the orderly course of justice measured in terms of the simplifying or

21  complicating of issues, proof, and questions of law." *Id.* at 1110. The moving

22  party "must make out a clear case of hardship or inequity" from being denied a

23  stay "if there is even a fair possibility that the stay for which he prays will work

24  damage to some one else." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936).

25    A stay is not warranted here because it would hurt the public interest and

26  the Bureau's interests, Defendant will suffer no "hardship or inequity" if the

27

28

Court denies the stay, and a stay would not promote judicial economy or the orderly course of justice.

### A. Halting All Proceedings in This Case for Months Would Harm the Bureau and the Public Interest

The Bureau is the primary enforcer of federal consumer financial laws. *See, e.g.*, 12 U.S.C. § 5511(a). Its amended complaint in this case alleges serious violations of those laws, including flagrant violations of the Fair Credit Reporting Act undertaken in order to enable the deceptive marketing of student loan debt relief services that charged consumers millions of dollars in illegal fees. As the Bureau has previously noted, Defendant Nesheiwat was at the center of the alleged misconduct, overseeing Monster Loans' unlawful purchases of consumer reports and participating in and assisting the debt-relief companies' deceptive marketing and charging of unlawful advance fees. *See* ECF No. 77 at 1-3. Indeed, Defendant himself has acknowledged the seriousness of the Bureau's allegations by comparing them to criminal wire fraud. *See* ECF No. 79 at 3. And the Bureau's Director, by ratifying this case, has confirmed that it should be pursued.

Halting all proceedings in this case for the several months it may take for a decision by the Ninth Circuit in *Seila Law* would harm both the Bureau's interests and the public interest. It can hardly be doubted that "the public has a strong interest in vigorous enforcement of consumer protection laws." *John Doe Co. v. CFPB*, 235 F. Supp. 3d 194, 205 (D.D.C. 2017), *aff'd*, 849 F.3d 1129 (D.C. Cir.). More particularly, both the Bureau and consumers have a strong interest in discovery continuing to move forward in this case so that the relevant facts can be assembled while evidence remains fresh and, ultimately, so that the matter may reach final resolution expeditiously.

The stay sought by Defendant would harm these important interests. It would mean more time in which Defendant is not subject to the injunctive relief that the Bureau seeks. It would mean more time in which Defendant's assets may be depleted. And it would mean consumers would have to wait longer for any redress they may entitled to receive if and when the Court enters judgment in the Bureau's favor. Moreover, because delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale," *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr.*, 490 F.3d 718, 724 (9th Cir. 2007) (internal quotations omitted), a stay could make it harder down the road for the Bureau to secure any relief for consumers. *See also Kesler v. IKEA U.S., Inc.*, No. 8:07-cv-00568-JVS, 2008 WL 11339118, at *1 (C.D. Cal. Jan. 2, 2008) (recognizing that a stay could harm the plaintiff's interest in preserving evidence essential to her case).

**B. Defendant Has Not Shown a "Clear Case of Hardship or Inequity" If He Is Denied a Stay**

Because there is, at minimum, a "fair possibility" that the stay Defendant Nesheiwat seeks "will work damage to some one else," Defendant bears the burden to "make out a clear case of hardship or inequity" if he is denied a stay. *Landis*, 299 U.S. at 255. Defendant has not done so, or even tried to. His filing makes no mention of this factor and offers no explanation why he would be harmed by this case continuing to move forward in the ordinary course.

The most that Defendant could possibly hope to show is that, if the Court denies his request for a stay, he will have to continue with this suit. But that will always be the case when a party is denied a stay. Accordingly, the Ninth Circuit has held that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112; *see also Kesler*, 2008 WL 11339118, at *1 ("The mere fact

that, if the Court denies a stay, a party would be forced to defend itself in an action does not … amount to a sufficient showing of hardship."). Defendant thus has not met his burden to justify a stay.

**C. A Stay Is Unlikely to Serve the Interest of Judicial Efficiency**

Defendant Nesheiwat asks this Court to halt all proceedings, in the middle of ongoing fact discovery, to await the Ninth Circuit's decision in *Seila Law*, in which the court of appeals has ordered briefing on whether the civil investigative demand (CID) in that case was validly ratified. Judicial efficiency, and "the orderly course of justice" more generally, would not be served by doing so. *See Lockyer*, 398 F.3d at 1110.

