UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-43 JVS (ADSx) | Date | August 21, 2020 |
| Title | **Bureau of Consumer Financial Protection v. Chou Team Realty LLC et al** | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Dismiss**

Defendant Jawad Nesheiwat ("Nesheiwat") moved to dismiss the Consumer Financial Protection Bureau's ("the Bureau") First Amended Complaint ("FAC"). Mot., Dkt. No. 118.[1] The Bureau opposed. Opp'n, Dkt. No. 127. Nesheiwat replied. Reply, Dkt. No. 129. The Court granted the Bureau leave to file a sur-reply. Sur-Reply, Dkt. No. 138.

For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

The Bureau filed its initial Complaint on January 9, 2020. It filed its FAC on July 10, 2020. FAC, Dkt. No. 117. The FAC alleges that various Student Loan Debt Relief Companies violated the Telemarketing Sales Rule ("TSR"), Consumer Financial Protection Act ("CFPA"), and Fair Credit Reporting Act ("FCRA") in connection with the marketing and selling of student loan debt relief services. See generally, id.

Between 2015 and 2017, a mortgage company, Monster Loans, unlawfully obtained consumer reports from the consumer-reporting agency Experian. FAC ¶ 4. Monster Loans provided the reports to other companies that used the reports to market

[1] Nesheiwat framed his motion as one to dismiss, or, in the alternative, for judgment on the pleadings. However, because he has not yet answered the FAC, judgment on the pleadings is "procedurally premature." See Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005). Thus, the Court treats Nesheiwat's motion as a motion to dismiss.

debt-relief services to consumers with student loans. Id.

Nesheiwat was the chief operating officer of Monster Loans between January 2015 and April 2017. Id. ¶ 35. He exercised substantial managerial responsibility for and control over Monster Loans' business practices. Id. Nesheiwat was a limited partner in each of the Student Loan Debt Relief Companies. Id. ¶ 36. He oversaw Monster Loan's purchase of pre-screened lists from Experian for use by the Student Loan Debt Relief Companies in their direct mailings. Id. ¶ 60. Nesheiwat also exercised substantial managerial responsibility and control over one of the companies—Docu Prep Center—and participated in the marketing efforts of the other four companies. Id. ¶¶ 37-38.

Additionally, Nesheiwat participated directly in Docu Prep Center's making of deceptive representations or had the ability to control them. Id. ¶ 107. He had knowledge of the representations, was reckless indifferent to their truth or falsity, or was aware of a high probability of fraud along with an intentional avoidance of the truth. Id. He also participated directly in Docu Prep Center's charging of fees, or had the authority to control its charging of fees. Id. ¶ 108.

The Bureau brings 11 counts against Nesheiwat, for (1) violations of the FCRA, (2) collecting advance fees in violation of the TSR; (3) making misrepresentations in violation of the TSR (regarding lower interest rates); (4) making misrepresentations in violation of the TSR (regarding improved credit scores); (5) making misrepresentations in violation of the TSR (regarding new servicer); (6) providing substantial assistance in violation of the TSR; (7) deception in violation of the CFPA (regarding lower interest rates); (8) deception in violation of the CFPA (regarding improved credit scores); (9) deception in violation of the CFPA (regarding new servicer); (10) providing substantial assistance in violation of the CFPA; (11) and for CFPA violations based on violations of the FCRA and TSR. See generally, FAC.

Now, Nesheiwat moves to dismiss the FAC for lack of jurisdiction under Article III of the United States Constitution. See generally, Mot.

## II. LEGAL STANDARD

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. Id.; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). If instead the challenge disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations. Safe Air, 373 F.3d at 1039. The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 131 S. Ct. 746 (2011). To have standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180–81 (2000); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873.

## III. Discussion

Nesheiwat argues that the Court lacks subject matter jurisdiction to hear the Bureau's case against him based upon the recent decision in Seila Law LLC v. Consumer Financial Protection Bureau,140 S. Ct. 2183 (June 29, 2020) ("Seila Law"). In Seila Law, the Supreme Court held that a provision of the Bureau's organic statute permitting the President to remove the Bureau's Director only for "inefficiency, neglect of duty, or malfeasance in office" is unconstitutional as a violation of the separation of powers. Id. at 2197. But, the Court held that the removal provision is severable. Id. at 2211 (Roberts, C.J.) ("we find the Director's removal protection severable from the other provisions of Dodd-Frank that establish the CFPB . . . ."). The Bureau "may continue to

operate," with the Director of the Bureau "removable by the President at will." Id. at 2192. The Supreme Court remanded the dispute to the Ninth Circuit "to consider whether the civil investigative demand was validly ratified." Id. at 2211 (Roberts, C.J.).

