**PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583**
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Telephone: (949) 878-9418
Facsimile: (619) 330-2991

Attorneys for Defendant, **JAWAD NESHEIWAT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| **BUREAU OF CONSUMER FINANCIAL PROTECTION**,<br><br>    Plaintiff,<br><br>v.<br><br>**CHOU TEAM REALTY LLC,** *et al.,*<br><br>    Defendants. | Case No.  **8:20-cv-00043-JCS-ADS**<br><br>**JAWAD NESHEIWAT'S ANSWER TO UNVERIFIED SECOND AMENDED COMPLAINT**<br><br>COURTROOM: **10-C**<br>JUDGE: **HON. JAMES V. SELNA**<br>TRIAL DATE:  **None Set** |

## RESERVATION OF RIGHTS TO FILE DISPOSITIVE MOTION

## PENDING DECISION OF THE NINTH CIRCUIT IN *CONSUMER*

## *FINANCIAL PROTECTION BUREAU V. SEILA LAW LLC*

Currently, there is a case pending in the Ninth Circuit, *Consumer Financial Protection Bureau v. Seila Law LLC*, Ninth Circuit Case No. 17-56324, Docket No. 59 ("*Seila 9th Circuit*"), upon remand from the United States Supreme Court, *Sheila*

LEPISCOPO & ASSOCIATES LAW FIRM

*Law LLC v. Consumer Financial Protection Bureau* ("*Sheila Law*"), 591 U.S. ___ (June 29, 2020), 2020 U.S. LEXIS 3515 ("*Seila Law*"), wherein the U.S. Supreme Court remanded the case  to the Ninth Circuit for further proceedings relating to the issues raised in this Action:

> "[W]e remand for the Court of Appeals to consider whether the civil investigative demand was validly ratified."

*Seila Law*, *supra*, at \*59.

On July 31, 2020 the Ninth Circuit issued an order setting a briefing schedule upon remand from *Seila Law* and identifying the following issue for the parties to address:

> "In light of the United States Supreme Court's decision in *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020), the parties are directed to file supplemental briefs addressing **whether the civil investigative demand was validly ratified**."

If the Ninth Circuit in *Sheila 9th Circuit* declares that the Consumer Financial Protection Bureau's actions are not subject to ratification or otherwise without constitutional authority, then this Court will no longer have jurisdiction over this Action under Article III and the Bureau will lack standing to maintain this Action, and, therefore, this case—upon motion of any party or by the Court *sua sponte*— must be dismissed. Accordingly, defendant Jawad Nesheiwat hereby reserves the right to withdraw this answer and file a dispositive motion.

LEPISCOPO & ASSOCIATES LAW FIRM

## ANSWER TO SECOND AMENDED COMPLAINT

Subject to the foregoing reservation of rights pending the outcome in *Sheila Law*, Defendant, JAWAD NESHEIWAT ("Defendant"), hereby responds to Bureau of Consumer Financial Protection's ("plaintiff" or the "Bureau") unverified second amended complaint ("Complaint") based on his current information and belief regarding the nature of the Bureau's allegations.

## JURISDICTION AND VENUE

1.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion.

2.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion.

## INTRODUCTION

3.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for Defendant to determine plaintiff's motives in alleging this allegation and filing this action.

4.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation and for the reasons set forth below, Defendant hereby asserts his privilege against self-incrimination as protected by the Fifth

LEPISCOPO & ASSOCIATES LAW FIRM

Amendment to the United States Constitution, and, therefore, refuses to provide any response to this allegation because it would subject him to possible criminal prosecution under 18 U.S.C. § 1343 and 18 U.S.C. § 1341. Specifically, it has been disclosed that the Bureau considers Defendant to be "the principal bad actor" in the nationwide criminal scheme alleged in the complaint, which alleges what is *prima facie* criminal wire fraud under 18 U.S.C. § 1343 and mail fraud under 18 U.S.C. § 1341 thereby exposing Defendant to significant fines and up to 20-years in federal prison. Further, based upon the actions of the Bureau and its attorneys and investigators and the questions posed by the Bureau's attorneys at Defendant's 5/20/19 Investigational Hearing it is apparent that Defendant is in immediate threat of criminal prosecution and that his disclosures or answers to any allegation in the Complaint would tend to incriminate him. This is further supported by the fact that the Bureau and its attorneys and investigators have the **absolute legal duty** to refer Defendant to the U.S. Attorney for criminal prosecution. Specifically, 12 U.S.C. § 5566 provides (emphasis added): "If the Bureau obtains evidence that any person, domestic or foreign, has engaged in conduct that may constitute a violation of Federal criminal law, the Bureau **<u>shall</u>** transmit such evidence to the Attorney General of the United States, who may institute criminal proceedings under appropriate law. Nothing in this section affects any other authority of the Bureau to disclose information." This response is further informed by the FTC Criminal

