FILED
CLERK, U.S. DISTRICT COURT

October 19, 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____VPC_____ DEPUTY

1  COLIN REARDON (NY Bar #4945655)
   E-mail: colin.reardon@cfpb.gov
2  Phone: (202) 435-9668
   E. VANESSA ASSAE-BILLE (NY Bar #5165501)
3  E-mail: elisabeth.assae-bille@cfpb.gov
   Phone: (202) 435-7688
4  1700 G Street, NW
   Washington, D.C. 20552
5  Fax: (202) 435-5471

6  LEANNE E. HARTMANN (CA Bar #264787) – Local Counsel
   E-mail: leanne.hartmann@cfpb.gov
7  Phone: (415) 844-9787
   301 Howard St., Suite 1200
8  San Francisco, CA 94105
   Fax: (415) 844-9788
9
   *Attorneys for Plaintiff Bureau of Consumer Financial Protection*
10

11              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
12

13  Bureau of Consumer Financial Protection,  )
                                              )   Case No.: 8-20-cv-00043-SB-ADS
14              Plaintiff,                     )
                                              )   [PROPOSED] STIPULATED FINAL
15              vs.                            )   JUDGMENT AND ORDER AS TO
                                              )   KENNETH LAWSON AND XO MEDIA,
16  Chou Team Realty, LLC, et al.,            )   LLC
                                              )
17              Defendants.                   )
                                              )
18  _____     )

19

20          The Bureau of Consumer Financial Protection (Bureau) commenced this

21  civil action on January 9, 2020, to obtain injunctive relief, redress, damages,

22  civil penalties, and disgorgement. The Second Amended Complaint alleges that,

23  in connection with providing debt-relief services to consumers with student

24  loans, certain entities and individuals violated the Fair Credit Reporting Act

25  (FCRA), 15 U.S.C. § 1681; the Telemarketing Sales Rule (TSR), 16 C.F.R. Part

26  310; and the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C.

27  §§ 5531(a), 5536(a)(1)(A). The Second Amended Complaint also alleges that

28

Relief Defendants Kenneth Lawson and XO Media, LLC received distributions of profits traceable to funds obtained through violations of the FCRA, the CFPA, and the TSR by the Student Loan Debt Relief Companies.

The Bureau and Relief Defendants Lawson and XO Media, LLC agree to entry of this Stipulated Final Judgment and Order (Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute between these parties arising from the conduct alleged in the Second Amended Complaint.

THEREFORE, it is ORDERED:

## FINDINGS

1.      This Court has jurisdiction over the parties and the subject matter of this action.

2.      Venue is proper in this district under 12 U.S.C. § 5564(f).

3.      The relief provided in this Order is appropriate and available pursuant to sections 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564, 5565.

4.      Relief Defendants neither admit nor deny any allegations in the Second Amended Complaint, except as specified in this Order. For purposes of this Order, Relief Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

5.      Relief Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

6.      Entry of this Order is in the public interest.

**DEFINITIONS**

7.    The following definitions apply to this Order:

   a.  "Affected Consumers" includes all consumers who, since January 1, 2015, were charged fees by any of the Student Loan Debt Relief Companies.

   b.  "Corporate Relief Defendant" means XO Media, LLC, and its successors and assigns.

   c.  "Effective Date" means the date on which the Order is entered.

   d.  "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegate.

   e.  "Individual Relief Defendant" means Kenneth Lawson, and any other name by which he might be known.

   f.  "Relief Defendants" means the Individual Relief Defendant and the Corporate Relief Defendant, individually, collectively, or in any combination.

   g.  "Student Loan Debt Relief Companies" means Docu Prep Center, Inc., d/b/a DocuPrep Center, d/b/a Certified Document Center; Document Preparation Services, LP, d/b/a DocuPrep Center, d/b/a Certified Document Center; Certified Doc Prep, Inc.; Certified Doc Prep Services, LP; Assure Direct Services, Inc.; Assure Direct Services, LP; Direct Document Solutions, Inc.; Direct Document Solutions, LP; Secure Preparation Services, Inc.; Secure Preparation Services, LP, and their successors and assigns, individually, collectively, or in any combination.

