COLIN REARDON (NY Bar #4945655)
E-mail: colin.reardon@cfpb.gov
Phone: (202) 435-9668
E. VANESSA ASSAE-BILLE (NY Bar #5165501)
E-mail: elisabeth.assae-bille@cfpb.gov
Phone: (202) 435-7688
1700 G Street, NW
Washington, D.C. 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar #264787) – Local Counsel
E-mail: leanne.hartmann@cfpb.gov
Phone: (415) 844-9787
301 Howard St., Suite 1200
San Francisco, CA 94105
Fax: (415) 844-9788

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br>Plaintiff,<br>vs.<br>Chou Team Realty, LLC, et al.,<br>Defendants. | Case No.: 8-20-cv-00043-SB-ADS<br><br>[PROPOSED] STIPULATED FINAL JUDGMENT AND ORDER AS TO LEND TECH LOANS, INC. |

The Bureau of Consumer Financial Protection (Bureau) commenced this civil action on January 9, 2020, to obtain injunctive relief, redress, civil penalties, and disgorgement. The Second Amended Complaint alleges that, in connection with providing Debt-Relief Services to consumers with student loans, certain entities and individuals violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681; the Telemarketing Sales Rule (TSR), 16 C.F.R. Part 310; and the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a)(1)(A). The Second Amended Complaint alleges that Defendant Lend Tech Loans, Inc. ("Lend Tech") was a sham entity that

violated FCRA by obtaining consumer reports for the purpose of marketing debt relief services.

The Bureau and Defendant Lend Tech agree to entry of this Stipulated Final Judgment and Order (Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute between these parties.

**THEREFORE**, it is **ORDERED:**

## FINDINGS

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Venue is proper in this district under 12 U.S.C. § 5564(f).

3. The relief provided in this Order is appropriate and available under Sections 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564, 5565.

4. Defendant neither admits nor denies any allegations in the Complaint, except as specified in this Order. For purposes of this Order, Defendant admits the facts necessary to establish the Court's jurisdiction over it and the subject matter of this action.

5. Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

6. Entry of this Order is in the public interest.

## DEFINITIONS

7. The following definitions apply to this Order:

   a. "Consumer Financial Product or Service" is synonymous in meaning and equal in scope to the definition of the term in the CFPA, 12 U.S.C. § 5481(5), and, subject to applicable

restrictions contained in the CFPA, includes but is not limited to:

i. extending credit and servicing loans, including acquiring, purchasing, selling, brokering, or other extensions of credit (other than solely extending commercial credit to a person who originates consumer credit transactions);

ii. providing financial advisory services to consumers on individual consumer financial matters or relating to proprietary financial products or services, including providing credit counseling to any consumer or providing services to assist a consumer with debt management or debt settlement, modifying the terms of any extension of credit, or avoiding foreclosure; and

iii. engaging in deposit-taking activities, transmitting or exchanging funds, or otherwise acting as a custodian of funds or any financial instrument for use by or on behalf of a consumer.

b. "Consumer Report" means a "consumer report," as that term is defined in Section 603(d) of FCRA, 15 U.S.C. § 1681a(d).

c. "Consumer Reporting Agency" means a "consumer reporting agency," as that term is defined in Section 603(f) of FCRA, 15 U.S.C. § 1681a(f).

d. "Defendant" means Lend Tech Loans, Inc., and its successors and assigns.

e. "Effective Date" means the date on which the Order is issued.

f. "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegate.

g. "Prescreened Consumer Reports" means Consumer Reports relating to consumers furnished by a Consumer Reporting Agency in connection with credit or insurance transactions that are not initiated by the consumers, pursuant to 15 U.S.C. § 1681b(c).

h. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendant based on substantially the same facts as described in the Complaint.

**ORDER**

**CONDUCT RELIEF**

**I.**

**Corporate Dissolution**

**IT IS ORDERED that:**

8. Defendant shall promptly take the steps necessary to cause Defendant to be dissolved and to cease to exist as a corporate entity.

9. Defendant shall not take any steps that would result in the emergence of a successor company, including a sale, merger, or assignment.

**II.**

**Ban on Offering or Providing Consumer Financial Products or Services**

10. Defendant, whether acting directly or indirectly, is restrained and enjoined from offering or providing any Consumer Financial Product or Service. Nothing in this Order shall be read as an exception to this Paragraph.

**III.**

**Ban on Using or Obtaining Consumer Reports**

**IT IS ORDERED that:**

11. Defendant, whether acting directly or indirectly, is restrained and enjoined from using, obtaining, offering, providing, selling, or arranging for

others to use or obtain Consumer Reports for any purpose. Nothing in this Order shall be read as an exception to this Paragraph.

**IV.**

**Consumer Information**

**IT IS ORDERED** that:

12. Defendant and its owner, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, may not disclose, use, or benefit from consumer information, including the name, address, or any information about the consumer's student loans, contained in or derived from Prescreened Consumer Reports obtained by Defendant.

*However*, this Order does not prohibit the disclosure of consumer information if lawfully requested by a government agency or required by law, regulation, or court order.

