UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 8:20-cv-00043-SB-ADS | Date: | April 8, 2021 |
|---|---|---|---|

| Title: | *Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**  ORDER ON JOINT MOTION TO ADJUST CASE SCHEDULE AND EXTEND PAGE LIMITS

In a joint motion (Dkt. No. 169-1) (Jt. Mot.), Plaintiff Bureau of Consumer Financial Protection (Bureau) and Defendants Docs Done Right, Inc.; Docs Done Right, LP; Lend Tech Loans, Inc.; Eduardo Martinez; David Sklar; and Frank Anthony Sebreros (collectively, Moving Parties) seek a modification to the case schedule. The Moving Parties also propose a modified briefing schedule for summary judgment; and the Bureau seeks to extend the page limits for its own motion and subsequent reply from 25 to 40 pages. The Joint Motion is opposed in part by Defendant Jawad Nesheiwat. Dkt. No. 170 (Opp.).

Rule 16(b)(4) allows a schedule to be modified for good cause and with the judge's consent. The Court finds—and Nesheiwat does not dispute—that there is good cause to continue the deadlines. While Nesheiwat's counsel seeks to vary those dates by a week (to accommodate his planned vacation), the Moving Parties state that the proposed dates are more convenient for them and their counsel than those Nesheiwat suggests in his Opposition. Dkt. No. 171 at 1. Nesheiwat's counsel conclusorily states that the additional time is requested "to protect Mr.

Nesheiwat's substantive and procedural due process rights." Dkt. No. 170-1 ¶ 6. However, the proposed schedule provides more than enough time (28 days) for counsel to prepare and file an opposition to the Bureau's motion for summary judgment. While Nesheiwat's counsel states that he will be on vacation from June 4 to June 14, this still leaves time to complete the opposition. In fact, counsel plainly intends to have the opposition largely, if not completely, done before he leaves for vacation (or will have assistance in preparing the opposition). This is evident from the fact that he is only requesting that the opposition be due on June 18—a few days after he returns from vacation.[1]

Consequently, the Court adopts the Moving Parties' proposed schedule, set forth immediately below.

| Event | Prior Deadline | New Deadline |
|---|---|---|
| Discovery Deadline - Nonexpert | 3/29/21 | 3/29/21 |
| Pl.'s Summary Judgment Motion Due | 4/16/21 | 5/14/21 |
| Defs.' Oppositions Due | n/a | 6/11/21 |
| Pl.'s Reply Due | n/a | 7/9/21 |
| Motion Hearing Deadline | 5/21/21 | 7/23/21 |
| Motions in Limine | 5/31/21 | 8/16/21 |
| Trial Filings Deadline | 6/21/21 | 9/13/21 |
| Pretrial Conference at 11:00 a.m. | 6/25/21 | 9/17/21 |
| Trial at 8:30 a.m. | 7/12/21 | 10/4/21 |

Turning now to the Bureau's request to extend the page limits for its briefs, the Court again finds good cause to grant the Joint Motion. The Bureau intends to seek summary judgment against multiple Defendants; and doing so will "implicate overlapping but distinct sets of facts based on [Defendants'] different roles in the conduct." Jt. Mot. at 5. Nesheiwat does not oppose this request—so long as he is

---

[1] The Court ordinarily would expect the parties to reasonably accommodate vacations and other such events. But here counsel neglects to explain why it makes sense to extend the deadline to give him a few extra days to work on the opposition after he returns from vacation when he is being given 28 days to oppose.

afforded the same extension.  Opp. at 1.  But while the Bureau must argue the merits of claims against multiple parties, Nesheiwat need only litigate his own case.  He has not shown good cause requiring 40 pages to do so.

      Finally, Nesheiwat announces his intent to move the Court to allow him to file a cross-motion for summary judgment.  Cross-motions for summary judgment are not permitted.  Order re Motions for Summary Judgment ¶ 1(d).  The Bureau has already conferred with other Moving Parties—Defendants Docs Done Right, Martinez, and Sebreros—who agree it would be more efficient for the Bureau to serve as the moving party for summary judgment.  Dkt. No. 169-2 ¶ 5.  Should Nesheiwat also wish to move for summary judgment on the Bureau's claims against him, he may do so in his opposition.

      **IT IS SO ORDERED.**