COLIN REARDON (NY Bar #4945655)
E-mail: colin.reardon@cfpb.gov
Phone: (202) 435-9668
E. VANESSA ASSAE-BILLE (NY Bar #5165501)
E-mail: elisabeth.assae-bille@cfpb.gov
Phone: (202) 435-7688
1700 G Street, NW
Washington, D.C. 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar #264787) – Local Counsel
E-mail: leanne.hartmann@cfpb.gov
Phone: (415) 844-9787
301 Howard St., Suite 1200
San Francisco, CA 94105
Fax: (415) 844-9788

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, | Case No.: 8-20-cv-00043-SB-ADS |
| Plaintiff, | **PLAINTIFF'S NOTICE REGARDING TENTATIVE ORDER ON PENDING APPLICATIONS FOR DEFAULT JUDGMENT** |
| vs. | |
| Chou Team Realty, LLC, et al., | |
| Defendants. | |

Plaintiff Bureau of Consumer Financial Protection ("Bureau") respectfully submits this notice regarding the tentative order on the Bureau's pending default judgment applications. ECF Nos. 166, 168. Specifically, the Bureau believes that the tentative order incorrectly construes the civil penalty provisions in the Consumer Financial Protection Act of 2010 ("CFPA"), and provides the following supplemental analysis of those provisions to aid the Court's consideration of the default judgment applications. Although the Bureau does not request a hearing, Bureau counsel are prepared to address this issue at the April 23, 2021 hearing contemplated by the Court's scheduling notice if that would be helpful to the Court. ECF No. 175.

The CFPA provides that "[a]ny person that violates, through any act or omission, any provision of Federal consumer financial law shall forfeit and pay a civil penalty." 12 U.S.C. § 5565(c)(1). Here, the Bureau seeks penalties under the CFPA's first penalty tier, which provides that "*[f]or any violation* of a law, rule, or final order or condition imposed in writing by the Bureau, a civil penalty may not exceed $5,000 for each day during which *such violation* or failure to pay continues." *Id.* § 5565(c)(2)(A) (emphasis added). Under the CFPA, a "violation" is "any act or omission that, if proved, would constitute a violation of any provision of Federal consumer financial law." *Id.* § 5561(5).

Read together, these provisions mean that the maximum penalty for each separate violation of Federal consumer financial law by the defendants who defaulted in this action is $5000 or $5,953.[1] Each time the SLDR Companies unlawfully collected advance fees from a consumer in violation of the Telemarketing Sales Rule, they committed an "act … that, if proved, would constitute a violation of … Federal consumer financial law," and thus committed a separate "violation" as defined in Section 5561(5). Similarly, each

---

[1] As noted in the tentative order, the first-tier penalty is $5,953 for conduct that occurred on or after November 2, 2015. 12 C.F.R. § 1083.1.

time Bill Abdel unlawfully obtained information about a consumer constituting a "consumer report" under the Fair Credit Reporting Act, he committed an act constituting a violation of Federal consumer financial law, and thus committed a separate violation under the CFPA. Consistent with this language, when calculating the maximum potential penalties in this case, the Court should multiply the number of violations by the SLDR Companies and Abdel by the first-tier penalty of $5000 or $5,953. (As noted in the Bureau's default judgment applications, the mitigating factors in 12 U.S.C. § 5565(c)(3) support imposing less than the maximum penalties under the circumstances here.)

This interpretation of the CFPA's civil penalty provisions is supported by the court's decision in *CFPB v. Siringoringo*, No. 14-cv-1155, 2016 WL 102435 (C.D. Cal. Jan. 7, 2016). There, the court concluded that the Bureau's "proposed $12,000,000 penalty [was] an appropriate maximum penalty." *Id.* at 7. That maximum penalty was calculated by multiplying the CFPA's first-tier penalty of $5,000 by the 2,400 consumers who paid advance fees and were denied a loan modification. *Id.* Notably, the advance fee violations took place "between July 2011 and July 2013," *id.*, or for about two years—meaning that the $12,000,000 maximum penalty exceeded the maximum penalty that would have applied if the court had calculated the penalty by multiplying $5,000 by the number of days that the violations continued.[2]

The Bureau respectfully submits that the civil penalty amounts it has sought against the SLDR Companies and Abdel are appropriate under the CFPA for the reasons explained in the Bureau's default judgment applications. Nonetheless, to the extent the Court believes it would be more appropriate to impose lower penalties under the circumstances here, the Bureau notes that the Court might rely on the statutory mitigating factors as a basis for doing so.

---

[2] Had the court in *Siringoringo* applied that limitation, the maximum penalty would have been about $3,650,000 ($5,000 x 730 days).

Finally, although the Bureau believes the Court should not calculate the maximum penalties against the SLDR Companies and Abdel based solely on the number of days that each category of violations continued, to the extent the Court uses that methodology its tentative penalty calculations for two SLDR Companies—Direct Document Solutions and Secure Preparation Services—would be too high.  Those two companies did not charge advance fees for the full period between January 2017 and March 2018; rather, they began enrolling new customers in April 2017, *see* ECF No. 166-10, and continued charging advance fees until January 2018, *see* ECF No. 166-4 at ¶¶ 10, 13.  Accordingly, the maximum penalty against those companies based on a per-day penalty calculation would be $1,637,075.[3]

Dated: April 16, 2021                    Respectfully Submitted,

Cara Petersen
Acting Enforcement Director

Deborah Morris
Deputy Enforcement Director

Michael G. Salemi
Assistant Litigation Deputy

/s/ Colin Reardon
Colin Reardon (*pro hac vice*)
E. Vanessa Assae-Bille (*pro hac vice*)
Leanne E. Hartmann
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, D.C. 20552

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

---

[3] This figure was calculated by multiplying $5,953 by the number of days between April 17, 2017 and January 17, 2017, which was 275 days.