# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>Plaintiff,<br><br>vs.<br><br>Chou Team Realty, LLC, et al.,<br><br>Defendants. | Case No.: 8-20-cv-00043-SB-ADS<br><br>[PROPOSED] STIPULATED FINAL JUDGMENT AND ORDER AS TO DOCS DONE RIGHT, INC., DOCS DONE RIGHT, LP, AND EDUARDO MARTINEZ |

The Bureau of Consumer Financial Protection (Bureau) commenced this civil action on January 9, 2020, to obtain injunctive relief, redress, damages, civil penalties, and disgorgement. The Second Amended Complaint alleges that, in connection with providing Debt-Relief Services to consumers with student loans, certain entities and individuals, including Defendants Docs Done Right, Inc., Docs Done Right, LP, and Eduardo Martinez, violated the Telemarketing Sales Rule (TSR), 16 C.F.R. Part 310; and the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a)(1)(A). The Second Amended Complaint further alleges that certain entities and individuals, including Eduardo Martinez, violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681.

The Bureau and Docs Done Right, Inc., Docs Done Right, LP, and Eduardo Martinez agree to entry of this Stipulated Final Judgment and Order

(Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute between these parties arising from the conduct alleged in the Second Amended Complaint.

**THEREFORE**, it is **ORDERED**:

## FINDINGS

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Venue is proper in this district under 12 U.S.C. § 5564(f).

3. The relief provided in this Order is appropriate and available under Sections 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564, 5565.

4. Defendants neither admit nor deny any allegations in the Second Amended Complaint, except as specified in this Order. For purposes of this Order, Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

5. Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

6. Entry of this Order is in the public interest.

## DEFINITIONS

7. The following definitions apply to this Order:

    a. "Affected Consumers" includes all consumers who, since December 1, 2015, were charged fees by any of the Student Loan Debt Relief Companies.

    b. "Assisting Others" includes, but is not limited to:

        i. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing

    material, including, but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication;

  ii. providing names of, or contributing to the generation of, potential customers;

  iii. participating in or providing services related to the offering, sale, or delivery of a product or service or the collection of payments for a product or service;

  iv. preparing documents, including application forms, for customers;

  v. providing customer service support functions, including handling consumer complaints and refund requests;

  vi. acting or serving as an owner, officer, director, manager, principal, partner, limited partner, or employee of any entity; and

  vii. investing or loaning money.

c. "Consumer Report" means a "consumer report," as that term is defined in Section 603(d) of FCRA, 15 U.S.C. § 1681a(d).

d. "Consumer Reporting Agency" means a "consumer reporting agency," as that term is defined in Section 603(f) of FCRA, 15 U.S.C. § 1681a(f).

e. "Corporate Defendants" means Docs Done Right, Inc. and Docs Done Right, LP, and their successors and assigns.

f. "Debt-Relief Service" means any product, service, plan, or program represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt, including but not limited to a student loan debt,

mortgage loan debt, credit card debt, or tax debt or obligation, between a person and one or more creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to a creditor or debt collector.

    g. "Defendants" means the Individual Defendant and all of the Corporate Defendants, individually, collectively, or in any combination.

    h. "Effective Date" means the date on which the Order is issued.

    i. "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegate.

    j. "Individual Defendant" means Eduardo Avalos Martinez, and any other names by which he might be known.

    k. "Prescreened Consumer Reports" means Consumer Reports relating to consumers furnished by a Consumer Reporting Agency in connection with credit or insurance transactions that are not initiated by the consumers, pursuant to 15 U.S.C. § 1681b(c).

    l. "Student Loan Debt Relief Companies" means Docu Prep Center, Inc., d/b/a DocuPrep Center, d/b/a Certified Document Center; Document Preparation Services, LP, d/b/a DocuPrep Center, d/b/a Certified Document Center; Certified Doc Prep, Inc.; Certified Doc Prep Services, LP; Assure Direct Services, Inc.; Assure Direct Services, LP; Direct Document Solutions, Inc.; Direct Document Solutions, LP; Secure Preparation Services, Inc.; Secure Preparation Services, LP, and their

successors and assigns, individually, collectively, or in any combination.

m. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendants based on substantially the same facts as described in the Second Amended Complaint.

