# Summary Judgment Ex. 14

**PETER D. LEPISCOPO, ESQ. C.S.B. #139583**
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Telephone: (949) 878-9418
Facsimile: (619) 330-2991

Attorneys for Defendant, **JAWAD NESHEIWAT**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION (SANTA ANA)**

| | |
|---|---|
| **BUREAU OF CONSUMER FINANCIAL PROTECTION,**<br><br>Plaintiff,<br><br>v.<br><br>**CHOU TEAM REALTY LLC, *et al.*,**<br><br>Defendants. | Case No. **8:20-cv-00043-JCS-ADS**<br><br>**JAWAD NESHEIWAT'S RESPONSE TO REQUESTS FOR ADMISSION**<br><br>COURTROOM: **10-C**<br>JUDGE: **HON. JAMES V. SELNA**<br>TRIAL DATE: **None Set** |

**REQUESTING PARTY: BUREAU OF CONSUMER FINANCIAL PROTECTION** ("Requesting Party")

**RESPONDING PARTY: JAWAD NESHEIWAT** ("Responding Party")

**REQUEST:** REQUESTS FOR ADMISSIONS, SET ONE ("Request")



LEPISCOPO & ASSOCIATES LAW FIRM

26 U.S.C. sec. 6103; *Webb v. Standard Oil Company* (1957) 49 Cal.App.3d 141; *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

**8.** "***Objection, right to privacy***" shall mean that the subject request calls for information, the disclosure of which would violate the Responding Party's right to privacy in contravention of the Constitution of the United States and Article I, Section 2 of the California Constitution and state and/or federal statutes and decisional laws.

**RESPONSES**

**Request No. 1**: Exhibit A, bates stamped CFPB-JN-0036485 to 36486, is a true and correct copy of Monster Loans' Experian membership application that you signed on behalf of Monster Loans on or about June 22, 2015.

**Response to Request No. 1**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution, and, therefore, refuses to provide any response to this request because it would subject him to possible criminal

prosecution under 18 U.S.C. § 1343 and 18 U.S.C. § 1341. Specifically, it has been disclosed that the Bureau considers Defendant to be "the principal bad actor" in the nationwide criminal scheme alleged in the complaint, which alleges what is *prima facie* criminal wire fraud under 18 U.S.C. § 1343 and mail fraud under 18 U.S.C. § 1341 thereby exposing Defendant to significant fines and up to 20-years in federal prison. Further, based upon the actions of the Bureau and its attorneys and investigators and the questions posed by the Bureau's attorneys at Defendant's 5/20/19 Investigational Hearing it is apparent that Defendant is in immediate threat of criminal prosecution and that his disclosures or answers to this request would tend to incriminate him. This is further supported by the fact that the Bureau and its attorneys and investigators have the **absolute legal duty** to refer Defendant to the U.S. Attorney for criminal prosecution. Specifically, 12 U.S.C. § 5566 provides (emphasis added): "If the Bureau obtains evidence that any person, domestic or foreign, has engaged in conduct that may constitute a violation of Federal criminal law, the Bureau **shall** transmit such evidence to the Attorney General of the United States, who may institute criminal proceedings under appropriate law. Nothing in this section affects any other authority of the Bureau to disclose information." This response is further informed by the FTC Criminal Liaison Unit's stated Civil and Criminal Cooperation policy to employ the Bureau to use civil processes, such as the civil investigative demands and the 5/20/19 Investigational Hearing in this case,

to search for evidence for the express purpose of initiating **criminal** prosecutions. This is simply the circumvention of the Fourth Amendment's Search and Seizure Clause, which requires probable cause to gather criminal evidence from the target of an investigation. In its relevant part, the policy reads: "The FTC's Criminal Liaison Unit **helps prosecutors bring more criminal** consumer fraud cases . . . In many of its cases, the **FTC often develops evidence** that proves these defendants knew about the fraud. **That evidence often supports criminal fraud prosecutions . . . FTC partners with the U.S. Department of Justice, U.S. Attorneys and other federal and state criminal law enforcers to stop consumer fraud**." This response is further informed by FTC Press Releases, which make it clear that the agency's policy is to be a criminal investigatory arm of not only federal prosecutors but also state and local prosecutors—the FTC believes it is the Nation's **criminal** investigation agency: "The FTC is a civil law enforcement agency. That means that, while we can't put people in jail, **many of our partners can and do**, including the U.S. Department of Justice, U.S. Attorneys, and other federal, **state, and local criminal law enforcers. When FTC cases include behavior that also violates criminal laws, we let criminal prosecutors know**." This response is further informed by the FTC's boasting about how the Criminal Liaison Unit's stated Civil and Criminal Cooperation policy of using the civil arm of the agency, such as the Bureau, to use civil process to find evidence against perceived targets—such as Mr. Nesheiwat—



