# Summary Judgment Ex. 28

COLIN REARDON (NY Bar #4945655)
E-mail: colin.reardon@cfpb.gov
Phone: (202) 435-9668
E. VANESSA ASSAE-BILLE (NY Bar #5165501)
E-mail: elisabeth.assae-bille@cfpb.gov
Phone: (202) 435-7688
1700 G Street, NW
Washington, D.C. 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar #264787) – Local Counsel
E-mail: leanne.hartmann@cfpb.gov
Phone: (415) 844-9787
301 Howard St., Suite 1200
San Francisco, CA 94105
Fax: (415) 844-9788

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Chou Team Realty, LLC et al.,<br><br>　　　　　Defendants. | Case No.: 8-20-cv-00043-SB-ADS |

**DECLARATION OF ANNAIS RAMIREZ-VELAZQUEZ REGARDING FORBEARANCE RECORDS**

I, Annaís Ramírez-Velázquez, pursuant to 28 U.S.C. § 1746, hereby state and declare that I have personal knowledge of the facts as set forth below. If called as a witness, I could and would testify as follows.

1. I am a citizen of the United States and am over eighteen (18) years of age. I am an employee of the Bureau of Consumer Financial Protection ("Bureau"). I am a paralegal working in the Office of Enforcement within the

1  Bureau in Washington, D.C.  As an employee with the Bureau, my current duties include conducting document review and other factual research for investigations and cases.  I have been an employee of the Bureau since January 2020.  Between May 2019 and December 2019, I was a contractor working in the Office of Enforcement as a paralegal and had similar duties to those I have now.

2. I worked on the Bureau's investigation of this matter and am also assigned to this litigation.

3. The Bureau brought suit against several defendants, including five student loan debt relief businesses, each of which was composed of a corporation and an associated limited partnership: (1) Docu Prep Center, Inc. and Document Preparation Services, LP (collectively "Docu Prep Center"); (2) Certified Doc Prep, Inc. and Certified Doc Prep Services, LP (collectively, "Certified Doc Prep Services"); (3) Assure Direct Services, Inc. and Assure Direct Services, LP (collectively, "Assure Direct Services"); (4) Direct Document Solutions, Inc. and Direct Document Solutions, LP (collectively, "Direct Document Solutions"); and (5) Secure Preparation Services, Inc. and Secure Preparation Services, LP (collectively, "Secure Preparation Services").

4. I refer to Docu Prep Center, Certified Doc Prep Services, Assure Direct Services, Direct Document Services, and Secure Preparation Services in this declaration collectively as the "SLDR Companies."

5. In addition, I refer to Docs Done Right, Inc. and Docs Done Right, LP collectively as "Docs Done Right."

6. I was asked to review and summarize a sample of forbearance requests prepared for customers of the SLDR Companies.

**Basis for Analysis**

7. To perform this review, I relied upon documents produced to the Bureau by Docs Done Right:

   a. On or about July 3, 2020, Docs Done Right produced to the Bureau a spreadsheet containing a list of customers (CFPB-JN-0123127) of the SLDR Companies in response to Request No. 1 in the Bureau's First Request for Production of Documents (the "Consumer List"), which included consumer names and enrollment dates.

   b. On or about December 17, 2020, Docs Done Right produced to the Bureau documents and data stored on a software platform called Debt Pay Pro in response to Request No. 22 in the Bureau's Third Request for Production of Documents (the "Debt Pay Pro Production"). The Debt Pay Pro Production consisted of about 365,000 documents, including, among other things, copies of forbearance requests prepared for customers of the SLDR Companies. The Bureau produced the portion of the Debt Pay Pro Production to Defendant Nesheiwat containing forbearance requests with Bates numbers CFPB-JN-0169671 - CFPB-JN-2806206. The forbearance requests that I reviewed had the following Bates numbers when the Bureau produced them to Defendant Nesheiwat: CFPB-JN-0995570, CFPB-JN-1195529, CFPB-JN-1286224, CFPB-JN-1289834, CFPB-JN-1291587, CFPB-JN-1309908, CFPB-JN-1322144, CFPB-JN-1338134, CFPB-JN-1339470, CFPB-JN-1340969, CFPB-JN-1358485, CFPB-JN-1370159, 1 CFPB-JN-385520, CFPB-JN-1394345, CFPB-JN-1398016, CFPB-JN-1408117, CFPB-JN-1411378,

