# Summary Judgment Ex. 38a

Hebin Declaration

Exhibit A

## Schneider, Dani (CFPB)

**From:** Natalie H
**Sent:** Friday, February 19, 2021 4:27 PM
**To:** Schneider, Dani (CFPB)
**Subject:** Fwd: Completed: Your Documents are ready for you to sign
**Attachments:** 1. Welcome Letter.pdf; 3. FDCL Form.pdf; Clients Agreement.pdf; PANI ACH FORM.pdf

**CAUTION:** This email originated from a non-government domain. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact Cybersecurity Incident Response Team (CSIRT) at 202-435-7200 or report a suspicious email.

**Natalie Hebin, MS, CCC-SLP**
**Speech-Language Pathologist**
**Freelance Translator**

**Spanish > English | French > English**

---------- Forwarded message ---------
From: DPC Docs via DocuSign <dse_na2@docusign.net>
Date: Wed, Dec 2, 2015 at 12:41 PM
Subject: Completed: Your Documents are ready for you to sign
To: Natalie Hebin





Your document has been completed

1

**REVIEW DOCUMENT**

**DPC Docs**
docuprepcenter@yahoo.com

All parties have completed Your Documents are ready for you to sign.

Your disclosures can be reviewed and signed electronically by clicking on the link below. Please follow these instructions:

**Do Not Share This Email**
This email contains a secure link to DocuSign. Please do not share this email, link, or access code with others.

**Alternate Signing Method**
Visit DocuSign.com, click 'Access Documents', and enter the security code:
FB725ADA383842F383322FC2F8942AFD2

**About DocuSign**
Sign documents electronically in just minutes. It's safe, secure, and legally binding. Whether you're in an office, at home, on-the-go -- or even across the globe -- DocuSign provides a professional trusted solution for Digital Transaction Management™.

**Need Help?**
Visit our Support Site or contact us at service@docusign.com.

Download the DocuSign App

This message was sent to you by DPC Docs who is using the DocuSign Electronic Signature Service. If you would rather not receive email from this sender you may contact the sender with your request.

# Docuprep Center

Client Name: Natalie Hebin
Address: ▮▮▮▮▮▮▮▮▮▮
City, State Zip: Gainesville  FL  ▮▮▮▮

Client ID: 0010438605
Primary Phone: ▮▮▮▮▮▮
Alternate Phone: ▮▮▮▮▮▮

Date:

Thank you for contacting _____Docuprep Center_____. Based on the information you have provided to our company, we believe that you may qualify for one or more student loan assistance programs offered by the U.S. Department of Education. _____Docuprep Center_____ is a privately owned company that helps consumers like you identify programs that may be suitable to your situation, gather the relevant application documents, and then prepare those documents for your review and submission. To begin, please carefully read the enclosed Agreement and all of its attachments, and make sure that all pages are signed and dated where indicated. Be sure to retain a copy of all documents for your records.

If you have any questions when reviewing the attached documents, please feel free to contact the representative that you first spoke with when completing these documents.

We are certain that you will find our services helpful in achieving your student loan resolution needs.

Sincerely,

Docuprep Center

## Document Preparation and Service Agreement ("Agreement")

This Agreement is entered into on the date shown below between _____Docuprep Center_____ (Hereinafter referred to as "Company") and the Client shown below (Hereinafter referred to as "Client").

Company provides document preparation services to assist consumers who are applying for federal student loan programs using Department of Education ("DOE") forms. Company is a private company, not affiliated with any government agency, and for a fee Company will assist in assembly and completion of student loan consolidation or other application documents for student loan debt assistance programs offered by the DOE, for delivery to Client for Clients review and submission to DOE. Company is not a lender, a debt consolidation company, or a law firm and does not provide legal advice.

Company and Client do hereby understand, covenant and agree to the following:

1. **Provide Complete and Truthful Information.** Company will provide Client with an overview session limited to their federal student loan debts and the available documents, and Client expressly represents and warrants that Client will provide Company with information that is complete, accurate and truthful.

