**PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583**
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Telephone: (949) 878-9418
Facsimile: (619) 330-2991

Attorneys for Defendant, **JAWAD NESHEIWAT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BUREAU OF CONSUMER FINANCIAL PROTECTION**, <br><br> Plaintiff, <br><br> v. <br><br> **CHOU TEAM REALTY LLC,** *et al.,* <br><br> Defendants. | Case No.  **8:20-cv-00043-SB-ADS** <br><br> **JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF  CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br> [Concurrently served with: Statement of Genuinely Disputed Facts; Statement of Undisputed Material Facts; Declarations of Lepiscopo; Exhibits 101-141; Motions to Strike and Evidentiary Objections to Declarations, Depositions, and Exhibits.] <br><br> DATE:  **July 23, 2021** <br> TIME:  **8:30 A.M.** <br> COURTROOM:  **ZOOM Webinar** <br> JUDGE: **HONORABLE STANLEY BLUMENFELD, JR.** |

LEPISCOPO & ASSOCIATES LAW FIRM

# **TABLE OF CONTENTS**

P<small>AGE</small>

CROSS-MOTION FOR SUMMARY JUDGMENT
& OPPOSITION TO MOTION FOR SUMMARY JUDGMENT 1

LEGAL MEMORANDUM IN SUPPORT OF CROSS-MOTION
FOR SUMMARY JUDGMENT & OPPOSITION TO BUREAU'S
MSJ 2

I. A<small>S</small> T<small>O</small> C<small>OUNTS</small> I <small>THROUGH</small> XI, I<small>NCLUSIVE</small>, O<small>F</small> T<small>HE</small> SAC,
T<small>HE</small> B<small>UREAU</small> F<small>AILED</small> T<small>O</small> T<small>IMELY</small> F<small>ILE</small> T<small>HIS</small> A<small>CTION</small>
W<small>ITHIN</small> 3 Y<small>EARS</small> A<small>S</small> R<small>EQUIRED BY</small> 12 USC § 5564(g) 2

 A. Luvin Complaint 3
 B. Whitehead Complaint 3
 C. Rohlfing Complaint 4
 D. McCullough Complaint & U.S. Senator Mark Warner 4

II. T<small>HE</small> B<small>UREAU'S</small> MSJ M<small>UST</small> B<small>E</small> D<small>ENIED</small> P<small>URSUANT</small> T<small>O</small>
S<small>EVENTH</small> A<small>MENDMENT</small> A<small>ND</small> FRCP 56 B<small>ECAUSE</small> T<small>HERE</small>
A<small>RE</small> G<small>ENUINE</small> D<small>ISPUTES</small> O<small>F</small> M<small>ATERIAL</small> F<small>ACTS</small> T<small>HAT</small>
D<small>EFEAT</small> E<small>ACH</small> A<small>ND</small> E<small>VERY</small> C<small>OUNT</small> O<small>F</small> T<small>HE</small> SAC 5

 A. The Seventh Amendment 5
 B. Standard for Summary Judgment 6
 C. Denial of One Count Denies The Entire MSJ 7
 D. Inadmissible Evidence 8
 E. Legal Argument 8

III. C<small>ONCLUSION</small> 24

CERTIFICATE OF SERVICE 25

L<small>EPISCOPO</small> & A<small>SSOCIATES</small> L<small>AW</small> F<small>IRM</small>

# TABLE OF AUTHORITIES

PAGE

**CASES:**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)..........................................6, 8

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).......................................................1, 6

*Donovan v. Agnew*, 712 F.2d 1509 (1st Cir. 1983)...................................................7

*Finn v. Consolidated Rail Corp.*, 782 F.2d 13 (1st Cir. 1986)................................6

*Garside v. Osco Drug, Inc.*, 895 F.2d 46 (1st Cir. 1990)..........................................6

*Merck v. Reynolds*, 559 U.S. 633 (2010)..................................................................5

*Oliver v. Digital Equip. Corp.*, 846 F.2d 103 (1st Cir. 1988)..................................6

**CONSTITUTIONS:**

U.S. CONST. AMEND. SEVEN..................................................................5, 9

**STATUTES & RULES:**

Consumer Financial Protection Act of 2010 ("CFPA"),
12 USC § 5531(a)....................................................................1, 17, 19- 23

12 USC § 5536(a)(1)(A)...........................................................1, 17, 19- 23

12 U.S.C. § 5563(a)(3)...............................................................................22

12 USC § 5564(g).........................................................................1, 2, 3, 5

12 U.S.C. § 5481(6)(A)..............................................................................18

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681...........................................1

LEPISCOPO & ASSOCIATES LAW FIRM

15 USCS § 1681e.................................................................9

15 U.S.C. 1681b(f)..............................................................9

15 U.S.C. § 6102(c).............................................................1

15 U.S.C. § 6105(d).............................................................1

Federal Rule of Civil Procedure, Rule 56.................................1, 6, 7, 8, 9

Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.........................1

16 C.F.R. 310.3(a)(2)(x)..................................................12, 13, 14

16 C.F.R. 310.3(b)............................................................16

16 C.F.R. 310.3(c)............................................................16

16 C.F.R. 310.3(d)............................................................16

16 C.F.R. § 310.4(a)(5)(i)(A)-(B)..........................................11, 16

LEPISCOPO & ASSOCIATES LAW FIRM

LEPISCOPO & ASSOCIATES LAW FIRM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CROSS-MOTION FOR SUMMARY JUDGMENT & OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff Bureau of Consumer Financial Protection ("Bureau") commenced this civil action ("Action") by filing its complaint ("Complaint") on January 9, 2020, its first amended complaint ("FAC") on July  10, 2020, and second amended complaint ("SAC") on August 26, 2020. ECF Nos. 1, 117, and 141, respectively. In the SAC, the Bureau alleged claims under Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a)(1)(A), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, as it applies to persons subject to the CFPA, 15 U.S.C. §§ 6102(c) and 6105(d), against Defendant Jawad Nesheiwat ("Nesheiwat" or "Defendant").

