**PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583**
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Telephone: (949) 878-9418
Facsimile: (619) 330-2991

Attorneys for Defendant, **JAWAD NESHEIWAT**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BUREAU OF CONSUMER FINANCIAL PROTECTION**, | Case No.  **8:20-cv-00043-SB-ADS** |
| Plaintiff, | **STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF JAWAD NESHEIWAT'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF BUREAU OF CONSUMER FINANCIAL PROTECTION** |
| v. | |
| **CHOU TEAM REALTY LLC, *et al.*,** | |
| Defendants. | |
| | DATE:  **July 23, 2021** |
| | TIME:  **8:30 A.M.** |
| | COURTROOM:  **ZOOM Webinar** |
| | JUDGE: **HONORABLE STANLEY BLUMENFELD, JR.** |

Defendant Jawad Nesheiwat ("Nesheiwat" or "Defendant") respectfully submits this Statement of Genuine Disputes of Material Facts pursuant to Local Rule 56-1 in support of Jawad Nesheiwat's Cross-Motion for Summary Judgment against plaintiff Consumer Financial Protection Bureau's (the "Bureau").

# INDEX TO DEFENDANT JAWAD NESHEIWAT'S CROSS-MOTION FOR SUMMARY JUDGMENT EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| Ex. 101 | Declaration of Peter D. Lepiscopo, Esq. in Support of Jawad Nesheiwat's Cross-Motion for Summary Judgment |
| Ex. 102 | Complaint filed with the Bureau on 11/18/15 by Natalie Anne Luvin |
| Ex. 103 | Complaint filed with the Bureau on 2/26/16 by Megan Grogg |
| Ex. 104 | Complaint filed with the Bureau on 3/30/16 by Laurie Whitehead |
| Ex. 105 | Complaint filed with the Bureau on 4/27/16 by Blair Rohlfing |
| Ex. 106 | Complaint filed with the Bureau on 5/16/16 by Darla Castillo |
| Ex. 107 | Complaint filed with the Bureau on 5/24/16 by Jared McCullough |
| Ex. 108 | The Bureau's 7/12/16 Response to U.S. Senator Mark Warner regarding Jared McCullough complaint (Exh. 107) |
| Ex. 109 | Complaint filed with the Bureau on 6/22/16 by Brianna Price |
| Ex. 110 | Complaint filed with the Bureau on 7/6/16 by Taylor Huval |
| Ex. 111 | Complaint filed with the Bureau on 7/26/16 by Kareem Steplight |
| Ex. 112 | Complaint filed with the Bureau on 7/26/16 by Robert Cook |
| Ex. 113 | Complaint filed with the Bureau on 8/8/16 by Jonathan Hollingsworth |
| Ex. 114 | Complaint filed with the Bureau on 8/8/16 by Jeremy Bautista |
| Ex. 115 | Complaint filed with the Bureau on 8/18/16 by Chelsea Sogard |
| Ex. 116 | Complaint filed with the Bureau on 8/25/16 by Gerardo Gamboa |
| Ex. 117 | Complaint filed with the Bureau on 8/29/16 by Alexis Ross |
| Ex. 118 | Complaint filed with the Bureau on 9/1/16 by Nicholas Ambrosio |
| Ex. 119 | Complaint filed with the Bureau on 9/2/16 by Jennifer Huchim |
| Ex. 120 | Complaint filed with the Bureau on 9/10/16 by Olivia Pora |
| Ex. 121 | Complaint filed with the Bureau on 10/24/16 by Damina Durham |
| Ex. 122 | Complaint filed with the Bureau on 11/14/16 by Edgard Parra |
| Ex. 123 | Complaint filed with the Bureau on 11/15/16 by Lisa Verdi |
| Ex. 124 | Complaint filed with the Bureau on 12/30/16 by Eric Vasquez |
| Ex. 125 | Complaint filed with the Bureau on 12/31/16 by Donna Sohovich |
| Ex. 126 | 9/1/16 email from Erin Mason to Haithem Abdel and Brad Brigante |
| Ex. 127 | Complaint filed with the Bureau on 9/16/16 by Shelia Johnson |
| Ex. 128 | 4/21/15 Notice from Trans2Pay, LLC and authenticating Declaration |
| Ex. 141 | Excerpt from the Bureau's spreadsheet, CFPB-JN-0169670, regarding consumer complaints made against Defendants for the time frame April 23, 2015, through January 6, 2017 |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF JAWAD NESHEIWAT'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF**

