**PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583**
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Telephone: (949) 878-9418
Facsimile: (619) 330-2991

Attorneys for Defendant, **JAWAD NESHEIWAT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BUREAU OF CONSUMER FINANCIAL PROTECTION**,<br><br>Plaintiff,<br><br>v.<br><br>**CHOU TEAM REALTY LLC,** *et al.,*<br><br>Defendants. | Case No.  **8:20-cv-00043-SB-ADS**<br><br>**JAWAD NESHEIWAT'S MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS TO DECLARATION OF MIKAEL VAN LOON, ECF 190-40 (Exhibit 5 to Plaintiff's Motion for Summary Judgment ECF 189)**<br><br>DATE:  **July 23, 2021**<br>TIME:  **8:30 A.M.**<br>COURTROOM:  **ZOOM Webinar**<br>JUDGE:  **HONORABLE STANLEY BLUMENFELD, JR.** |

Defendant Jawad Nesheiwat ("Nesheiwat" or "Defendant") respectfully submits this Motion to Strike and Evidentiary Objections to Declaration of Mikael Van Loon, ECF 190-40 (Exhibit 5 to Plaintiff's Motion for Summary Judgment ECF 189).

---

## I. AUTHORITY FOR MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS.

As a general matter, only evidence that would be admissible at trial may be considered in connection with a motion for summary judgment. *See e.g.*, *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 49-51 (1st Cir. 1990). Under Federal Rules of Civil Procedure ("FRCP"), Rule 56(c)(4), affidavits, although not themselves admissible at trial, may be offered in support of, or opposition to, summary judgment if they set forth facts that would be admissible under the Federal Rules of Evidence ("FRE"). In its relevant part, Rule 56(c)(4) provides:

> *"Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

A motion to strike is the proper vehicle for challenging the admissibility of information contained in an affidavit proffered in favor of a motion for summary judgment. CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE, § 2738, at 372 (3d ed. 1998). The party moving to strike all or part of a declaration must specify the objectionable portions of the declaration and the specific grounds for objection. *See e.g.*, *Casas Office Machines, Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 682 (1st Cir. 1994). The court should disregard only those facts in the affidavit or declaration that are inadmissible and consider the rest of it, assuming the information is material and relevant and otherwise admissible. *Id.*

Finally, a declaration may be held to be completely insufficient if it fails to conform to the requirements of subdivision (c)(4) of Rule 56, which provides that supporting and opposing affidavits "shall be made on personal knowledge . . . and show that the affiant or declarant is competent to testify on the matters stated." *See*,

*generally, S & S Logging, Co. v. Barker*, 366 F.2d 617, 624, n. 7 (9th Cir. 1966) (construing Rule 56(e), which is current Rule 56(c)(4)'s prevision version).

## II. EVIDENTIARY OBJECTIONS.

Mr. Nesheiwat makes the following evidentiary objections and respectfully requests the Court to issue a ruling on each objection (please see 4th Column, "Court's Ruling").

| PARAGRAPH, PAGE, LINES | INADMISSIBLE INFORMATION | OBJECTION(S) | COURT'S RULING |
|---|---|---|---|
| Entire Declaration | ¶ 1, p. 1, ll. 5-7:<br><br>"The following facts are known to me personally and if called as a witness I could and would testify to them." | OBJECTIONS TO ENTIRE DECLARATION: FRCP Rule 56(c)(4) and FRE Rules 601 and 602 (lack of foundation, competency, and personal knowledge). Here, no facts are provided to support how the declarant has any personal knowledge or the source of that knowledge. The declarant merely asserts and declares the declarant has such knowledge without providing any explanation or preliminary foundational facts. | ____ Sustained<br>____ Overruled |
| ¶ 4, p. 1, l. 26 thru p. 2, l. 3 | "The Student Loan Debt Relief Companies each had a group of limited partners who received profits generated by the relevant business. In addition to Chou, Lawson, and me, the limited partnership groups included Jawad Nesheiwat, Sean Cowell, David Sklar and Robert Hoose. Sklar and Hoose were also the managers of Docu Prep Center, which was the first of the Student Loan Debt | OBJECTIONS: FRCP Rule 56(c)(4) and FRE Rules 601 and 602 (lack of foundation, competency, and personal knowledge); 802 (hearsay); 803 (hearsay within hearsay); 701 (improper legal opinion). | ____ Sustained<br>____ Overruled |

