**PETER D. LEPISCOPO, ESQ. C.S.B. #139583**
LEPISCOPO & ASSOCIATES LAW FIRM
695 Town Center Drive, 7TH Floor
Costa Mesa, California 92626
Telephone: (949) 878-9418
Facsimile: (619) 330-2991

Attorneys for Defendant, **JAWAD NESHEIWAT**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BUREAU OF CONSUMER FINANCIAL PROTECTION,**<br><br>Plaintiff,<br><br>v.<br><br>**CHOU TEAM REALTY LLC, *et al.*,**<br><br>Defendants. | Case No. **8:20-cv-00043-SB-ADS**<br><br>**JAWAD NESHEIWAT'S OPPOSITION TO PLAINTIFF'S SUPPLEMENT TO NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, ECF 234**<br><br>JUDGE: **HONORABLE STANLEY BLUMENFELD, JR.** |

Defendant Jawad Nesheiwat ("Nesheiwat" or "Defendant") respectfully submits this opposition ("Opposition") to Plaintiff's Supplement to Notice of Motion and Motion for Summary Judgment, ECF 234 ("Plaintiff's Supplement").

## I. INTRODUCTION.

On August 26, 2021, plaintiff, the Bureau of Consumer Financial Protection ("Plaintiff"), supplemented its motion for summary judgment (ECF 189) by filing Plaintiff's Supplement, ECF 234, proposing the Court enter the following monetary amounts as judgment ("Monetary Relief"): Legal Restitution of $19,699,870 and a Civil Penalty of $116,142,620. (ECF 234 p. 2, ll. 13-18.)



LEPISCOPO & ASSOCIATES LAW FIRM

No specific injunctive relief ("Injunctive Relief") is requested in Plaintiff's Supplement but is requested in the proposed judgment ("Plaintiff's Proposed Judgment"), which is attached to Plaintiff's Supplement. (*See* ECF 234-1.)

Mr. Neshiewat submits this Opposition responding to Plaintiff's Supplement, along with the following supporting documents:

A. Marked-up version ("Defendant's Markup") of Plaintiff's Proposed Judgment, which is supported and referenced in this Opposition and attached hereto as Exhibit A; and

B. Mr. Nesheiwat's version of a proposed judgment ("Defendant's Proposed Judgment"), which is attached hereto as Exhibit B to this Opposition and will be uploaded to Chambers in WORD format.

## II. DEFENDANT'S MARKUP.

Mr. Nesheiwat provides the following support for the proposed changes to Plaintiff's Proposed Judgment as set forth in Defendant's Markup, Attachment 1.

### A. LEGAL RESTITUTION & CIVIL PENALTY:

Paragraph 5 requests $19,699,870 in Legal Restitution (ECF 234-1, p. 2) and Paragraph 6 requests a whopping $116,142,160 as a Civil Penalty (ECF 234-1, pp. 2-3). Mr. Nesheiwat requests the Court to make specific findings for the amount the Court ultimate awards in Legal Restitution and a Civil Penalty.

Mr. Nesheiwat believes the amounts requested by Plaintiff for Legal Restitution and Civil Penalty are not only disproportionate but also punitive, separately and collectively, constituting due process violations. Moreover, the Court has not made any findings as required by *Consumer Financial Protection Bureau v. Consumer First Legal Group, LLC,* ___ F.4th ___, 2021 U.S. App. LEXIS 21907 * (7th Cir. July 23, 2021) ("*Consumer First*") and *Liu v. SEC,* ___ U.S. ___, 140 S. Ct. 1936, 2020 U.S. LEXIS 3374* (2020) ("*Liu*").



LEPISCOPO & ASSOCIATES LAW FIRM

For example, in its April 27, 2021, order granting default judgment, the Court ordered restitution relief in the collective amount of $19,699,870 against ten student loan debt relief companies ("SLDRC") but not against the individual defendant, Mr. Abdel. (ECF 177, p. 10.) Keep in mind this Court based the restitution award on fees charged to consumers by SLDRC, which actually received the funds; whereas here, Mr. Nesheiwat did not charge or receive any fees—defendant Abdel did not charge to or receive any fees from consumers. Furthermore, this Court also disregarded the Bureau's request for $30,000,000 in civil penalties, instead reducing that amount to $11,941,718, with a total penalty of $3,262,244 being assessed against the **individual** defendant, Mr. Abdel. (ECF 177, p. 11.)

