FILED
CLERK, U.S. DISTRICT COURT

September 23, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____VPC_____ DEPUTY

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Bureau of Consumer Financial Protection,

Plaintiff,

vs.

Chou Team Realty, LLC, et al.,

Defendants.

Case No.: 8-20-cv-00043-SB-ADS

**JUDGMENT AGAINST JAWAD NESHEIWAT**

Plaintiff Bureau of Consumer Financial Protection ("Bureau") filed a motion for summary judgment under Federal Rule of Civil Procedure 56 against Defendant Jawad Nesheiwat ("Defendant").  On August 10, 2021, after considering the pleadings, declarations, exhibits, summary-judgment briefing, evidentiary objections, and the entire record in this matter, the Court granted the Bureau's motion for summary judgment against Defendant on all claims and found that injunctive relief, restitution, and a civil money penalty were appropriate remedies in this case.  Dkt. No. 233.  The Court also filed a separate Order today addressing Defendant's objections to the proposed Judgment filed by the Bureau.  Accordingly, the Court finds good cause to grant the following relief against Defendant.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1.     This is an action instituted by the Bureau under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, the implementing regulation of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6102(c)(2), 6105(d); and the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a)(1)(A).  The Second Amended Complaint seeks permanent injunctive relief, rescission or reformation of contracts, disgorgement, damages, redress, and civil money penalties.  The Bureau has the authority to seek this relief.  12 U.S.C. § 5565.

2.     This Court has subject-matter jurisdiction over this action because it was brought under federal consumer-financial law, 12 U.S.C. § 5565(a)(1), presents a federal question, 28 U.S.C. § 1331, and the plaintiff is an agency of the United States, 28 U.S.C. § 1345.

3.     Sections 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564, 5565, empower this Court to order injunctive and other equitable and legal relief against Defendant for violations of FCRA, the TSR, and the CFPA, and to award restitution, damages, refund of moneys, disgorgement of ill-gotten gains resulting from Defendant's unlawful practices, and civil money penalties for violations of the Federal consumer-financial laws.

4.     Uncontroverted facts show that, since February 2015, the Student Loan Debt Relief Companies charged Affected Consumers approximately $19,699,870 in fees paid by Affected Consumers (not including fees that were refunded to consumers).

5.     Because of his violations of the TSR and CFPA, Defendant is jointly and severally liable for the full amount of fees paid by Affected consumers to the Student Loan Debt Relief Companies.  Pursuant to the Court's

authority to award legal restitution, the Bureau is entitled to a judgment for monetary relief of $19,699,870 against Defendant as redress for the fees paid by Affected Consumers.  This restitution is owed jointly and severally with the Student Loan Debt Relief Companies in the amounts imposed in the default judgment entered against each of them at Dkt. No. 177.

6.     Defendant has recklessly violated FCRA, the TSR, and the CFPA, warranting a second tier civil money penalty of $20,000,000.  12 U.S.C. § 5565(c)(2)(B).

7.     This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

8.     Entry of this Judgment is in the public interest.

## **DEFINITIONS**

9.     The following definitions apply to this Order:

    a.  "Affected Consumers" includes all consumers who, since February 1, 2015, were charged fees by any of the Student Loan Debt Relief Companies.

    b.  "Assisting Others" includes but is not limited to:

        i.   formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including but not limited to any telephone-sales script, direct-mail solicitation, or the text of any Internet website, email, or other electronic communication;

        ii.  providing names of, or contributing to the generation of, potential customers;

iii.   participating in or providing services related to the offering, sale, or servicing of a product, or the collection of payments for a product;

iv.   acting or serving as an owner, officer, director, manager, principal, partner, limited partner, member, employee, independent contractor, or agent of any entity; and

v.   investing or loaning money.

c.   "Bureau" means the Bureau of Consumer Financial Protection.

d.   "Consumer Financial Product or Service" is synonymous in meaning and equal in scope to the definition of the term in the CFPA, 12 U.S.C. § 5481(5), and, subject to applicable restrictions contained in the CFPA, includes but is not limited to:

i.   extending credit and servicing loans, including acquiring, purchasing, selling, brokering, or other extensions of credit (other than solely extending commercial credit to a person who originates consumer credit transactions);

ii.   providing financial advisory services to consumers on individual consumer financial matters or relating to proprietary financial products or services, including providing credit counseling to any consumer or providing services to assist a consumer with debt management or debt settlement, modifying the terms of any extension of credit, or avoiding foreclosure; and

iii.    engaging in deposit-taking activities, transmitting or exchanging funds, or otherwise acting as a custodian of funds or any financial instrument for use by or on behalf of a consumer.