First, there is no need to wait for the Ninth Circuit's ruling with respect to the CID in *Seila Law* because existing Circuit precedent already forecloses Defendant's argument in this case that the Court lacks jurisdiction. *See CFPB v. Gordon*, 819 F.3d 1179 (9th Cir. 2016); *see also* Opp'n at 3-4. Further, there is no need to wait for the Ninth Circuit's ruling to reject Defendant's plain misreading of the Supreme Court's decision in *Seila Law*, which did not hold or suggest that the "office of the director" itself is "unconstitutionally structured." Reply at 2 & n.1. Rather, as the Bureau has explained, the Court's decision made clear that the Bureau may continue to operate, led by a Director removable at will. *See* Opp'n at 8.

The fact that the Ninth Circuit has invited supplemental briefing in *Seila Law* that will address the "case-specific factual and legal questions" about the CID at issue there—including "whether th[e] alleged ratification in fact occurred"—hardly signals that the Ninth Circuit intends to revisit its existing precedent on ratification. *See Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2208 (2020) (Roberts, C.J.). The same factual circumstances are not present in this

case—where, for example, there can be no reasonable dispute that the ratification has in fact occurred.

And there is even less reason to think the Ninth Circuit's resolution of *Seila Law* will call into question the Bureau's ability to proceed with this suit because here, unlike in *Seila Law*, Defendant is seeking to challenge a new operative pleading that the Bureau filed *after* the Supreme Court resolved the constitutional problem. *See* Opp'n at 5-6. Thus, Defendant's request for a stay is based on a number of highly "speculative conditions," including that the Ninth Circuit will seek to revisit its own recent precedent in *Gordon*, that do not suffice to justify a stay, particularly one that would harm the public interest. *Kesler*, 2008 WL 11339118, at *2.

Second, staying this case now, while the parties (including other defendants who have not themselves sought a stay of these proceedings) are in the middle of fact discovery would be particularly disruptive to the orderly course of justice. As noted above, the Bureau and the public interest would be harmed by a decision cutting short the process of gathering facts relevant to defendants' violations of law. There is no reason the Court need do so now, when it can instead allow this action to continue moving forward in the ordinary course, and apply the Ninth Circuit's decision in *Seila Law*, as appropriate, when it is decided.

## II.   There Is No Cause to Strike the Bureau Director's Declaration

Defendant Nesheiwat's request that the Court strike the sworn declaration of the Bureau's Director ratifying this action is meritless. *See* ECF No. 127-1. That declaration establishes that Director Kraninger considered the basis for the Bureau's decision to file this suit and ratified that decision on behalf of the Bureau. As the Bureau has explained, her affirmation, after

becoming removable at will, that this case should go forward cures any initial Article II defect owing to the invalid removal provision. *See* Opp'n at 6-10.

Defendant has identified no defect in the form or substance of the declaration itself. Instead, his sole argument for striking it is that the Bureau was statutorily required to publish the ratification in the Federal Register. *See* Reply at 5.

But no such requirement exists, and the provisions Defendant cites are not to the contrary. Those provisions generally require the publication of three categories of documents: (1) "Presidential proclamations and Executive orders," (2) documents "that the President may determine from time to time have general applicability and legal effect," and (3) documents that Congress has elsewhere determined must appear in the Federal Register. 44 U.S.C. § 1505(a). The declaration does not fall within any of these categories.

Nor would it be of any help Defendant to if it did, because the other provision on which he relies simply provides that a document of a type described in § 1505(a) "is not valid as against a person who has not had actual knowledge of it." *Id.* § 1507. Defendant clearly has actual knowledge of the declaration he seeks to strike. Thus, even if the Bureau were required to publish the declaration in the Federal Register, which it was not, that would provide no grounds for the Court to strike the declaration or otherwise decline to consider its contents.

## CONCLUSION

For all of these reasons, and those previously presented in the Bureau's opposition, the Court should deny Defendant motion to dismiss and for judgment on the pleadings, as well as his requests for a stay and to strike Director Kraninger's declaration of ratification.

Dated August 19, 2020

Respectfully Submitted,

/s/ Kevin E. Friedl
Leanne E. Hartmann
E. Vanessa Assae-Bille (*pro hac vice*)
Colin Reardon (*pro hac vice*)
Kevin E. Friedl (*pro hac vice*)
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*