According to Nesheiwat, "the FAC may not be maintained by an unconstitutional officer (*i.e.*, Bureau's director) acting through an unconstitutional office, and as the FAC is the product of the actions of an unconstitutional officer," the Court lacks Article III jurisdiction over the action. Mot. at 3. Nesheiwat suggests that the Bureau's enforcement action is thus unconstitutional. Id. at 7-8. The Director of the Bureau did not ratify this action along with her initial ratification of other prior regulatory actions. Id. at 8; see Declaration of Peter D. Lepiscopo, Dkt. No. 118-5 ¶ 6, Ex. 3. According to Nesheiwat, the Director's actions cannot be constitutionally ratified after the fact, because the action "emanate[s] from an unconstitutional officer, the Director, occupying an unconstitutional office." Id. at 8-9.

However, the Bureau's director ratified this action on July 9, 2020, and the Bureau filed the operative FAC the next day. Declaration of Kathleen L. Kraninger, Dkt. No. 127-1 ¶ 5[2]; see also Dkt. No. 117.

The outcome of Seila Law does not mean there is no Article III jurisdiction over this action. See CFPB v. Gordon, 819 F.3d 1179, 1187 (9th Cir. 2016) ("[u]nder Lujan, it is the Executive Branch, not any particular individual, that has Article III standing."). Indeed, "[w]hile the failure to have a properly confirmed director may raise Article II Appointments Clause issues," the Ninth Circuit explained, "it does not implicate our Article III jurisdiction to hear this case." Id. at 1189. The reasoning in Gordon is dispositive here. Any constitutional deficiency regarding the removability issue at the time the Complaint was filed was cured by the Supreme Court severing the removal provision from the rest of the organic statute, coupled with the Director's July 9 ratification of the action. Id. at 1190-91. The Bureau thus had statutory and constitutional authority to file the FAC and maintain the action.

[2] The Court declines to strike this declaration, as Nesheiwat requests in his Reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-43 JVS (ADSx) | Date | August 21, 2020 |
| Title | **Bureau of Consumer Financial Protection v. Chou Team Realty LLC et al** | | |

In the Reply, Nesheiwat requested that the Court stay this action until the Ninth Circuit issues its decision in Seila Law, now that it has been remanded for further proceedings. See generally, Reply.[3] On July 31, the Ninth Circuit set a briefing schedule to address the enforceability of the civil investigative demand ("CID") in that action. Consumer Financial Protection Bureau v. Seila Law LLC, No. 17-56324, Dkt. No. 59 (9th Cir.). Nesheiwat contends that a stay of this action, pending resolution of Seila Law at the Ninth Circuit, is necessary to determine whether there is Article III jurisdiction here. Reply at 4. According to Nesheiwat, if the Ninth Circuit finds that the CID in Seila Law could not be ratified or enforced, then this action, too, could not be maintained because the Director's ratification "would have no legal effect." Id.

The Court need not consider issues raised for the first time in a reply brief. Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 843 n.6 (9th Cir. 2004); Cedano-Viera v. Ashcroft, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003). In any event, the Court declines to exercise its discretion to stay the action, as Nesheiwat has not shown that Landis factors weigh in his favor. See Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Indeed, the Bureau identifies compelling reasons why a stay is not in the public interest. Sur-Reply at 2-3. And Nesheiwat, in his Reply, does not identify any hardship or inequity that would flow from a denial of a stay. Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005) ("being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis.").

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion.

The Court finds that oral argument would not be helpful in this matter and **vacates** the August 24, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

[3] Nesheiwat did not make this request for relief in his motion; that is why the Court granted the Bureau's request to file a sur-reply. Dkt. No. 137.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-43 JVS (ADSx) | Date | August 21, 2020 |
| Title | **Bureau of Consumer Financial Protection v. Chou Team Realty LLC et al** | | |

**IT IS SO ORDERED.**

: 0

Initials of Preparer lmb