LEPISCOPO & ASSOCIATES LAW FIRM

Liaison Unit's stated Civil and Criminal Cooperation policy to employ the Bureau to use civil processes, such as the civil investigative demands and the 5/20/19 Investigational Hearing in this case, to search for evidence for the express purpose of initiating **criminal** prosecutions. This is simply the circumvention of the Fourth Amendment's Search and Seizure Clause, which requires probable cause to gather criminal evidence from the target of an investigation. In its relevant part, the policy reads: "The FTC's Criminal Liaison Unit **helps prosecutors bring more criminal** consumer fraud cases . . . In many of its cases, the **FTC often develops evidence** that proves these defendants knew about the fraud. **That evidence often supports criminal fraud prosecutions . . . FTC partners with the U.S. Department of Justice, U.S. Attorneys and other federal and state criminal law enforcers to stop consumer fraud.**" This response is further informed by FTC Press Releases, which make it clear that the agency's policy is to be a criminal investigatory arm of not only federal prosecutors but also state and local prosecutors—the FTC believes it is the Nation's **criminal** investigation agency: "The FTC is a civil law enforcement agency. That means that, while we can't put people in jail, **many of our partners can and do**, including the U.S. Department of Justice, U.S. Attorneys, and other federal, **state, and local criminal law enforcers. When FTC cases include behavior that also violates criminal laws, <u>we let criminal prosecutors know</u>.**" This response is further informed by the FTC's boasting about how the Criminal

LEPISCOPO & ASSOCIATES LAW FIRM

Liaison Unit's stated Civil and Criminal Cooperation policy of using the civil arm of the agency, such as the Bureau, to use civil process to find evidence against perceived targets—such as Mr. Nesheiwat—in order to provide it to federal prosecutors for criminal prosecution. For example, for **2018**, the Civil and Criminal Cooperation policy yielded the following results: "Criminal Liaison Unit Results. **Prosecutors who partner with the FTC** get significant results. In FY **2018** prosecutors: "Relied on **FTC information** and support to **charge 28 new** defendants Obtained **52 convictions or guilty pleas** in new or pending cases obtained sentences against **80 individuals** in new or pending cases with an average length of 58 months." This response is also informed by legal precedent such as the 1965 U.S. Supreme Court decision in *Griffin v. California*, 380 U.S. 609, 612 (1965) ("*Griffin*"), wherein the Court held that the Fifth Amendment privilege against compelled self-incrimination prohibits judges and prosecutors from pointing to a defendant's failure to testify as substantive evidence of guilt. That is to say, *Griffin* prohibits any "adverse comment" because it creates a constitutionally prohibited negative inference—*i.e.*, that the defendant is hiding something. Thus, the Court in *Griffin* held that this assumption amounts to an unfair penalty on a defendant's invocation of a constitutionally protected right. This response is further informed by a follow-up case, *Carter v. Kentucky*, 450 U.S. 288 (1981) ("*Carter*"), wherein the Supreme Court held that a criminal defendant remaining silent at trial has a right to

a jury instruction that his silence is not evidence of his guilt. Specifically, invoking his Fifth Amendment privilege against compulsory self-incrimination, the defendant elected not to take the stand at his state criminal trial and requested a jury instruction that "[t]*he defendant is not compelled to testify and the fact that he does not cannot be used as an inference of guilt and should not prejudice him in any way*." The trial judge refused defendant's request. The Supreme Court held that the trial court's refusal to issue this no "adverse inference" instruction was reversible error. Thus, the Bureau attorneys' threat during the Investigational Hearing that they would assume the allegations against Mr. Nesheiwat were true—*i.e.*, draw a negative inference—because he chose to assert his constitutionally protected Fifth Amendment privilege against self-incrimination was improper and not supported by the law. Finally, this response is further informed by 9th Circuit Model Criminal Jury Instruction Manual, http://www3.ce9.uscourts.gov/jury-instructions/model-criminal, Jury Instruction 3.3 (emphasis added): "3.3 DEFENDANT'S DECISION NOT TO TESTIFY A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the **law prohibits you from considering in any manner that the defendant did not testify**." [1]

---

[1]     Hereinafter, and in order to conserve space, the entire response in this Paragraph 4 shall hereinafter be incorporated by reference into each response, as though fully set forth therein, and shall be referred by the following shorthand: "*Defendant hereby responds to the allegations of this*

5.     Defendant has no duty to provide a response as to whether this allegation is true or correct because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

6.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

7.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for Defendant to determine plaintiff's motives in alleging this allegation and filing this action.