# ORDER

## MONETARY PROVISION

### I.

### Order to Pay Redress

**IT IS FURTHER ORDERED** that:

8.     A judgment for monetary relief is entered in favor of the Bureau and against Relief Defendants, jointly and severally, in the amount of $200,000, such amount being for the purpose of providing redress to Affected Consumers.

9.     Within 10 days of the Effective Date, Relief Defendants must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, $200,000, in full satisfaction of the judgment as ordered in Paragraph 8 of this Section

10.     Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for Affected Consumers, including, but not limited to, refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

11.     If the Bureau determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or if funds remain after redress is completed, the money will not revert to Relief Defendants. Relief Defendants will have no right to challenge any actions that the Bureau or its representatives may take under this Section.

12.     Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

13.     In the event of any default on Relief Defendants' obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as

1 | amended, will accrue on any outstanding amounts not paid from the date of

2 | default to the date of payment, and will immediately become due and payable.

3 |      14.    Relief Defendants relinquish all dominion, control, title to the

4 | funds paid under this Order to the fullest extent permitted by law. No part of the

5 | funds may be returned to Relief Defendants.

6 |      15.    The facts alleged in the Second Amended Complaint will be taken

7 | as true and be given collateral estoppel effect, without further proof, in any

8 | proceeding based on the entry of the Order, or in any subsequent civil litigation

9 | by, or on behalf of the Bureau, including in a proceeding to enforce its rights to

10 | any payment or monetary judgment under this Order, such as a

11 | nondischargeability complaint in any bankruptcy case.

12 |      16.    The facts alleged in the Second Amended Complaint establish all

13 | elements necessary to sustain an action by the Bureau under Section

14 | 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A). For such

15 | purposes, this Order will have collateral estoppel effect against each Relief

16 | Defendant, even in such Relief Defendant's capacity as debtor-in-possession.

17 |      17.    Under 31 U.S.C. § 7701, Relief Defendants, unless they already

18 | have done so, must furnish to the Bureau their taxpayer-identification numbers,

19 | which may be used for purposes of collecting and reporting on any delinquent

20 | amount arising out of this Order.

21 |      18.    Under Section 604(a)(1) of FCRA, 15 U.S.C.§ 1681b(a)(1), any

22 | Consumer Reporting Agency may furnish a Consumer Report concerning any

23 | Relief Defendant to the Bureau, which may be used for purposes of collecting

24 | and reporting on any delinquent amount arising out of this Order.

25 |

26 |

27 |

28 |

1

## COMPLIANCE PROVISIONS

2

## II.

3

## Notices

4  **IT IS FURTHER ORDERED** that:

5        19.    Unless otherwise directed in writing by the Bureau, Relief

6  Defendants must provide all submissions, requests, communications, or other

7  documents relating to this Order in writing, with the subject line, "*CFPB v.*

8  *Chou Team Realty, LLC, et al.*, Case No. 8:20-cv-00043-JVS-ADS," and send

9  them by overnight courier or first-class mail to the below address, and

10  contemporaneously by email to Enforcement_Compliance@cfpb.gov:

11        Assistant Director for Enforcement

12        Bureau of Consumer Financial Protection

13        ATTENTION: Office of Enforcement

14        1700 G Street, N.W.

15        Washington D.C. 20552

16

17                                III.

18                    **Retention of Jurisdiction**

19  **IT IS FURTHER ORDERED** that:

20        20.    The Court will retain jurisdiction of this matter for the purpose of

21  enforcing this Order.

22

23

24

25

26

27

28

1  **IT IS SO ORDERED**.

2

3  DATED this __19th__ day of __Oct.__ , 2020.

4

5

6  

7  Hon. Stanley Blumenfeld, Jr.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28