**MONETARY PROVISIONS**

**V.**

**Order to Pay Civil Money Penalty**

**IT IS FURTHER ORDERED** that:

13. Under Section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged against Defendant in the Complaint, and taking into account the factors in 12 U.S.C. § 5565(c)(3), Defendant must pay a civil money penalty of $1 to the Bureau. This nominal penalty is based on Defendant's limited ability to pay as attested to in the Financial Statement of Defendant, including the attachments, executed on December 4, 2020, and submitted to the Bureau on or about December 7, 2020.

14. Within 10 days of the Effective Date, Defendant must pay the civil money penalties in Paragraph 13 by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

15. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau, as required by Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

16. Defendant must treat the civil money penalties paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendant may not:

a. claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Consent Order; or

b. seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

17. Defendant agrees that the civil penalty imposed by the Order represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, thus that it is not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

18. In the event of any default on Defendant's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

19. Defendant relinquishes all dominion, control, title to the funds paid under this Order to the fullest extent permitted by law. No part of the funds may be returned to Defendant.

20. The facts alleged in the Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by, or on behalf of the Bureau, including in a proceeding to enforce its rights to any payment or monetary judgment under this Order, such as a nondischargeability complaint in any bankruptcy case.

21. Under 31 U.S.C. § 7701, Defendant, unless it already has done so, must furnish to the Bureau his taxpayer-identification numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

22. Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Defendant must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendant paid or is required to pay to consumers, and it must describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendant may not argue that Defendant is entitled to, nor may Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action, or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Defendant based on the civil money penalty paid in this action, or based on any payment that the Bureau makes from the Civil Penalty Fund, Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such

a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

23. Under Section 604(a)(I) of FCRA, 15 U.S.C.§ 1681b(a)(1), any Consumer Reporting Agency may furnish a Consumer Report concerning Defendant to the Bureau, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

**COMPLIANCE PROVISIONS**

**VI.**

**Reporting Requirements**

**IT FURTHER ORDERED** that:

24. Until Defendant has dissolved, Defendant must notify the Bureau of any development that may affect compliance obligations arising under this Order, including any development affecting its ability to dissolve or the timing of its dissolution. Defendant must provide such notice at least 30 days before the development, or as soon as practicable after learning of the development, whichever is sooner.

25. Within 7 days of the Effective Date, Defendant must designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Defendant.

26. Defendant must report any change in the information required to be submitted under Paragraph 25 at least 30 days before the change, or as soon as practicable after learning about the change, whichever is sooner.

27. Within 90 days of the Effective Date, and each 90 days thereafter until it has dissolved, Defendant must submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury ("Compliance Report"), which, at a minimum:

a. lists each applicable paragraph and subparagraph of this Order and describes in detail the manner and form in which such

Defendant has complied with each such paragraph and subparagraph of this Order;

b. describes in detail the manner in which and purposes for which Defendant has used or obtained Consumer Reports; and

c. attaches a copy of each Order Acknowledgment obtained under Section XI, unless previously submitted to the Bureau.

## VII.

## Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED** that,

28. Within 7 days of the Effective Date, Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

29. Within 14 days of the Effective Date, Defendant must deliver a copy of this Order to its owner, as well as any managers, employees, brokers, or other agents and representatives.

30. Defendant must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 14 days of delivery, from all persons receiving a copy of this Order under this Section.

31. Within 30 days of the Effective Date, Defendant must provide the Bureau with a list of all persons and their titles to whom this Order was delivered through that date under Paragraphs 28 and 29 and a copy of all signed and dated statements acknowledging receipt of this Order under Paragraph 30.

## VIII.

## Notices

**IT IS FURTHER ORDERED** that:

32. Unless otherwise directed in writing by the Bureau, Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB v. Chou Team Realty, LLC, et al.*, Case No. 8:20-cv-00043-SB-ADS," and send them by overnight courier or first-class mail to the below address, and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

Assistant Director for Enforcement
Bureau of Consumer Financial Protection
ATTENTION: Office of Enforcement
1700 G Street, N.W.
Washington D.C. 20552

33. The Enforcement Director may, in his or her discretion, modify any non-material requirements of this Order (*e.g.,* reasonable extensions of time and changes to reporting requirements) if he or she determines good cause justifies the modification. Any such modification by the Enforcement Director must be in writing.

## IX.

## Compliance Monitoring

**IT IS FURTHER ORDERED** that, until Defendant has dissolved, to monitor Defendant's compliance with this Order:

34. Within 14 days of receipt of a written request from the Bureau, Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; provide testimony; or produce documents.

35. For purposes of this Section, the Bureau may communicate directly with the Defendant, unless the Defendant retains counsel related to these communications.

36. Defendant must permit Bureau representatives to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

37. Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

**X.**

**Retention of Jurisdiction**

**IT IS FURTHER ORDERED** that:

38. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

**IT IS SO ORDERED**.

DATED this ___ day of _____, 2021.

Hon. Stanley Blumenfeld, Jr.