## ORDER

## CONDUCT RELIEF

## I.

**Permanent Ban on Offering or Providing Debt-Relief Services**

**IT IS ORDERED that:**

8. Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from:

   a. participating in, advertising, marketing, promoting, offering for sale, selling, or providing any Debt-Relief Service; or
   
   b. Assisting Others in, or receiving any remuneration or other consideration from, the provision, advertising, marketing, promoting, offering for sale, sale or production of any Debt-Relief Service.

Nothing in this Order shall be read as an exception to this Paragraph.

## II.

**Permanent Ban on Using or Obtaining Prescreened Consumer Reports**

**IT IS ORDERED that:**

9. Individual Defendant, whether acting directly or indirectly, is permanently restrained and enjoined from using, obtaining, offering, providing, selling, or arranging for others to use or obtain Prescreened Consumer Reports

for any purpose. Nothing in this Order shall be read as an exception to this Paragraph.

## III.
## Permanent Ban on Using or Obtaining Consumer Reports for Any Business Purpose

**IT IS ORDERED that:**

10. Individual Defendant, whether acting directly or indirectly, is permanently restrained and enjoined from using, obtaining, offering, providing, selling, or arranging for others to use or obtain Consumer Reports for any business purpose. Nothing in this Order shall be read as an exception to this Paragraph.

## IV.
## Consumer Information

**IT IS ORDERED** that:

11. Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, may not:

   a. disclose, use, or benefit from consumer information, including the name, address, or any information about the consumer's student loans, contained in or derived from Prescreened Consumer Reports obtained for use in marketing Debt-Relief Services; or

   b. disclose, use, or benefit from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), obtained from or

through the activities of the Student Loan Debt Relief Companies.

*However*, this Order does not prohibit the disclosure of consumer information if lawfully requested by a government agency or required by law, regulation, or court order.

## MONETARY PROVISIONS

## V.

### Order to Pay Redress

**IT IS FURTHER ORDERED** that:

12. A judgment for monetary relief is entered in favor of the Bureau and against Defendants, jointly and severally, in the amount of $18,000,000 for the purpose of providing redress to Affected Consumers; however, payment of this judgment will be suspended upon satisfaction of the obligations in Paragraphs 20 and 21 of Section VII and Paragraphs 255 through 29 and 31 of Section VIII and subject to Section VI of this Order.

13. With regard to any redress that Defendants pay under this Section, if Defendants, directly or indirectly, receive any reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, or if Defendants secure a tax deduction or tax credit with regard to any federal, state, or local tax, Defendants must: (a) immediately notify the Enforcement Director in writing, and (b) within 10 days of receiving the funds or monetary benefit, Defendants must transfer to the Bureau the full amount of such funds or monetary benefit (Additional Payment) to the Bureau or to the Bureau's agent according to the Bureau's wiring instructions. After the Bureau receives the Additional Payment, the amount of the suspended judgment referenced in Paragraph 12 will be reduced by the amount of the Additional Payment and the Additional Payment will be applied toward satisfaction of the monetary judgment entered in Paragraph 12.

14. Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for Affected Consumers, including, but not limited to, refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

15. If the Bureau determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or if funds remain after redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Defendants will have no right to challenge any actions that the Bureau or its representatives may take under this Section.

16. Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

## VI.
**Effect of Misrepresentation or Omission Regarding Financial Condition**

**IT IS FURTHER ORDERED** that:

17. The suspension of the monetary judgment entered in Section V of this Order is expressly premised on the truthfulness, accuracy, and completeness of Defendants' financial statements and supporting documents submitted to the Bureau, which Defendants assert are truthful, accurate, and complete, and which include:

   a. Financial Statement of Docs Done Right, Inc., including the attachments, executed on December 4, 2020, and submitted to the Bureau on or about December 7, 2020;

   b. Financial Statement of Docs Done Right, LP, including the attachments, executed on December 4, 2020, and submitted to the Bureau on or about December 7, 2020;

  c. Financial Statement of Eduardo Martinez, including the attachments, executed on April 14, 2021, and submitted to the Bureau on or above April 14, 2021; and

  d. Supplemental financial information submitted to the Bureau on or about April 29, 2021.