LEPISCOPO & ASSOCIATES LAW FIRM

in order to provide it to federal prosecutors for criminal prosecution. For example, for **2018**, the Civil and Criminal Cooperation policy yielded the following results: "Criminal Liaison Unit Results. **Prosecutors who partner with the FTC** get significant results. In FY **2018** prosecutors: "Relied on **FTC information** and support to **charge 28 new** defendants Obtained **52 convictions or guilty pleas** in new or pending cases obtained sentences against **80 individuals** in new or pending cases with an average length of 58 months." This response is also informed by legal precedent such as the 1965 U.S. Supreme Court decision in *Griffin v. California*, 380 U.S. 609, 612 (1965) ("*Griffin*"), wherein the Court held that the Fifth Amendment privilege against compelled self-incrimination prohibits judges and prosecutors from pointing to a defendant's failure to testify as substantive evidence of guilt. That is to say, *Griffin* prohibits any "adverse comment" because it creates a constitutionally prohibited negative inference—*i.e.*, that the defendant is hiding something. Thus, the Court in *Griffin* held that this assumption amounts to an unfair penalty on a defendant's invocation of a constitutionally protected right. This response is further informed by a follow-up case, *Carter v. Kentucky*, 450 U.S. 288 (1981) ("*Carter*"), wherein the Supreme Court held that a criminal defendant remaining silent at trial has a right to a jury instruction that his silence is not evidence of his guilt. Specifically, invoking his Fifth Amendment privilege against compulsory self-incrimination, the defendant elected not to take the stand at his state

criminal trial and requested a jury instruction that "[t]*he defendant is not compelled to testify and the fact that he does not cannot be used as an inference of guilt and should not prejudice him in any way*." The trial judge refused defendant's request. The Supreme Court held that the trial court's refusal to issue this no "adverse inference" instruction was reversible error. Thus, the Bureau attorneys' threat during the Investigational Hearing that they would assume the allegations against Mr. Nesheiwat were true—*i.e.*, draw a negative inference—because he chose to assert his constitutionally protected Fifth Amendment privilege against self-incrimination was improper and not supported by the law. Finally, this response is further informed by 9th Circuit Model Criminal Jury Instruction Manual, http://www3.ce9.uscourts.gov/jury-instructions/model-criminal, Jury Instruction 3.3 (emphasis added): "3.3 DEFENDANT'S DECISION NOT TO TESTIFY A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the **law prohibits you from considering in any manner that the defendant did not testify**." [1]

[1] Hereinafter, and in order to conserve space, the entire response in this Paragraph 1 shall hereinafter be incorporated by reference into each response, as though fully set forth therein, and shall be referred by the following shorthand: "*Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.*"



LEPISCOPO & ASSOCIATES LAW FIRM

Responding Party further objects to this request because Requesting Party assumes facts that have not been established, to wit: (a) that Responding Party signed the exhibit; and (b) that Responding Party signed the exhibit on behalf of Monster Loans.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 2**: Exhibit B, bates stamped CFPB-JN-005535 to 55536, is a true and correct copy of Experian's Standard Terms and Conditions that you signed on behalf of Monster Loans in or about June 2015.

**Response to Request No. 2**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because Requesting Party assumes facts that have not been established, to wit: (a) that Responding Party signed

the exhibit; and (b) that Responding Party signed the exhibit on behalf of Monster Loans.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 3**: Exhibit C, bates stamped CFPB-JN-0055531 to 55532, contains a true and correct copy of Experian's Prescreening Services Schedule that you signed on behalf of Monster Loans in or about June 2015.

**Response to Request No. 3**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because Requesting Party assumes facts that have not been established, to wit: (a) that Responding Party signed the exhibit; and (b) that Responding Party signed the exhibit on behalf of Monster Loans.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 4**: Exhibit D, bates stamped CFPB-JN-0067461 to 67462, contains a true and correct copy of an email string between you, Belal Abdelfattah a/k/a Bill Abdel ("Bill Abdel"), and Erin Mason from June 2015.

**Response to Request No. 4**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 5**: In or about June 2015, you directed Erin Mason not to provide Experian with the mortgage mailer that Monster Loans used in its marketing.

**Response to Request No. 5**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege;

vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "use in its marketing;" (c) requires Responding Party to make a legal conclusion; and (d) requires Responding Party to provide a legal opinion.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 6**: In or about June 2015, you knew that the mortgage mailer that Monster Loans used in its marketing was not compliant with FCRA.