CFPB-JN-1424054, CFPB-JN-1427897, CFPB-JN-1438480, CFPB-JN-1453927, CFPB-JN-1456884, CFPB-JN-1459507, CFPB-JN-1467008, CFPB-JN-1500801, CFPB-JN-1535839, CFPB-JN-1554939, CFPB-JN-1564162, CFPB-JN-1584071, CFPB-JN-1597056, CFPB-JN-1601454, CFPB-JN-1618489, CFPB-JN-1626392, CFPB-JN-1638335, CFPB-JN-1655681, CFPB-JN-1657656, CFPB-JN-1710846, CFPB-JN-1727902, CFPB-JN-1728967, CFPB-JN-1733008, CFPB-JN-1826584, CFPB-JN-1834243, CFPB-JN-1881476, CFPB-JN-1897967, CFPB-JN-1911717, CFPB-JN-1919711, CFPB-JN-1937247, CFPB-JN-1943154, CFPB-JN-1966800, CFPB-JN-1967226, CFPB-JN-1967759, CFPB-JN-1978326, CFPB-JN-1994270, CFPB-JN-2004318, CFPB-JN-2013275, CFPB-JN-2052699, CFPB-JN-2082594, CFPB-JN-2088864, CFPB-JN-2135601, CFPB-JN-2158057, CFPB-JN-2173852, CFPB-JN-2190943, CFPB-JN-2195501, CFPB-JN-2199621, CFPB-JN-2214292, CFPB-JN-2222649, CFPB-JN-2244516, CFPB-JN-2247369, CFPB-JN-2261166, CFPB-JN-2264563, CFPB-JN-2302745, CFPB-JN-2306693, CFPB-JN-2319542, CFPB-JN-2324614, CFPB-JN-2337893, CFPB-JN-2364696, CFPB-JN-2400455, CFPB-JN-2406850, CFPB-JN-2429722, CFPB-JN-2446910, CFPB-JN-2526467, CFPB-JN-2556183, CFPB-JN- 2561167, CFPB-JN-2567892, CFPB-JN-2617816, CFPB-JN-2622686, CFPB-JN-2629661, CFPB-JN-2691760, CFPB-JN-2701658, CFPB-JN-2709247 and CFPB-JN-2804280.

**Analysis re Length of Forbearance**

8. For the transactions reflected in the Docs Done Right records I reviewed, the SLDR Companies nearly always arranged for consumers to apply for forbearance for a period of 90 days.

9. Because the Debt Pay Pro Production was voluminous, I used the Consumer List to identify a sample of customers of the SLDR Companies. I sorted the Consumer List by company and by the consumer's date of enrollment, and then identified the first customer each SLDR Company enrolled each month as reflected in the Consumer List. Using this method, I identified 56 consumers enrolled by the SLDR Companies between December 2015 and September 2017. Each of the SLDR Companies enrolled consumers for at least six months within that period. I ignored several entries for Direct Document Solutions involving enrollment dates in 2016, which appeared to reflect data entry errors. Nearly all of Direct Document Solutions enrollments occurred between April and September 2017.

10. After identifying this sample of consumers, I searched within the Debt Pay Pro Production and found the forbearance requests prepared for each of the 56 consumers. Attached as Exhibit 1 is a true and correct copy of one of the forbearance requests I identified. (Exhibit 1 has been redacted to remove certain personal information for the consumer.) As shown in Exhibit 1, the forbearance requests sought to have the consumer temporarily stop making payments on their student loans. See Ex. 1 (Section 2, Question 2). The forbearance requests also included dates identifying when the forbearance would begin and end if approved. *See id.* (Section 2, Questions 3 and 4). The forbearance request form further stated that, if approved, the consumer would begin making payments the month following the end of the forbearance. *See id.* (Section 2, Question 4).

11. For each forbearance request, I reviewed the start and end dates for the forbearance sought in the request. Of the 56 forbearance requests, 54 requests sought forbearance for a period of 90 days. Two of the forbearance requests, both of which were prepared on May 2, 2016, sought forbearance for two months. (Unlike the other requests, those two requests did not specify the day of the month the forbearance would begin and end, and just specified the starting and ending months.)

12. Because of the two anomalous forbearance requests, I reviewed an additional sample of 40 forbearance requests from April and May 2016 using the Consumer List and the Debt Pay Pro Production, and reviewed the start and end dates for each forbearance request. Within this expanded sample, only the forbearance requests for consumers enrolled on May 2, 2016 sought forbearance for two months. The forbearance requests on other dates in April and May 2016 sought forbearance for a period of 90 days or for three months. (Some of the requests did not specify the day of the month the forbearance would begin and end, and just specified the starting and ending months.)

13. I created a true and correct summary regarding the original sample of forbearance requests I reviewed, which is attached as Exhibit 2, and a true and correct summary of the additional sample of forbearance requests I reviewed, which is attached as Exhibit 3.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 13, 2021

Annaís Ramírez-Velázquez