2. **Performance of Services**. Upon receipt of all information from Client, Company shall promptly analyze Client's situation, review the information provided by the Client, and complete the application forms required for the DOE program(s) that have been selected by the Client. Company shall prepare for filing an application to initiate a federal student loan consolidation through the DOE on behalf of Client, or alternatively and at the Client's option, identify and apply for other DOE-sponsored programs suitable for Client. All completed applications shall be delivered by Company to Client for Client's approval, signature and direct submission to DOE.

**By initialing here, Client requests Company to complete & submit executed application to DOE.**

**Initials** __MH__

3. **Fees that Client Pays**. The payment for Company's services relating to the student loan assistance applications, their preparation, delivery to Client and ongoing support are described in the attached Fee Schedule (Exhibit A). Client should review the attached Fee Schedule carefully, which sets forth one or more fees that the Client will be charged depending on the services that are performed. All fees are earned, due and payable as described in the attached Fee Schedule. Payments may be collected on a periodic payment option as indicated in the attached Draft Schedule (Exhibit B). The funds shall be debited from Client's bank account or charged on Client's credit card. Client shall be responsible for any third party support or service fees, such as bank processing or third party account fees. At Client's option, an independent dedicated account provider may be used to debit/charge fees, holding them securely under Client's ownership and control until fees become due. Client may select such optional provider and is responsible for all costs associated with such.

4. **Process**. Once Client provides Company with all requested information and paperwork, Company will begin preparing applications. Once Client submits application package to DOE, it may take DOE or its servicers up to ninety (90) days or longer to respond. Client understands that Company may use a third party support servicer to assist in processing duties pursuant to this Agreement and Company may share Client's information to accomplish its services. Client understands that unless notification is received in

**Initials** __MH__

writing that Client shall continue making payments on all existing student loans. Failure to do so will adversely affect the credit standing and can incur additional late fees and interest as well as collection efforts.

5. **Indemnification.** Client hereby agrees to defend and indemnify Company and any supporting servicer from and against any claims and liability of any nature whatsoever arising out of or in connection with Client's failure to timely provide requested information to Company, Client's lack of authority or ability to complete terms of this Agreement, and all other claims arising out of this Agreement or relating to Client's loans and other financial obligations. This Agreement constitutes the entire agreement between the parties. Company makes no warranty, express or implied, as to the fitness of any recommendation it may make to Client arising out of this Agreement. Except for cause, Client unconditionally waives any right of action against Company and support servicer, its officers, directors, employees, agents, brokers and assignees, at law, equity or any other cause of action for any reason, directly, indirectly or proximately believed to arise out of this Agreement, for any damages of any nature whatsoever that Client may incur by reason of Client following any recommendation of Company or Client's failure to follow any recommendation of Company, whether any singular, concurrent or series of recommendations are acted upon or not acted upon in whole or in part by Client. This section shall survive any termination of this Agreement.

6. **Entire Agreement**. By virtue of Client's signature below, Client acknowledges that he/she has read, understands and agrees to every term, covenant and condition of this Agreement without change or modification and that he/she has received a true and complete copy hereof, effective on the date below. This agreement is the only agreement between the parties and there is no other collateral agreement (oral or written) between the parties in any manner relating to the subject matter of this agreement. If any portion of this agreement is held to be invalid or unenforceable, the remaining provisions will remain in effect. The parties mutually understand and agree that a facsimile copy signature or an electronic signature on this agreement shall be deemed an original for all lawfully enforceable purposes.