On May 14, 2021, the Bureau filed its motion for summary judgment on Counts I through XI in the SAC alleged against Nesheiwat ("MSJ"). ECF No. 189.

In response to the Bureau's MSJ, and pursuant to this Court's 4/8/21 Order, ECF No. 174, p. 3 and *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("*Celotex*"), Nesheiwat herby moves for full or partial summary judgment on Counts I through XI, inclusive, alleged in the SAC and files this memorandum of law ("Memo") in support of its cross-motion for summary judgment ("Cross-MSJ") and opposition to the Bureau's MSJ on the following grounds:

**A.** As to Counts I through XI, inclusive, the Bureau failed to timely file this Action within 3 years as required by 12 United States Code ("USC") § 5564(g).

**B.** The Bureau's MSJ must be denied pursuant to Federal Rule of Civil Procedure ("FRCP") 56 ("Rule 56") because there are genuine disputes of material facts that defeat each and every Count of the SAC. (*See* Jawad Nesheiwat's Statement of Genuine Disputes of Material Facts in Opposition  to Plaintiff's Motion

for Summary Judgment ("Disputed Facts" or "DF") and supporting exhibits concurrently filed herewith.)

### LEGAL MEMORANDUM IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT & OPPOSITION TO BUREAU'S MSJ

### I. AS TO COUNTS I THROUGH XI, INCLUSIVE, OF THE SAC, THE BUREAU FAILED TO TIMELY FILE THIS ACTION WITHIN 3 YEARS AS REQUIRED BY 12 USC § 5564(g).

As to Counts I through XI, inclusive, the Bureau failed to timely file this Action within 3 years as required by 12 USC § 5564(g), which provides:

> "(g) Time for bringing action.
>
> (1) In general. Except as otherwise permitted by law or equity, no action may be brought under this title more than 3 years after the date of discovery of the violation to which an action relates."

It is undisputed from its own records (Ex. 141) that the Bureau was placed on notice **more than 3 years** before untimely filing this Action on January 9, 2020. Specifically, commencing on April 23, 2015, and continuing until January 6, 2017, the Bureau was made aware of 108 consumer complaints filed against defendants Nesheiwat, Monster Loans, Docu Prep Center, Certified Doc Prep Services, Assure Direct Services, Direct Document Solutions, and Secure Preparation Services (collectively referred to as "Defendants"). Nesheiwat's Statement of Undisputed Material Facts in Support of Cross-Motion for Summary Judgment ("NUF") ¶ 29.[1]

---

[1]    Exhibits 102 to 128 and 141 are not offered for the truth of the matters asserted but rather proffered under Federal Rules of Evidence, Rule 803 for the

JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR
SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

2

LEPISCOPO & ASSOCIATES LAW FIRM

In addition to the Bureau's Consumer Complaint Spreadsheet (Ex. 141; NUF ¶ 29), Nesheiwat has provided evidence of 24 examples of the consumer complaints filed with the Bureau for the time frame November 18, 2015, through December 31, 2016, all of which are more than 3 years before the Bureau untimely filed this Action. NUF ¶¶ 3-8 and 10-28.

It is also interesting to note that in April 2015, which was more than 4.5 years before this Action was untimely filed, the Bureau had full knowledge of the claims alleged in this Action against Defendants and was already investigating and taking rulemaking action under the Telemarking Sales Rule regarding Defendants' alleged use of prescreened student loan information for use in debt relief matters. NUF ¶ 2.

The claims raised in the consumer complaints (Exs. 102-127) are the same as the claims alleged by the Bureau in the SAC, ECF 141. It is worth reviewing some of the examples provided in support of Nesheiwat's Cross-MSJ.

**A.  LUVIN COMPLAINT:** The earliest of the consumer complaints provided was filed by Natalie Luvin on November 18, 2015 (Ex. 102). The complaint is alleged against defendant Docu Prep Center for taking $699 in advance fees to consolidate her student loans, which did not occur. She requested refund of her $699. Fees were not returned to Natalie Luvin. NUF ¶ 3.

**B.  WHITEHEAD COMPLAINT:** The complaint was filed by Laurie Whitehead on March 30, 2016 (Ex. 104). The complaint alleges that defendant Certified Doc Prep promised to lower her monthly student loan payment. She paid $599 in advance

_____

limited purpose to show that the Bureau had more than 4.5 years notice of the claims against defendants for purposes of applying the 3-years statute of limitation period in 12 USC § 5564(g). Accordingly, Nesheiwat's proffering of these exhibits shall not be interpreted as or constitute admissions or waivers of objections for other purposes. (*See* Ex. 101: Decl. of Lepiscopo ¶ 7.)

JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

3

LEPISCOPO & ASSOCIATES LAW FIRM

fees and then was asked to pay an additional $795, which she did not pay. Fees were not returned to Laurie Whitehead. NUF ¶ 5.