2

# STATEMENT OF UNDISPUTED MATERIAL FACTS

| Def.'s UF ("NUF") No. | Nesheiwat's Undisputed Material Fact | Supporting Evidence[1] |
|---|---|---|
| **Legal Point Established:** The Bureau failed to timely file Counts I through XI of this Action within 3 years as required by 12 USC § 5564(g). | | |
| 1. | Between 2015 and 2018, Nesheiwat was a limited partner in defendants Docu Prep Center, Certified Doc Prep Services aka Certified Document Center, Assure Direct Services, Direct Document Solutions, and Secure Preparation Services (collectively, "Companies"). Hereinafter Nesheiwat and the Companies shall be referred to collectively as "Defendants." | *See* the Bureau's Memo, ECF 189-1, p. 2, ll. 25-28, and the Bureau's Separate Statement, ECF 190, UF ¶¶ 4-6, 7-8, 9-11, 12-14, 15-17, and 18-20. (*See* Fn. 2.) |
| 2. | In April 2015, which was more than 4.5 years before this Action was untimely filed, the Bureau had full knowledge of the claims alleged in this Action against Defendants and was already investigating and taking rulemaking action under the Telemarking Sales Rule regarding Defendants' alleged use of prescreened student loan information for use in debt relief matters. | Ex. 30 (Schneider Decl. at ¶ 10); Ex. 101 (Lepiscopo Decl. at ¶ 34); Ex. 128. |

---

[1] Exhibits 102 through 128 and 141 are not offered for the truth of the matters asserted but rather proffered under Federal Rules of Evidence, Rule 803 for the limited purpose to show that the Bureau had more than 4.5 years notice of the claims against defendants for purposes of applying the 3-years statute of limitation period in 12 USC § 5564(g). Accordingly, Nesheiwat's proffering of these exhibits shall not be interpreted as or constitute admissions or waivers of objections for other purposes. (*See* Ex. 101: Decl. of Lepiscopo ¶ 7.)

| | | |
|---|---|---|
| **3.** | On November 18, 2015, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Natalie Anne Luvin. | Ex. 101 (Lepiscopo Decl. at ¶ 8); Ex. 102 (Luvin Complaint). The complaint is alleged against defendant Docu Prep Center for taking $699 in advance fees to consolidate her student loans, which did not occur. She requested refund of her $699. Fees were not returned to Natalie Luvin. |
| **4.** | On February 26, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Megan Grogg. | Ex. 101 (Lepiscopo Decl. at ¶ 9); Ex. 103 (Grogg Complaint). The complaint alleges that defendant Docu Prep Center promised to consolidate her student loans (over $50K) so that she would not have a payment for the 1st year and then low payments for the following nine (9) years. She paid $899 in advance fees. Fees were not returned to Megan Grogg. |
| **5.** | On March 30, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Laurie Whitehead. | Ex. 101 (Lepiscopo Decl. at ¶ 10); Ex. 104 (Whitehead Complaint). The complaint alleges that defendant Certified Doc Prep promised to lower her monthly student loan payment. She paid $599 in advance fees and then was asked to pay an additional $795, which she did not pay. Fees were not returned to Laurie Whitehead. |

| | | |
|---|---|---|
| **6.** | On April 27, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Blair Rohlfing. | Ex. 101 (Lepiscopo Decl. at ¶ 11); Ex. 105 (Rohlfing Complaint). The complaint alleges that defendant Certified Doc Prep sent Blair Rohlfing a "*Final Notice*" *mail piece titled, "Student Loan Consolidation & Payment Reduction Program Prepared for Blair Rohlfing*." The notice indicated that Ms. Rohlfing owed $188,064 in student loan debt. She contacted defendant Certified Doc Prep and spoke with a representative inquiring how they knew her balance. The response caused her to contact the Bureau to ascertain whether what she was told was correct. She then filed the Rohlfing Complaint. |
| **7.** | On May 16, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Darla Castillo. | Ex. 101 (Lepiscopo Decl. at ¶ 12); Ex. 106 (Castillo Complaint). The complaint alleges that defendant Certified Doc Prep contacted Ms. Castillo via email for the purpose student loan forgiveness or consolidation. She paid $799 in advance fees with her application. Pursuant to the Certified Doc Prep's cancellation policy, she requested that her $799 be refunded. The advance fees were not returned to Darla Castillo. |

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF JAWAD NESHEIWAT'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF

5

| | | |
|---|---|---|
| **8.** | On May 24, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Jared McCullough. | Ex. 101 (Lepiscopo Decl. at ¶ 13); Ex. 107 (McCullough Complaint). The complaint alleges that defendant Docu Prep Center contacted Mr. McCullough for student loan consolidation and forgiveness program. The complaint further alleged that someone from Docu Prep Center threatened Mr. McCullough with sending his account to collections. He also contacted U.S. Senator Mark Warner's office for help. |
| **9.** | On July 12, 2016, which was more than 3 years before this Action was untimely filed, the Bureau sent U.S. Senator Mark Warner a letter on behalf of Jared McCullough. | Ex. 101 (Lepiscopo Decl. at ¶ 14); Ex. 108 (McCullough Complaint); Senator Warner's committee assignment in 114th Congress (2015-2016), assignments, https://ballotpedia.org/United_States_Senate_Committee_on_Banking,_Housing,_and_Urban_Affairs. [image of Senate Committee on Banking, Housing, and Urban Affairs, 2015-2016 Democratic members (10): Sherrod Brown (Ranking Member), Joe Donnelly, Heidi Heitkamp, Elizabeth Warren, Jeff Merkley, Mark Warner (highlighted), Jon Tester, Bob Menendez, Chuck Schumer, Jack Reed. Source: US Senate - Membership Assignments] |

| | | |
|---|---|---|
| | | The Bureau sent U.S. Senator Mark Warner a letter, along with a copy of its letter to Mr. McCullough and a copy of the complaint.<br><br>The Bureau initiated this investigation due to the fact that in the 114th Congress Senator Warner was on the Senate Banking, Housing, and Urban Affairs committee, which had oversight over the Bureau.<br><br>Mr. McCullough was Senator Warner's constituent. The Bureau's letter has an official complaint number assigned to it: "Complaint 160524-000095 (McCullough)." |
| **10.** | On June 22, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Brianna Price. | Ex. 101 (Lepiscopo Decl. at ¶ 15); Ex. 109 (Price Complaint). The complaint alleges that defendant Certified Document Center sent her a "Final Notice" for consolidating her student loans and that they would prepare and submit a forbearance request. Payments were scheduled for removal from her account: $299.67 on 1/30/17, $299.67 on 7/22/17, and $299.66 on 8/5/17. After she was not satisfied with the services, Ms. Price closed her bank |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF JAWAD NESHEIWAT'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF**

7

| | | | |
|---|---|---|---|
| | | | account so the auto-deductions would not occur. |
| | 11. | On July 7, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Taylor Huval. | Ex. 101 (Lepiscopo Decl. at ¶ 16); Ex. 110 (Huval Complaint). The complaint alleges that defendant Certified Document Center sent Huval a "*Final Notice*" *mail piece titled, "Student Loan Consolidation & Payment Reduction Program Prepared for Taylor Huval.*" The notice showed the balance on Huval's student loans was $23,480. They requested a $799 fee for consolidation services and a $30 per month fee for preparing and filing the annual renewal and for filing a loan forgiveness request. After conducting research Huval discovered that this could be done for free and cancelled the services. |
| | 12. | On July 26, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Kareem Steplight. | Ex. 101 (Lepiscopo Decl. at ¶ 17); Ex. 111 (Steplight Complaint). The complaint alleges that defendant DocuPrep Center contact Mr. Steplight numerous times by telephone. He eventually spoke with a representative from DocPrep Center who implied that his student debt could be reduced by 50% and obtained a $600 advance fees. Mr. Steplight's funds were not refunded. |

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF JAWAD NESHEIWAT'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF

8

| | | |
|---|---|---|
| **13.** | On July 26, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Robert Cook. | Ex. 101 (Lepiscopo Decl. at ¶ 18); Ex. 112 (Cook Complaint). The complaint alleges that defendant Certified Document Center sent Mr. Cook a "Final Notice" indicating that he was eligible for a student loan consolidation. Mr. Cook contacted them and was told he could receive loan forgiveness if he made two $445 payments in June 2016, which he did. Mr. Cook then requested a refund of his $990 but has not received a refund. |
| **14.** | On August 8, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Jonathan Hollingsworth. | Ex. 101 (Lepiscopo Decl. at ¶ 19); Ex. 113 (Hollingsworth Complaint). The complaint alleges that defendant Certified Doc Prep Services represented it provided student loan debt services. Based on this Mr. Hollingsworth entered into an agreement for those services but later changed his mind. However, he did not pay any advance fees. |
| **15.** | On August 8, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Jeremy Bautista. | Ex. 101 (Lepiscopo Decl. at ¶ 20); Ex. 114 (Bautista Complaint). The complaint alleges that defendant Certified Document Center sent Mr. Bautista a "*Final Notice*" mail piece titled, "*Student Loan Consolidation & Payment Reduction Program Prepared for* |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF JAWAD NESHEIWAT'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF**