| | | | |
|---|---|---|---|
| | Relief Companies to be created." | | |
| ¶ 11, p. 3, ll. 8-11 | "Between 2015 and around April 2017, Nesheiwat was Monster Loans' COO and oversaw its sale and marketing." | OBJECTIONS: Misstates the testimony; FRCP Rule 56(c)(4) and FRE Rules 601 and 602 (lack of foundation, competency, and personal knowledge); 802 (hearsay); 803 (hearsay within hearsay); 701 (improper legal opinion). | ____ Sustained<br>____ Overruled |
| ¶ 12, p. 3, ll. 10-24 | "In addition to working at Monster Loans, Nesheiwat was heavily involved in the marketing activities of the Student Loan Debt Relief Companies between 2015 and 2017. For example, Docu Prep Center's managers David Sklar and Robert Hoose appeared to be inexperienced in managing a company and in sales; Nesheiwat oversaw their management of Docu Prep Center and provided them guidance and advice. Nesheiwat also oversaw the relationship between the Student Loan Debt Relief Companies and Automated Mailers, which was the mailing house the Student Loan Debt Relief Companies used to send direct mail. Nesheiwat arranged for the Student Loan Debt Relief Companies to mail on credit through Automated Mailers (i.e., they were able to send mail before paying for it, and then use the sales they made to pay back the mailing house). Nesheiwat also ensured that the Student Loan Debt Relief | OBJECTIONS: Misstates the testimony; FRCP Rule 56(c)(4) and FRE Rules 601 and 602 (lack of foundation, competency, and personal knowledge); 802 (hearsay); 803 (hearsay within hearsay); 701 (improper & irrelevant opinion). | ____ Sustained<br>____ Overruled |

**JAWAD NESHEIWAT'S MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS TO DECLARATION OF MIKAEL VAN LOON, ECF 190-40 (Exhibit 5 to Plaintiff's Motion for Summary Judgment ECF 189)**

4

| | | | |
|---|---|---|---|
| | | Companies paid their invoices to Automated Mailers. As further discussed below, Nesheiwat also led the efforts to obtain marketing lists from Experian for the Student Loan Debt Relief Companies." | | |
| ¶ 13, p. 4, l. 26 thru p. 5, l. 2 | "By around mid-2016, I became aware that the Student Loan Debt Relief Companies were using lists of consumers obtained through Monster Loans' account with Experian to send direct mail to consumers marketing the Student Loan Debt Relief Companies' services. I subsequently learned that such lists are known as 'prescreened lists' or 'prescreened data'." | OBJECTIONS: Misstates the testimony; FRCP Rule 56(c)(4) and FRE Rules 601 and 602 (lack of foundation, competency, and personal knowledge); 802 (hearsay); 803 (hearsay within hearsay); 701 (improper & irrelevant opinion). | ____ Sustained<br>____ Overruled |
| ¶ 14, p. 4, ll. 3-9 | "Nesheiwat led the efforts to obtain prescreened lists through Monster Loans' Experian account for the Student Loan Debt Relief Companies. Nesheiwat oversaw purchases of prescreened lists through Monster Loans' Experian account from around early 2016 until around the time of his separation from Monster Loans in April 2017. I consider him to be the architect of the program to provide the Experian prescreened lists to the Student Loan Debt Relief Companies." | OBJECTIONS: FRCP Rule 56(c)(4) and FRE Rules 401 & 402 (relevance, vague & ambiguous and calls for speculation); 601 and 602 (lack of foundation, competency, and personal knowledge); 802 (hearsay); 803 (hearsay within hearsay); 701 (improper & irrelevant opinion). | ____ Sustained<br>____ Overruled |
| ¶ 15, p. 3, ll. 8-11 and | "Attached as Exhibit 1 is a true and correct copy of a September 8, 2016 email from Nesheiwat to Ritesh | OBJECTIONS: FRCP Rule 56(c)(4) and FRE Rules 401 & 402 (relevance, vague & | ____ Sustained<br>____ Overruled |