Here, the Bureau is asking for an award of $19,699,870 in restitution and $116,142,160 in civil penalty for a total of $135,842,030 to be awarded against a single defendant. This is 41 times the amount awarded by the Court against the individual defendant, Mr. Abdel. Clearly, what the Bureaus is requesting by way of Legal Restitution and Civil Penalty would be inconsistent with *Consumer First* and *Liu*, *supra*. The Court should award **$0** in Legal Restitution and making a finding to support the award of any civil penalty in compliance with *Consumer First* and *Liu*.

In order to be proportionate and not contravene *Consumer First* and *Liu*., any civil penalty should not exceed the amount imposed against other **individual** defendants, for example:[1]

- Defendant Sean Cowell: $100,000 (*see* ECF 90, ¶ 28, p. 13, ll. 17-22);

[1] It is worth mentioning for purposes of determining a proportionate civil penalty to be imposed, if any, that one company defendant, Chou Team Realty, LLC, was assessed a mere **$1** in a civil penalty. (*See* ECF 90, ¶ 24, p. 12, ll. 24-27.)

LEPISCOPO & ASSOCIATES LAW FIRM

- Defendant Thomas Chou: **$350,000** (*see* ECF 90, ¶ 26, p. 13, ll. 6-9);
- Defendant Robert Hoose: **$1** (*see* ECF 115, ¶ 21, p. 10, ll. 4-7);
- Defendant Frank Anthony Sebreros: **$1** (*see* ECF 188, ¶ 22, p. 11, ll. 10-23);
- Defendant Eduardo Martinez: **$125,000** (see ECF 187, ¶ 20, p. 9, l. 26 to p. 10, l. 2);
- Defendant Bill Abdel: **$3,262,244** (*see* ECF 177, p. 11.); and
- Defendant David Sklar: **$1** (*see* ECF 181, ¶ 22, p. 10, l. 25 to p. 11, l. 3).

Finally, Mr. Nesheiwat proposes that the Court should award a maximum of $200,000[2] in a civil penalty in compliance with *Consumer First* and *Liu*.

**B. INJUNCTIVE RELIEF:**

The breadth, scope, and subject matters of the injunctive relief requested by the Bureau are unconstitutionally burdensome. As the Seventh Circuit and U.S. Supreme Court have articulated, district courts are not empowered to impose whatever injunctive relief they desire but rather under strict limits:

> "'[An] injunction must ... be broad enough to be effective,'" *id.*; but it cannot be 'more burdensome to the defendant than necessary to accord complete relief to the plaintiffs.'"

*Consumer First*, *supra*, at 37 (citing *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).

In *Consumer First*, the Seventh Circuit held that the case concerned mortgage relief services, not debt relief services. *Id*. In the case at Bar, the issue was student loan debt relief. However, in its Proposed Judgment, the Bureau requests that a permanent injunction be imposed upon Mr. Nesheiwat in the following industries:

[2] This figure represents Mr. Nesheiwat's most recent settlement proposal.



LEPISCOPO & ASSOCIATES LAW FIRM

- Debt-Relief Services in all industries rather than limited to only student loan debt relief services (*see* ECF 234-1, Plaintiff's Proposed Judgment, p. 7, ll. 1-12);
- Mortgage Loans industry rather than the student loans industry (*see* ECF 234-1, Plaintiff's Proposed Judgment, p. 7, ll. 14-24);
- Consumer Financial Products or Services rather than limited to student loans industry (*see* ECF 234-1, Plaintiff's Proposed Judgment, p. 8, ll. 1-8);
- Using or Obtaining Prescreened Consumer Reports but not limited to student loans industry (*see* ECF 234-1, Plaintiff's Proposed Judgment, p. 8, ll. 9-15); and
- Using or Obtaining Consumer Reports for any business purpose but not limited to student loans industry (*see* ECF 234-1, Plaintiff's Proposed Judgment, p. 8, ll. 16-26).

Another aspect of all the injunctive relief requested by the Bureau is that it seeks to impose the affirmative duty upon Mr. Nesheiwat to be responsible for the actions of other individuals regarding all of the broad categories set forth above. In addition, the Bureau attempts to expand the *in personam* jurisdiction of this Court to reach those individuals who are not presently before the Court, *e.g.*, officers, agents, servants, employees, and even **attorneys**. (*See e.g*. ECF 234-1, Plaintiff's Proposed Judgment, p. 8, ll. 20-21.)