e.  "Consumer Report" means a "consumer report," as that term is defined in § 603(d) of FCRA, 15 U.S.C. § 1681a(d).

f.  "Consumer Reporting Agency" means a "consumer reporting agency," as that term is defined in § 603(f) of FCRA, 15 U.S.C. § 1681a(f).

g.  "Debt-Relief Service" means any product, service, plan, or program represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt, including but not limited to a student-loan debt, mortgage-loan debt, credit-card debt, or tax debt or obligation, between a person and one or more creditors or debt collectors, including but not limited to a reduction in the balance, interest rate, or fees owed by a person to a creditor or debt collector.

h.  "Defendant" means Jawad Nesheiwat, and any other names by which he may be known.

i.  "Dwelling" means a residential structure containing four or fewer units, whether or not that structure is attached to real property, that is primarily for personal, family, or household purposes. The term includes any of the following if used as a residence: an individual condominium unit, cooperative unit, mobile home, manufactured home, or trailer.

j.  "Effective Date" means the date on which the Order is entered on the docket.

k. "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegate.

l. "Mortgage Loan" means any loan secured by a dwelling, and any associated deed of trust or mortgage.

m. "Prescreened Consumer Reports" means Consumer Reports relating to consumers furnished by a Consumer Reporting Agency in connection with credit or insurance transactions that are not initiated by the consumers, pursuant to 15 U.S.C. § 1681b(c).

n. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendant based on substantially the same facts as described in the Second Amended Complaint.

o. "Student Loan Debt Relief Companies" means Docu Prep Center, Inc., d/b/a DocuPrep Center, d/b/a Certified Document Center; Document Preparation Services, LP, d/b/a DocuPrep Center, d/b/a Certified Document Center; Certified Doc Prep, Inc.; Certified Doc Prep Services, LP; Assure Direct Services, Inc.; Assure Direct Services, LP; Direct Document Solutions, Inc.; Direct Document Solutions, LP; Secure Preparation Services, Inc.; Secure Preparation Services, LP, and their successors and assigns, individually, collectively, or in any combination.

p. "Telemarketing" means a plan, program, or campaign that is conducted to induce the purchase of goods or services or a

charitable contribution, by use of one or more telephones and which involves more than one interstate phone call.

## **ORDER**

### I.

**Permanent Ban on Offering or Providing Debt-Relief Services**

**IT IS ORDERED** that:

10.     Defendant, whether acting directly or indirectly, is permanently restrained from:

   a.  participating in, advertising, marketing, promoting, offering for sale, selling, or providing any Debt-Relief Service; and

   b.  Assisting Others in, or receiving any remuneration or other consideration from, the provision, advertising, marketing, promoting, offering for sale, sale, or production of any Debt-Relief Service.

Nothing in this Order shall be read as an exception to this paragraph.

### II.

**Permanent Ban on Offering or Providing Mortgage Loans**

**IT IS FURTHER ORDERED** that:

11.     Defendant, whether acting directly or indirectly, is permanently restrained and enjoined from:

   a.  participating in, advertising, marketing, promoting, offering for sale, selling, or providing any Mortgage Loan; and

   b.  Assisting Others in, or receiving any remuneration or other consideration from, the provision, advertising, marketing, promoting, offering for sale, sale, or production of any Mortgage Loan.

Nothing in this Order shall be read as an exception to this paragraph.

### III.

### Permanent Ban on Telemarketing

### Consumer Financial Products or Services

**IT IS FURTHER ORDERED** that:

12.     Defendant, whether acting directly or indirectly, is permanently restrained and enjoined from participating in Telemarketing or Assisting Others engaged in Telemarketing any Consumer Financial Product or Service. Nothing in this Order shall be read as an exception to this paragraph.

### IV.

### Permanent Ban on Using or Obtaining Prescreened Consumer Reports

**IT IS FURTHER ORDERED** that:

13.     Defendant, whether acting directly or indirectly, is permanently restrained and enjoined from using, obtaining, offering, providing, selling, or arranging for others to use or obtain Prescreened Consumer Reports for any purpose. Nothing in this Order shall be read as an exception to this paragraph.