8.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law.

---

*paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.*"

9.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law.

## **DEFENDANTS AND RELIEF DEFENDANTS**

10.    To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

11.    To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

12.    To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

13.    To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

14.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

15.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

16.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

17.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

18.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

LEPISCOPO & ASSOCIATES LAW FIRM

19.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

20.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

21.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

22.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

23.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

24.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

25.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

26.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

27.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

28.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

29.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

30.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

31.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

32.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

33.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

LEPISCOPO & ASSOCIATES LAW FIRM

34.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

35.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

36.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

37.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

38.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

39.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

40.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

41.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

42.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

43.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

44.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

45.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

46.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

47.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

48.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

49.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

50.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

51.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## FACTS

### Monster Loans' Purchases of Prescreened Lists

52.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

53.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

LEPISCOPO & ASSOCIATES LAW FIRM

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

54.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

55.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

56.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

57.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

58.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

59.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

60.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

61.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

62.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

63.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

LEPISCOPO & ASSOCIATES LAW FIRM

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## Lend Tech's Purchases of Prescreened Lists

64.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

65.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

66.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

67.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

68.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

69.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

70.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

71.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

72.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

73.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

74.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

75.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

76.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

77.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

78.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

79.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## Student Loan Consolidations, Repayment Programs,
## and Forgiveness Programs

80.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

81.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby

responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

82.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

83.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

**The Student Loan Debt Relief Companies and Docs Done Right**

84.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

85.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

86.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

87.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

88.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

89.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

90.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

91.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## Misrepresentations about Lower Interest Rates

92.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

93.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby

responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

94.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

95.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

96.     Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

97.     To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

98.    Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

### Misrepresentations about Improved Credit Scores

99.    To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

100.    Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

101.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

102.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

**Misrepresentations that ED Would Become Consumers' "New Servicer"**

103.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

104.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

105.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might

be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

### Collection of Advance Fees

106.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

107.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

108.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

109.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

LEPISCOPO & ASSOCIATES LAW FIRM

110.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

111.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

**Role of Individual Defendants in Deceptive Representations**

**and Charging of Advance Fees**

112.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

113.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

114.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

115.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

116.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

117.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

118.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

119.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

120.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

121.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

### Relief Defendants Lawson and XO Media, LLC

122.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

123.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

124.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

125.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

126.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

127.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

128.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

129.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

130.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

131.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

132.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

133.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

134.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

135.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

136.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

137.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

138.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

139.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

140.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

141.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

142.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

143.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

144.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

145.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

146.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

147.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

148.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

LEPISCOPO & ASSOCIATES LAW FIRM

149.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

150.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

151.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

152.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

153.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

154.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

155.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

156.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

157.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

158.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

159.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

160.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

161.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## LEGAL BACKGROUND

### FCRA

162.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

163.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

164.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

165.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

### The TSR

166.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might

be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

167.  Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

168.  Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

169.  Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby

responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

170.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

171.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

172.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

173.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

174.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

175.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

176.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

177.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

178.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

179.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

180.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

**The CFPA**

181.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

182.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

183.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

184.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

185.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

186.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

187.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations

are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

188.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

189.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

190.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby

responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

191.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

192.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

193.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

194.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

195.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

196.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

LEPISCOPO & ASSOCIATES LAW FIRM

# COUNT I

# Violations of FCRA

## (Against Student Loan Debt Relief Companies, Monster Loans, Lend Tech, Chou, Nesheiwat, Cowell, Abdel, Sebreros, Martinez, Sklar, and Hoose)

197.   The responses set forth in Paragraphs 1 to 196 are incorporated here by reference, as though fully set forth herein.

198.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

199.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

200.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations

are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

201.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

202.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## COUNT II

### Advance Fees in Violation of the TSR

**(Against Student Loan Debt Relief Companies, Docs Done Right, Nesheiwat, Sklar, Hoose, Sebreros, and Martinez)**

203.   The responses set forth in Paragraphs 1 to 202 are incorporated here by reference, as though fully set forth herein.

204. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

205. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## COUNT III

**Misrepresentations in Violation of the TSR – Lower Interest Rates**

**(Against Student Loan Debt Relief Companies,**

**Nesheiwat, Sklar, Hoose, and Sebreros)**

206. The responses set forth in Paragraphs 1 to 205 are incorporated here by reference, as though fully set forth herein.

207. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations

LEPISCOPO & ASSOCIATES LAW FIRM

are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

208.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

209.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## COUNT IV

**Misrepresentations in Violation of the TSR – Improved Credit Scores**

**(Against Student Loan Debt Relief Companies,**

**Nesheiwat, Sklar, Hoose, and Sebreros)**

210.   The responses set forth in Paragraphs 1 to 209 are incorporated here by reference, as though fully set forth herein.

211.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

212.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

213.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

214.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

LEPISCOPO & ASSOCIATES LAW FIRM

## COUNT V

## Misrepresentations in Violation of the TSR – New Servicer

## (Against Docu Prep Center, Nesheiwat, Sklar, and Hoose)

215.   The responses set forth in Paragraphs 1 to 214 are incorporated here by reference, as though fully set forth herein.

216.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

217.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

218.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might

be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## COUNT VI

## Substantial Assistance in Violation of the TSR

## (Against Monster Loans and Nesheiwat)

219.   The responses set forth in Paragraphs 1 to 218 are incorporated here by reference, as though fully set forth herein.

220.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

221.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

222.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

223.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

**COUNT VII**

**Deception in Violation of the CFPA – Lower Interest Rates**

**(Against Student Loan Debt Relief Companies,**

**Nesheiwat, Sklar, Hoose, and Sebreros)**

224.   The responses set forth in Paragraphs 1 to 223 are incorporated here by reference, as though fully set forth herein.

225.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

226.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

LEPISCOPO & ASSOCIATES LAW FIRM

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

227.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

**COUNT VIII**

**Deception in Violation of the CFPA – Improved Credit Scores**

**(Against Student Loan Debt Relief Companies,**

**Nesheiwat, Sklar, Hoose, and Sebreros)**

228.   The responses set forth in Paragraphs 1 to 227 are incorporated here by reference, as though fully set forth herein.

229.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

230.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this

LEPISCOPO & ASSOCIATES LAW FIRM

paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

231.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

232.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## COUNT IX

### Deception in Violation of the CFPA – New Servicer

### (Against Docu Prep Center, Nesheiwat, Sklar, and Hoose)

233.   The responses set forth in Paragraphs 1 to 232 are incorporated here by reference, as though fully set forth herein.

234.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might

LEPISCOPO & ASSOCIATES LAW FIRM

be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

235.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

236.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

**COUNT X**

**Substantial Assistance in Violation of the CFPA**

**(Against Monster Loans and Nesheiwat)**

237.   The responses set forth in Paragraphs 1 to 236 are incorporated here by reference, as though fully set forth herein.

238.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations

LEPISCOPO & ASSOCIATES LAW FIRM

are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

239.   To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

240.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

**COUNT XI**

**CFPA Violations Based on Violations of FCRA and TSR**

**(Against Student Loan Debt Relief Companies, Monster Loans,**

**Lend Tech, Docs Done Right, Chou, Nesheiwat, Cowell,**

**Abdel, Sebreros, Martinez, Sklar, and Hoose)**

241.   The responses set forth in Paragraphs 1 to 240 are incorporated here by reference, as though fully set forth herein.

242.  Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

243.  Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

244.  Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

245.  Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations

are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

246. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

247. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

248. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby

responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## COUNT XII

## Relief Defendants

249.   The responses set forth in Paragraphs 1 to 248 are incorporated here by reference, as though fully set forth herein.

250.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

251.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

252.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations

are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

253.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

254.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

255.   Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby

responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

256. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## DEMAND FOR RELIEF

a. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

b. Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby

responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

c.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

d.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

e.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

f.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

g.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

h.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

i.      Defendant has no duty to provide a response as to whether this allegation is true or false because it calls for a legal conclusion and the allegations

are conclusions of law and statements of opinion. To the extent that Defendant might be deemed to be required to provide a response to this allegation, Defendant hereby responds to the allegations of this paragraph in the Complaint by asserting his Fifth Amendment privilege against self-incrimination.