18. If upon motion by the Bureau, the Court determines that Defendants have failed to disclose any material asset, or that their financial statements and supporting documents identified in Paragraph 17 contain any material misrepresentations or omissions, including materially misstating the value of any asset, the Court shall terminate the suspension of the monetary judgment as to Defendants entered in Section V of this Order and the full judgment of $18,000,000 entered shall be immediately due and payable, less any amounts paid to the Bureau under Section V of this Order.

19. If the Court terminates the suspension of the monetary judgment under this Section, the Bureau will be entitled to interest on the Order, computed from the date of entry of this Order, at the rate prescribed by 28 U.S.C. § 1961, as amended, on any outstanding amounts not paid; provided, however, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, provided further, that proceedings instituted under this provision would be in addition to, and not in lieu of any other civil or criminal remedies as may be provided by law, including any other proceedings that the Bureau may initiate to enforce this Order.

## VII.
## Order to Pay Civil Money Penalties

**IT IS FURTHER ORDERED** that:

20. Under Section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Second Amended Complaint, and

taking into account the factors in 12 U.S.C. § 5565(c)(3), Defendants must pay a civil money penalty of $125,000 to the Bureau.

21. Defendants must make the following payments by wire transfer to the Bureau or the Bureau's agent, in compliance with the Bureau's wiring instructions, to satisfy the penalty described in Paragraph 20. Within 10 days of the Effective Date, Defendants must pay $62,500. Within 40 days of the Effective Date, Defendants must pay an additional $62,500.

22. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau, as required by Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

23. Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendants may not:

    a. claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

    b. seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

24. Individual Defendant agrees that the civil penalties imposed by the Order represent civil penalties owed to the United States Government, are not compensation for actual pecuniary loss, and, thus, as to Individual Defendant, the penalties are not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

# VIII.

## Additional Monetary Provisions

25. In the event of any default on Defendants' obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

26. Defendants relinquish all dominion, control, title to the funds paid under this Order to the fullest extent permitted by law. No part of the funds may be returned to Defendants.

27. The facts alleged in the Second Amended Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by, or on behalf of the Bureau, including in a proceeding to enforce its rights to any payment or monetary judgment under this Order, such as a nondischargeability complaint in any bankruptcy case.

28. The facts alleged in the Second Amended Complaint establish all elements necessary to sustain an action by the Bureau under to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A). For such purposes, this Order will have collateral estoppel effect against each Defendant, even in such Defendant's capacity as debtor-in-possession.

29. Under 31 U.S.C. § 7701, Defendants, unless they already have done so, must furnish to the Bureau their taxpayer-identification numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

30. Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Defendants must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendants

paid or are required to pay to consumers, and it must describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendants may not argue that any Defendant is entitled to, nor may any Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action, or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against any Defendant based on the civil money penalty paid in this action, or based on any payment that the Bureau makes from the Civil Penalty Fund, such Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

31. Under Section 604(a)(I) of FCRA, 15 U.S.C.§ 168l b(a)(1), any Consumer Reporting Agency may furnish a Consumer Report concerning any Defendant to the Bureau, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## COMPLIANCE PROVISIONS

## IX.

### Reporting Requirements

**IT FURTHER ORDERED** that:

32. Defendants must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a

subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendants; or a change in Defendants' name or address. Defendants must provide such notice at least 30 days before the development, or as soon as practicable after learning of the development, whichever is sooner.

33. Within 7 days of the Effective Date, each Defendant must:
   a. designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Defendant;
   b. identify all businesses for which Defendant is the majority owner, or that Defendant directly or indirectly controls, by all of their names, telephone numbers, and electronic, physical, and postal addresses;
   c. describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales;
   d. identify Individual Defendant's telephone numbers and all electronic, physical, and postal addresses, including all residences; and
   e. describe in detail Individual Defendant's involvement in any business for which he performs services in any capacity or which he wholly or partially owns, including his title, role, responsibilities, participation, authority, control, and ownership.

34. Defendants must report any change in the information required to be submitted under Paragraph 33 at least 30 days before the change, or as soon as practicable after learning about the change, whichever is sooner.