**Response to Request No. 6**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by

asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "use in its marketing;" (c) requires Responding Party to make a legal conclusion as to the violation of FCRA; and (d) requires Responding Party to provide a legal opinion as to the violation of FCRA.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 7**: In or about June 2015, you directed Erin Mason to submit "something compliant" to Experian as a purported example of Monster Loans' mortgage mailer.

**Response to Request No. 7**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; and (b) is vague and ambiguous as to the meaning of "a purported example of Monster Loans' mortgage mailer."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 8**: Between December 2015 and April 2017, you controlled Monster Loans' Experian account.

**Response to Request No. 8**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague, ambiguous, and overbroad as to dates; and (b) is vague and ambiguous as to the meaning of "controlled."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 9**: Between December 2015 and April 2017, you oversaw Monster Loans' purchases of Student Loan Prescreened Lists from Experian for use by the Student Loan Debt Relief Defendants in their direct mailings.

**Response to Request No. 9**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague, ambiguous, and overbroad as to dates; (b) is vague and ambiguous as to the meaning of "oversaw;" (c) is vague and ambiguous as to meaning of "for use;" and (d) is vague and ambiguous as to the meaning of "their direct mailings."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 10**: Between December 2015 and April 2017, Monster Loans purchased prescreened lists containing information about approximately 6 million consumers with student loans for use in marketing student loan debt-relief services.

**Response to Request No. 10**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; and (b) is vague and ambiguous as to the meaning of "use in marketing."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 11**: Between December 2015 and around September 2016, you directed Bill Abdel to order Student Loan Prescreened Lists through Monster Loans' Experian account and to send those Student Loan Prescreened Lists to a direct mail marketing company called Automated Mailers.

**Response to Request No. 11**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege;

vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague, ambiguous, and overbroad as to dates; and (b) is vague and ambiguous as to the meaning of "directed."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 12**: Between around September 2016 and April 2017, you directed Max Chou to order Student Loan Prescreened Lists through Monster Loans' Experian account and to send those Student Loan Prescreened Lists to Automated Mailers.

**Response to Request No. 12**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by

LEPISCOPO & ASSOCIATES LAW FIRM

asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague, ambiguous, and overbroad as to dates; and (b) is vague and ambiguous as to the meaning of "directed."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 13**: In communications with Experian between 2015 and 2017, you falsely represented the purposes for which Monster Loans would use and was using Student Loan Prescreened Lists.

**Response to Request No. 13**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague, ambiguous, and overbroad as to dates; (b) is vague and ambiguous as to the meaning

of "communications;" (c) is vague and ambiguous as to the meaning of "would use;" (d) is vague and ambiguous as to the meaning of "was using;" and (e) is compound as to "would use and was using."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 14**: On or about September 26, 2016, you directed Max Chou to communicate with Experian using a Monster Loans email address to conceal from Experian that Monster Loans was providing Prescreened Lists to outside companies offering debt relief services.

**Response to Request No. 14**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague, ambiguous, and overbroad as to date; (b) is vague and ambiguous as to the meaning

LEPISCOPO & ASSOCIATES LAW FIRM

of "directed;" (c) is vague and ambiguous as to the meaning of "communicate with;" and (d) is vague and ambiguous as to the meaning of "outside companies."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 15**: Between 2015 and 2017, you knew that the Student Loan Debt Relief Defendants lacked a permissible purpose to use or obtain the Student Loan Prescreened Lists under FCRA.

**Response to Request No. 15**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to dates; (b) is vague and ambiguous as to the meaning of "permissible purpose;" (c) is compound as to "to use or obtain;" (d) requires Responding Party to make a legal conclusion as to the violation of FCRA; and (d) requires Responding Party to provide a legal opinion as to the violation of FCRA.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 16**: Exhibit E, bated stamped CFPB-JN-0071803 to 71806, contains a true and correct copy of an email string between you and Thomas Chou from May 2017.

**Response to Request No. 16**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 17**: During 2015, you participated extensively in the management and operation of Docu Prep Center.

**Response to Request No. 17**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege;

LEPISCOPO & ASSOCIATES LAW FIRM

vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "participated extensively;" and (c) is compound as to "management and operation."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 18**: During 2015, you had authority over David Sklar and Robert Hoose and provided directions to them regarding how Docu Prep Center should market and sell its services.

**Response to Request No. 18**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by

asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "had authority over;" (c) is vague and ambiguous as to the meaning of "directions;" (d) is compound as to "David Sklar and Robert Hoose;" (f) is compound as to "market and sell;" and (g) is vague and ambiguous as to the meaning of "its services."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 19**: During 2015, you directed Sklar and Hoose to use and adapt telemarketing sales scripts provided by Student Loan Processing Center for Docu Prep Center's sales calls.