7. **Cancellation Policy**. The Company's cancellation policy is designed to exceed state law requirements (for the Client's protection) and be easy to understand: Company provides to Client the unrestricted right to cancel and terminate this Agreement and receive a return of all monies deposited at any time prior to the completion and approval of the consolidation process. In addition, if you are unhappy or dissatisfied at any time prior to receiving the documents and/or services described herein, a consolidation or other result from the DOE that Company has assisted you with, then simply send a letter, email or facsimile to the Company requesting a refund and cancelling your program. Client shall not be entitled to a refund unless subject to above guarantee or if Client requests such cancellation within their state statutory cancellation right. If at any time you have questions, please do not hesitate to call or write to us directly.

8. **Limitations on Damages**. Liability under this Agreement and/or relating directly or indirectly to Client's participation in any government loan or relief program, under any theory of liability regarding any claim by the Client is limited to the amount of fees paid by Client and received by Company. The parties agree to be contractually bound to such limitation on any damages, and agree not to demand or attempt to recover any amount in excess of such. This section shall survive any termination.

Initials _MH_

9. **IMPORTANT – Mandatory Binding Arbitration To Resolve All Disputes And Class Action Waiver.** Please Read This Section Carefully and Do Not Sign This Agreement Unless You Understand and Agree With This Section: This Agreement is governed by a Binding Mandatory Arbitration Requirement. You are encouraged to consult with independent legal counsel so that you understand your rights relating to this requirement. This Section limits your legal rights and ability to go to court. Please consult with legal counsel to be sure you understand this Section prior to signing.

In the event of any controversy, claim or dispute between the parties (the Company, the Client, and any support entities or persons contemplated herein) arising out of or relating to this agreement or the breach, termination, enforcement, interpretation, unconsionability or validity thereof, including any determination of the scope or applicability of this agreement to arbitrate, shall be determined and resolved exclusively by arbitration in the county which the consumer resides, or the closest metropolitan county, in accordance with the Laws of the State of California for agreements to be made in and to be performed in California.  The parties agree that the arbitration shall be administered by the American Arbitration Association ("AAA") pursuant to its rules and procedures and an arbitrator shall be selected by the AAA. The arbitrator shall be neutral and independent and shall comply with the AAA code of ethics. The award rendered by the arbitrator shall be final and shall not be subject to vacation or modification. Judgment on the award made by the arbitrator may be entered in any court having jurisdiction over the parties. If either party fails to comply with the arbitrator's award, the injured party may petition the circuit court for enforcement. The parties agree that either party may bring claims against the other only in his/her or its individual capacity and not as a plaintiff or class member in any purported class or representative proceeding. Further, the parties agree that the arbitrator may not consolidate proceedings of more than one person's claims, and may not otherwise preside over any form of representative or class proceeding.  The parties shall share the cost (not attorney's fees) of arbitration equally. In the event a party fails to proceed with arbitration, unsuccessfully challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit, including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award.   Binding Arbitration means that both parties give up the right to a trial by a jury. It also means that both parties give up the right to appeal from the arbitrator's ruling except for a narrow range of issues that can or may be appealed. It also means that discovery may be severely limited by the arbitrator.  This section and the arbitration requirement shall survive any termination.

Initials _MH_

10. **Information Authorization.**  Client hereby authorizes Company to verify past and present employment earnings records, bank accounts, stock holdings, and any other asset balances that are needed to process my application request(s). Client further authorizes Company to order a consumer credit report and verify other credit information, including past and present mortgage and landlord references. Importantly, Company does not provide any form of credit repair, credit score enhancement, unsecured or secured debt relief, or legal or tax advice, so any information obtained by Company can't be used for those purposes.

Initials _MH_

11. **Electronic and Voice Communication Consent**. Client consents to do business electronically with Company. Client understands that electronic transactions, not limited to emails, are inherently unsecure and that both Client and Company will take all reasonable steps to maintain the Privacy of the information shared between the parties. Client consents to receive information and documents relating to this Agreement and Company services via electronic mail, text message, facsimile, voicemail, and any other common electronic means. Client understands that all costs associated with the receipt, review and use of such electronic communications shall be those of Client, such as maintaining access to the Internet or paying for text messages. Client consents to receive updates and documents relating to this Agreement and the services and programs offered by Company via prerecorded voice messages, text/SMS messages, and/or through the use of an automated dialing system. Client may contact Company at any time to opt-out of receiving updates, new programs or offers through prerecorded or autodialed messages.