**C. ROHLFING COMPLAINT:** The complaint was filed by Blair Rohlfing on April 27, 2016 (Ex. 105). The complaint alleges that defendant Certified Doc Prep sent Blair Rohlfing a "*Final Notice" mail piece titled, "Student Loan Consolidation & Payment Reduction Program Prepared for Blair Rohlfing*." The notice indicated that Ms. Rohlfing owed $188,064 in student loan debt. She contacted defendant Certified Doc Prep and spoke with a representative inquiring how they knew  her balance. The response caused her to contact the Bureau to ascertain whether what she was told was correct. As a consequence, she then filed her complaint. NUF ¶ 6.

**D. MCCULLOUGH COMPLAINT & U.S. SENATOR MARK WARNER:** The complaint was filed by Jared McCullough on May 24, 2016 (Ex. 107). The complaint alleges that defendant Docu Prep Center contacted Mr. McCullough for student loan consolidation and forgiveness program. The complaint further alleged that someone from Docu Prep Center threatened Mr. McCullough with sending his account to collections. Mr. McCullough also contacted U.S. Senator Mark Warner's office for help. It is important to note that at the time Senator Warner was a member of the Senate Banking, Housing, and Urban Affairs Committee ("Banking Committee"), which had oversight over the Bureau. NUF ¶¶ 8 & 9.[2]

On July 12, 2016, which was more than 3 years before this Action was untimely filed, the Bureau sent U.S. Senator Mark Warner a letter on behalf of Jared McCullough. Clearly concerned about the Senate's oversight and the fact that Mr.

---

[2]    *See*, Senator Mark Warner, 114th Congress, 2016 Committee assignments, https://ballotpedia.org/United_States_Senate_Committee_on_Banking,_Housing,_and_Urban_Affairs

LEPISCOPO & ASSOCIATES LAW FIRM

McCullough was Senator Warner's constituent, the Bureau initiated an investigation. The Bureau's letter had an official complaint number assigned to it: "Complaint 160524-000095 (McCullough)." NUF ¶ 9.

In addition to the aforementioned complaints, the Bureau had—prior to untimely filing this Action on January 9, 2020—evidence of 104 other violations of the same nature alleged in the SAC. It would be an understatement to call these mere "storm warnings" as articulated in *Merck v. Reynolds*, 559 U.S. 633, 653-54 (2010) ("*Merck*"). On the contrary, here the Bureau was well aware of the claims alleged in the SAC more than 3 years before it untimely filed this Action, as the Bureau had 108 complaints making the same claims against the Defendants as alleged in the SAC, including one involving a U.S. Senator on the Senate Banking Committee. NUF ¶¶ 3-8 and 10-28.

Based on the foregoing, Nesheiwat is entitled to summary judgment as to Counts I through XI, inclusive, because the undisputed material facts (NUF ¶¶ 3-8 and 10-28) prove that the Bureau failed to timely file this Action against him within 3 years as required by 12 USC § 5564(g).

## II. THE BUREAU'S MSJ MUST BE DENIED PURSUANT TO SEVENTH AMENDMENT AND FRCP 56 BECAUSE THERE ARE GENUINE DISPUTES OF MATERIAL FACTS THAT DEFEAT EACH AND EVERY COUNT OF THE SAC.

Nesheiwat provides the following legal discussion to support his position that the Bureau is not entitled to summary judgment because there are genuine disputes of material facts as to Counts I through XI, inclusive. (*See* Disputed Facts.)

### A. The Seventh Amendment.

Nesheiwat hereby asserts the full protections of his fundamental constitutional right to a trial by jury as secured by the Seventh Amendment. U.S. CONST. AMEND. VII ("7th Amendment"). In order to survive Seventh Amendment scrutiny, the U.S.

JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

5

LEPISCOPO & ASSOCIATES LAW FIRM

Supreme Court limits granting of summary judgment under Rule 56 to where the moving party shows that the non-moving party—bearing the burden of proof at trial—cannot meet an essential element of his or her claim or defense. *Celotex, supra*, 477 U.S. at 322.

As will be demonstrated below, the Bureau has failed to meet its burden of proof to establish all elements of each of the counts of the SAC with undisputed material facts. On the other hand, Nesheiwat will meet his burden of showing that genuine disputes of material fact do, in fact, exist. Accordingly, Nesheiwat respectfully requests the Court to **deny** the Bureau's MSJ. *See* U.S. CONST. AMEND. VII; *Celotex, supra*; Rule 56.

**B.     Standard for Summary Judgment.**

In assessing the parties' motions, the Court should apply the following principles. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) ("*Liberty Lobby*"); *accord Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990). A "material" issue is one that "affects the outcome of the suit . . . ." *Anderson*, 477 U.S. at 248. The burden is upon the moving party to aver the lack of a genuine, material factual issue, *Finn v. Consolidated Rail Corp.*, 782 F.2d 13, 15 (1st Cir. 1986), and the court must view the record in the light most favorable to the non-movant, according the non-movant (here, Nesheiwat) all beneficial inferences discernable from the evidence. *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 105 (1st Cir. 1988). If a motion for summary judgment is properly

**JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**6**

LEPISCOPO & ASSOCIATES LAW FIRM

supported, the burden shifts to the non-movant to show that a genuine issue exists. *Donovan v. Agnew*, 712 F.2d 1509, 1516 (1st Cir. 1983).

## C.   Denial of One Count Denies The Entire MSJ.

Not to be too technical, but in its Notice of Motion, ECF No. 189 (emphasis added), the Bureau did not request **partial** summary judgment of each of its claims but rather summary judgment on **all** claims against Nesheiwat:

> "Pursuant to Local Rule 6-1, Plaintiff Bureau of Consumer Financial Protection ("Bureau") provides this notice of its motion and hereby moves pursuant to Federal Rule of Civil Procedure 56 for summary **judgment on all claims** alleged against Defendant Jawad Nesheiwat in the Second Amended Complaint . . ."