9

| | | |
|---|---|---|
| | | *Jeremy Bautista*." The notice showed the balance on Bautista's student loans was $40,239. Mr. Bautista spoke with a man named Steve at Certified Document Center who told him he qualified for a loan forgiveness after he paid an advance fee of $899. He did not pay the fees. |
| 16. | On August 18, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Chelsea Sogard. | Ex. 101 (Lepiscopo Decl. at ¶ 21); Ex. 115 (Sogard Complaint). The complaint alleges that defendants Certified Document Center and Certified DoPrep sent Ms. Sogard a "*Final Notice" mail piece titled, "Student Loan Consolidation & Payment Reduction Program Prepared for Chelsea Sogard*." The notice showed the balance on Sogard's student loans was $240,782. Ms. Sogard spoke with a representative who requested an $899 advance fee for processing the forbearance and consolidation. He placed a hold on withdrawal of the $899 advance fees. |
| 17. | On August 25, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Gerardo Gamboa. | Ex. 101 (Lepiscopo Decl. at ¶ 22); Ex. 116 (Gamboa Complaint). The complaint alleges that defendant Certified Document Center sent Mr. Gamboa a "*Final Notice" mail piece titled, "Student Loan Consolidation* |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF JAWAD NESHEIWAT'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF**

10

| | | |
|---|---|---|
| | | *& Payment Reduction Program Prepared for Gerardo Gamboa*." The notice showed the balance on Gamboa's student loans was $32,641. Mr. Gamboa did not pay any advance fees. |
| 18. | On August 29, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Alexis Ross. | Ex. 101 (Lepiscopo Decl. at ¶ 23); Ex. 117 (Ross Complaint). The complaint alleges that defendant Certified Document Center sent Ms. Ross a "*Final Notice*" mail piece titled, "*Student Loan Consolidation & Payment Reduction Program Prepared for Alexis Ross*." The notice showed the balance on Ross' student loans was $40,855. Ms. Ross paid $899 in advance fees to process her consolidation. When her loan payments increased, she requested a refund. A refund was not issued. |
| 19. | On September 1, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Nicholas Ambrosio. | Ex. 101 (Lepiscopo Decl. at ¶ 24); Ex. 118 (Ambrosio Complaint). The complaint alleges that defendant Certified Document Center sent Mr. Ambrosio a "*Final Notice*" mail piece titled, "*Student Loan Consolidation & Payment Reduction Program Prepared for Nicholas Ambrosio*." The notice showed the balance on Ambrosio's student loans was |

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF JAWAD NESHEIWAT'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF

11

| | | |
|---|---|---|
| | | $26,234. Mr. Ambrosio was requested to pay $899 in advance fees to process his loan forgiveness and consolidation. Ultimately, he did not pay the advance fees. |
| 20. | On September 1, 2016, which was more than 3 years before this Action was untimely filed, the Bureau was regularly contacting Defendants in this Action. | Ex. 101 (Lepiscopo Decl. at ¶ 33); Ex. 126. This is an email between Certified Doc Prep representatives indicating that the Bureau was calling Defendants: "*Brad* [Brigante] *said not to do any more leg work on tracking the phone number of the caller from the CFPB* [*i.e.*, the Bureau]." |
| 21. | On September 2, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Jennifer Huchim. | Ex. 101 (Lepiscopo Decl. at ¶ 25); Ex. 119 (Huchim Complaint). The complaint alleges that defendant Certified Document Center sent Ms. Huchim a "*Final Notice*" mail piece titled, "*Student Loan Consolidation & Payment Reduction Program Prepared for Jennifer Huchim.*" The notice showed the balance on Ms. Huchim's student loans was $38,626. Ms. Huchim was requested to pay $2,600 in advance fees to process her loan forgiveness and consolidation, which the representative discounted to $700 if paid immediately. She did not pay any fees. |

LEPISCOPO & ASSOCIATES LAW FIRM

| | | |
|---|---|---|
| **22.** | On September 10, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Olivia Pora. | Ex. 101 (Lepiscopo Decl. at ¶ 26); Ex. 120 (Pora Complaint). The complaint alleges that defendant Certified Doc Prep Services made false representations about student loan consolidation and reduction. Ms. Pora did not sign any agreement and did not pay any advance fees but is concerned about her private information. |
| **23.** | On September 16, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Shelia Johnson. | Ex. 101 (Lepiscopo Decl. at ¶ 27); Ex. 127 (Johnson Complaint). The complaint alleges that defendant DocuPrep Center represented to Ms. Johnson that she was eligible for loan forgiveness and request a $1,000 advance fee, which reduced to $899 to be paid in three payments: $299.67 on 11/30/15, $299.67 on 12/31/15, and $299.66 on 1/8/16, which was deducted from her bank account. After learning that DocuPrep Center did not do anything to procure a loan forgiveness, she requested a refund, which was not given. |
| **24.** | On October 24, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Damina Durham. | Ex. 101 (Lepiscopo Decl. at ¶ 28); Ex. 121 (Durham Complaint). The complaint alleges that defendant DocuPrep Center contact Damina Durham offering student loan forgiveness |