**JAWAD NESHEIWAT'S MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS TO DECLARATION OF MIKAEL VAN LOON, ECF 190-40 (Exhibit 5 to Plaintiff's Motion for Summary Judgment ECF 189)**

5

| | | | |
|---|---|---|---|
| Ex. 1 to Van Loon Decl. | Singhania, Robert Hoose, and me with the subject line 'Marketing Meeting Notes 09/08.' Singhania was an employee of Monster Loans who worked in marketing and at that time reported to Nesheiwat. At that time, Hoose was a co-manager of Docu Prep Center. Based on my involvement with the Student Loan Debt Relief Companies, I understand the section of the email regarding 'Doc Prep' to refer to the Student Loan Debt Relief Companies, which often referred to themselves as 'document preparation' companies. I further understand the following statement to refer to Monster Loans' purchases of prescreened lists for the Student Loan Debt Relief Companies through its Experian account: 'Chris [Cole] to work with Experian, Dave Slclar, Jawad [Nesheiwat] and Kendrick [Washington] to continue ordering data for student loan shops.'" | ambiguous and calls for speculation); 601 and 602 (lack of foundation, competency, and personal knowledge); 802 (hearsay); 803 (hearsay within hearsay); 701 (improper & irrelevant opinion). | |
| ¶ 22, p. 5, ll. 23-26 | "By reason of my position at Monster Loans and my role as a limited partner in the Student Loan Debt Relief Companies, I am qualified to certify the authenticity of the records that Monster Loans produced to the Bureau, which had Bates numbers beginning with the letters 'ML'." | OBJECTIONS: FRCP Rule 56(c)(4) and FRE Rules 401 & 402 (relevance); 601 and 602 (lack of foundation, competency, and personal knowledge); 802 (hearsay); 803 (hearsay within hearsay); 701 (improper opinion). | ____ Sustained<br>____ Overruled |

JAWAD NESHEIWAT'S MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS TO DECLARATION OF MIKAEL VAN LOON, ECF 190-40 (Exhibit 5 to Plaintiff's Motion for Summary Judgment ECF 189)

6

| | | | |
|---|---|---|---|
| ¶ 23, p. 5, l. 27 thru p. 6, l. 8 | "The records Monster Loans produced to the Bureau included documents with the following Bates ranges: ML00001146 to -149, ML00001560, ML00001566, ML0002795 to -797, ML00002916, ML00004210 to -212, ML00004683, ML00007194, ML00007191 to -192, ML00007682 to -683, ML00007720, ML00008462, ML00010347, ML00010350 to -351, ML00010532 to -533, ML00013345, ML00013892, ML00021956 to -957, ML00022221 to -222, ML00022293 to -294, ML00022455 to -458, ML00041652 to -653, ML00041657 to -658, ML00045724, ML00246021 to -022, ML00271054, ML00271613 to -614, ML00284627 to -028, ML00295345 to -346, and ML00333035 to -133." | OBJECTIONS: FRCP Rule 56(c)(4) and FRE Rules 401 & 402 (relevance); 601 and 602 (lack of foundation, competency, and personal knowledge); 901 (lack of authentication); 802 (hearsay); 803 (hearsay within hearsay). | ____ Sustained<br>____ Overruled |
| ¶ 24, p. 6, ll. 9-11 | "The documents listed in Paragraph 22 are records of regularly conducted activity that were made at or near the time of the occurrence of the matters set forth in the emails by a person with knowledge of those matters." | OBJECTIONS: FRCP Rule 56(c)(4) and FRE Rules 401 & 402 (relevance); 601 and 602 (lack of foundation, competency, and personal knowledge); 901 (lack of authentication); 802 (hearsay); 803 (hearsay within hearsay). | ____ Sustained<br>____ Overruled |
| ¶ 25, p. 6, ll. 12-13 | "The documents listed in Paragraph 22 were kept in the course of regularly conducted business activity." | OBJECTIONS: FRCP Rule 56(c)(4) and FRE Rules 401 & 402 (relevance); 601 and 602 (lack of foundation, competency, and personal knowledge); 901 (lack of | ____ Sustained<br>____ Overruled |

**JAWAD NESHEIWAT'S MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS TO DECLARATION OF MIKAEL VAN LOON, ECF 190-40 (Exhibit 5 to Plaintiff's Motion for Summary Judgment ECF 189)**