This Court has already issued a narrowly tailored judgment against defendants Thomas Chou, Sean Cowell, and Chou Team Realty, LLC, who are **permitted** to continue engaging in the **mortgage lending** business. (*see* ECF 90, Order—*Conduct Relief*, p. ¶ 10, p. 7, ll. 5-14.)

Clearly, as the foregoing demonstrates, the scope of the injunctive relief set forth in Plaintiff's Proposed Judgment transgresses *Consumer First*. Essentially, it



LEPISCOPO & ASSOCIATES LAW FIRM

destroys Mr. Nesheiwat's ability to have a career and livelihood. If an injunction is to be imposed against Mr. Nesheiwat, it should be narrowly tailored and limited to **only** preventing him from engaging in **student loan debt relief services**. *Id*.

**C. <u>OTHER RELIEF REQUESTED</u>:**

This section addresses the remaining relief the Bureau has requested that was neither requested in the Second Amended Complaint ("SAC") (ECF 141, p. 43, ll. 6-26) nor the Bureau's motion for summary judgment ("MSJ") (ECF 189). Further, the Court does not have subject matter jurisdiction to issue the additional relief set forth in the Plaintiff's Proposed Judgment. Accordingly, none of the additional relief requested by the Bureau should be included in a judgment.

**1. Bankruptcy Provisions:** Paragraphs 26 and 27 of Plaintiff's Proposed Judgment purports to: (a) vest this Court with jurisdiction under the U.S Bankruptcy Code and (b) seek a ruling and order on the dischargeability of any judgment entered by this Court. (*See e.g*. ECF 234-1, Plaintiff's Proposed Judgment, ¶¶ 26 & 27, p. 11, ll. 20-28.)

**2. Notification Requirement—Other Civil Actions:** Again, here the Bureau attempts to impose duties upon Mr. Nesheiwat to report certain matters relating to any pending or future civil actions. Further, Plaintiff's Proposed Judgment seeks the Court to impose duties upon Mr. Nesheiwat neither requested in the SAC nor MSJ, nor otherwise provided for under law. Essentially, the Bureau seeks to add remedies to statutory scheme created by Congress. (*See e.g*. ECF 234-1, Plaintiff's Proposed Judgment, ¶ 29, p. 12, ll. 5-23.)

**3. Expansion of Remedies:** As mentioned in the preceding subsection, the Bureau seeks to add remedies to the statutory scheme. Specifically, in Paragraph 30, Plaintiff's Proposed Judgment circumscribes Mr. Nesheiwat's actions relating to future tax deductions and reimbursement or indemnification, although no such

request was made in the SAC nor MSJ, or otherwise provided for under law. (*See e.g.* ECF 234-1, Plaintiff's Proposed Judgment, ¶ 30, p. 12, l. 24 to p. 13, l. 4.)

**4. Expansion of Bureau's Powers:** The Bureau attempts to use Plaintiff's Proposed Judgment to empower itself to request Mr. Nesheiwat's credit report whenever it sees fit. Again, no such request was made in the SAC or MSJ, nor is this method of enforcement provided for under law. (*See e.g.* ECF 234-1, Plaintiff's Proposed Judgment, ¶ 31, p. 13, ll. 5-9.)

**5. Improper Reporting Requirements:** Here, again, the Bureau attempts to seek the Court's power to impose remedies upon Mr. Nesheiwat that were neither requested in the SAC nor MSJ, nor provided for under law. For example, Paragraph 32 provides that Mr. Nesheiwat must notify the Bureau of "any development that may affect compliance obligations under" Plaintiff's Proposed Judgment. (*See e.g.* ECF 234-1, Plaintiff's Proposed Judgment, ¶ 32, p. 13, ll. 13-22.) Apparently, Mr. Nesheiwat is required to act as an attorney to not only interpret Plaintiff's Proposed Judgment but also any laws relating to or affecting his actions in order to determine whether his compliance obligations have been, are being, or are about to be affected.

In addition, Paragraph 33 requires Mr. Nesheiwat to provide the Bureau with extensive information relating to any career or other business endeavors in which he might engage, none of which is limited to any student loan debt relief activities. Paragraph 35 requires Mr. Nesheiwat to report "any changes" to the information required to be provided under Paragraph 33 within thirty days. Finally, Paragraph 36 requires Mr. Nesheiwat to provide a 90-day report followed by annual reports to be submitted to the Bureau. (*See e.g.* ECF 234-1, Plaintiff's Proposed Judgment, ¶¶ 33, 35, & 36, p. 13, l. 23 to p. 15, l. 2.)