### V.

### Permanent Ban on Using or Obtaining

### Consumer Reports for Any Business Purpose

**IT IS FURTHER ORDERED** that:

14.     Defendant, and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from using, obtaining, offering, providing, selling, or arranging for others to use or obtain Consumer Reports for any business purpose. Nothing in this Order shall be read as an exception to this paragraph.

# VI.

## Consumer Information

**IT IS FURTHER ORDERED** that:

15. Defendant and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, may not:

   a. disclose, use, or benefit from consumer information, including the name, address, or any information about the consumer's student loans, contained in or derived from Prescreened Consumer Reports obtained for use in marketing Debt-Relief Services; or

   b. disclose, use, or benefit from consumer information, including the name, address, telephone number, email address, social-security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), obtained from or through the activities of the Student Loan Debt Relief Companies.

*However*, consumer information may be disclosed if lawfully requested by a government agency or required by law, regulation, or court order.

## MONETARY PROVISIONS

# VII.

## Order to Pay Redress

**IT IS FURTHER ORDERED** that:

16. A judgment for monetary relief is entered in favor of the Bureau and against Defendant in the amount of $19,699,870 for the purpose of providing redress to Affected Consumers. The monetary judgment set forth in this section is immediately due and payable upon entry of this Order and is

enforceable against any asset owned by, on behalf of, for the benefit of, or in trust by or for Defendant.

17.     Any funds received by the Bureau in satisfaction of the judgment in this section will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for Affected Consumers, including but not limited to refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

18.     If the Bureau determines, in its sole discretion, that providing redress to consumers is wholly or partially impracticable or if funds remain after the administration of redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Defendant will have no right to challenge the Bureau's choice of remedies under this section and will have no right to contest the manner of distribution chosen by the Bureau.

19.     Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

## VIII.

### Order to Pay Civil Money Penalty to Plaintiff

**IT IS FURTHER ORDERED** that:

20.     Under §§ 1042(a) 1055(c) of the CFPA, 12 U.S.C. §§ 5552(a), 5565(c), by reason of Defendant's violations of law and taking into account the factors in 12 U.S.C. § 5565(c)(3), Defendant must pay a civil money penalty of $20,000,000 to the Bureau.

21.     The civil money penalty set forth in this section is immediately due and payable upon entry of this Order and is enforceable against any Asset owned by, on behalf of, for the benefit of, or in trust by or for Defendant.

22.     The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

## IX.

### Additional Monetary Provisions

**IT IS FURTHER ORDERED that**:

23.     In the event of any default on Defendant's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment and will immediately become due and payable.

24.     Defendant must relinquish all dominion, control, and title to the funds transferred or paid under this Order to the fullest extent permitted by law, and no part of the funds may be returned to Defendant.

25.     The facts found in the Court's order granting summary judgment to the Bureau will be taken as true and given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Bureau, including in a proceeding to enforce their rights to any payment or monetary judgment under this Order, such as a non-dischargeability complaint in any bankruptcy case.

26.     The facts found in the Court's order granting summary judgment to the Bureau establish all elements necessary to sustain an action by the Bureau under § 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against Defendant, even in such Defendant's capacity as debtor-in-possession.

27.     The civil penalty imposed by the Order represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, thus, is not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

28.     Under 31 U.S.C. § 7701, Defendant, unless he has already done so, must furnish to the Bureau any taxpayer-identification numbers associated with him, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

29.     Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Defendant must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendant may not argue that he is entitled to, nor may Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Defendant based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

30.     Defendant must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how such funds are used, Defendant may not:

      a.   claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

b.  seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

31.  Upon written request of a representative of the Bureau, any consumer reporting agency must furnish consumer reports to the Bureau concerning Defendant under § 604(a)(1) of FCRA, 15 U.S.C.§ 1681b(a)(1), which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## COMPLIANCE PROVISIONS

## X.

## Reporting Requirements

**IT IS FURTHER ORDERED** that:

32.  Defendant must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendant; or a change in Defendant's name or address. Defendant must provide such notice at least 30 days before the development, or as soon as practicable after learning of the development, whichever is sooner.