## AFFIRMATIVE DEFENSES

Without waiving his Fifth Amendment privilege against self-incrimination, Defendant hereby preserves and reserves his right to assert the following affirmative defenses:

### FIRST DEFENSE

### (Failure to State a Claim)

1.    Plaintiff's Complaint and each of its counts fail to state a claim upon which relief can be granted against these answering Defendant.

### SECOND DEFENSE

### (Standing)

2.    Plaintiff's Complaint and each of its counts fail to state a claim because plaintiff lacks standing to assert those claims.

### THIRD DEFENSE

### (State of Limitations)

3.    Plaintiff's Complaint and each of its counts are barred by the applicable statute of limitations.

**FOURTH DEFENSE**

**(Laches)**

4.     Plaintiff's Complaint and each of its counts therein are barred by the doctrine of laches.

**FIFTH DEFENSE**

**(Unclean Hands)**

5.     Plaintiff's Complaint and each of its counts and request for injunctive relief is barred by the doctrine of unclean hands.

**SIXTH DEFENSE**

**(Lack of Consideration)**

6.     Plaintiff's Complaint and each of its counts is barred by lack of consideration.

**SEVENTH DEFENSE**

**(Unconstitutionality of Bureau; Lack of Jurisdiction under Article III)**

7.     If the Ninth Circuit in *Sheila 9th Circuit* declares the Consumer Financial Protection Bureau's actions not subject to ratification or otherwise without constitutional authority, then this Court will no longer have jurisdiction over this case under Article III and the Bureau will lack standing to maintain this action, and, therefore, this case—upon motion of any party or *sua sponte*—must be dismissed.

Accordingly, defendant Jawad Nesheiwat hereby reserves the right to withdraw this answer and file a dispositive motion.

## EIGHTH DEFENSE

### (Reservation of Defenses)

8.    Defendant do not presently know all of the facts and circumstances respecting Plaintiff's claims, and therefore reserve the right to amend this answer should they later discover information demonstrating the existence of additional affirmative defenses.

## PRAYER

Wherefore, Defendant Demands for Jury Trial and prays for judgment as follows:

1.    That this action be dismissed if the Ninth Circuit in *Sheila 9th Circuit* declares the Consumer Financial Protection Bureau's actions not subject to ratification or otherwise without constitutional authority, then this Court will no longer have jurisdiction over this case under Article III and the Bureau will lack standing to maintain this action;

2.    That Plaintiff take nothing by way of its Complaint as against answering Defendant;

3.    That judgment be entered in favor of answering Defendant;

4.    That answering Defendant recover his costs; and

LEPISCOPO & ASSOCIATES LAW FIRM

5.     For such other and further relief as the Court deems just and proper.


Dated:  September 15, 2020.          LEPISCOPO & ASSOCIATES LAW FIRM

                                      By:  /s/ Peter D. Lepiscopo
                                           **PETER D. LEPISCOPO**
                                           *Counsel of Record*
                                           Attorneys  for  Defendant,  **JAWAD
                                           NESHEIWAT**

## CERTIFICATE OF SERVICE

## DOCUMENTS SERVED

I, Peter D. Lepiscopo, counsel of record for defendant, Jawad Nesheiwat, hereby certify that the following documents have been served in the manner set forth below:

**1. JAWAD NESHEIWAT'S ANSWER TO UNVERIFIED SECOND AMENDED COMPLAINT**

## CERTIFICATE OF SERVICE—CM/ECF

I hereby certify that true and correct copies of the foregoing documents have been served on the Court and all counsel of record, who have appeared in this action, via the Court's electronic filing system on September 15, 2020.

## CERTIFICATE OF SERVICE—ELECTRONIC MAIL

I hereby certify that pursuant to Local Rule 5-3.2.1 that on this day, September 15, 2020, I caused to be served by e-mail[2] the foregoing document(s) on each of the following parties:

**1. Bilal Abdelfattah a/k/a Belal Abdelfattah a/k/a Bill Abdel**
**c/o Nader Nuru, counsel for Bilal Abdelfattah**
13668 Heatherwood Dr.
Corona, CA 92880
E-mail address: nadernurulaw@gmail.com

---

[2]   Each of the listed parties have consented in writing to accept service of filings in this matter via e-mail until they have filed notices of appearance. See Fed. R. Civ. P. 5(b)(2)(F).