35. Within 90 days of the Effective Date, and again one year after the Effective Date, each Defendant must submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury ("Compliance Report"), which, at a minimum:

    a. lists each applicable paragraph and subparagraph of this Order and describes in detail the manner and form in which such Defendant has complied with each such paragraph and subparagraph of this Order;

    b. describes in detail the manner in which and purposes for which Defendant has used or obtained Consumer Reports; and

    c. attaches a copy of each Order Acknowledgment obtained under Section X, unless previously submitted to the Bureau.

## X.

## Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED** that,

36. Within 7 days of the Effective Date, each Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

37. Within 30 days of the Effective Date, Corporate Defendants and Individual Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to each of its owners, board members, officers, LLC members and managers, and general and limited partners, as well as any managers, employees, or other agents and representatives who have responsibilities related to Consumer Reports.

38. Corporate Defendants and Individual Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to any business entity resulting from any

change in structure referred to in Section IX, any future owners, board members, officers, LLC members and managers, and general and limited partners, as well as any managers, employees, or other agents and representatives who will have responsibilities related to Consumer Reports before they assume their responsibilities.

39. Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

40. Within 90 days of the Effective Date, Defendants must provide the Bureau with a list of all persons and their titles to whom this Order was delivered through that date under Paragraphs 37 and 38 and a copy of all signed and dated statements acknowledging receipt of this Order under Paragraph 39.

## XI.

## Recordkeeping

**IT IS FURTHER ORDERED** that,

41. Corporate Defendants and Individual Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must create all documents and business records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau. Defendants must retain these documents for at least 10 years after creation and make them available to the Bureau upon the Bureau's request.

42. Corporate Defendants and Individual Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must maintain, for 10 years from the Effective Date, or 10 years after creation, whichever is longer:

    a. all records concerning Consumer Reports used or obtained,

        including without limitation FCRA certifications, payment records, training materials, internal communications, and communications with consumer reporting agencies, service providers, and consumers;

    b. all consumer complaints and refund requests (whether received directly or indirectly, such as through a third party), and any responses to those complaints or requests;

    c. records showing, for each employee that has used or obtained Consumer Reports, that person's: name; telephone number; email, physical, and postal address; job title or position; dates of service; and, if applicable, the reason for termination; and

    d. records showing, for each Consumer Reporting Agency providing Consumer Reports, the name of a point of contact, and that person's telephone number; email, physical, and postal address; job title or position; and dates of service.

Defendants must make these materials available to the Bureau upon the Bureau's request.

## XII.
## Notices

**IT IS FURTHER ORDERED** that:

    43. Unless otherwise directed in writing by the Bureau, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB v. Chou Team Realty, LLC, et al.*, Case No. 8:20-cv-00043-JVS-ADS," and send them by overnight courier or first-class mail to the below address, and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

    Assistant Director for Enforcement
    Consumer Financial Protection Bureau

ATTENTION: Office of Enforcement

1700 G Street, N.W.

Washington D.C. 20552

## XIII.

## Cooperation with the Bureau

**IT IS FURTHER ORDERED** that:

44. Defendants must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Defendants must provide such information in their agents' possession or control within 14 days of receiving a written request from the Bureau.

45. Each Defendant must cooperate fully with the Bureau in this lawsuit, *CFPB v. Chou Team Realty, LLC, et al.*, Case No. 8:20-cv-00043-SB-ADS (C.D. Cal.), and in any investigation related to or associated with the conduct described in the Second Amended Complaint. Each Defendant must provide truthful and complete information, evidence, and testimony. Individual Defendant must appear and Corporate Defendants must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as the Bureau may designate, without the service of compulsory process.

## XIV.

## Compliance Monitoring

**IT IS FURTHER ORDERED** that, to monitor Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended as to Defendants:

46. Within 14 days of receipt of a written request from the Bureau, Defendants must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; provide testimony; or produce documents.

47. For purposes of this Section, the Bureau may communicate directly with any Defendant, unless the Defendant retains counsel related to these communications.

48. Defendants must permit Bureau representatives to interview any employee or other person affiliated with Defendants who has agreed to such an interview. The person interviewed may have counsel present.

49. Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

## XV.
## Retention of Jurisdiction

**IT IS FURTHER ORDERED** that:

50. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

**IT IS SO ORDERED**.

DATED this ___ day of _____, 2021.

_____
Hon. Stanley Blumenfeld, Jr.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28