**Response to Request No. 19**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "directed;" (c) is vague and ambiguous as to the meaning of "use;" (d) is vague and ambiguous as to the meaning of "adapt;" (e) is vague and ambiguous as to the meaning of "telemarking sales scripts;" and (f) is vague and ambiguous as to the meaning of "sales calls."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 20**: During 2015, you participated in editing, reviewing, and approving the direct mail solicitations that Docu Prep Center sent to consumers.

**Response to Request No. 20**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "participated;" and (c) is compound as to "editing, reviewing, and approving."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 21**: Between 2015 and 2017, you arranged for the Student Loan Debt Relief Defendants to send direct mail marketing their services to consumers through Automated Mailers.

**Response to Request No. 21**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; and (b) is vague and ambiguous as to the meaning of "arranged."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 22**: Between 2015 and 2017, you oversaw the direct mail marketing that the Student Loan Debt Relief Defendants sent using Automated Mailers.

**Response to Request No. 22**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "oversaw;" and (c) is vague and ambiguous as to the meaning of "using."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 23**: Between 2015 and 2017, the Student Loan Debt Relief Defendants represented to consumers that consolidating their federal student loans would cause consumers to obtain a lower interest rate on their federal student loans.

**Response to Request No. 23**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of “represented;” and (c) is vague and ambiguous as to the meaning of “consolidating.”

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 24**: Between 2015 and 2017, you knew that the Student Loan Debt Relief Defendants made the misrepresentation described in Request for Admission No. 23.

**Response to Request No. 24**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; and (b) assumes a fact that has not been established, to wit: that Request for Admission No. 23 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No.25**: During 2015, you participated in Docu Prep Center's making of the representation described in Request for Admission No. 23.

**Response to Request No. 25**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without

waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "participated;" and (c) assumes a fact that has not been established, to wit: that Request for Admission No. 23 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 26**: During 2015, you had the authority to control Docu Prep Center's making of the representation described in Request for Admission No. 23.

**Response to Request No. 26**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of “authority;” (c) is vague and ambiguous as to the meaning of “control;” (d) assumes a fact that has not been established, to wit: that Responding Party made representations; (e) assumes a fact that has not been established, to wit: that the representations were made; and (f) assumes a fact that has not been established, to wit: that Request for Admission No. 23 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 27**: The representation referenced in Request for Admission No. 23 was false.

**Response to Request No. 27**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) assumes a fact that has not been established, to wit: that Responding Party made representations; and (b) assumes a fact that has not been established, to wit: that Request for Admission No. 23 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 28**: Between 2015 and 2017, consolidating federal student loans did not cause consumers to obtain a lower interest rate on their federal student loans.

**Response to Request No. 28**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of “did not cause;” (c) requires Responding Party to make a legal conclusion; and (d) requires Responding Party to provide a legal opinion.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 29**: Between 2015 and 2017, the Student Loan Debt Relief Defendants represented to consumers that consumers were required to consolidate their student loans to obtain an interest-rate reduction.

**Response to Request No. 29**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "represented;" (c) is vague and ambiguous as to the meaning of "required;" and (d) is vague and ambiguous as to the meaning of "consolidating."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 30**: Between 2015 and 2017, you knew that the Student Loan Debt Relief Defendants made the misrepresentation described in Request for Admission No. 29

**Response to Request No. 30**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) assumes a fact that has not been established, to wit: that there was a misrepresentation; and (c) assumes a fact that has not been established, to wit: that Request for Admission No. 29 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

Request No. 31: During 2015, you participated in Docu Prep Center's making of the representation described in Request for Admission No. 29.

LEPISCOPO & ASSOCIATES LAW FIRM

Response to Request No. 31: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "participated;" (c) assumes a fact that has not been established, to wit: that there was a representation; and (d) assumes a fact that has not been established, to wit: that Request for Admission No. 29 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 32**: During 2015, you had the authority to control Docu Prep Center's making of the representation described in Request for Admission No. 29.

**Response to Request No. 32**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege;

vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "authority;" (c) is vague and ambiguous as to the meaning of "control;" (d) assumes a fact that has not been established, to wit: that there was a representation; and (e) assumes a fact that has not been established, to wit: that Request for Admission No. 29 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 33**: The representation referenced in Request for Admission No. 29 was false.

**Response to Request No. 33**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by

asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "representation;" (c) assumes a fact that has not been established, to wit: that there was a representation; and (d) assumes a fact that has not been established, to wit: that Request for Admission No. 29 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 34**: Between 2015 and 2017, consumers were generally not required to consolidate their student loans to obtain an interest-rate reduction.