BY SIGNING BELOW (ELECTRONICALLY OR PHYSICALLY), **I HEREBY ACKNOWLEDGE THAT I HAVE NOT BEEN ADVISED BY COMPANY, ANY OF ITS AGENTS, AND/OR AFFILIATES TO FOREGO A STUDENT LOAN PAYMENT IN EXCHANGE FOR THE GOOD FAITH PAYMENT AND FEDERAL STUDENT LOAN CONSOLIDATION PROGRAM. DURING THIS PROCESS, CLIENT IS RESPONSIBLE FOR MAKING HIS OR HER PAYMENTS, AND FAILURE TO DO SO COULD DISQUALIFY THE CLIENT FROM OBTAINING THE SERVICE THAT WAS AGREED UPON.** I FURTHER ACKNOWLEDGE THAT NO GUARANTEES CONCERNING THE SUCCESS OF THE LOAN CONSOLIDATION HAVE BEEN PROVIDED TO CLIENT BY COMPANY, AND/OR ANY OF ITS AGENTS, AND/OR AFFILIATES AND A POSITIVE OUTCOME IS NOT GUARANTEED. I UNDERSTAND AND CONSENT TO THE ARBITRATION CLAUSE AND LIMITATION OF LIABILITY CONTAINED HEREIN, AND HAVE HAD THE OPPORTUNITY TO REVIEW THIS AGREEMENT IN ITS TOTALITY AND ASK ANY QUESTIONS OF COMPANY.

**Executed On this Date:** 12/2/2015

**Client Signature:** *Natalie Hebin* (DocuSigned by: 6569448269D04D0...)

**Client Name:** Natalie Hebin              **DOB:** ▇ 1991

# Exhibit "A" to Service Agreement

## Fee and Service Schedule

The purpose of this fee and service schedule is to ensure that Client is aware and consents to the fees that Company will charge for its services in assisting Client in preparing documents for one or more of the below programs. While such programs may be available for free directly by various government agencies, our services are fee-based and focused on application and document preperation. If other programs are identified by Client or Company to be suitable for Client, then additional fees may apply and will be presented to Client in writing for approval. Fees are charged consistent with terms of Client Agreement. Fees herein are only Company fees and do not include any third party fees such as bank or dedicated account processing fees.

Client requests Company to perform, in good faith, the following services (the "Services"): (a) conduct a financial review of the Client's current situation; b) analyze and review potential Student Loan Consolidation options that may be available to Client from the DOE; (c) discuss potential options with the Client; and (d) prepare and deliver to Client selected applications.

Company's services ("Services") will be limited to the following:

1. Assisting Client in locating options and document preparation limited to government consolidation, education and/or refinance or similar programs designed for Client's specific debt(s);

2. Locating, obtaining and preparing the application(s) and supporting documents to apply for the programs and services described above;

3. Additional consultation as needed with Client to gather and obtain information and documents from client needed to prepare the above documents, and answer Client questions; and

4. Follow-up on application, provide updates to Client, as reasonable, relating to documents that the Company will complete and provide for Client approval, signature and submission.

5. For certain loans, it may be determined that Client is in default of their obligations ("Default Accounts"). Company will assist with Default Accounts limited to reviewing the Client's present status and existing loan obligations, and upon review consult with Client to locate a specific payment plan known as a "rehabilitation plan." Generally, if the Client is likely to qualify for such based on Client's financials and ability to pay, the Company will present such (with Client's approval) to the government creditors. Company will assist Client in qualifying for a rehabilitation program, and upon such acceptance Client will receive a term repayment program. Upon meeting lender-imposed repayment terms (usually for 6-12 months), Client may qualify to submit a consolidation application consistent with the above. Company shall then assist per above.