Rule 56's "Notes of Advisory Committee on 2010 amendments" provides guidance that these are two distinct concepts by design—**partial** summary judgment as to any claim, rather than all claims, must be requested in the notice:

> "Rule 56 is revised to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. . .The first sentence [of Rule 56(a)] is added to make clear at the beginning that summary judgment **may be requested** not only as to an entire case but also as to a claim, defense, or part of a claim or defense. The subdivision caption adopts the common phrase 'partial summary judgment' to describe disposition of less than the whole action, whether or not the order grants all the relief requested by the motion."

*See* Fed. R. Civ. P. 56(a) advisory committee's note (2010) (emphasis added).

Since the Bureau did not provide notice of or request for **partial** summary judgment as to the individual claims but full judgment as to all claims, if Nesheiwat defeats any of Counts I through XI then the Bureau's entire motion should be denied.

LEPISCOPO & ASSOCIATES LAW FIRM

**D.    Inadmissible Evidence.**

As the Court will find upon review of Nesheiwat's numerous motions to strike and evidentiary objections, the Bureaus has failed to present admissible evidence in support of it MSJ. Thus, a court's summary judgment inquiry "unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Liberty Lobby*, supra, 477 U.S. at 252 (internal citations omitted):

> "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden."

*Id*. at 254.

For a court to accurately determine whether there is a factual dispute for a jury, the judge must be assured that the evidence he examines at summary judgment is as authentic as that which the jury will consider. This requires an evidentiary standard for materials considered on summary judgment which "govern its deliberations and [provide] within what boundaries [the court's] ultimate decision must fall." *Id*. at 254-55. Finally, in summary judgment the parties submit materials which create a record; it is on that record only, that the Court rules on summary judgment. In the present case, the Court should grant all of Nesheiwat's motions to strike and evidentiary objections, which will require denial of the Bureau's MSJ.

**E.    Legal Argument.**

As the Bureau has not proffered admissible evidence in support of, and there are genuine disputes of material facts as to, the elements of each of Counts I through XI of the SAC, the Court is constrained by the 7th Amendment and Rule 56 to denying the Bureau's MSJ.

**JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**8**

LEPISCOPO & ASSOCIATES LAW FIRM

1.   **<u>Count I: Violations of FCRA</u>**.[3]

In order to prove a violation of 15 U.S.C. 1681b(f), as alleged in Count I, the Bureau must proffer undisputed material facts in the form of admissible evidence to prove all of the following elements:

a.      Nesheiwat used or obtained a consumer report;

b.      the consumer report was used or obtained by Nesheiwat for a purpose for which the consumer report is not authorized; and

c.      the consumer report used or obtained by Nesheiwat was not certified pursuant to 15 USCS § 1681e.[4]

The Bureau attempts to expand § 1681e by alleging that Nesheiwat is liable if he has "directly ***<u>or indirectly</u>***, used or obtained consumer reports. . ." *See* SAC p. 33, l. 26 (emphasis added). Congress did not give § 1681e such an ambiguous and overly expansive reach but rather gave a precise and limited scope: "A person shall not use or obtain a consumer report. . ." The Court should reject the Bureau's expanded definition thereby requiring the Court to deny the Bureau's MSJ as to Count I. *See* 7th Amendment; Rule 56; 15 USCS § 1681e.

Failure to prove one of these elements by undisputed material  facts through admissible evidence defeats the Bureau's MSJ as to Count I. Here, the Bureau has to provide undisputed and admissible evidence to support Count I. For example, the Bureau has failed to provide admissible and undisputed evidence that Nesheiwat was

---

[3]   *See* SAC, ECF 141, ¶ 202.
[4]   *See* 15 USCS § 1681b(f) "Certain use or obtaining of information prohibited.   A person shall not use or obtain a consumer report for any purpose unless—
      (1)   the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
      (2)  the purpose is certified in accordance with section 607 [15 USCS § 1681e] by a prospective user of the report through a general or specific certification."

an owner of Monster Loans, DF ¶ 34; that Nesheiwat was in charge of or oversaw Monster Loans' sales and marketing, DF ¶ 37; and that Nesheiwat was an owner of the SLDR Companies or Docs Done Right during the relevant time frames, DF ¶¶ 38, 39, 60, & 67.

Similarly, the Bureau has failed to provide admissible and undisputed evidence that Nesheiwat purchased or oversaw purchases or received prescreened consumer reports or that he received consumer reports for which such consumer reports were not authorized. For example, there is no admissible and undisputed material evidence that Nesheiwat ever signed any Experian Application—neither Nesheiwat nor any questioned documents expert has testified as to the authenticity of Nesheiwat's signature on any of the exhibits offered by the Bureau—thus lacking personal knowledge and proper foundation. Further, there is absolutely no admissible and undisputed evidence of Nesheiwat's intent regarding prescreened lists. DF ¶¶ 109, 111, 112, 114, 115, 118, 127, 128, 129, 131, 132, 135, 136, 137, 140, 141, 142, 144, 145, 146, 147, & 155.

The Bureau has failed to provide admissible and undisputed evidence of whether loan consolidation would improve or otherwise have a favorable impact on a consumer's credit score, DF ¶¶ 189-195, or whether such statements to that effect were false, DF ¶ 200.