| | | | |
|---|---|---|---|
| | | | assistance services. Damina completed and submitted all forms to DocuPrep Center, including the automatic debit form--$29.99 per month. Monthly payments commenced being deducted but it is unclear whether there was ever a refund. |
| | 25. | On November 14, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Edgard Parra. | Ex. 101 (Lepiscopo Decl. at ¶ 29); Ex. 122 (Parra Complaint). The complaint alleges that defendant Certified Document Center sent Mr. Parra a "*Final Notice*" mail piece titled, "*Student Loan Consolidation & Payment Reduction Program Prepared for Edgard Parra*." The notice showed the balance on Mr. Parra's student loans was $31,000. Certified Document Center pressured Mr. Parra to sign on to their services but he did not. |
| | 26. | On November 15, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Lisa Verdi. | Ex. 101 (Lepiscopo Decl. at ¶ 30); Ex. 123 (Verdi Complaint). The complaint alleges that Ms. Verdi received a letter from defendant DocuPrep Center that they could reduce or obtain forgiveness of her student loan debt. She was charged $900 in advance fees, in two separate $450 payments. Subsequently, she received a fraud alert from |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF JAWAD NESHEIWAT'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF**

14

| | | | |
|---|---|---|---|
| | | | her lender but was never issued a refund. |
| | **27.** | On December 30, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Eric Vasquez. | Ex. 101 (Lepiscopo Decl. at ¶ 31); Ex. 124 (Vasquez Complaint). The complaint alleges that defendant DocuPrep Center sent Mr. Vasquez a mailer indicating that they could consolidate his student loans. He accepted and paid DocuPrep Center an $800 advance fee. Subsequently he checked his credit, but his student loans had not been consolidated. He never received a refund. |
| | **28.** | On December 31, 2016, which was more than 3 years before this Action was untimely filed, the Bureau received notice of the claims against Defendants in this Action through a complaint filed with the Bureau by Donna Sohovich. | Ex. 101 (Lepiscopo Decl. at ¶ 32); Ex. 125 (Sohovich Complaint). The complaint alleges that defendant Assure Direct Services Ms. Sohovich a *"Final Notice" mail piece titled, "Student Loan Consolidation & Payment Reduction Program Prepared for Donna Sohovich*." The notice showed the balance on Ms. Sohovich's student loans was $26,000. In November 2016 Ms. Sohovich contacted defendant Assure Direct Services and spoke with a representative, who pressured her to sign up for the student loan reduction program for an $899 advance fee, as 12/31/16 was the last date it would be available. She made two $299.67 payments. When Ms. |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF JAWAD NESHEIWAT'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF**

15

| | | |
|---|---|---|
| | | Sohovich inquired further, she was referred by a third part to contact the Bureau to try to recover her $599.34 and expose defendant Assure Direct Service. |
| **29.** | During the time frame April 23, 2015, through January 6, 2017, all of which were more than 3 years before this Action was untimely filed, the Bureau received 108 consumer complaints against Defendants in this Action. | Ex. 101 (Lepiscopo Decl. at ¶ 35); Ex. 141 (Bureau's Consumer Complaint Spreadsheet). |

Dated:  June 11, 2021.                    **LEPISCOPO & ASSOCIATES LAW FIRM**

By:  /s/ Peter D. Lepiscopo_____
    **PETER D. LEPISCOPO**
    *Counsel of Record*
    Attorneys for Defendant, **JAWAD NESHEIWAT**

# CERTIFICATE OF SERVICE

## DOCUMENTS SERVED

I, Peter D. Lepiscopo, counsel of record for defendant, Jawad Nesheiwat, hereby certify that the following documents have been served in the manner set forth below:

1. **STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF JAWAD NESHEIWAT'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF**

## CERTIFICATE OF SERVICE—CM/ECF

I hereby certify that true and correct copies of the foregoing documents have been served on the Court and all counsel of record, who have appeared in this action, via the Court's electronic filing system on **June 11**, 2021.

Dated: **June 11**, 2021.

Respectfully submitted,

/s/ Peter D. Lepiscopo          .
**PETER D. LEPISCOPO**
 *Counsel of Record*

Attorneys for Defendant, **JAWAD NESHEIWAT**