7

| | | | |
|---|---|---|---|
| | | authentication); 802 (hearsay); 803 (hearsay within hearsay). | |
| ¶ 26, p. 6, ll. 14-17 | "The documents beginning with Bates numbers ML00022455 and ML00041657 include emails from Tom Chou. At the time of the emails, Chou was the owner and president of Monster Loans and a limited partner of the Student Loan Debt Relief Companies." | OBJECTIONS: FRCP Rule 56(c)(4) and FRE Rules 401 & 402 (relevance); 601 and 602 (lack of foundation, competency, and personal knowledge); 901 (lack of authentication); 802 (hearsay); 803 (hearsay within hearsay). | ____ Sustained<br>____ Overruled |
| ¶ 27, p. 6, ll. 18-25 | "The documents beginning with Bates numbers ML00010350, ML00007164, ML00016567, ML00001149, ML00295345, ML00007720, ML00007682, ML00007191, ML00010532, ML00001146, ML00004210, ML00271054, ML00022293, ML00002916, ML00013892, ML00271613, ML00284627 include emails from Jawad Nesheiwat. At the time of the emails, Nesheiwat was Monster Loans' COO, was a limited partner of the Student Loan Debt Relief Companies, and was heavily involved in the Student Loan Debt Relief Companies' marketing activities." | OBJECTIONS: FRCP Rule 56(c)(4) and FRE Rules 401 & 402 (relevance); 601 and 602 (lack of foundation, competency, and personal knowledge); 802 (hearsay); 803 (hearsay within hearsay); 701 (improper opinion). | ____ Sustained<br>____ Overruled |
| ¶ 32, p. 7, ll. 16-23 | "The documents beginning with Bates numbers ML00001560, ML00022221, ML00041652, ML00010347, ML00021956, ML00010350, ML00295345, ML00007682 and ML00041657 include emails sent from David Sklar. At the time of the emails, Sklar was | OBJECTIONS: FRCP Rule 56(c)(4) and FRE Rules 401 & 402 (relevance); 601 and 602 (lack of foundation, competency, and personal knowledge); 802 (hearsay); 803 (hearsay within hearsay); 701 (improper opinion). | ____ Sustained<br>____ Overruled |

**JAWAD NESHEIWAT'S MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS TO DECLARATION OF MIKAEL VAN LOON, ECF 190-40 (Exhibit 5 to Plaintiff's Motion for Summary Judgment ECF 189)**

8

| | |
|---|---|
| the co-manager of Docu Prep Center and a limited partner in the other Student Loan Debt Relief Companies. In addition, at the time of the emails in the documents beginning with Bates numbers ML00010347 and ML00010350, Sklar was the manager of a branch of Monster Loans." | |

## III. MOTION TO STRIKE.

Nesheiwat requests the foregoing objections be sustained and the referenced information be stricken, including the declaration it its entirety.

## IV. CONCLUSION.

Based on the foregoing authorities and evidentiary objections, Mr. Nesheiwat respectfully requests the Court to sustain the foregoing objections and, if the Court deems it appropriate, strike the declaration in its entirety.

Dated:  June 11, 2021.                    **LEPISCOPO & ASSOCIATES LAW FIRM**

By:  /s/ Peter D. Lepiscopo_____
    **PETER D. LEPISCOPO**
    *Counsel of Record*
    Attorneys for Defendant, **JAWAD NESHEIWAT**

# CERTIFICATE OF SERVICE

# DOCUMENTS SERVED

I, Peter D. Lepiscopo, counsel of record for defendant, Jawad Nesheiwat, hereby certify that the following documents have been served in the manner set forth below:

1. **JAWAD NESHEIWAT'S MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS TO DECLARATION**

# CERTIFICATE OF SERVICE—CM/ECF

I hereby certify that true and correct copies of the foregoing documents have been served on the Court and all counsel of record, who have appeared in this action, via the Court's electronic filing system on **June 11**, 2021.

Dated: **June 11**, 2021.                    Respectfully submitted,

/s/ Peter D. Lepiscopo                .
**PETER D. LEPISCOPO**
  *Counsel of Record*

Attorneys for Defendant, **JAWAD NESHEIWAT**