Finally, in Paragraphs 38-41 of Plaintiff's Proposed Judgment, the Bureau attempts to seek the Court's power to impose remedies upon Mr. Nesheiwat that

were neither requested in the SAC nor MSJ, nor provided for under law. For example, the Bureau attempts to make Mr. Nesheiwat its agent by forcing him to deliver copies of any judgment to principals of any businesses he controls and procure the signatures of those individuals, and provide a report to the Bureau. (*See e.g*. ECF 234-1, Plaintiff's Proposed Judgment, ¶¶ 38-41, p. 15, l. 9 to p. 6, l. 2.)

**6. Improper Recordkeeping Requirements:** Here, again, the Bureau attempts to seek the Court's power to impose remedies upon Mr. Nesheiwat that were neither requested in the SAC nor MSJ, nor provided for under law. For example, Paragraph 42 requires Mr. Nesheiwat to create and maintain records for the Bureau and maintain same for ten years. (*See e.g*. ECF 234-1, Plaintiff's Proposed Judgment, ¶¶ 42-43, p. 16, ll. 3-20.)

**7. Improper Enlistment of Mr. Nesheiwat as an Investigative Assistant of the Bureau:** In Paragraphs 45, *Cooperation with the Bureau*, and 46, *Compliance Monitoring*, of Plaintiff's Proposed Judgment the Bureau seeks to use the force of this Court's power to create remedies that were neither requested in the SAC nor MSJ, nor provided for under law. Paragraph 45 requires Mr. Nesheiwat to "cooperate fully" to assist the Bureau in its investigation regarding consumers affected by the allegations in the SAC. (*See e.g*. ECF 234-1, Plaintiff's Proposed Judgment, ¶ 45, p. 17, ll. 18-21.)

Under Paragraph 46 Mr. Nesheiwat is required to prepare and provide the Bureau with compliance reports and other information under the penalty of perjury, as well as providing sworn testimony and produce documents to the Bureau. (*See e.g*. ECF 234-1, Plaintiff's Proposed Judgment, ¶ 46, p. 17, ll. 25-28.)

Finally, Paragraph 48 requires Mr. Nesheiwat to provide access to his employees or other persons associated with his businesses for purposes of being

LEPISCOPO & ASSOCIATES LAW FIRM

interviewed. (*See e.g*. ECF 234-1, Plaintiff's Proposed Judgment, ¶ 48, p. 18, ll. 4-6.)

## III. DEFENDANT'S PROPOSED JUDGMENT.

For consideration by the Court, Mr. Nesheiwat has provided Defendant's Proposed Judgment (Exhibit B) that is consistent with the foregoing discussions in Section II, *supra*, and will upload a WORD version to Chambers.

## IV. CONCLUSION.

Based on the foregoing, Mr. Nesheiwat respectfully requests the Court to impose monetary remedies of $0.00 in restitution and $200,000 in a civil penalty. In addition, the Court should adopt the other changes Mr. Nesheiwat has proposed regarding injunctive and other relief and enter Defendant's Proposed Judgment (Exhibit B hereto and uploaded to Chambers in WORD format).

Dated: August 30, 2021.

**LEPISCOPO & ASSOCIATES LAW FIRM**

By: /s/ Peter D. Lepiscopo________
**PETER D. LEPISCOPO**
***Counsel of Record***
Attorneys for Defendant, **JAWAD NESHEIWAT**

LEPISCOPO & ASSOCIATES LAW FIRM

## CERTIFICATE OF SERVICE

## DOCUMENTS SERVED

I, Peter D. Lepiscopo, counsel of record for defendant, Jawad Nesheiwat, hereby certify that the following documents have been served in the manner set forth below:

1. **JAWAD NESHEIWAT'S OPPOSITION TO PLAINTIFF'S SUPPLEMENT TO NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, ECF 234**

## CERTIFICATE OF SERVICE—CM/ECF

I hereby certify that true and correct copies of the foregoing documents have been served on the Court and all counsel of record, who have appeared in this action, via the Court's electronic filing system on August 30, 2021.

Dated: August 30, 2021.

Respectfully submitted,

/s/ Peter D. Lepiscopo .
**PETER D. LEPISCOPO**
***Counsel of Record***

Attorneys for Defendant, **JAWAD NESHEIWAT**