33.  Within 7 days of the Effective Date, Defendant must:

a.  designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Defendant;

b.  identify all businesses for which Defendant is the majority owner, or that Defendant directly or indirectly controls, by all

of their names, telephone numbers, and electronic, physical, and postal addresses;

c. describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales;

d. identify Defendant's telephone numbers and all electronic, physical, and postal addresses, including all residences; and

e. describe in detail Defendant's involvement in any business for which he performs services in any capacity or which he wholly or partially owns, including his title, role, responsibilities, participation, authority, control, and ownership.

34.     Within 14 days of the Effective Date, Defendant must submit to the Enforcement Director a completed financial statement accurate as of the Effective Date, using the form attached as Attachment A to this Order, and all documents requested in the form attached as Attachment A.

35.     Defendant must report any change in the information required to be submitted under Paragraph 33 at least 30 days before the change, or as soon as practicable after learning about the change, whichever is sooner.

36.     Within 90 days of the Effective Date, and again one year after the Effective Date, Defendant must submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury ("Compliance Report"), which, at a minimum:

a. lists each applicable paragraph and subparagraph of this Order and describes in detail the manner and form in which such Defendant has complied with each such paragraph and subparagraph of this Order;

b. describes in detail the manner in which and purposes for which Defendant has used or obtained Consumer Reports; and

c.  attaches a copy of each Order Acknowledgment obtained under Section XI, unless previously submitted to the Bureau.

## XI.

### Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED** that:

37.  Within 7 days of the Effective Date, Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

38.  Within 30 days of the Effective Date, Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to each of its owners, board members, officers, LLC members and managers, and general and limited partners, as well as any managers, employees, or other agents and representatives who have responsibilities related to Consumer Reports.

39.  Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section X, any future owners, board members, officers, LLC members and managers, and general and limited partners, as well as any managers, employees, or other agents and representatives who will have responsibilities related to Consumer Reports before they assume their responsibilities.

40.  Defendant must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery, from all persons receiving a copy of this Order under this section.

41.  Within 90 days of the Effective Date, Defendant must provide the Bureau with a list of all persons and their titles to whom this Order was

delivered through that date under Paragraphs 38 and 39 and a copy of all signed and dated statements acknowledging receipt of this Order under Paragraph 40.

## XII.

### Recordkeeping

**IT IS FURTHER ORDERED** that:

42.     Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must create all documents and business records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau. Defendant must retain these documents for at least 10 years after creation and make them available to the Bureau upon the Bureau's request.

43.     Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must maintain, for 10 years from the Effective Date, or 10 years after creation, whichever is longer:

        a.  all records concerning Consumer Reports used or obtained; and

        b.  all consumer complaints and refund requests (whether received directly or indirectly, such as through a third party), and any responses to those complaints or requests.

Defendant must make these materials available to the Bureau upon the Bureau's request.

**XIII.**

**Notices**

**IT IS FURTHER ORDERED** that:

44.     Unless otherwise directed in writing by the Bureau, Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB v. Chou Team Realty, LLC, et al.*, Case No. 8:20-cv-00043-SB-ADS," and send them by overnight courier or first-class mail to the below address, and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

Assistant Director for Enforcement

Bureau of Consumer Financial Protection

ATTENTION: Office of Enforcement

1700 G Street, N.W.

Washington D.C. 20552

**XIV.**

**Cooperation with the Bureau**

**IT IS FURTHER ORDERED** that:

45.     Defendant must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Defendant must provide such information in his agents' possession or control within 14 days of receiving a written request from the Bureau.

**XV.**

**Compliance Monitoring**

**IT IS FURTHER ORDERED** that:

46.     Within 14 days of receipt of a written request from the Bureau, Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; provide testimony; or produce documents.

47.     For purposes of this section, the Bureau may communicate directly with Defendant, unless Defendant retains counsel related to these communications.

48.     Defendant must permit Bureau representatives to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

49.     Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

## XVI.

### Retention of Jurisdiction

**It is FURTHER ORDERED that**:

50.     The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

It is **SO ORDERED**, this 23rd day of September, 2021.

_____
The Honorable Stanley Blumenfeld, Jr.
United States District Judge

# Attachment A
## to the Judgment Against Defendant Jawad Nesheiwat

CONSUMER FINANCIAL PROTECTION BUREAU

**FINANCIAL DISCLOSURE FORM FOR INDIVIDUAL DEFENDANT**

**Instructions**:

1        Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2        "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3        "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4        Attach continuation pages as needed. On the financial disclosure form, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5        Provide requested documents and information for the current fiscal year and the prior three complete fiscal years through the signing of this document, unless specifically instructed otherwise.