LEPISCOPO & ASSOCIATES LAW FIRM

**2. Thomas Chou**
c/o Sean P. Burke, counsel for Thomas Chou
Mattingly Burke Cohen & Biederman LLP
155 East Market Street, Suite 400
Indianapolis, IN 46204
E-mail address: Sean.Burke@mbcblaw.com

**3. Chou Team Realty, LLC**
c/o Sean P. Burke, counsel for Chou Team Realty, LLC
Mattingly Burke Cohen & Biederman LLP
155 East Market Street, Suite 400
Indianapolis, IN 46204
E-mail address: Sean.Burke@mbcblaw.com

**4. Sean Cowell**
c/o Sean P. Burke, counsel for Sean Cowell
Mattingly Burke Cohen & Biederman LLP
155 East Market Street, Suite 400
Indianapolis, IN 46204
E-mail address: Sean.Burke@mbcblaw.com

**5. Cre8Labs, Inc.**
c/o Sean P. Burke, counsel for Cre8labs, Inc.
Mattingly Burke Cohen & Biederman LLP
155 East Market Street, Suite 400
Indianapolis, IN 46204
E-mail address: Sean.Burke@mbcblaw.com

**6. TDK Enterprises, LLC**
c/o Sean P. Burke, counsel for TDK Enterprises, LLC
Mattingly Burke Cohen & Biederman LLP
155 East Market Street, Suite 400
Indianapolis, IN 46204
E-mail address: Sean.Burke@mbcblaw.com

**7. Robert Hoose**
c/o Joshua M. Robbins, counsel for Robert Hoose
Greenberg Gross LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626  E-mail address: JRobbins@GGTrialLaw.com

LEPISCOPO & ASSOCIATES LAW FIRM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**8. Docu Prep Center, Inc.**
c/o Joshua M. Robbins, counsel for Docu Prep Center, Inc.'s
agent for service of process Robert Hoose
Greenberg Gross LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
E-mail address: JRobbins@GGTrialLaw.com

**9. Document Preparation Services, LP**
c/o Joshua M. Robbins, counsel for Document Preparation
Services, LP's agent for service of process Robert Hoose
Greenberg Gross LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
E-mail address: JRobbins@GGTrialLaw.com

**10. Kenneth Lawson**
c/o William Rothbard, counsel for Kenneth Lawson
Law Offices of William I. Rothbard
2333 Canyonback Road
Los Angeles, California 90049
E-mail address: bill@rothbardlaw.com

**11. XO Media, LLC**
c/o William Rothbard, counsel for XO Media, LLC
Law Offices of William I. Rothbard
2333 Canyonback Road
Los Angeles, California 90049
E-mail address: bill@rothbardlaw.com

**12. David Sklar**
c/o David Holt
The Holt Law Firm
1432 Edinger Avenue, Ste. 130
Tustin, CA 92780
E-mail address: dholt@holtlawoc.com

**13. Assure Direct Services, LP**
c/o David Holt
The Holt Law Firm

JAWAD NESHEIWAT'S ANSWER TO UNVERIFIED SECOND AMENDED COMPLAINT
77

LEPISCOPO & ASSOCIATES LAW FIRM

1432 Edinger Avenue, Ste. 130
Tustin, CA 92780
E-mail address: dholt@holtlawoc.com

**14. Docs Done Right, Inc.**
c/o David Holt, counsel for Docs Done Right, Inc.
The Holt Law Firm
1432 Edinger Avenue, Ste. 130
Tustin, CA 92780
E-mail address: dholt@holtlawoc.com

**15. Docs Done Right, LP**
c/o David Holt, counsel for Docs Done Right, LP
The Holt Law Firm
1432 Edinger Avenue, Ste. 130
Tustin, CA 92780
E-mail address: dholt@holtlawoc.com

**16. Lend Tech Loans, Inc.**
c/o David Holt, counsel for Lend Tech Loans, Inc.
The Holt Law Firm
1432 Edinger Avenue, Ste. 130
Tustin, CA 92780
E-mail address: dholt@holtlawoc.com

**17. Eduardo Martinez**
c/o David Holt, counsel for Eduardo Martinez
The Holt Law Firm
1432 Edinger Avenue, Ste. 130
Tustin, CA 92780
E-mail address: dholt@holtlawoc.com

Dated: September 15, 2020.                    Respectfully submitted,

                                              /s/ Peter D. Lepiscopo        .
                                              **PETER D. LEPISCOPO**
                                               *Counsel of Record*

                                              Attorneys for Defendant, **JAWAD
                                              NESHEIWAT**