**Response to Request No. 34**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "generally not required;" (c) is vague and ambiguous as to the meaning of "consolidated;" (c) requires Responding Party to make a legal conclusion; and (d) requires Responding Party to provide a legal opinion.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

Request No. 35: Between 2015 and 2017, the Student Loan Debt Relief Defendants represented to consumers that consolidating student loans would improve consumers' credit scores.

**Response to Request No. 35**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of

"represented;" (c) is vague and ambiguous as to the meaning of "consolidating;" and (d) is vague and ambiguous as to the meaning of "would improve."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 36**: Between 2015 and 2017, you knew, consciously avoided knowing, or recklessly avoided knowing that the Student Loan Debt Relief Defendants made the misrepresentation described in Request for Admission No. 35.

**Response to Request No. 36**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is compound as to "knew, consciously avoided knowing, or recklessly avoided knowing;" (c) is vague and ambiguous as to the meaning of "consciously avoided;" (d) is vague and ambiguous as to the meaning of "recklessly avoided;" (e) is vague and ambiguous as to the meaning of "misrepresentation;" (f)

requires Responding Party to make a legal conclusion; (g) requires Responding Party to provide a legal opinion; (h) assumes a fact that has not been established, to wit: that there was a misrepresentation; and (i) assumes a fact that has not been established, to wit: that Request for Admission No. 35 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 37**: During 2015, you participated in Docu Prep Center's making of the representation described in Request for Admission No. 35.

**Response to Request No. 37**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "participated;" (c) is vague and ambiguous as to the meaning of "making;" (d) is vague and ambiguous as to the meaning of "representation;" (e) assumes a fact that

has not been established, to wit: that there was a representation; and (f) assumes a fact that has not been established, to wit: that Request for Admission No. 35 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 38**: During 2015, you had the authority to control Docu Prep Center's making of the representation described in Request for Admission No. 35.

**Response to Request No. 38**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "authority;" (c) is vague and ambiguous as to the meaning of "control;" (d) is vague and ambiguous as to the meaning of "representation;" (e) requires Responding Party to make a legal conclusion as to "had the authority to control;" (f) assumes a fact that

has not been established, to wit: that there was a representation; and (g) assumes a fact that has not been established, to wit: that Request for Admission No. 35 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 39**: The representation referenced in Request for Admission No. 35 was false in many instances.

**Response to Request No. 39**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "representation;" (c) is vague and ambiguous as to the meaning of "many instances;" (d) assumes a fact that has not been established, to wit: that there was a representation; and (e) assumes a fact that has not been established, to wit: that Request for Admission No. 35 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 40**: Between 2015 and 2017, in many instances, consolidating federal student loans was not likely to improve a consumer's credit score.

**Response to Request No. 40**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "in many instances;" (c) is vague and ambiguous as to the meaning of "not likely;" (d) is vague and ambiguous as to the meaning of "improve;" (e) requires Responding Party to make a legal conclusion; and (f) requires Responding Party to provide a legal opinion.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 41**: Between 2015 and 2017, the Student Loan Debt Relief Defendants lacked any basis for representing to consumers that consolidating student loans would improve consumers' credit scores.

**Response to Request No. 41**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "lacked any basis;" (c) is vague and ambiguous as to the meaning of "recklessly avoided;" (d) is vague and ambiguous as to the meaning of "consolidating;" (e) is vague and ambiguous as to the meaning of "representing;" (f) is vague and ambiguous as to the meaning of "would improve;" (g) requires Responding Party to make a legal conclusion; and (h) requires Responding Party to provide a legal opinion.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 42**: Between 2015 and 2017, you knew, consciously avoided knowing, or recklessly avoided knowing that the Student Loan Debt Relief Defendants lacked any basis for representing to consumers that consolidating student loans would improve consumers' credit scores.

**Response to Request No. 42**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is compound as to "knew, consciously avoided knowing, or recklessly avoided knowing;" (c) is vague and ambiguous as to the meaning of "consciously avoided;" (d) is vague and ambiguous as to the meaning of "recklessly avoided;" (e) is vague and ambiguous as to the meaning of "lacked any basis;" (f) is vague and ambiguous as to the meaning of "representation;" (g) is vague and ambiguous as to the meaning of "consolidating;" (h) is vague and ambiguous as to the meaning of "would improve;" (i) requires Responding Party to make a legal

conclusion; (j) requires Responding Party to provide a legal opinion; (k) assumes a fact that has not been established, to wit: that there was a representation.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 43**: At times between 2015 and 2017, Docu Prep Center represented to consumers that the Department of Education would become the consumers' "new servicer" after their federal student loans were consolidated.