6. Some Clients may require other assistance with their loans that shall be deemed by the Company and Client to be in the Client's best interest. Those services shall be charged on a fee-for-service basis consistent with a written pricing schedule to be provided to the Client for Client's signature prior to any work commencing. Those services shall be limited to providing support with the DOE relating to other student loan assistance programs that may be available for the Client. Other than the amounts charged for these supplemental or alternative services, all of the terms of this Agreement shall continue to apply.

Fees for the Above Services and Length of Agreement: In connection with this Agreement the above services shall be provided to the Client at a rate of $799 for document preparation and delivery to Client for a consolidation consistent with the above; and $799 for services limited to default accounts and rehabilitation programs as described above. In the event that Client requires and utilizes Company's rehabilitation services, the Company will offer it's consolidation services to Client at a discounted rate of $599. Fees shall be due in full and payable to Company once services and consolidation have been completed and approved, or in the event of a rehabilitation program fees are due in full once Client makes first payment to servicer(s). This Agreement shall automatically expire upon 120 days after the date the Agreement begins (except for surviving clauses and fees that continue to be due to company), unless Client expressly requests that Company continue. For example, following a rehabilitation program, Client may want the Company to continue program consolidation application services. Once earned through the above provision of services, all fees are non-refundable. All fees shall be debited from Client's bank account or charged on Client's credit card pursuant to the attached authorization. Client shall be responsible for any third party support or service fees, such as bank processing or third party account fees. At Client's option, an independent dedicated account provider may be used to debit/charge fees, holding them securely under Client's ownership until fees become due. Client may select such optional provider and is responsible for all costs associated with such. A sample dedicated account provider is attached to this Agreement for Client's review. Client consents to Company receiving payment for all fees that are due under this Agreement from Client's dedicated account.

**Client Signature:** *Natalie Hebin* (DocuSigned, 6569448269D04D0...) _____ **Date:** 12/2/2015 _____

# Exhibit "B" to Service Agreement
# Draft Schedule

| 1st Draft Date | 12/9/2015 |
|---|---|
| 1st Draft Amount | $799.00 |

| 2nd Draft Date | |
|---|---|
| 2nd Draft Amount | |

| 3rd Draft Date | |
|---|---|
| 3rd Draft Amount | |

*Natalie Hebin*
—6569448269D04D0…

**Client Signature**

12/2/2015

**Date**

| FACTS | WHAT DOES _____Docuprep Center_____ ("Company") DO WITH YOUR PERSONAL INFORMATION? |
|---|---|
| Why? | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
| What? | The types of personal information we collect and share depend on the product or service you have with us. This information can include:<br>• Social Security number and income<br>• Account balances and account numbers<br>• Transaction or loss history and employment information<br>When you are *no longer* our customer, we continue to share your information as described in this notice. |
| How? | All financial companies need to share customers' personal information to run their everyday business. In the section below, we list the reasons financial companies can share their customers' personal information; the reasons _____Docuprep Center_____ chooses to share; and whether you can limit this sharing. |

| Reasons we can share your personal information | Do we share? | Can you limit this sharing? |
|---|---|---|
| **For our everyday business purposes** – such as to process your transactions, maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus | Yes | No |
| **For our marketing purposes** – to offer our products and services to you | Yes | No |
| **For joint marketing with other financial companies** | No | We don't share |
| **For our affiliates' everyday business purposes** – information about your transactions and experiences | Yes | No |
| **For our affiliates everyday business purposes** – information about your creditworthiness | No | We don't share |
| **For non-affiliates to market to you** | Yes | Yes |