Based on the foregoing, the Bureau has failed to provide admissible and undisputed material facts to prove Count I of the SAC, and, therefore, the Court should deny the MSJ as to Count I.

/////

/////

/////

/////

JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

10

LEPISCOPO & ASSOCIATES LAW FIRM

LEPISCOPO & ASSOCIATES LAW FIRM

## 2. <u>Count II: Advance Fees in Violation of TSR.</u>[5]

In order to prove a violation of 16 C.F.R. § 310.4(a)(5)(i)(A)-(B), as alleged in Count II, the Bureau must proffer undisputed material facts in the form of admissible evidence to prove all of the following elements:

   a.     Nesheiwat was a seller or telemarketer during the alleged violation;

   b.     Nesheiwat requested or received from a customer payment of any fee or consideration for any debt relief service;

   c.     Nesheiwat requested or received payment from a customer before he renegotiated, settled, reduced, or otherwise altered at least one of the customer's debt pursuant to a written settlement agreement, debt management plan, or other written agreement; and

   d.     Nesheiwat requested or received payment from a customer before the customer has made a payment under the executed written settlement agreement, debt management plan, or other written agreement.[6]

Failure to prove one of these elements by undisputed material facts through admissible evidence defeats the Bureau's MSJ as to Count II. Here, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat was or acted

---

[5]     *See* SAC, ECF 141, ¶¶ 204 & 205.

[6]     *See* 16 C.F.R. § 310.4(a)  "Abusive conduct generally. It is an abusive telemarketing act or practice and a violation of this Rule for any seller or telemarketer to engage in the following conduct: . . . (5)(i) Requesting or receiving payment of any fee or consideration for any debt relief service until and unless:

(A) the seller or telemarketer has renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the customer;

(B) the customer has made at least one payment pursuant to that settlement agreement, debt management plan, or other valid contractual agreement between the customer and the creditor or debt collector."

as a seller or telemarketer during the violations alleged in the SAC. DF ¶¶ 231, 234, & 242. Similarly, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat requested or received from a customer payment of any fee or consideration for any debt relief service. DF ¶¶ 231, 234, 242, 260, 261, & 262.

Based on the foregoing, the Bureau has failed to provide admissible and undisputed material facts to prove Count II of the SAC, and, therefore, the Court should deny the MSJ as to Count II.

**3.** **Count III: Misrepresentations in Violation of TSR—Lower Interest Rates**.[7]

In order to prove a violation of 16 C.F.R. 310.3(a)(2)(x), as alleged in Count III, the Bureau must proffer undisputed material facts in the form of admissible evidence to prove all of the following elements:

a. Nesheiwat was a seller or telemarketer regarding debt relief services during the alleged violation;

b. Nesheiwat engaged in telemarketing acts or practices during the alleged violation;

c. While engaged in telemarketing acts or practices Nesheiwat made material representations regarding debt relief services; and

d. The telemarketing acts or practices engaged in by Neshiewat were intentionally deceptive, in that Nesheiwat falsely represented the amount of money or the percentage of the debt amount that a consumer would save, in this count, lower interest rates.[8]

---

[7]  *See* SAC, ECF 141, ¶ 209.

[8]  *See* 16 C.F.R. 310.3 "(a) Prohibited deceptive telemarketing acts or practices. It is a deceptive telemarketing act or practice and a violation of this Rule for any seller or telemarketer to engage in the following conduct: . . . (2) Misrepresenting, directly or by implication, in the sale of goods or services any of the following material information: . . . (x) Any material aspect of any debt relief service, including, but not

JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR
SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

12

LEPISCOPO & ASSOCIATES LAW FIRM

LEPISCOPO & ASSOCIATES LAW FIRM

Failure to prove one of these elements by undisputed material facts through admissible evidence defeats the Bureau's MSJ as to Count III. Here, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat was or acted as a seller or telemarketer or was engaged in telemarketing acts or practices regarding debt relief services during the violations alleged in the SAC. Similarly, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat made material representations regarding debt relief services or falsely represented the amount of money or the percentage of the debt amount that a consumer would save in the form of lower interest rates. DF ¶¶ 34, 37-39, 60, 67, 263-284, & 286-289.

Based on the foregoing, the Bureau has failed to provide admissible and undisputed material facts to prove Count III of the SAC, and, therefore, the Court should deny the MSJ as to Count III.

/////

/////

/////

/////

/////

---

limited to, the amount of money or the percentage of the debt amount that a customer may save by using such service; the amount of time necessary to achieve the represented results; the amount of money or the percentage of each outstanding debt that the customer must accumulate before the provider of the debt relief service will initiate attempts with the customer's creditors or debt collectors or make a bona fide offer to negotiate, settle, or modify the terms of the customer's debt; the effect of the service on a customer's creditworthiness; the effect of the service on collection efforts of the customer's creditors or debt collectors; the percentage or number of customers who attain the represented results; and whether a debt relief service is offered or provided by a non-profit entity."