6        Type or print legibly.

7        Initial each page in the space provided in the lower right corner.

8        Sign and date the completed financial disclosure form on the last page.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person in any:

(a) "matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully (1) falsifies, conceals or covers up by any trick, scheme, or device a material fact; (2) makes any false, fictitious or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "(...statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information...knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or loss. 18 U.S.C. § 3571.

Initials _____

## BACKGROUND INFORMATION

**Item 1.  Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until_____

Address_____ Rent or Own?_____ From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were

used_____

Marital Status: _____ (i.e., Married, Single, Divorced, Widowed, Separated)

**Item 2.  Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s) during

which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own?_____ Telephone No._____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

**Item 3.  Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

3                                                                                                                Initials _____

**Item 4.  Contact Information**

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

**Item 5.  Information About Dependents Who Live With You**

Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

**Item 6.  Information About Dependents Who Do Not Live With You**

Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

Name Address _____

Date of Birth _____ Relationship _____ Social Security No._____

Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

**Item 7.  Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.,* health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

Income Received:  This year-to-date:   $_____ _____: $_____

20_____:   $_____ _____: $_____

_____:   $_____ _____: $_____

4                                                                                          Initials _____

Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

Income Received:  This year-to-date:     $_____ _____: $_____

                   20_____:     $_____ _____: $_____

              _____:     $_____ _____: $_____

Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

Income Received:  This year-to-date:     $_____ _____: $_____

                   20_____:     $_____ _____: $_____

              _____:     $_____ _____: $_____

**Item 8.  Pending Lawsuits Filed by You or Your Spouse**

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

**Item 9.  Pending Lawsuits Filed Against You or Your Spouse**

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Initials _____

**Item 10.  Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.  On a separate page, describe the contents of each box.

Owner's Name                    Name & Address of Depository Institution                                              Box No.
_____       _____       _____

_____       _____       _____

**Item 11.  Business Interests**

List all businesses for which you, your spouse, or your dependents are an officer or director.

Business' Name & Address _____

Business Format (e.g., corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

Business' Name & Address _____

Business Format (e.g., corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

Business' Name & Address _____

Business Format (e.g., corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

Initials _____

## FINANCIAL INFORMATION: ASSETS AND LIABILITIES

**REMINDER: "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.**

<u>**Item 12**</u>.  **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.  The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held For Your Benefit  $_____

| Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

<u>**Item 13**</u>.  **U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Name on Account | Type of Obligation | Security Amount | Maturity Date |
|---|---|---|---|
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |

<u>**Item 14**</u>.  **Publicly Traded Securities and Loans Secured by Them**

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House,  Address _____ Broker Account No. _____

7                                                                                                     Initials _____

**Item 15.  Other Business Interests**

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Business Format _____ Business' Name & Address_____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

**Item 16.  Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents**

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

Opposing Party's Name & Address_____

Court's Name & Address _____

Docket No. _____ Nature of Lawsuit _____

Date of Judgment _____ Amount $_____

**Item 17.  Other Amounts Owed to You, Your Spouse, or Your Dependents**

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

**Item 18.  Insurance Policies**

List all insurance policies, held by you, your spouse, or your dependents, including any life insurance policies, and riders, and any other policy that you, your spouse or your dependents, would receive reimbursement or indemnification for related to your legal fees or any remedies entered against you.

Insurance Company's Name, Address, & Telephone No._____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

Insurance Company's Name, Address, & Telephone No._____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

Initials _____

**Item 19.  Deferred Income Arrangements**

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No._____

Account No. _____ Surrender Value $_____


Name on Account _____ Type of Plan _____ Date Established_____

Trustee or Administrator's Name, Address & Telephone No._____

Account No. _____ Surrender Value $_____

**Item 20.  Personal Property**

List all personal property, by category, whether held for personal use or for investment, including but not limited to, furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

**Item 21.  Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles**

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Vehicle Type _____ Make _____ Model _____ Year_____

Registered Owner's Name _____ Registration State & No._____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No._____

Lender's Name and Address_____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