**Response to Request No. 43**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "represented;" (c) is vague and ambiguous as to the meaning of "would become;" (d) is vague and ambiguous as to the meaning of "new servicer;" (e) is vague and

LEPISCOPO & ASSOCIATES LAW FIRM

ambiguous as to the meaning of "consolidated;" and (f) assumes a fact that has not been established, to wit: that there was a representation.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 44**: Between 2015 and 2017, you knew, consciously avoided knowing, or recklessly avoided knowing that Docu Prep Center made the misrepresentation described in Request for Admission No. 43.

**Response to Request No. 44**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is compound as to "knew, consciously avoided knowing, or recklessly avoided knowing;" (c) is vague and ambiguous as to the meaning of "consciously avoided;" (d) is vague and ambiguous as to the meaning of "recklessly avoided;" (e) is vague and ambiguous as to the meaning of "misrepresentation;" (f)

LEPISCOPO & ASSOCIATES LAW FIRM

requires Responding Party to make a legal conclusion; (g) requires Responding Party to provide a legal opinion; (h) assumes a fact that has not been established, to wit: that there was a misrepresentation; and (i) assumes a fact that has not been established, to wit: that Request for Admission No. 43 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 45**: During 2015, you participated in Docu Prep Center's making of the representation described in Request for Admission No. 43.

**Response to Request No. 45**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "participated;" (c) is vague and ambiguous as to the meaning of "making;" (d) is vague and ambiguous as to the meaning of "representation;" (e) assumes a fact that

has not been established, to wit: that there was a representation; and (f) assumes a fact that has not been established, to wit: that Request for Admission No. 43 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 46**: During 2015, you had the authority to control Docu Prep Center's making of the representation described in Request for Admission No. 43.

**Response to Request No. 46**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "authority;" (c) is vague and ambiguous as to the meaning of "to control;" (d) is vague and ambiguous as to the meaning of "making;" (e) is vague and ambiguous as to the meaning of "representation;" (f) assumes a fact that has not been established, to wit:

that there was a representation; and (g) assumes a fact that has not been established, to wit: that Request for Admission No. 43 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 47**: The representation referenced in Request for Admission No. 43 was false.

**Response to Request No. 47**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "representation;" (c) is vague and ambiguous as to the meaning of "referenced;" (d) requires Responding Party to make a legal conclusion; (e) requires Responding Party to provide a legal opinion; (f) assumes a fact that has not been established, to wit:

that there was a representation; and (g) assumes a fact that has not been established, to wit: that Request for Admission No. 43 is fact.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 48**: Between 2015 and 2017, the Department of Education did not become consumers' new servicer after their federal student loans were consolidated.

**Response to Request No. 48**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "did not become;" (c) is vague and ambiguous as to the meaning of "new servicer;" (d) is vague and ambiguous as to the meaning of "consolidated;" (e) requires Responding

Party to make a legal conclusion; and (f) requires Responding Party to provide a legal opinion.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 49**: Exhibit F, bates stamped CFPB-JN-0072276 to 72277, contains a true and correct copy of an email you received from Robert Hoose on or about April 22, 2015, which forwarded an April 21, 2015 email from Trans2Pay, LLC.

**Response to Request No. 49**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is compound as to more than a single email; (c) is vague and ambiguous as to the meaning of "received;" (d) is vague and ambiguous as to the meaning of "forwarded;" (e) assumes a fact that has not been established, to wit:

that Responding Party received the exhibit; and (f) assumes a fact that has not been established, to wit: that the document was forwarded to Responding Party.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 50**: Exhibit G, bates stamped CFPB-JN-0079828 to 79829, contains a true and correct copy of an email you received from Thomas Chou on May 18, 2015, which responded to an earlier email from David Sklar.

**Response to Request No. 50**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is compound as to more than a single email; (c) is vague and ambiguous as to the meaning of “received;” (d) is vague and ambiguous as to the meaning of “responded to;” (e) assumes a fact that has not been established, to

wit: that Responding Party received the exhibit; and (f) assumes a fact that has not been established, to wit: that the document was forwarded to Responding Party.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 51**: Exhibit H, bates stamped CFPB-JN-0079823 to 0079824, contains a true and correct copy of an email you received from David Sklar on June 8, 2015.

**Response to Request No. 51**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "received;" and (c) assumes a fact that has not been established, to wit: that Responding Party received the exhibit.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 52**: Exhibit I, bates stamped CFPB-JN-0102822, contains a true and correct copy of an email you received from David Sklar on July 1, 2015.

**Response to Request No. 52**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "received;" and (c) assumes a fact that has not been established, to wit: that Responding Party received the exhibit.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 53**: Between 2015 and 2017, you knew that the Telemarketing Sales Rule ("TSR") prohibited the Student Loan Debt Relief Defendants from collecting advance fees.