| Questions? | Call (888) 717-5721 |
|---|---|

| Who we are | |
|---|---|
| Who is providing this notice? | _____Docuprep Center_____ |
| **What we do** | |
| How do we protect my personal information? | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law.  These measures include computer safeguards and secured files and buildings.<br><br>We also maintain physical, electronic and procedural safeguards such as computer virus protection software, firewalls, and a 128 bit Secure Socket Layer.  Only authorized employees have access. |
| How do we collect my personal information? | We collect your personal information, for example, when you<br>• Give us your income information<br>• Provide employment information<br>• Provide account information<br>• Give us your contact information<br>We also collect your personal information from other companies. |
| Why can't I limit all sharing? | Federal law gives you the right to limit only<br>• Sharing for affiliates' everyday business purposes-information about your creditworthiness<br>• Affiliates from using your information to market to you<br>• Sharing for non-affiliates to market to you.<br>State laws and individual companies may give you additional rights to limit sharing. |
| **Definitions** | |
| Affiliates | Financial and nonfinancial companies related by common ownership or control.<br>• _____Docuprep Center_____ *does not  share with our affiliates* |
| Non-affiliates | Financial and nonfinancial companies not related by common ownership or control.<br>• _____Docuprep Center_____ *does not share with non-affiliates so they can market to you.* |
| Joint Marketing | A formal agreement between nonaffiliated financial companies that together market financial products or services to you.<br>• _____Docuprep Center_____ *doesn't jointly market.* |
| **Other Important Information** | |
| **For California and Vermont Residents:** We will not share information we collect about you with nonaffiliated third parties, except as permitted by California or Vermont law, respectively, such as to process your transactions or to maintain your account. | |

Rev. 09.13

# Limited Power of Attorney

To: Any and all of my Student Loan Creditors:

I, hereby duly authorize, empower and appoint _____Docuprep Center_____, its representatives and third party account servicing companies that are working on my applications permission to perform any acts necessary or convenient, including but not limited to, the following on my behalf:

1. To communicate with any and/or all of my Federal Student Loan providers and Servicers.

2. To communicate with banks, creditors, financial institutions, licensed collection agencies, and all other related entities and individuals relating to my Federal Student Loans, including but not limited to the balance of my account, payment history verification of the account and any and all necessary communications, correspondence, and negotiations regarding my account(s). I assert that all of the information that I have provided and will provide _____Docuprep Center_____ is true and accurate.

3. I hereby authorize third party communication from banks, creditors, financial institutions, licensed collection agencies, and all other related entities and individuals relating to my Federal Student Loans to communicate directly with _____Docuprep Center_____ concerning my account or the collection activities associated with it, in accordance with Section 805(b) of the Fair Debt Collection Practices Act. I further request that all of my lenders direct all further telephone calls to: _____ and correspondence to: _____Docuprep Center_____, 895 Dove Street, 3rd Floor Newport Beach, CA 92660. Any and all communications directed to me will be referred to _____Docuprep Center_____.

I understand that _____Docuprep Center_____ is not a law firm, is not licensed to practice law or provide legal advice and that I will not request or accept, any legal advice from _____Docuprep Center_____ relating to my personal financial situation. I expressly agree to waive, forgo, indemnify and defend any claim against the _____Docuprep Center_____ relating to the practice of law. I understand that any creditor or collection activity, demands, or lawsuits are unrelated to my enrollment in the _____Docuprep Center_____ program.

I agree that electronic or facsimile copy signature shall be deemed original and is an authorization by me for all lawfully enforceable purposes.

This Limited Power of Attorney shall remain in force until or unless modified or rescinded in writing, or upon resolution of the current matter.

Executed On this (Date): 12/2/2015 _____

Applicant Signature: *Natalie Hebin* (DocuSigned by: 6569448269D04D0...) _____ Applicant SSN: _____████████_____

Applicant Name: _____Natalie Hebin_____ Applicant DOB: _____████1991_____

## National Student Loan Data System Access

As part of the federal student loan assistance application process, it will be necessary for _____Docuprep Center_____ and its designated servicer who is assisting on my applications (hereinafter "Company") to access your student loan information within the National Student Loan Data System located online at http://www.nslds.ed.gov.