4. **Count IV: Misrepresentations in Violation of TSR—Improved Credit Scores**.[9]

In order to prove a violation of 16 C.F.R. 310.3(a)(2)(x), as alleged in Count IV, the Bureau must proffer undisputed material facts in the form of admissible evidence to prove all of the following elements:

a.     Nesheiwat was a seller or telemarketer regarding debt relief services during the alleged violation;

b.     Nesheiwat engaged in telemarketing acts or practices regarding debt relief services during the alleged violation;

c.     While engaged in telemarketing acts or practices Nesheiwat made material representations regarding debt relief services; and

d.     The telemarketing acts or practices engaged in by Neshiewat were intentionally deceptive, in that Nesheiwat falsely represented the amount of money or the percentage of the debt amount that a consumer would save, in this count, improved credit scores.[10]

Failure to prove one of these elements by undisputed material facts through admissible evidence defeats the Bureau's MSJ as to Count IV. Here, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat was or acted as a seller or telemarketer or was engaged in telemarketing acts or practices regarding debt relief services during the violations alleged in the SAC. Similarly, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat made material representations regarding debt relief services or falsely represented the amount of money or the percentage of the debt amount that a consumer would

---

[9]   *See* SAC, ECF 141, ¶ 214.
[10]   *See* Fn. 6, *supra*.

LEPISCOPO & ASSOCIATES LAW FIRM

save in the form of improved credit scores. DF ¶¶ 34, 37-39, 60, 67, 263-284, & 286-289.

Based on the foregoing, the Bureau has failed to provide admissible and undisputed material facts to prove Count IV of the SAC, and, therefore, the Court should deny the MSJ as to Count IV.

### 5. Count V: Misrepresentations in Violation of TSR—New Servicer.[11]

In order to prove a violation of 16 C.F.R. 310.3(a)(2)(x), as alleged in Count V, the Bureau must proffer undisputed material facts in the form of admissible evidence to prove all of the following elements:

a.      Nesheiwat was a seller or telemarketer regarding debt relief services during the alleged violation;

b.      Nesheiwat engaged in telemarketing acts or practices regarding debt relief services during the alleged violation;

c.      While engaged in telemarketing acts or practices Nesheiwat made material representations regarding debt relief services; and

d.      The telemarketing acts or practices engaged in by Nesheiwat were intentionally deceptive, in that Nesheiwat misrepresented a material aspect of a debt-relief service, in this count, a new servicer (*i.e.*, U.S. Department of Education).[12]

Failure to prove one of these elements by undisputed material facts through admissible evidence defeats the Bureau's MSJ as to Count V. Here, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat was or acted as a seller or telemarketer or was engaged in telemarketing acts or practices regarding debt relief services during the violations alleged in the SAC. Similarly, the

---

[11]   *See* SAC, ECF 141, ¶ 218.
[12]   *See* Fn. 6, *supra*.

**JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**15**

LEPISCOPO & ASSOCIATES LAW FIRM

LEPISCOPO & ASSOCIATES LAW FIRM

Bureau has failed to provide undisputed and admissible evidence that Nesheiwat made material representations regarding debt relief services or falsely represented the amount of money or the percentage of the debt amount that a consumer would save in the form of a new servicer (*i.e.*, U.S. Department of Education). DF ¶¶ 34, 37-39, 60, 67, 263-284, & 286-289.

Based on the foregoing, the Bureau has failed to provide admissible and undisputed material facts to prove Count V of the SAC, and, therefore, the Court should deny the MSJ as to Count V.

6.   <u>Count VI: Substantial Assistance in Violation of TSR</u>.**[13]**

In order to prove a violation of 16 C.F.R. 310.3(b), as alleged in Count VI, the Bureau must proffer undisputed material facts in the form of admissible evidence to prove all of the following elements:

a.   Nesheiwat provided substantial assistance or support to a seller or telemarketer engaged in telemarketing acts or practices regarding debt relief services during the alleged violation; and

b.   While engaged in providing substantial assistance or support to a seller or telemarketer engaged in telemarketing acts or practices regarding debt relief services, Nesheiwat knew or consciously avoided knowing that the seller or telemarketer regarding debt relief services was engaged in any act or practice that violates 16 C.F.R. §§ 310.3(a), (c) or (d), or § 310.4.**[14]**

---

**[13]**   *See* SAC, ECF 141, ¶ 223.

**[14]**   *See* 16 C.F.R. 310.3 "(b) Assisting and facilitating. It is a deceptive telemarketing act or practice and a violation of this Rule for a person to provide substantial assistance or support to any seller or telemarketer when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates §§ 310.3(a), (c) or (d), or § 310.4 of this Rule."

**JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**16**

Failure to prove one of these elements by undisputed material facts through admissible evidence defeats the Bureau's MSJ as to Count V. Here, and as discussed in opposition to counts I to V, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat provided substantial assistance in violation of the TSR because it has not offered undisputed or admissible evidence that Nesheiwat made material representations regarding debt relief services or falsely represented the amount of money or the percentage of the debt amount that a consumer would save in the form of lower interest rates; that Nesheiwat made material representations regarding debt relief services or falsely represented the amount of money or the percentage of the debt amount that a consumer would save in the form of improved credit scores; or that Nesheiwat made material representations regarding debt relief services or falsely represented the amount of money or the percentage of the debt amount that a consumer would save in the form of a new servicer (*i.e.*, U.S. Department of Education). DF ¶¶ 34, 37-39, 60, 67, 263-284, & 286-289.

Based on the foregoing, the Bureau has failed to provide admissible and undisputed material facts to prove Count VI of the SAC, and, therefore, the Court should deny the MSJ as to Count VI.

7.   <u>Count VII: Deception in Violation of the CFPA—Lower Interest Rates</u>.[15]

Essentially, the Bureau is attempting to create double recovery by recasting Count III as violations of §§ 5531 and 5536 of the CFPA. In particular, these sections relate to general violations of "Federal Law." Thus, Count VII should be dismissed as duplicative. Nonetheless, in order to prove a violation of 12 U.S.C. §§ 5531 and 5536, as alleged in Count VII, the Bureau must proffer undisputed  material facts in the form of admissible evidence to prove all of the following elements:

---

[15]   *See* SAC, ECF 141, ¶ 227.

**JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**17**

LEPISCOPO & ASSOCIATES LAW FIRM

a.      Nesheiwat engaged in offering or providing a consumer financial product or service regarding debt relief services during the alleged violation;[16]

b.      While engaged in in offering or providing a consumer financial product or service regarding debt relief services, Nesheiwat engaged in unfair, deceptive, or abusive acts or practices under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service, in this count, lower interest rate.

Failure to prove one of these elements by undisputed material facts through admissible evidence defeats the Bureau's MSJ as to Count III. Here, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat was engaged in offering or providing a consumer financial product or service regarding debt relief services during the violations alleged in the SAC. Similarly, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat engaged in unfair, deceptive, or abusive acts or practices under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service in the form of lower interest rates. DF ¶¶ 34, 37-39, 60, 67, 263-284, & 286-289.

Based on the foregoing, the Bureau has failed to provide admissible and undisputed material facts to prove Count VII of the SAC, and, therefore, the Court should deny the MSJ as to Count VII.

/////

/////

/////

---

[16]   *See* 12 U.S.C. § 5481(6)(A): "Covered person. The term "covered person" means—(A)  any person that engages in offering or providing a consumer financial product or service."

LEPISCOPO & ASSOCIATES LAW FIRM

8. <u>Count VIII: Deception in Violation of the CFPA—Improved Credit Scores</u>.[17]

As in Count VII, the Bureau is attempting to create double recovery by recasting Count IV as violations of §§ 5531 and 5536 of the CFPA. Again, these sections relate to general violations of "Federal Law." Thus, Count VIII should be dismissed as duplicative. Nonetheless, in order to prove a violation of 12 U.S.C. §§ 5531 and 5536, as alleged in Count VIII, the Bureau must proffer undisputed material facts in the form of admissible evidence to prove all of the following elements:

a.      Nesheiwat engaged in offering or providing a consumer financial product or service regarding debt relief services during the alleged violation;[18]

b.      While engaged in in offering or providing a consumer financial product or service regarding debt relief services, Nesheiwat engaged in unfair, deceptive, or abusive acts or practices under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service, in this count, improved credit scores.

Failure to prove one of these elements by undisputed material facts through admissible evidence defeats the Bureau's MSJ as to Count VIII. Here, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat was engaged in offering or providing a consumer financial product or service regarding debt relief services during the violations alleged in the SAC. Similarly, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat engaged in unfair, deceptive, or abusive acts or practices under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the

---

[17]  *See* SAC, ECF 141, ¶ 232.
[18]  *See* Fn. 14, *supra*.

Lepiscopo & Associates Law Firm

offering of a consumer financial product or service in the form of improved credit scores. DF ¶¶ 34, 37-39, 60, 67, 263-284, & 286-289.

Based on the foregoing, the Bureau has failed to provide admissible and undisputed material facts to prove Count VIII of the SAC, and, therefore, the Court should deny the MSJ as to Count VIII.

9.    <u>Count IX: Deception in Violation of the CFPA—New Servicer</u>.[19]

As in Counts VII and VIII, the Bureau is attempting to create double recovery by recasting Count V as violations of §§ 5531 and 5536 of the CFPA. Again, these sections relate to general violations of "Federal Law." Thus, Count IX should be dismissed as duplicative. Nonetheless, in order to prove a violation of 12 U.S.C. §§ 5531 and 5536, as alleged in Count IX, the Bureau must proffer undisputed material facts in the form of admissible evidence to prove all of the following elements:

a.    Nesheiwat engaged in offering or providing a consumer financial product or service regarding debt relief services during the alleged violation;[20]

b.    While engaged in in offering or providing a consumer financial product or service regarding debt relief services, Nesheiwat engaged in unfair, deceptive, or abusive acts or practices under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service, in this count, a new servicer (*i.e*., Department of Education).

Failure to prove one of these elements by undisputed material facts through admissible evidence defeats the Bureau's MSJ as to Count IX. Here, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat was engaged

---

[19]    *See* SAC, ECF 141, ¶ 236.
[20]    *See* Fn. 14, *supra*.

JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

20

LEPISCOPO & ASSOCIATES LAW FIRM

in offering or providing a consumer financial product or service regarding debt relief services during the violations alleged in the SAC. Similarly, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat engaged in unfair, deceptive, or abusive acts or practices under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service in the form of a new servicer (*i.e.*, Department of Education). DF ¶¶ 34, 37-39, 60, 67, 263-284, & 286-289.

Based on the foregoing, the Bureau has failed to provide admissible and undisputed material facts to prove Count IX of the SAC, and, therefore, the Court should deny the MSJ as to Count IX.

10.  Count X: Substantial Assistance in Violation of the CFPA.[21]

As in Counts VII, VIII, and IX, the Bureau is attempting to create double recovery by recasting Count VI as violations of §§ 5531 and 5536 of the CFPA. Again, these sections relate to general violations of "Federal Law." Thus, Count X should be dismissed as duplicative. Nonetheless, in order to prove a violation of 12 U.S.C. §§ 5531 and 5536, as alleged in Count X, the Bureau must proffer undisputed material facts in the form of admissible evidence to prove all of the following elements:

a.  Nesheiwat engaged in offering or providing a consumer financial product or service regarding debt relief services during the alleged violation;[22]

b.  While engaged in in offering or providing a consumer financial product or service regarding debt relief services, Nesheiwat engaged in unfair, deceptive, or abusive acts or practices under Federal law in connection with any transaction with

---

[21] *See* SAC, ECF 141, ¶ 240.
[22] *See* Fn. 14, *supra*.

**JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**21**

LEPISCOPO & ASSOCIATES LAW FIRM

a consumer for a consumer financial product or service, or the offering of a consumer financial product or service, in this count, in violation of § 1036(a)(3) of the CFPA. 12 U.S.C. § 5563(a)(3).

Failure to prove one of these elements by undisputed material facts through admissible evidence defeats the Bureau's MSJ as to Count X. Here, and as discussed in opposition to counts I to IX, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat provided substantial assistance in violation of the CFPA or TSR because it has not offered undisputed or admissible evidence that Nesheiwat made material representations regarding debt relief services or falsely represented the amount of money or the percentage of the debt amount that a consumer would save in the form of lower interest rates; that Nesheiwat made material representations regarding debt relief services or falsely represented the amount of money or the percentage of the debt amount that a consumer would save in the form of improved credit scores; or that Nesheiwat made material representations regarding debt relief services or falsely represented the amount of money or the percentage of the debt amount that a consumer would save in the form of a new servicer (*i.e.*, U.S. Department of Education). DF ¶¶ 34, 37-39, 60, 67, 263-284, & 286-289.

Based on the foregoing, the Bureau has failed to provide admissible and undisputed material facts to prove Count X of the SAC, and, therefore, the Court should deny the MSJ as to Count X.

11. <u>Count XI: CFPA Violations Based on Violations of FCRA and TSR.</u>[23]

As in Counts VII-XI, the Bureau is attempting to create double recovery by recasting Counts I-VI as violations of §§ 5531 and 5536 of the CFPA. Again, these

---

[23]  *See* SAC, ECF 141, ¶¶ 245-248.

**JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**22**

sections relate to general violations of "Federal Law." Thus, Count X should be dismissed as duplicative. Nonetheless, in order to prove a violation of 12 U.S.C. §§ 5531 and 5536, as alleged in Count X, the Bureau must proffer undisputed material facts in the form of admissible evidence to prove all of the following elements:

a.    Nesheiwat engaged in offering or providing a consumer financial product or service regarding debt relief services during the alleged violation;[24]

b.    While engaged in in offering or providing a consumer financial product or service regarding debt relief services, Nesheiwat engaged in unfair, deceptive, or abusive acts or practices under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service.

Failure to prove one of these elements by undisputed material facts through admissible evidence defeats the Bureau's MSJ as to Count XI. Here, and as discussed in opposition to counts I to IX, the Bureau has failed to provide undisputed and admissible evidence that Nesheiwat provided substantial assistance in violation of the CFPA or TSR because it has not offered undisputed or admissible evidence that Nesheiwat made material representations regarding debt relief services or falsely represented the amount of money or the percentage of the debt amount that a consumer would save in the form of lower interest rates; that Nesheiwat made material representations regarding debt relief services or falsely represented the amount of money or the percentage of the debt amount that a consumer would save in the form of improved credit scores; or that Nesheiwat made material representations regarding debt relief services or falsely represented the amount of money or the percentage of the debt amount that a consumer would save in the form

---

[24] *See* Fn. 14, *supra*.

**JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**23**

LEPISCOPO & ASSOCIATES LAW FIRM

of a new servicer (*i.e.*, U.S. Department of Education). DF ¶¶ 34, 37-39, 60, 67, 263-284, & 286-289.

Based on the foregoing, the Bureau has failed to provide admissible and undisputed material facts to prove Count XI of the SAC, and, therefore, the Court should deny the MSJ as to Count XI.

12. Demand for Relief.[25]

Finally, as to the Bureau's demand for relief, no relief is required as the Bureau has failed to provide undisputed and admissible evidence to prove any of Counts I through XI of the SAC. Even assuming, *arguendo*, such evidence had been provided, the Bureau further failed to provide undisputed and admissible evidence to  support any type of relief, including any amount of monetary relief. DF ¶¶ 189-195, 260, & 261.

## III.   CONCLUSION.

For the foregoing reasons, Mr. Nesheiwat respectfully requests the Court to grant his cross-motion for summary judgment and enter judgment on the Second Amended Complaint in his favor and against the Bureau. Alternatively, he respectfully requests the Court to deny the Bureau's motion for summary judgment in its entirety.

Dated:  June 11, 2021.                     **LEPISCOPO & ASSOCIATES LAW FIRM**

By:  /s/ Peter D. Lepiscopo
                      **PETER D. LEPISCOPO**
                      *Counsel of Record*
                      Attorneys for Defendant,  **JAWAD NESHEIWAT**

---

[25]  *See* SAC, ECF 141, pp. 42, ¶¶ a-i.

LEPISCOPO & ASSOCIATES LAW FIRM

## CERTIFICATE OF SERVICE

## DOCUMENTS SERVED

I, Peter D. Lepiscopo, counsel of record for defendant, Jawad Nesheiwat, hereby certify that the following documents have been served in the manner set forth below:

1. **JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## CERTIFICATE OF SERVICE—CM/ECF

I hereby certify that true and correct copies of the foregoing documents have been served on the Court and all counsel of record, who have appeared in this action, via the Court's electronic filing system on **June 11**, 2021.

Dated: **June 11**, 2021.                 Respectfully submitted,

/s/ Peter D. Lepiscopo       .
**PETER D. LEPISCOPO**
 *Counsel of Record*

Attorneys for Defendant, **JAWAD NESHEIWAT**

JAWAD NESHEIWAT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

25