9                                                                                    Initials _____

Mileage _____   Current condition of car _____   Purchase date _____

Vehicle Type _____   Make _____   Model _____   Year _____

Registered Owner's Name _____   Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____Current Value $_____   Account/Loan No._____

Lender's Name and Address_____

Original Loan Amount $_____   Current Loan Balance $_____   Monthly Payment $_____

Mileage _____   Current condition of car _____   Purchase date _____

**<u>Item 22</u>.  Real Property**

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Type of Property_____   Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____   Purchase Price $_____   Current Value $_____

Basis of Valuation_____   Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____   Monthly Payment $_____

Other Loan(s) (describe)_____   Current Balance $_____

Monthly Payment $_____   Rental Unit?_____   Monthly Rent Received $_____

Type of Property_____   Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____   Purchase Price $_____   Current Value $_____

Basis of Valuation_____   Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____   Monthly Payment $_____

Other Loan(s) (describe)_____   Current Balance $_____

Monthly Payment $_____   Rental Unit?_____   Monthly Rent Received $_____

Initials _____

**Item 23. Digital Assets**

Have you used or held a Digital Asset, including but not limited to cryptocurrencies, tokens (e.g. security tokens, non-fungible tokens, utility tokens, e-Money tokens), stablecoins, and/or smart contracts     Yes/No

This Digital Asset section does NOT request that you provide information necessary to transfer, dispose of or otherwise exert control over the digital asset.

If yes, and the value of the asset is greater than $2,500, list and describe all Digital Assets[1], including but not limited to all cryptocurrency, tokens (e.g. security tokens, non-fungible tokens, utility tokens, e-Money tokens), stablecoins, and smart contracts held or used by you, your spouse, or your dependents.

Provide a copy of account statements received or available from a cryptocurrency exchange, IRS forms 1099-K, 1099-B or 1099-MISC received from a cryptocurrency exchange, or a money services business, and include Form 8949, as filed with your tax returns (see also, Item 29.  Tax Returns).

In response, please include the name of the Digital Asset, amount (number of coins/tokens), acquisition date, acquisition value, disposition date; and identify how the company received each Digital Asset, whether transferred, retrieved, exchanged, purchased or otherwise acquired in exchange for value.

| Name of Digital Asset and Symbol (e.g., Bitcoin, Ether) | Description of Digital Asset (e.g. coin, security token, stablecoin) | Amount (e.g., number of coins, tokens) | Acquisition Date | Acquisition Value (USD) | Disposition Date | Disposition Value (USD) | How Sent/Received (e.g. transferred, retrieved, exchanged, purchased, etc.) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

List all exchanges, including centralized and decentralized (e.g. peer-to-peer exchanges) exchanges, where the company engaged in Digital Asset transactions and the wallet where the digital asset is stored.

In response to this section, include the name and description of the exchange, any account number for the affiliated exchange and the amounts of assets currently held at the exchange.

Also include, all wallets where the Digital Asset is stored, including the wallet address/identifier, whether the wallet is hosted or un-hosted, the type of wallet (e.g. mobile, desktop, hardware, or other cold wallet); and, if an un-hosted wallet, provide the physical address and digital identifiers for that wallet.

| Name of Digital Asset/Symbol (e.g., Bitcoin, Ether) | Name and Description of Exchange | Account Numbers | Wallet Address/Identifier And/or Physical Address | Wallet Description, including Type and Hosted/Un-Hosted | Amount and kind of Assets Held (number and name of each kind of coins/tokens) |
|---|---|---|---|---|---|
| | | | | | |

---

[1] The term "Digital Asset," as used in this document, refers to an asset that is issued and transferred using distributed ledger or blockchain technology, including, but not limited to, "cryptocurrency," "virtual currency," "coins," "stablecoins," and "tokens." (in part from https://www.sec.gov/files/dlt-framework.pdf)

Initials _____

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

For all transactions effected by a peer-to-peer, decentralized exchange, provide all HASH or Transaction IDs, all Public Keys, and any other identifiers:

| Name of Digital Asset/Symbol (e.g., Bitcoin, Ether) | Amount and kind of Assets Held (number and name of each kind of coins/tokens) | HASH/Transaction IDs | Public Keys | Other Identifiers |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

Did you over the last three years, or do you presently, participate in any crypto-mining and staking or crypto lending? Yes/No