**Response to Request No. 53**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "collecting;" (c) is vague and ambiguous as to the meaning of "advance fees;" (d) requires Responding Party to make a legal conclusion; and (e) requires Responding Party to provide a legal opinion;.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

LEPISCOPO & ASSOCIATES LAW FIRM

**Request No. 54**: Between 2015 and 2017, you knew that the Student Loan Debt Relief Defendants charged and received fees before consumers' applications for loan consolidations, loan repayment plans, and loan forgiveness plans were approved, and before consumers had made the first payments under the altered terms of their student loans.

**Response to Request No. 54**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is compound as to "charged and received fees;" (c) is compound as to "loan consolidations, loan repayment plans, and loan forgiveness plans;" (d) is compound as to "before consumers' applications for loan consolidations, loan repayment plans, and loan forgiveness plans were approved, and before consumers had made the first payments under the altered terms of their student loans;" (e) is vague and ambiguous as to the meaning of "charged and

received;" (f) is vague and ambiguous as to the meaning of "consumers' applications;" (g) is vague and ambiguous as to the meaning of "consolidations;" (h) is vague and ambiguous as to the meaning of "loan repayment plans;" (i) is vague and ambiguous as to the meaning of "loan forgiveness plans;" (j) is vague and ambiguous as to the meaning of "altered terms;" (k) assumes a fact that has not been established, to wit: that fees were charged; (l) assumes a fact that has not been established, to wit: that fees were received; (m) assumes a fact that has not been established, to wit: that consumers' applications for loan consolidations, loan repayment plans, and loan forgiveness plans were made; (n) assumes a fact that has not been established, to wit: that consumers' applications for loan consolidations, loan repayment plans, and loan forgiveness plans were approved; (o) assumes a fact that has not been established, to wit: that consumers' made payments; (p) assumes a fact that has not been established, to wit: that terms were altered.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 55**: Collectively, the Student Loan Debt Relief Companies and Docs Done Right collected more than $15 million in fees from consumers between 2015 and at least 2017.

**Response to Request No. 55**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive;

calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is compound as to "Student Loan Debt Relief Companies and Docs Done Right collected;" (c) is vague and ambiguous as to the meaning of "collected;" (d) is vague and ambiguous as to the meaning of "more than;" (e) is vague and ambiguous as to the meaning of "fees;" and (f) is vague and ambiguous as to the meaning of "from consumers."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 56**: The Student Loan Debt Relief Defendants offered services to alter the terms of payment of consumers' federal student loans by preparing and submitting requests for loan consolidations, loan forgiveness, and loan-repayment plans to consumers' student-loan servicers or the Department of Education.

**Response to Request No. 56**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive;

calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is compound as to the entirety of the request; (c) is compound as to "preparing and submitting;" (b) is compound as to "loan consolidations, loan forgiveness, and loan-repayment;" (e) is compound as to "consumers' student-loan services or the Department of Education;" (f) is vague and ambiguous as to the meaning of "offered services;" (g) is vague and ambiguous as to the meaning of "alter terms of payment;" (h) is vague and ambiguous as to the meaning of "loan-repayment plans;" (i) is vague and ambiguous as to the meaning of "preparing;" (j) is vague and ambiguous as to the meaning of "submitting;" (k) is vague and ambiguous as to the meaning of "loan consolidations;" (l) is vague and ambiguous as to the meaning of "loan forgiveness;" and (m) is vague and ambiguous as to the meaning of "consumers' student-loan servicers;"

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

Lepiscopo & Associates Law Firm

**Request No. 57**: The Student Loan Debt Relief Defendants offered "debt relief services" under the TSR. 16 C.F.R. § 310.2(o).

**Response to Request No. 57**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "offered;" (c) is vague and ambiguous as to the meaning of "debt relief services;" (d) requires Responding Party to make a legal conclusion; and (e) requires Responding Party to provide a legal opinion.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 58**: The Student Loan Debt Relief Defendants' direct mail marketing sought to induce consumers to purchase their services during telephone calls.

**Response to Request No. 58**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "direct mail marketing;" (c) is vague and ambiguous as to the meaning of "sought to induce;" (d) is vague and ambiguous as to the meaning of "their services;" (e) is vague and ambiguous as to the meaning of "during telephone calls;" (f) is vague and ambiguous as to the meaning of "consumers;" (g) assumes a fact that has not been established, to wit: that there was direct mail marketing; and (h) assumes a fact that has not been established, to wit: that there were telephone calls made.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 59**: The Student Loan Debt Relief Defendants sold services to consumers during telephone calls.