The National Student Loan Data System contains a complete list of your federal education loans, along with current estimated balances and servicer details — information that is required to complete your application(s).

By enrolling in the Company assistance program, you are agreeing to allow Company and its authorized agents to access your profile and all the data contained within that profile.

Please note that all information that Company obtains from the National Student Loan Data System will be used expressly for the purposes of confirming your eligibility for the Company consolidation assistance program and assisting you in the consolidation of your federal education loans.

**Acknowledgment**

I, _____Natalie Hebin_____, hereby acknowledge that I have read, understood, and agree to the above statements regarding access to my National Student Loan Data System profile. I understand that any information received or accessed will be used solely for the purposes of verifying my eligibility for lender assistance programs and completing my applications. Upon completion of Company services, I understand that I should log back in to NSLDS and change my User Name and Password so that at all times I maintain control over my account.

By signing this acknowledgment, I agree to allow Company and its designated Servicer to access the National Student Loan Data System and my personal profile as explained above.

**Client Signature:** _Natalie Hebin_ / 6569448269D04D0... _____ **Date:** 12/2/2015 _____

# Preauthorized Checking and ACH Authorization Form

Natalie
First Name

Hebin
Last Name

_____
Street Address

_____ Phone #

_____ Cell Phone #

Gainesville
City

FL
State

___ Zip

_____ Email address

**DESIGNATED BANK ACCOUNT DEBIT AUTHORIZATION**

USAA BANK
Bank Name

314074269
Bank Routing Number (as it appears on the check)

Natalie Hebin
Name as it appears on bank account

_____
Bank Account Number

**DESIGNATED BANK ACCOUNT DEBIT SCHEDULE AUTHORIZATION**      Account Type  Savings

Deposit Amount $ 799    Start Date 12/9/2015    Deposit Amount $ _____  Start Date _____

Deposit Amount $ _____  Start Date _____    Deposit Amount $ _____  Start Date _____

**I authorize Payment Automation Network** to initiate Automatic Clearing House (ACH) debits from my designated bank account at the financial institution identified above. I authorize Payment Automation Network to debit my bank account according to the schedule of debits provided to Payment Automation Network by me or on my behalf or as otherwise provided by agreement. I understand that debits will be withdrawn on the due date unless the otherwise indicated and that sufficient funds must be available in designated account at least two (2) business days prior to the actual date of the debit. Upon my approval, Payment Automation Network may adjust the amount being debited from designated bank account. This authorization is to remain in force until the schedule of debits is completed or until Payment Automation Network has received written notification from me of a change or termination, allowing Payment Automation Network no fewer than five (5) business days to act. Payment Automation Network shall not be liable to any person for not completing a transaction as a result of any limit on my designated bank account or if a financial institution fails to honor any debit from such account. I understand it is my responsibility to notify Payment Automation Network immediately if a scheduled debit does not occur. I authorize Payment Automation Network to recover funds an ACH debit from my bank account in the event of an error or in the event that a prior debit is returned for any reason, including non-sufficient funds. I understand that a $25.00 service charge will be added for every NSF draft. I understand I can call Payment Automation Network at 800-813-3740 to cancel this service. **Payments will be drafted on the payment due date of the original Student Loan Consolidation agreement**. I understand and agree that Payment Automation Network, Inc. is not a debt collector. Payment Automation Network, Inc. is merely acting as a payment processor and any inquiry concerning amounts due and owing should be made to the Student Loan Consolidation Company.

I have read and understand the information contained in this document and I affirm that the above information given by me is accurate and true to the best of my knowledge.

SIGNATURE  *Natalie Hebin*
         DocuSigned by:
         6569448269D04D0...

DATED  12/2/2015