Please list all additional income received from Digital Asset-related activity, including income from crypto-mining and staking, airdrops, hard forks and crypto lending interest:_____

Please list all smart contracts that you have entered into in exchange for any income, future income, or an asset:_____

For each smart contract that the company has entered into, provide the description of the contract, amount, electronic signature date, current value, description of the oracle, and the blockchain and/or distributed ledger where the smart contract has been or will be executed, in the below table:

| Description | Amount | Electronic Signature Date | Current Value (in USD) | Oracle | DTL/Blockchain |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

## Item 24.  Other Assets

List all other assets not identified above, held by you, your spouse, or your dependents, including but not limited to, patents and other intellectual property.

| Description | Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

Initials _____

**Item 25.  Credit Cards**

List each credit card held by you, your spouse, or your dependents.  Also list any other credit cards that you, your spouse, or your dependents use.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

**Item 26.  Taxes Payable**

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred _____ |
|---|---|---|
| $_____ | _____ | |
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |

**Item 27.  Judgments or Settlements Owed**

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Nature of Lawsuit_____

Date_____ Amount $_____

**Item 28.  Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

Name & Address of Lender/Creditor _____

13                                                                                          Initials _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

14                                                                                         Initials _____

## OTHER FINANCIAL INFORMATION

**Item 29.  Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. Provide a copy of each signed tax return that was filed during the last three years, including amendments (if any).

Tax Year                        Name(s) on Return                                                                Refund Expected
_____ _____ $_____

_____ _____ $_____

_____ _____ $_____

**Item 30.  Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years.  Provide a copy of each application, including all attachments.

Name(s) on Application                        Name & Address of Lender
_____   _____

_____   _____

**Item 31.  Trusts and Escrows**

List all trusts, escrows or other entities holding funds or other assets for which you, your spouse, or dependents have any benefit or legal interest in, directly or indirectly.  Provide copies of all documents related to the creation, control or administration of the entity and the assets in the entity, and any amendments.  For each entity list:

Name and Address of the trust: _____

Name and Address of any Trustee, Escrow Agent or other person with authority over the entity or its assets including any person with dominion, use, administrative control or ownership of the subject assets and identify that person's role:_____

Date Established and any date of amendments:_____

Name and Address of any Settlor, Grantor or other persons who have at any time conveyed assets to the entity:_____

Name and Address of any Protector or other persons capable of directing the actions of any party that is administering the entity: _____

Name and Address of any Beneficiary or other person that can receive any value or benefit from the entity:_____

The present market value of the assets with a description of how that value was calculated:_____

A description of any uses made of the assets while situated in the entity, including but not limited to any loans from the assets or use of the assets as collateral or guaranty or any investments or income involving the assets:_____

15                                                                                                Initials _____

**Item 32.  Transfers of Assets**

List all payments, transfers, or assignments of assets worth more than $2,500, in the aggregate, to any individual or entity during the previous three years.  For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value Date | Transfer | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

**Item 33.  Foreign Assets and Liabilities**

In any location outside of the United States, do you, or your spouse, or your dependents have any of the following:

Do you, your spouse, or your dependents have, in any location outside of the United States, any assets not otherwise identified in this disclosure (including, but not limited to real estate, bank accounts, investments, or other financial products)?

Yes/No

Do you, your spouse or your dependents have, in any location outside of the United States, any liabilities not otherwise identified in this disclosure (including, but not limited to liens, credit card debt or other financial obligations)?

Yes/No

If yes, to any of the above, please separately list below each asset and liability category, their location, the acquisition cost and current value.  Please include a copy of all Reports of Foreign Bank and Financial Accounts (FBAR) filings.

| Asset Category | Asset Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

| Liability Category | Liability Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

Initials _____

**Item 34.  Foreign Positions**

Have you, your spouse or your dependents been involved in the creation of, or have any interest in, any asset or entity located outside the United States? Yes/No

Have you, your spouse or your dependents, in the last three years, transferred or been involved in the transfer of any income or assets to any entity outside the United States? Yes/No

Do you, your spouse or your dependents hold any corporate office or partnership in any entity located outside the United States? Yes/No

Are you, your spouse or your dependents the trustee, escrow agent or similar role in any trust or similar entity outside the United States? Yes/No

If yes to any of the above, please separately list below the assets and their value, the recipient or transferee entity of the assets, the country under which such entity is organized and your, your spouse, or your dependent's position with such entity.  Please include a copy of all organizing or controlling documents and any amendments for each such entity.