**Response to Request No. 59**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "sold services;" (c) is vague and ambiguous as to the meaning of "during telephone calls;" (d) is vague and ambiguous as to the meaning of "consumers;" (e) assumes a fact that has not been established, to wit: that services were sold to consumers; and (f) assumes a fact that has not been established, to wit: that there were telephone calls made.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

LEPISCOPO & ASSOCIATES LAW FIRM

**Request No. 60**: You arranged for Docu Prep Center to provide services to consumers in exchange for consideration.

**Response to Request No. 60**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "arranged;" (c) is vague and ambiguous as to the meaning of "provide services;" (d) is vague and ambiguous as to the meaning of "consumers;" (e) is vague and ambiguous as to the meaning of "exchange for consideration;" (f) assumes a fact that has not been established, to wit: that services were provided to consumers; and (g) assumes a fact that has not been established, to wit: that consideration was exchanged.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 61**: You are a “seller” under the TSR. 16 C.F.R. § 310.2(dd).

**Response to Request No. 61**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) requires Responding Party to make a legal conclusion; and (c) requires Responding Party to provide a legal opinion.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 62**: Monster Loans is a “covered person” because it offered or provided consumer-financial products or services, including extending credit for mortgage loans. 12 U.S.C. § 5481(5), (6), (15)(A)(i).

**Response to Request No. 62**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege;

vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is vague and ambiguous as to the meaning of "covered person;" (c) is compound as to "offered or provided;" (d) is compound as to "products or services;" (e) is compound as to "offered or provided consumer-financial products or services, including extending credit;" (f) is vague and ambiguous as to the meaning of "consumer-financial products or services;" (g) is vague and ambiguous as to the meaning of "extending credit;" (h) is vague and ambiguous as to the meaning of "provide services;" (j) is vague and ambiguous as to the meaning of "consumers;" (k) is vague and ambiguous as to the meaning of "exchange for consideration;" (l) requires Responding Party to make a legal conclusion; (m) requires Responding Party to provide a legal opinion; (n) assumes a fact that has not been established, to wit: that products or services were offered or provided to consumers; and (o) assumes a fact that has not been established, to wit: that credit was extended.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 63**: You were the chief operating officer of Monster Loans between January 2015 and April 2017.

**Response to Request No. 63**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 64**: You exercised substantial managerial responsibility for and control over Monster Loans' business practices between January 2015 and April 2017.

**Response to Request No. 64**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege;

vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is compound as to "for and control over;" (c) is vague and ambiguous as to the meaning of "exercised;" (d) is vague and ambiguous as to the meaning of "substantial managerial responsibility;" and (e) is vague and ambiguous as to the meaning of "business practices."

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 65**: You are a "related person" and "covered person" because you were Monster Loans' COO and had managerial responsibility for Monster Loans. 12 U.S.C. §§ 5481(25)(B), (C)(i), (C)(ii).

**Response to Request No. 65**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without

waiving the foregoing objections, Defendant hereby responds to this request by asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is compound as to "related person and covered person;" (c) is vague and ambiguous as to the meaning of "managerial responsibility;" (d) requires Responding Party to make a legal conclusion; and (e) requires Responding Party to provide a legal opinion.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

**Request No. 66**: You are a "related person" and "covered person" because you materially participated in the conduct of the Student Loan Debt Relief Companies. 12 U.S.C. §§ 5481(25)(B), (C)(ii).

**Response to Request No. 66**: Defendant hereby objects to this request on the following grounds: irrelevant; compound; overbroad; burdensome and oppressive; calls for legal conclusion; attorney-client privilege; attorney work product privilege; vague; and improperly overbroad because it seeks documents and information protected by the attorney client and/or attorney work product privileges. Without waiving the foregoing objections, Defendant hereby responds to this request by

LEPISCOPO & ASSOCIATES LAW FIRM

asserting his privilege against self-incrimination as protected by the Fifth Amendment to the United States Constitution.

Responding Party further objects to this request because it: (a) is vague and ambiguous as to date; (b) is compound as to "related person and covered person;" (c) is vague and ambiguous as to the meaning of "materially participated;" (d) is vague and ambiguous as to the meaning of "conduct;" (e) requires Responding Party to make a legal conclusion; and (f) requires Responding Party to provide a legal opinion.

Based on the foregoing and upon FRCP 36(a)(4), Defendant can neither admit nor deny this request.

Dated: November 12, 2020.

**LEPISCOPO & ASSOCIATES LAW FIRM**

By: /s/ Peter D. Lepiscopo_______
**PETER D. LEPISCOPO**
***Counsel of Record***
Attorneys for Defendant, **JAWAD NESHEIWAT**