Name of Entity or Trust                              Country

_____          _____

_____          _____

**Item 35.  Credit Report**

Provide a copy of you and your spouse's most recent credit report, within the last 60 days upon receipt of this form, from a credit bureau.

Initials _____

## SUMMARY FINANCIAL SCHEDULES

**Item 36**.  **Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand (Item 12) | | Credit Cards (Item 25) | |
| Cash in Financial Institutions (Item 12) | | Motor Vehicles - Liens (Item 21) | |
| U.S. Government Securities (Item 13) | | Real Property - Encumbrances (Item 22) | |
| Publicly Traded Securities (Item 14) | | Loans Against Publicly Traded Securities (Item 14) | |
| Other Business Interests (Item 15) | | Taxes Payable (Item 26) | |
| Judgments or Settlements Owed to You (Item 16) | | Judgments or Settlements Owed (Item 27) | |
| Other Amounts Owed to You (Item 17) | | | |
| Surrender Value of Life Insurance (Item 18) | | Other Loans and Liabilities (Item 28) | |
| Deferred Income Arrangements (Item 19) | | Foreign Liabilities (Item 34) | |
| Personal Property (Item 20) | | Other Liabilities (Itemize): | |
| Motor Vehicles (Item 21) | | | |
| Real Property (Item 22) | | | |
| Digital Assets (Item 23) | | | |
| Foreign Assets (Item 34) | | | |
| Other Assets (Itemize): | | | |

Initials _____

**Item 37.  Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $_____ | Mortgage Payments for Residence(s) | $_____ |
| Fees, Commissions, and Royalties | $_____ | Property Taxes for Residence(s) | $_____ |
| Interest | $_____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $_____ |
| Dividends and Capital Gains | $_____ | Car or Other Vehicle Lease or Loan Payments | $_____ |
| Gross Rental Income | $_____ | Food Expenses | $_____ |
| Profits from Sole Proprietorships | $_____ | Clothing Expenses | $_____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $_____ | Utilities | $_____ |
| Distributions from Trusts and Estates | $_____ | Medical Expenses, Including Insurance | $_____ |
| Distributions from Deferred Income Arrangements | $_____ | Other Insurance Premiums | $_____ |
| Social Security Payments | $_____ | Other Transportation Expenses | $_____ |
| Alimony/Child Support Received | $_____ | Other Household Expenses | $_____ |
| Gambling Income | $_____ | Other Expenses (Itemize) | |
| Digital Assets Income | $_____ | | |
| Other Income (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| **Total Income** | $_____ | **Total Expenses** | $_____ |

Initials _____

## ATTACHMENTS

**Item 38.  Documents Attached to this Financial Disclosure Form**

Indicate whether the below documents are being submitted with the financial disclosure form.

Item No. Document     Description of Document
Relates To

| | | |
|---|---|---|
| Item 23. | Digital Asset Account Statements and Tax Forms | Yes/Not Applicable |
| Item 29. | Tax Returns | Yes/Not Applicable |
| Item 30. | Applications of Credit | Yes/Not Applicable |
| Item 31. | Trusts and Escrows Documents | Yes/Not Applicable |
| Item 33. | Reports of Foreign Bank & Financial Account Filings | Yes/Not Applicable |
| Item 35. | Credit Report | Yes/Not Applicable |

List any other documents and forms as well as the item number, in the financial form, the document relates to and a description of the document.

Item No. Document          Description of Document
Relates To

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Initials _____

**WARNING**:

I am submitting this financial disclosure form with the understanding that it may affect action by the Consumer Financial Protection Bureau or a federal court.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I further declare that I have no assets, owned either directly or indirectly (including owned by my spouse or dependents), or income of any nature other than as shown in, or attached to, this statement. I understand that the Consumer Financial Protection Bureau is a federal agency and that this financial disclosure form is being submitted in connection with a matter within its jurisdiction.  I understand that a false, fictitious, or fraudulent statement or representation on this form, or the concealment of any material fact is a violation of Federal law and could result in criminal prosecution, and significant civil penalties. I understand that a false statement is punishable under 18 U.S.C. §§ 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000.

Executed on:

_____                              _____
(Date)                                                                        Signature

Initials _____