Name Peter D. Lepiscopo California Bar No. 139583
Address 695 Town Center Drive, 7th Floor
City, State, Zip Costa Mesa, CA 92626
Phone (619) 251-2428
Fax (619) 330-2991
E-Mail PLEPISCOPO@ATT.NET
☐ FPD ☐ Appointed ☐ CJA ☐ Pro Per ☒ Retained

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection<br>PLAINTIFF(S),<br>v.<br>Chou Team Realty, LLC, et al.,<br>DEFENDANT(S). | CASE NUMBER:<br>8-20-cv-00043-SB-ADS<br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that JAWAD NESHEIWAT hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):

☒ Judgment (specify):
Judgment on Motion for Summary Judgment (ECF Nos. 241, 240, 233, & 222)

☐ Other (specify):

Imposed or Filed on 9/23/21. Entered on the docket in this action on 9/23/21.

A copy of said judgment or order is attached hereto.

9/25/21
Date

/s/ Peter D. Lepiscopo
Signature
☐ Appellant/ProSe ☒ Counsel for Appellant ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

LEPISCOPO & ASSOCIATES LAW FIRM

**CERTIFICATE OF SERVICE**

**DOCUMENTS SERVED**

I, Peter D. Lepiscopo, counsel of record for defendant, Jawad Nesheiwat, hereby certify that the following documents have been served in the manner set forth below:

1. **NOTICE OF APPEAL**

**CERTIFICATE OF SERVICE—CM/ECF**

I hereby certify that true and correct copies of the foregoing documents have been served on the Court and all counsel of record, who have appeared in this action, via the Court's electronic filing system on September 25, 2021.

Dated: September 25, 2021.

Respectfully submitted,

/s/ Peter D. Lepiscopo .
**PETER D. LEPISCOPO**
***Counsel of Record***

Attorneys for Defendant, **JAWAD NESHEIWAT**

FILED
CLERK, U.S. DISTRICT COURT
September 23, 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: VPC DEPUTY

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br>Plaintiff,<br>vs.<br>Chou Team Realty, LLC, et al.,<br>Defendants. | Case No.: 8-20-cv-00043-SB-ADS<br>**JUDGMENT AGAINST JAWAD NESHEIWAT** |

Plaintiff Bureau of Consumer Financial Protection ("Bureau") filed a motion for summary judgment under Federal Rule of Civil Procedure 56 against Defendant Jawad Nesheiwat ("Defendant"). On August 10, 2021, after considering the pleadings, declarations, exhibits, summary-judgment briefing, evidentiary objections, and the entire record in this matter, the Court granted the Bureau's motion for summary judgment against Defendant on all claims and found that injunctive relief, restitution, and a civil money penalty were appropriate remedies in this case. Dkt. No. 233. The Court also filed a separate Order today addressing Defendant's objections to the proposed Judgment filed by the Bureau. Accordingly, the Court finds good cause to grant the following relief against Defendant.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This is an action instituted by the Bureau under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, the implementing regulation of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6102(c)(2), 6105(d); and the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a)(1)(A). The Second Amended Complaint seeks permanent injunctive relief, rescission or reformation of contracts, disgorgement, damages, redress, and civil money penalties. The Bureau has the authority to seek this relief. 12 U.S.C. § 5565.

2. This Court has subject-matter jurisdiction over this action because it was brought under federal consumer-financial law, 12 U.S.C. § 5565(a)(1), presents a federal question, 28 U.S.C. § 1331, and the plaintiff is an agency of the United States, 28 U.S.C. § 1345.

3. Sections 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564, 5565, empower this Court to order injunctive and other equitable and legal relief against Defendant for violations of FCRA, the TSR, and the CFPA, and to award restitution, damages, refund of moneys, disgorgement of ill-gotten gains resulting from Defendant's unlawful practices, and civil money penalties for violations of the Federal consumer-financial laws.

4. Uncontroverted facts show that, since February 2015, the Student Loan Debt Relief Companies charged Affected Consumers approximately $19,699,870 in fees paid by Affected Consumers (not including fees that were refunded to consumers).

5. Because of his violations of the TSR and CFPA, Defendant is jointly and severally liable for the full amount of fees paid by Affected consumers to the Student Loan Debt Relief Companies. Pursuant to the Court's

authority to award legal restitution, the Bureau is entitled to a judgment for monetary relief of $19,699,870 against Defendant as redress for the fees paid by Affected Consumers. This restitution is owed jointly and severally with the Student Loan Debt Relief Companies in the amounts imposed in the default judgment entered against each of them at Dkt. No. 177.

6. Defendant has recklessly violated FCRA, the TSR, and the CFPA, warranting a second tier civil money penalty of $20,000,000. 12 U.S.C. § 5565(c)(2)(B).

7. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

8. Entry of this Judgment is in the public interest.

**DEFINITIONS**

9. The following definitions apply to this Order:

a. “Affected Consumers” includes all consumers who, since February 1, 2015, were charged fees by any of the Student Loan Debt Relief Companies.

b. “Assisting Others” includes but is not limited to:

i. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including but not limited to any telephone-sales script, direct-mail solicitation, or the text of any Internet website, email, or other electronic communication;

ii. providing names of, or contributing to the generation of, potential customers;

iii. participating in or providing services related to the offering, sale, or servicing of a product, or the collection of payments for a product;

iv. acting or serving as an owner, officer, director, manager, principal, partner, limited partner, member, employee, independent contractor, or agent of any entity; and

v. investing or loaning money.

c. "Bureau" means the Bureau of Consumer Financial Protection.

d. "Consumer Financial Product or Service" is synonymous in meaning and equal in scope to the definition of the term in the CFPA, 12 U.S.C. § 5481(5), and, subject to applicable restrictions contained in the CFPA, includes but is not limited to:

i. extending credit and servicing loans, including acquiring, purchasing, selling, brokering, or other extensions of credit (other than solely extending commercial credit to a person who originates consumer credit transactions);

ii. providing financial advisory services to consumers on individual consumer financial matters or relating to proprietary financial products or services, including providing credit counseling to any consumer or providing services to assist a consumer with debt management or debt settlement, modifying the terms of any extension of credit, or avoiding foreclosure; and

iii. engaging in deposit-taking activities, transmitting or exchanging funds, or otherwise acting as a custodian of funds or any financial instrument for use by or on behalf of a consumer.

e. "Consumer Report" means a "consumer report," as that term is defined in § 603(d) of FCRA, 15 U.S.C. § 1681a(d).

f. "Consumer Reporting Agency" means a "consumer reporting agency," as that term is defined in § 603(f) of FCRA, 15 U.S.C. § 1681a(f).

g. "Debt-Relief Service" means any product, service, plan, or program represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt, including but not limited to a student-loan debt, mortgage-loan debt, credit-card debt, or tax debt or obligation, between a person and one or more creditors or debt collectors, including but not limited to a reduction in the balance, interest rate, or fees owed by a person to a creditor or debt collector.

h. "Defendant" means Jawad Nesheiwat, and any other names by which he may be known.

i. "Dwelling" means a residential structure containing four or fewer units, whether or not that structure is attached to real property, that is primarily for personal, family, or household purposes. The term includes any of the following if used as a residence: an individual condominium unit, cooperative unit, mobile home, manufactured home, or trailer.

j. "Effective Date" means the date on which the Order is entered on the docket.

k. "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegate.

l. "Mortgage Loan" means any loan secured by a dwelling, and any associated deed of trust or mortgage.

m. "Prescreened Consumer Reports" means Consumer Reports relating to consumers furnished by a Consumer Reporting Agency in connection with credit or insurance transactions that are not initiated by the consumers, pursuant to 15 U.S.C. § 1681b(c).

n. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendant based on substantially the same facts as described in the Second Amended Complaint.

o. "Student Loan Debt Relief Companies" means Docu Prep Center, Inc., d/b/a DocuPrep Center, d/b/a Certified Document Center; Document Preparation Services, LP, d/b/a DocuPrep Center, d/b/a Certified Document Center; Certified Doc Prep, Inc.; Certified Doc Prep Services, LP; Assure Direct Services, Inc.; Assure Direct Services, LP; Direct Document Solutions, Inc.; Direct Document Solutions, LP; Secure Preparation Services, Inc.; Secure Preparation Services, LP, and their successors and assigns, individually, collectively, or in any combination.

p. "Telemarketing" means a plan, program, or campaign that is conducted to induce the purchase of goods or services or a

charitable contribution, by use of one or more telephones and which involves more than one interstate phone call.

**<u>ORDER</u>**

**I.**

**Permanent Ban on Offering or Providing Debt-Relief Services**

**IT IS ORDERED** that:

10. Defendant, whether acting directly or indirectly, is permanently restrained from:

a. participating in, advertising, marketing, promoting, offering for sale, selling, or providing any Debt-Relief Service; and

b. Assisting Others in, or receiving any remuneration or other consideration from, the provision, advertising, marketing, promoting, offering for sale, sale, or production of any Debt-Relief Service.

Nothing in this Order shall be read as an exception to this paragraph.

**II.**

**Permanent Ban on Offering or Providing Mortgage Loans**

**IT IS FURTHER ORDERED** that:

11. Defendant, whether acting directly or indirectly, is permanently restrained and enjoined from:

a. participating in, advertising, marketing, promoting, offering for sale, selling, or providing any Mortgage Loan; and

b. Assisting Others in, or receiving any remuneration or other consideration from, the provision, advertising, marketing, promoting, offering for sale, sale, or production of any Mortgage Loan.

Nothing in this Order shall be read as an exception to this paragraph.

**III.**

**Permanent Ban on Telemarketing**

**Consumer Financial Products or Services**

**IT IS FURTHER ORDERED** that:

12. Defendant, whether acting directly or indirectly, is permanently restrained and enjoined from participating in Telemarketing or Assisting Others engaged in Telemarketing any Consumer Financial Product or Service. Nothing in this Order shall be read as an exception to this paragraph.

**IV.**

**Permanent Ban on Using or Obtaining Prescreened Consumer Reports**

**IT IS FURTHER ORDERED** that:

13. Defendant, whether acting directly or indirectly, is permanently restrained and enjoined from using, obtaining, offering, providing, selling, or arranging for others to use or obtain Prescreened Consumer Reports for any purpose. Nothing in this Order shall be read as an exception to this paragraph.

**V.**

**Permanent Ban on Using or Obtaining**

**Consumer Reports for Any Business Purpose**

**IT IS FURTHER ORDERED** that:

14. Defendant, and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from using, obtaining, offering, providing, selling, or arranging for others to use or obtain Consumer Reports for any business purpose. Nothing in this Order shall be read as an exception to this paragraph.

## VI.

## Consumer Information

**IT IS FURTHER ORDERED** that:

15. Defendant and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, may not:

a. disclose, use, or benefit from consumer information, including the name, address, or any information about the consumer's student loans, contained in or derived from Prescreened Consumer Reports obtained for use in marketing Debt-Relief Services; or

b. disclose, use, or benefit from consumer information, including the name, address, telephone number, email address, social-security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), obtained from or through the activities of the Student Loan Debt Relief Companies.

*However*, consumer information may be disclosed if lawfully requested by a government agency or required by law, regulation, or court order.

## MONETARY PROVISIONS

## VII.

## Order to Pay Redress

**IT IS FURTHER ORDERED** that:

16. A judgment for monetary relief is entered in favor of the Bureau and against Defendant in the amount of $19,699,870 for the purpose of providing redress to Affected Consumers. The monetary judgment set forth in this section is immediately due and payable upon entry of this Order and is

enforceable against any asset owned by, on behalf of, for the benefit of, or in trust by or for Defendant.

17. Any funds received by the Bureau in satisfaction of the judgment in this section will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for Affected Consumers, including but not limited to refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

18. If the Bureau determines, in its sole discretion, that providing redress to consumers is wholly or partially impracticable or if funds remain after the administration of redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Defendant will have no right to challenge the Bureau's choice of remedies under this section and will have no right to contest the manner of distribution chosen by the Bureau.

19. Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

**VIII.**

**Order to Pay Civil Money Penalty to Plaintiff**

**IT IS FURTHER ORDERED** that:

20. Under §§ 1042(a) 1055(c) of the CFPA, 12 U.S.C. §§ 5552(a), 5565(c), by reason of Defendant's violations of law and taking into account the factors in 12 U.S.C. § 5565(c)(3), Defendant must pay a civil money penalty of $20,000,000 to the Bureau.

21. The civil money penalty set forth in this section is immediately due and payable upon entry of this Order and is enforceable against any Asset owned by, on behalf of, for the benefit of, or in trust by or for Defendant.

22. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

**IX.**

**Additional Monetary Provisions**

**IT IS FURTHER ORDERED that**:

23. In the event of any default on Defendant's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment and will immediately become due and payable.

24. Defendant must relinquish all dominion, control, and title to the funds transferred or paid under this Order to the fullest extent permitted by law, and no part of the funds may be returned to Defendant.

25. The facts found in the Court's order granting summary judgment to the Bureau will be taken as true and given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Bureau, including in a proceeding to enforce their rights to any payment or monetary judgment under this Order, such as a non-dischargeability complaint in any bankruptcy case.

26. The facts found in the Court's order granting summary judgment to the Bureau establish all elements necessary to sustain an action by the Bureau under § 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against Defendant, even in such Defendant's capacity as debtor-in-possession.

27. The civil penalty imposed by the Order represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, thus, is not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

28. Under 31 U.S.C. § 7701, Defendant, unless he has already done so, must furnish to the Bureau any taxpayer-identification numbers associated with him, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

29. Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Defendant must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendant may not argue that he is entitled to, nor may Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Defendant based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

30. Defendant must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how such funds are used, Defendant may not:

a. claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

Case 8:20-cv-00043-SB-ADS Document 242 Filed 10/25/21 Page 15 of 56 Page ID #:5549

b. seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

31. Upon written request of a representative of the Bureau, any consumer reporting agency must furnish consumer reports to the Bureau concerning Defendant under § 604(a)(1) of FCRA, 15 U.S.C.§ 1681b(a)(1), which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## COMPLIANCE PROVISIONS

## X.

## Reporting Requirements

**IT IS FURTHER ORDERED** that:

32. Defendant must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendant; or a change in Defendant's name or address. Defendant must provide such notice at least 30 days before the development, or as soon as practicable after learning of the development, whichever is sooner.

33. Within 7 days of the Effective Date, Defendant must:

a. designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Defendant;

b. identify all businesses for which Defendant is the majority owner, or that Defendant directly or indirectly controls, by all

of their names, telephone numbers, and electronic, physical, and postal addresses;

c. describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales;

d. identify Defendant's telephone numbers and all electronic, physical, and postal addresses, including all residences; and

e. describe in detail Defendant's involvement in any business for which he performs services in any capacity or which he wholly or partially owns, including his title, role, responsibilities, participation, authority, control, and ownership.

34. Within 14 days of the Effective Date, Defendant must submit to the Enforcement Director a completed financial statement accurate as of the Effective Date, using the form attached as Attachment A to this Order, and all documents requested in the form attached as Attachment A.

35. Defendant must report any change in the information required to be submitted under Paragraph 33 at least 30 days before the change, or as soon as practicable after learning about the change, whichever is sooner.

36. Within 90 days of the Effective Date, and again one year after the Effective Date, Defendant must submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury ("Compliance Report"), which, at a minimum:

a. lists each applicable paragraph and subparagraph of this Order and describes in detail the manner and form in which such Defendant has complied with each such paragraph and subparagraph of this Order;

b. describes in detail the manner in which and purposes for which Defendant has used or obtained Consumer Reports; and

c. attaches a copy of each Order Acknowledgment obtained under Section XI, unless previously submitted to the Bureau.

**XI.**

**Order Distribution and Acknowledgment**

**IT IS FURTHER ORDERED** that:

37. Within 7 days of the Effective Date, Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

38. Within 30 days of the Effective Date, Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to each of its owners, board members, officers, LLC members and managers, and general and limited partners, as well as any managers, employees, or other agents and representatives who have responsibilities related to Consumer Reports.

39. Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section X, any future owners, board members, officers, LLC members and managers, and general and limited partners, as well as any managers, employees, or other agents and representatives who will have responsibilities related to Consumer Reports before they assume their responsibilities.

40. Defendant must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery, from all persons receiving a copy of this Order under this section.

41. Within 90 days of the Effective Date, Defendant must provide the Bureau with a list of all persons and their titles to whom this Order was

delivered through that date under Paragraphs 38 and 39 and a copy of all signed and dated statements acknowledging receipt of this Order under Paragraph 40.

**XII.**

**Recordkeeping**

**IT IS FURTHER ORDERED** that:

42. Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must create all documents and business records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau. Defendant must retain these documents for at least 10 years after creation and make them available to the Bureau upon the Bureau's request.

43. Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must maintain, for 10 years from the Effective Date, or 10 years after creation, whichever is longer:

a. all records concerning Consumer Reports used or obtained; and
b. all consumer complaints and refund requests (whether received directly or indirectly, such as through a third party), and any responses to those complaints or requests.

Defendant must make these materials available to the Bureau upon the Bureau's request.

## XIII.

## Notices

**IT IS FURTHER ORDERED** that:

44. Unless otherwise directed in writing by the Bureau, Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB v. Chou Team Realty, LLC, et al.*, Case No. 8:20-cv-00043-SB-ADS," and send them by overnight courier or first-class mail to the below address, and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

Assistant Director for Enforcement
Bureau of Consumer Financial Protection
ATTENTION: Office of Enforcement
1700 G Street, N.W.
Washington D.C. 20552

## XIV.

## Cooperation with the Bureau

**IT IS FURTHER ORDERED** that:

45. Defendant must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Defendant must provide such information in his agents' possession or control within 14 days of receiving a written request from the Bureau.

## XV.

## Compliance Monitoring

**IT IS FURTHER ORDERED** that:

46. Within 14 days of receipt of a written request from the Bureau, Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; provide testimony; or produce documents.

47. For purposes of this section, the Bureau may communicate directly with Defendant, unless Defendant retains counsel related to these communications.

48. Defendant must permit Bureau representatives to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

49. Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

**XVI.**

**Retention of Jurisdiction**

**It is FURTHER ORDERED that**:

50. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

It is **SO ORDERED**, this 23rd day of September, 2021.

The Honorable Stanley Blumenfeld, Jr.
United States District Judge

# Attachment A

## to the Judgment Against Defendant Jawad Nesheiwat

CONSUMER FINANCIAL PROTECTION BUREAU

**FINANCIAL DISCLOSURE FORM FOR INDIVIDUAL DEFENDANT**

**Instructions**:

1 Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2 "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3 "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4 Attach continuation pages as needed. On the financial disclosure form, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5 Provide requested documents and information for the current fiscal year and the prior three complete fiscal years through the signing of this document, unless specifically instructed otherwise.

6 Type or print legibly.

7 Initial each page in the space provided in the lower right corner.

8 Sign and date the completed financial disclosure form on the last page.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person in any:

(a) "matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully (1) falsifies, conceals or covers up by any trick, scheme, or device a material fact; (2) makes any false, fictitious or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "(...statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information...knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or loss. 18 U.S.C. § 3571.

 Initials _____

## BACKGROUND INFORMATION

**Item 1. Information About You**

Your Full Name ________________________________________ Social Security No. ________________

Place of Birth ______________________ Date of Birth _____________ Drivers License No. _____________

Current Address _______________________________________________ From (Date) _______________

Rent or Own? ________ Telephone No. ______________________ Facsimile No. ______________________

E-Mail Address ________________________________ Internet Home Page ________________________

Previous Addresses for past five years:

Address_____________________________________ Rent or Own?_______ From/Until_______________

Address_____________________________________ Rent or Own?_______ From/Until_______________

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used____________________________________________________________________________

Marital Status: _____________________ (i.e., Married, Single, Divorced, Widowed, Separated)

**Item 2. Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name ________________________________ Social Security No. ________________

Place of Birth ___________________________________ Date of Birth ___________________________

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s) during which they were used _______________________________________________________________

Address (if different from yours) ____________________________________________________________

From (Date) ______________________ Rent or Own?__________ Telephone No.______________________

Employer's Name and Address _______________________________________________________________

Job Title ____________________ Years in Present Job ________ Annual Gross Salary/Wages $____________

**Item 3. Information About Your Previous Spouse**

Previous Spouse's Name & Address ___________________________________________________________

______________________________ Social Security No. ______________ Date of Birth ______________



Initials _____

**Item 4. Contact Information**

Name & Address of Nearest Living Relative or Friend ______________________________

______________________________ Telephone No. ______________

**Item 5. Information About Dependents Who Live With You**

Name ______________________________ Date of Birth ______________________

Relationship ___________________________ Social Security No. __________________

Name ______________________________ Date of Birth ______________________

Relationship ___________________________ Social Security No. __________________

Name ______________________________ Date of Birth ______________________

Relationship ___________________________ Social Security No. __________________

**Item 6. Information About Dependents Who Do Not Live With You**

Name & Address ______________________________________________

Date of Birth ____________ Relationship _____________ Social Security No.____________

Name Address ______________________________________________

Date of Birth ____________ Relationship _____________ Social Security No.____________

Name & Address ______________________________________________

Date of Birth ____________ Relationship _____________ Social Security No.____________

**Item 7. Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.,* health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

Company Name & Address ______________________________________________

Dates Employed: From (Month/Year) ________________ To (Month/Year) ________________

Positions Held with Beginning and Ending Dates ______________________________

Income Received: This year-to-date: $______________ _______: $______________

20_____: $______________ _______: $______________

_______: $______________ _______: $______________



Initials _____

Company Name & Address ____________________________________________________________

Dates Employed: From (Month/Year) ________________________ To (Month/Year) _________________________

Positions Held with Beginning and Ending Dates _______________________________________________

Income Received: This year-to-date: $______________________ _______: $______________________

20_____: $______________________ _______: $______________________

_______: $______________________ _______: $______________________

Company Name & Address ____________________________________________________________

Dates Employed: From (Month/Year) ________________________ To (Month/Year) _________________________

Positions Held with Beginning and Ending Dates _______________________________________________

Income Received: This year-to-date: $______________________ _______: $______________________

20_____: $______________________ _______: $______________________

_______: $______________________ _______: $______________________

**Item 8. Pending Lawsuits Filed by You or Your Spouse**

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address ______________________________________________________

Court's Name & Address ____________________________________________________________

Docket No. _________________ Relief Requested ____________________ Nature of Lawsuit ___________________

____________________________________ Status ______________________________________________________

**Item 9. Pending Lawsuits Filed Against You or Your Spouse**

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address ______________________________________________________

Court's Name & Address ____________________________________________________________

Docket No. _________________ Relief Requested ____________________ Nature of Lawsuit ___________________

____________________________________ Status ______________________________________________________

 Initials _____

**Item 10. Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. On a separate page, describe the contents of each box.

| Owner's Name | Name & Address of Depository Institution | Box No. |
| --- | --- | --- |
| ____________ | ______________________________ | ______________ |
| ____________ | ______________________________ | ______________ |

**Item 11. Business Interests**

List all businesses for which you, your spouse, or your dependents are an officer or director.

Business' Name & Address ______________________________________________

Business Format (e.g., corporation) ________________ Description of Business ______________

______________________ Position(s) Held, and By Whom ________________________

Business' Name & Address ______________________________________________

Business Format (e.g., corporation) ________________ Description of Business ______________

______________________ Position(s) Held, and By Whom ________________________

Business' Name & Address ______________________________________________

Business Format (e.g., corporation) ________________ Description of Business ______________

______________________ Position(s) Held, and By Whom ________________________

 Initials _____

Case 8:20-cv-00043-SB-ADS Document 241-2 Filed 09/29/21 Page 25 of 39 Page ID #:5461

## FINANCIAL INFORMATION: ASSETS AND LIABILITIES

**REMINDER: "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.**

**Item 12. Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents. The term "cash" includes currency and uncashed checks.

Cash on Hand $______________ Cash Held For Your Benefit $______________

| Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

**Item 13. U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Name on Account | Type of Obligation | Security Amount | Maturity Date |
|---|---|---|---|
| | | $ | |
| | | $ | |
| | | $ | |

**Item 14. Publicly Traded Securities and Loans Secured by Them**

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Issuer ______________ Type of Security ______________ No. of Units Owned ________

Name on Security ______________ Current Fair Market Value $______ Loan(s) Against Security $__________

Broker House, Address ______________ Broker Account No. ____________



Initials _____

**Item 15. Other Business Interests**

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Business Format ______________________________ Business' Name & Address_____________________________

___________________________________________________________________________ Ownership % ________

Owner (e.g., self, spouse) _________________________________ Current Fair Market Value $_________________

**Item 16. Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents**

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

Opposing Party's Name & Address____________________________________________________________________

Court's Name & Address ___________________________________________________

Docket No. _______________ Nature of Lawsuit _______________________________

Date of Judgment _______________ Amount $____________

**Item 17. Other Amounts Owed to You, Your Spouse, or Your Dependents**

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. ___________________________________________________________

Original Amount Owed $_____________ Current Amount Owed $____________ Monthly Payment $____________

**Item 18. Insurance Policies**

List all insurance policies, held by you, your spouse, or your dependents, including any life insurance policies, and riders, and any other policy that you, your spouse or your dependents, would receive reimbursement or indemnification for related to your legal fees or any remedies entered against you.

Insurance Company's Name, Address, & Telephone No.___________________________________________________

Insured _________________________ Beneficiary ________________________ Face Value $___________________

Policy No. _________________ Loans Against Policy $________________ Surrender Value $_________________

Insurance Company's Name, Address, & Telephone No.__________________________________________________

Insured _________________________ Beneficiary ________________________ Face Value $___________________

Policy No. _________________ Loans Against Policy $________________ Surrender Value $__________________

 Initials _____

**Item 19. Deferred Income Arrangements**

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Name on Account _________________________ Type of Plan ___________________ Date Established _________

Trustee or Administrator's Name, Address & Telephone No. _______________________________________________

Account No. ______________________ Surrender Value $___________________

Name on Account _________________________ Type of Plan ___________________ Date Established _________

Trustee or Administrator's Name, Address & Telephone No. _______________________________________________

Account No. ______________________ Surrender Value $___________________

**Item 20. Personal Property**

List all personal property, by category, whether held for personal use or for investment, including but not limited to, furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**Item 21. Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles**

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Vehicle Type __________________ Make ____________________ Model ______________________ Year_______

Registered Owner's Name __________________________ Registration State & No. __________________________

Address of Vehicle's Location ______________________________________________________________________

Purchase Price $_______________ Current Value $_______________ Account/Loan No. _______________________

Lender's Name and Address _________________________________________________________________________

Original Loan Amount $______________ Current Loan Balance $______________ Monthly Payment $_________


Initials _____

Mileage ________________ Current condition of car ________________________ Purchase date ______________

Vehicle Type __________________ Make ____________________ Model ______________________ Year ______

Registered Owner's Name __________________________ Registration State & No. _________________________

Address of Vehicle's Location _____________________________________________________________________

Purchase Price $_______________Current Value $_______________ Account/Loan No.________________________

Lender's Name and Address ________________________________________________________________________

Original Loan Amount $______________ Current Loan Balance $______________ Monthly Payment $_________

Mileage ________________ Current condition of car ________________________ Purchase date ______________

**<u>Item 22</u>. Real Property**

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Type of Property________________________________ Property's Location_______________________________

Name(s) on Title and Ownership Percentages_______________________________________________________

Acquisition Date________________ Purchase Price $____________________ Current Value $_________________

Basis of Valuation_______________________________________ Loan or Account No.______________________

Lender's Name and Address ________________________________________________________________________

Current Balance On First Mortgage $__________________ Monthly Payment $__________

Other Loan(s) (describe)_________________________________________ Current Balance $_________________

Monthly Payment $__________________ Rental Unit?________________ Monthly Rent Received $___________

Type of Property________________________________ Property's Location_______________________________

Name(s) on Title and Ownership Percentages_______________________________________________________

Acquisition Date________________ Purchase Price $____________________ Current Value $_________________

Basis of Valuation_______________________________________ Loan or Account No.______________________

Lender's Name and Address ________________________________________________________________________

Current Balance On First Mortgage $__________________ Monthly Payment $__________

Other Loan(s) (describe)_________________________________________ Current Balance $_________________

Monthly Payment $__________________ Rental Unit?________________ Monthly Rent Received $___________

Case 8:20-cv-00043-SB-ADS Document 241-2 Filed 09/29/21 Page 29 of 39 Page ID #:5465

**Item 23. Digital Assets**

Have you used or held a Digital Asset, including but not limited to cryptocurrencies, tokens (e.g. security tokens, non-fungible tokens, utility tokens, e-Money tokens), stablecoins, and/or smart contracts Yes/No

This Digital Asset section does NOT request that you provide information necessary to transfer, dispose of or otherwise exert control over the digital asset.

If yes, and the value of the asset is greater than $2,500, list and describe all Digital Assets[1], including but not limited to all cryptocurrency, tokens (e.g. security tokens, non-fungible tokens, utility tokens, e-Money tokens), stablecoins, and smart contracts held or used by you, your spouse, or your dependents.

Provide a copy of account statements received or available from a cryptocurrency exchange, IRS forms 1099-K, 1099-B or 1099-MISC received from a cryptocurrency exchange, or a money services business, and include Form 8949, as filed with your tax returns (see also, Item 29. Tax Returns).

In response, please include the name of the Digital Asset, amount (number of coins/tokens), acquisition date, acquisition value, disposition date; and identify how the company received each Digital Asset, whether transferred, retrieved, exchanged, purchased or otherwise acquired in exchange for value.

| Name of Digital Asset and Symbol (e.g., Bitcoin, Ether) | Description of Digital Asset (e.g. coin, security token, stablecoin) | Amount (e.g., number of coins, tokens) | Acquisition Date | Acquisition Value (USD) | Disposition Date | Disposition Value (USD) | How Sent/Received (e.g. transferred, retrieved, exchanged, purchased, etc.) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

List all exchanges, including centralized and decentralized (e.g. peer-to-peer exchanges) exchanges, where the company engaged in Digital Asset transactions and the wallet where the digital asset is stored.

In response to this section, include the name and description of the exchange, any account number for the affiliated exchange and the amounts of assets currently held at the exchange.

Also include, all wallets where the Digital Asset is stored, including the wallet address/identifier, whether the wallet is hosted or un-hosted, the type of wallet (e.g. mobile, desktop, hardware, or other cold wallet); and, if an un-hosted wallet, provide the physical address and digital identifiers for that wallet.

| Name of Digital Asset/Symbol (e.g., Bitcoin, Ether) | Name and Description of Exchange | Account Numbers | Wallet Address/Identifier And/or Physical Address | Wallet Description, including Type and Hosted/Un-Hosted | Amount and kind of Assets Held (number and name of each kind of coins/tokens) |
|---|---|---|---|---|---|
| | | | | | |

[1] The term "Digital Asset," as used in this document, refers to an asset that is issued and transferred using distributed ledger or blockchain technology, including, but not limited to, "cryptocurrency," "virtual currency," "coins," "stablecoins," and "tokens." (in part from https://www.sec.gov/files/dlt-framework.pdf)

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

For all transactions effected by a peer-to-peer, decentralized exchange, provide all HASH or Transaction IDs, all Public Keys, and any other identifiers:

| **Name of Digital Asset/Symbol (e.g., Bitcoin, Ether)** | **Amount and kind of Assets Held (number and name of each kind of coins/tokens)** | **HASH/Transaction IDs** | **Public Keys** | **Other Identifiers** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

Did you over the last three years, or do you presently, participate in any crypto-mining and staking or crypto lending? Yes/No

Please list all additional income received from Digital Asset-related activity, including income from crypto-mining and staking, airdrops, hard forks and crypto lending interest:_______________________________________________

Please list all smart contracts that you have entered into in exchange for any income, future income, or an asset:_______________________________________________

For each smart contract that the company has entered into, provide the description of the contract, amount, electronic signature date, current value, description of the oracle, and the blockchain and/or distributed ledger where the smart contract has been or will be executed, in the below table:

| **Description** | **Amount** | **Electronic Signature Date** | **Current Value (in USD)** | **Oracle** | **DTL/Blockchain** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**<u>Item 24</u>. Other Assets**

List all other assets not identified above, held by you, your spouse, or your dependents, including but not limited to, patents and other intellectual property.

| Description | Location | Acquisition Cost | Current Value |
|---|---|---|---|
| ____________ | ____________ | $________ | $________ |
| ____________ | ____________ | $________ | $________ |
| ____________ | ____________ | $________ | $________ |
| ____________ | ____________ | $________ | $________ |
| ____________ | ____________ | $________ | $________ |

 Initials _____

**Item 25. Credit Cards**

List each credit card held by you, your spouse, or your dependents. Also list any other credit cards that you, your spouse, or your dependents use.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| ____________________ | ________________ | _______________ | $__________ | $______________ |
| ____________________ | ________________ | _______________ | $__________ | $______________ |
| ____________________ | ________________ | _______________ | $__________ | $______________ |
| ____________________ | ________________ | _______________ | $__________ | $______________ |
| ____________________ | ________________ | _______________ | $__________ | $______________ |
| ____________________ | ________________ | _______________ | $__________ | $______________ |

**Item 26. Taxes Payable**

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

Type of Tax Amount Owed Year Incurred ___________________________
$______________________ ________________

___________________________ $______________________ ________________

___________________________ $______________________ ________________

___________________________ $______________________ ________________

**Item 27. Judgments or Settlements Owed**

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party's Name & Address_________________________________________________________

Court's Name & Address_____________________________________________

Docket No.___________ Nature of Lawsuit_________________________________

Date____________ Amount $____________

**Item 28. Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

Name & Address of Lender/Creditor _______________________________________________________

Nature of Liability__________________________________ Name(s) on Liability_________________________

Date of Liability__________________ Amount Borrowed $_______________ Current Balance $_____________

Payment Amount $____________________ Frequency of Payment____________________

Name & Address of Lender/Creditor ______________________________________________________________

Nature of Liability____________________________________ Name(s) on Liability________________________

Date of Liability__________________ Amount Borrowed $_______________ Current Balance $_____________

Payment Amount $____________________ Frequency of Payment____________________

 Initials _____

**OTHER FINANCIAL INFORMATION**

**Item 29. Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. Provide a copy of each signed tax return that was filed during the last three years, including amendments (if any).

| Tax Year | Name(s) on Return | Refund Expected |
|---|---|---|
| ________ | ________________________________ | $__________ |
| ________ | ________________________________ | $__________ |
| ________ | ________________________________ | $__________ |

**Item 30. Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years. Provide a copy of each application, including all attachments.

| Name(s) on Application | Name & Address of Lender |
|---|---|
| ______________ | ________________________________ |
| ______________ | ________________________________ |

**Item 31. Trusts and Escrows**

List all trusts, escrows or other entities holding funds or other assets for which you, your spouse, or dependents have any benefit or legal interest in, directly or indirectly. Provide copies of all documents related to the creation, control or administration of the entity and the assets in the entity, and any amendments. For each entity list:

Name and Address of the trust: ________________________________

Name and Address of any Trustee, Escrow Agent or other person with authority over the entity or its assets including any person with dominion, use, administrative control or ownership of the subject assets and identify that person's role:________________________________

Date Established and any date of amendments:________________________________

Name and Address of any Settlor, Grantor or other persons who have at any time conveyed assets to the entity:________________________________

Name and Address of any Protector or other persons capable of directing the actions of any party that is administering the entity: ________________________________

Name and Address of any Beneficiary or other person that can receive any value or benefit from the entity:________________________________

The present market value of the assets with a description of how that value was calculated:________________________________

A description of any uses made of the assets while situated in the entity, including but not limited to any loans from the assets or use of the assets as collateral or guaranty or any investments or income involving the assets:________________________________

**Item 32. Transfers of Assets**

List all payments, transfers, or assignments of assets worth more than $2,500, in the aggregate, to any individual or entity during the previous three years. For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value Date | Transfer | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| ______ | ______ | $______ | ______ | ______ |
| ______ | ______ | $______ | ______ | ______ |
| ______ | ______ | $______ | ______ | ______ |
| ______ | ______ | $______ | ______ | ______ |
| ______ | ______ | $______ | ______ | ______ |

**Item 33. Foreign Assets and Liabilities**

In any location outside of the United States, do you, or your spouse, or your dependents have any of the following:

Do you, your spouse, or your dependents have, in any location outside of the United States, any assets not otherwise identified in this disclosure (including, but not limited to real estate, bank accounts, investments, or other financial products)?

Yes/No

Do you, your spouse or your dependents have, in any location outside of the United States, any liabilities not otherwise identified in this disclosure (including, but not limited to liens, credit card debt or other financial obligations)?

Yes/No

If yes, to any of the above, please separately list below each asset and liability category, their location, the acquisition cost and current value. Please include a copy of all Reports of Foreign Bank and Financial Accounts (FBAR) filings.

| Asset Category | Asset Location | Acquisition Cost | Current Value |
|---|---|---|---|
| ______ | ______ | $______ | $______ |
| ______ | ______ | $______ | $______ |
| ______ | ______ | $______ | $______ |
| ______ | ______ | $______ | $______ |

| Liability Category | Liability Location | Acquisition Cost | Current Value |
|---|---|---|---|
| ______ | ______ | $______ | $______ |
| ______ | ______ | $______ | $______ |
| ______ | ______ | $______ | $______ |
| ______ | ______ | $______ | $______ |

 Initials _____

Case 8:20-cv-00043-SB-ADS Document 241-2 Filed 09/29/21 Page 35 of 37 Page ID #:5471

**Item 34.** **Foreign Positions**

Have you, your spouse or your dependents been involved in the creation of, or have any interest in, any asset or entity located outside the United States? Yes/No

Have you, your spouse or your dependents, in the last three years, transferred or been involved in the transfer of any income or assets to any entity outside the United States? Yes/No

Do you, your spouse or your dependents hold any corporate office or partnership in any entity located outside the United States? Yes/No

Are you, your spouse or your dependents the trustee, escrow agent or similar role in any trust or similar entity outside the United States? Yes/No

If yes to any of the above, please separately list below the assets and their value, the recipient or transferee entity of the assets, the country under which such entity is organized and your, your spouse, or your dependent's position with such entity. Please include a copy of all organizing or controlling documents and any amendments for each such entity.

| Name of Entity or Trust | Country |
| --- | --- |
| ______________________ | ______________________________________________ |
| ______________________ | ______________________________________________ |

**Item 35.** **Credit Report**

Provide a copy of you and your spouse's most recent credit report, within the last 60 days upon receipt of this form, from a credit bureau.



Initials _____

## SUMMARY FINANCIAL SCHEDULES

**<u>Item 36</u>. Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| **ASSETS** | | **LIABILITIES** | |
|---|---|---|---|
| Cash on Hand (Item 12) | | Credit Cards (Item 25) | |
| Cash in Financial Institutions (Item 12) | | Motor Vehicles - Liens (Item 21) | |
| U.S. Government Securities (Item 13) | | Real Property - Encumbrances (Item 22) | |
| Publicly Traded Securities (Item 14) | | Loans Against Publicly Traded Securities (Item 14) | |
| Other Business Interests (Item 15) | | Taxes Payable (Item 26) | |
| Judgments or Settlements Owed to You (Item 16) | | Judgments or Settlements Owed (Item 27) | |
| Other Amounts Owed to You (Item 17) | | | |
| Surrender Value of Life Insurance (Item 18) | | Other Loans and Liabilities (Item 28) | |
| Deferred Income Arrangements (Item 19) | | Foreign Liabilities (Item 34) | |
| Personal Property (Item 20) | | Other Liabilities (Itemize): | |
| Motor Vehicles (Item 21) | | | |
| Real Property (Item 22) | | | |
| Digital Assets (Item 23) | | | |
| Foreign Assets (Item 34) | | | |
| Other Assets (Itemize): | | | |

 Initials _____

**Item 37. Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| **INCOME** | | **EXPENSES** | |
|---|---|---|---|
| Salary - After Taxes | $__________ | Mortgage Payments for Residence(s) | $__________ |
| Fees, Commissions, and Royalties | $__________ | Property Taxes for Residence(s) | $__________ |
| Interest | $__________ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $__________ |
| Dividends and Capital Gains | $__________ | Car or Other Vehicle Lease or Loan Payments | $__________ |
| Gross Rental Income | $__________ | Food Expenses | $__________ |
| Profits from Sole Proprietorships | $__________ | Clothing Expenses | $__________ |
| Distributions from Partnerships, S-Corporations, and LLCs | $__________ | Utilities | $__________ |
| Distributions from Trusts and Estates | $__________ | Medical Expenses, Including Insurance | $__________ |
| Distributions from Deferred Income Arrangements | $__________ | Other Insurance Premiums | $__________ |
| Social Security Payments | $__________ | Other Transportation Expenses | $__________ |
| Alimony/Child Support Received | $__________ | Other Household Expenses | $__________ |
| Gambling Income | $__________ | Other Expenses (Itemize) | |
| Digital Assets Income | $__________ | | |
| Other Income (Itemize) | | ______________________ | $__________ |
| ______________________ | $__________ | ______________________ | $__________ |
| ______________________ | $__________ | ______________________ | $__________ |
| ______________________ | $__________ | ______________________ | $__________ |
| **Total Income** | $__________ | **Total Expenses** | $__________ |



Initials _____

## ATTACHMENTS

**Item 38. Documents Attached to this Financial Disclosure Form**

Indicate whether the below documents are being submitted with the financial disclosure form.

| Item No. Document Relates To | Description of Document | |
|---|---|---|
| Item 23. | Digital Asset Account Statements and Tax Forms | Yes/Not Applicable |
| Item 29. | Tax Returns | Yes/Not Applicable |
| Item 30. | Applications of Credit | Yes/Not Applicable |
| Item 31. | Trusts and Escrows Documents | Yes/Not Applicable |
| Item 33. | Reports of Foreign Bank & Financial Account Filings | Yes/Not Applicable |
| Item 35. | Credit Report | Yes/Not Applicable |

List any other documents and forms as well as the item number, in the financial form, the document relates to and a description of the document.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

 Initials _____

**WARNING**:
I am submitting this financial disclosure form with the understanding that it may affect action by the Consumer Financial Protection Bureau or a federal court. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I further declare that I have no assets, owned either directly or indirectly (including owned by my spouse or dependents), or income of any nature other than as shown in, or attached to, this statement. I understand that the Consumer Financial Protection Bureau is a federal agency and that this financial disclosure form is being submitted in connection with a matter within its jurisdiction. I understand that a false, fictitious, or fraudulent statement or representation on this form, or the concealment of any material fact is a violation of Federal law and could result in criminal prosecution, and significant civil penalties. I understand that a false statement is punishable under 18 U.S.C. §§ 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000.

Executed on:

______________________ ______________________________

(Date) Signature

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: 8:20-cv-00043-SB-ADS | Date: September 23, 2021 |
|---|---|

Title: ***Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al.***

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|
| Victor Cruz | N/A |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| N/A | N/A |

**Proceedings: ORDER ON DEFENDANT NESHEIWAT'S OPPOSITION TO PROPOSED JUDGMENT**

Plaintiff Bureau of Consumer Financial Protection Bureau (Bureau) moved for summary judgment on its claims against Defendant Jawad Nesheiwat for violations of the Fair Credit Reporting Act, the Consumer Financial Protection Act of 2010, and the Telemarketing Sales Rule, seeking a variety of injunctive relief along with restitution and civil penalties. Dkt. No. 189. The Court granted the motion in full on August 10, 2021, finding that "injunctive relief, restitution, and a civil money penalty are all appropriate remedies," and directed the Bureau to file a proposed conforming judgment. Dkt. No. 233 at 9. The Bureau timely complied, filing a proposed judgment that included the same injunctive relief contained in the proposed order attached to its summary judgment motion, restitution in the amount of $19,699,870, and a civil penalty of $116,142,620. Dkt. No. 234. Nesheiwat then filed an opposition to the proposed judgment, arguing that the monetary relief sought was disproportionate and punitive in violation of due process and that the injunctive and other related relief sought is unconstitutionally burdensome and exceeds the Court's jurisdiction. Dkt. No. 235. As requested by the Court, the Bureau filed its response to Nesheiwat's objections. Dkt. No. 237.

Case 8:20-cv-00043-SB-ADS Document 240 Filed 09/21/21 Page 2 of 3 Page ID #:5433

All of the nonmonetary relief contained in the Bureau's proposed judgment to which Nesheiwat now objects was requested in the proposed order the Bureau filed together with its summary judgment motion. *See* Dkt. No. 189-2. Thus, the time for Nesehiwat to object to the relief sought was when he filed his summary judgment opposition. Having failed to do so, he has forfeited the challenges he attempts to bring now. In any event, the Court has broad authority under 12 U.S.C. § 5565(a)(1) "to grant any appropriate legal or equitable relief with respect to a violation of Federal consumer financial law, including a violation of a rule or order prescribed under a Federal consumer financial law." Nor is the relief sought outside the scope of the Bureau's Second Amended Complaint, as Nesheiwat argues. *See* Dkt. No. 141 at 43 (seeking among other relief that the Court "permanently enjoin Defendants from advertising, marketing, promoting, offering for sale, selling, or providing any form of assistance to any debt-relief service" and "grant additional injunctive relief as the Court may deem to be just and proper"). The Court granted the Bureau's summary judgment motion in full and expressly found that injunctive relief was warranted, and Nesheiwat has not shown that any of the injunctive relief in the Bureau's proposed judgment, to which he did not object at summary judgment, must now be denied.

The Bureau also requested—both in its summary judgment motion and in its proposed order—restitution in the amount of $19,699,870, representing the fees wrongly collected from consumers by the Student Loan Debt Relief Companies (SLDRCs) acting with Nesheiwat's participation, less money refunded to consumers. *See* 12 U.S.C. § 5565(a)(2) (authorizing relief including "refund of moneys" and restitution); *CFPB v. Gordon*, 819 F.3d 1179, 1195 (9th Cir. 2016) ("Restitution may be measured by the 'full amount lost by consumers rather than limiting damages to a defendant's profits.'") (citation omitted). The Bureau produced uncontroverted summary judgment evidence to support this sum of restitution, which the Court implicitly accepted when granting the summary judgment motion in full and finding that restitution was warranted. Even if he had not already forfeited his objection, Nesheiwat does not now produce evidence that the sum of $19,699,870 overstates the net fees wrongly collected from consumers, and his arguments that the award of restitution is otherwise disproportionate are legally unsupported and rely entirely on comparison to other Defendants not similarly situated. The Court grants Nesheiwat's request to make a specific finding on restitution: Nesheiwat is liable for restitution in the amount of $19,699,870, jointly and severally with the Student Loan Debt Relief Companies in the amounts imposed upon each of them in the default judgment entered at Dkt. No. 177.

Case 8:20-cv-00043-SB-ADS Document 240 Filed 09/25/21 Page 3 of 54 Page ID #:5434

Finally, the Bureau requests a civil penalty in the amount of $116,142,160. Although the Bureau in its summary judgment motion argued that "the undisputed evidence supports an overall maximum penalty exceeding $115 million," Dkt. No. 189-1 at 25, it did not request a specific sum in the proposed judgment it submitted with its motion, and the Court, while finding that a civil money penalty was warranted, did not state the amount of such penalty.

Section 5565(c)(1) provides that "[a]ny person that violates, through any act or omission, any provision of Federal consumer financial law shall forfeit and pay a civil penalty pursuant to this subsection." The statute provides guidance for the Court's exercise of discretion in determining the appropriate amount of the penalty:

> **(2) Penalty amounts**
>
> **(A) First tier**
>
> For any violation of a law, rule, or final order or condition imposed in writing by the Bureau, a civil penalty may not exceed $5,000 for each day during which such violation or failure to pay continues.
>
> **(B) Second tier**
>
> Notwithstanding paragraph (A), for any person that recklessly engages in a violation of a Federal consumer financial law, a civil penalty may not exceed $25,000 for each day during which such violation continues.
>
> **(C) Third tier**
>
> Notwithstanding subparagraphs (A) and (B), for any person that knowingly violates a Federal consumer financial law, a civil penalty may not exceed $1,000,000 for each day during which such violation continues.
>
> **(3) Mitigating factors**
>
> In determining the amount of any penalty assessed under paragraph (2), the Bureau or the court shall take into account the appropriateness of the penalty with respect to--
>
> (A) the size of financial resources and good faith of the person charged;
>
> (B) the gravity of the violation or failure to pay;

> (C) the severity of the risks to or losses of the consumer, which may take into account the number of products or services sold or provided;
>
> (D) the history of previous violations; and
>
> (E) such other matters as justice may require.

12 U.S.C. § 5565(c).

The Court in its summary judgment ruling found that Nesheiwat acted recklessly, which justifies imposition of second tier penalties of up to $25,000 for each day during which the violations continued. *See* Dkt. No. 233 at 7 ("Here, it is undisputed that Nesheiwat was heavily involved in and controlled much of the SLDRC's activities. This warrants a finding (relevant for purposes of calculating the appropriate civil penalties under 12 U.S.C. § 5565(c)(2) and 12 C.F.R. § 1083.1) that he acted recklessly.").[1] The Bureau thus calculates the maximum civil penalty as $116,142,620 and argues that because Nesheiwat did not produce any mitigating evidence (and waived any challenge to the amount sought), the maximum penalty should be imposed. Nesheiwat does not dispute the Bureau's calculation but argues that imposition of $116 million in penalties would be disproportionate. He proposes instead a maximum penalty of $200,000, representing his "most recent settlement proposal." Dkt. No. 235 at 4 n.2.

It is unclear what relevance Nesheiwat's settlement proposal has to any of the statutory factors the Court is to consider in imposing a civil money penalty. Further, the Court agrees that Nesheiwat forfeited any objection to the amount of the civil penalty sought by the Bureau when he failed to raise any argument or evidence in opposition to its calculation at summary judgment, and his refusal to answer any questions about his financial situation or assets on Fifth Amendment grounds makes it difficult for the Court to find mitigating circumstances in his favor. Nevertheless, the Court does not find that maximum penalties in excess of $116 million are warranted here. Instead, considering the gravity of the violations, the severity of the losses to the consumers, and the other factors identified in § 5565(c), the Court finds that a civil penalty of $20,000,000 is appropriate under the circumstances.

---

[1] For violations after November 2, 2015, the maximum penalty is $29,764 per day. 12 C.F.R. § 1083.1.

Accordingly, a separate judgment against Defendant Nesheiwat will be entered consistent with these findings. To the extent Nesheiwat has raised additional objections to the Bureau's proposed order that the Court has not expressly addressed, the Court finds they are both forfeited and without merit.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 8:20-cv-00043-SB-ADS | Date: | August 10, 2021 |
|---|---|---|---|

Title: ***Bureau of Consumer Financial Protection v. Chou Team Realty LLC, et al.***

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|
| Victor Cruz | N/A |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings: ORDER ON MOTION FOR SUMMARY JUDGMENT (Dkt. No. 189)**

Plaintiff Bureau of Consumer Financial Protection (Bureau) brought this action against Defendant Jawad Nesheiwat (and others) under the Fair Credit Reporting Act (FCRA), the Consumer Financial Protection Act of 2010 (CFPA), and the Telemarketing Sales Rule (TSR). The Bureau now seeks summary judgment on its claims against Nesheiwat. Dkt. No. 189-1 (Motion). Nesheiwat opposed the Motion primarily by raising evidentiary challenges to the declarations the Bureau submitted in support of its Motion.[1] Dkt. No. 197 (Opp.). For the reasons stated herein, the Court grants the Motion in full.

[1] Most of these challenges were struck for procedural deficiencies. Dkt. No. 222. However, even if they had been procedurally proper, the filings are substantively lacking. Nesheiwat's objections were boilerplate and insufficiently detailed to allow for informed rulings. *See Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (declining to "scrutinize each [evidentiary] objection and give a full analysis of identical objections raised as to each fact" where parties asserted only "boilerplate recitations of evidentiary principles or

**DISCUSSION**

## A. Background

This case involves alleged violations of various consumer financial protection laws. Nesheiwat was—at various times—a limited partner in multiple debt-relief businesses: Docu Prep Center, Certified Doc Prep Services, Assure Direct Services, Direct Document Solutions, and Secure Preparation Services (collectively, the Student Loan Debt Relief Companies (SLDRC)). Dkt. No. 220, Consolidated Statement of Undisputed Facts (SUF) P4-P29, P38, P60-P61.[2] In exchange for a fee, the SLDRC purported to provide consumers with assistance in consolidating their federal student loans and enrolling in loan repayment and forgiveness programs offered by the U.S. Department of Education (DOE). SUF P55-P56. Notably, DOE does not charge borrowers any fees to consolidate loans or to access any loan repayment and forgiveness programs. SUF P42.

The SLDRC primarily marketed services to consumers using direct-mail marketing. Sales representatives—self-described "Student Loan Advisors"—also enrolled consumers in the SLDRC programs over the phone. SUF P57-P58, P71, P82, P84-P91. Between 2015 and 2017, Nesheiwat oversaw these marketing efforts and designed the phone scripts used by the sales representatives. SUF P264-P265, P269-P276, P279-P287. To facilitate the targeting of consumers, Nesheiwat—working through a mortgage company known as Monster Loans—represented to Experian Information Solutions, Inc. (Experian) that Monster Loans was obtaining prescreened lists to send firm offers of credit to consumers for mortgage loans. SUF P99-P102, P109, P111-P117. Instead, Nesheiwat used these prescreened lists to target consumers through the SLDRC and charge them advance fees for services that were never ultimately rendered. SUF P118-P123. With

---

blanket objections without analysis applied to specific items of evidence") (internal citations omitted).

[2] Most, if not all, of Nesheiwat's "disputes" of fact in the SUF are based on his contention that "[t]here is no admissible evidence to support this assertion." *Id.* Because the objections raised in the SUF are boilerplate and conclusory, the Court overrules them. *See* *United States v. HVI Cat Canyon, Inc.*, 213 F. Supp. 3d 1249, 1257 (C.D. Cal. 2016) ("The parties' evidentiary objections are boilerplate and devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded. As such, the court overrules the parties' objections.") (citations omitted).

Nesheiwat's aid, Monster Loans also sold the prescreened lists it purchased from Experian to Eduardo Martinez (Martinez), who in turn resold the lists to other student loan debt relief companies—some of which were affiliates of the SLDRC. SUF P124-P126.

Most of the involved entities and individuals have either defaulted in this action or have reached a stipulated final judgment with the Bureau. The Bureau now seeks summary judgment against Nesheiwat alone.

### B. Legal Standard

Summary judgment is appropriate where the record, taken in the light most favorable to the opposing party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. The moving party has the initial burden of establishing that there are no disputed material facts. *Id.* at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A court "may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein," *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001) and may only consider admissible evidence, Fed. R. Civ. P. 56(e). Arguments based on conjecture or unfounded belief do not raise a genuine issue of material fact. Moreover, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *R.W. Beck & Assocs. v. City & Borough of Sitka*, 27 F.3d 1475, 1481 n.4 (9th Cir. 1994) (citing *Anderson*, 477 U.S. at 249).

### C. The Bureau's Claims

Nesheiwat's opposition to the Motion is essentially limited to the following conclusory statement: "the Bureau has failed to provide admissible and undisputed

material facts to prove [Claim __ ] of the SAC, and, therefore, the Court should deny the MSJ as to [Claim __ ].” Opp. at 10, 12, 13, 15, 16, 17, 18, 20, 21, 22, 24 (making identical arguments in opposition to summary judgment on Claims 1-11). There is not a single case cited in the Opposition’s “Legal Argument” section. Indeed, there are only seven cases cited in total in the 24-page brief, six of which are cited for the summary judgment standard and the seventh in support of Nesheiwat’s statute of limitations argument. When Nesheiwat cites a statute, he does so only to reiterate the elements of the claims against him. By failing to raise any substantial argument, Nesheiwat effectively concedes that if the Court denies his boilerplate evidentiary objections—which it does—the Bureau can prevail on each of its claims.

### 1. FCRA Claim

The FCRA prohibits an individual or business from obtaining or using a consumer report unless it is for a permissible purpose and the purpose is certified by the prospective user of the report. 15 U.S.C. § 1681b(f); 15 U.S.C. § 1681a(b). “Consumer reports” include the prescreened lists at issue in this case. 15 U.S.C. § 1681a(d)(1). Any defendant charged with a violation of the FCRA bears the burden to show they “had an authorized purpose to acquire” the consumer report. *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 495 (9th Cir. 2019). Use of a consumer report in connection with any credit or insurance transaction that is not initiated by the consumer is permitted if, among other things, “the transaction consists of a firm offer of credit or insurance.” 15 U.S.C. § 1681b(c)(1)(B)(i).

Here, the evidence is undisputed that Nesheiwat obtained and later used prescreened lists from Experian without a permissible purpose. He did so primarily by applying for accounts through various SLDRC. SUF P100-P101, P111, P115.[3] Nesheiwat intended to use the Experian account to buy prescreened

---

[3] Nesheiwat repeatedly disputes sworn statements from others by pointing to an excerpt of an interview conducted by the Bureau with Edward Avalos Martinez. However, Martinez’s testimony does not actually contradict any of the other statements. He merely states that another individual (Robert Hoose) “was probably the loudest voice” and “was down there in the trenches running the business” of the SLDRC. Dkt. No. 201-2. But this does not exculpate Nesheiwat. This is particularly so given that Martinez went on to testify immediately thereafter that Hoose “would get outvoted by Tom, Sean, and [Nesheiwat].” *Id.* at 154:3-6. Similarly, the SLDRC articles of incorporation (Dkt. No. 201-3)—also repeatedly

lists for Docu Prep Center to use to send direct mailers. SUF P118. And that is what he did. SUF P122-P123, P140-P142, P287. Nesheiwat then sold those prescreened lists to Martinez, who in turn used a company he controlled to resell the prescreened lists to other SLDRC. SUF P124-P126. A similar process was repeated with another of the SLDRC in 2017. SUF P150-P159.

Nesheiwat never used the prescreened lists obtained from Experian to make firm offers of credit or insurance. Instead, he used the lists to send direct mail solicitations from the SLDRC he controlled to consumers whose information was contained in those lists. The mailers stated that the "[b]enefits of the Consolidation Program may include" an "[i]nterest rate reduction regardless of balance or pay history." SUF P163. Thus, the SLDRC made false promises to consumers through direct mail and in sales calls in attempts to enroll consumers in a "Student Loan Consolidation & Payment Reduction Program." SUF P160-P169.

In response to the evidence and argument presented by the Bureau, Nesheiwat only argues that the Bureau lacks admissible and undisputed evidence on each element of an FCRA claim. Opp. at 9-10. He is incorrect. The undisputed evidence shows that Nesheiwat—working through the SLDRC and the employees working for the SLDRC—used or obtained prescreened lists for an illegal purpose. Accordingly, the Court grants summary judgment for the Bureau on the FCRA claim.

### 2. TSR and CFPA Claims

The Bureau also claims that Nesheiwat violated two components of the TSR: the advance fees provision and the deceptive practices provision. Mot. at 14-15. Under the TSR, it is unlawful for a seller or telemarketer to receive advance fees for debt-relief services or to misrepresent any material aspect of a debt-relief service. 16 C.F.R. § 310.3(a)(2)(x); 16 C.F.R. § 310.4(a)(5)(i). The Bureau posits that the same misrepresentations that constitute a violation of the TSR's deceptive practices provision also make out the basis for a violation of the CFPA. Mot. at 14-19. Through the SLDRC, Nesheiwat, a "seller" or "telemarketer," offered "debt relief services" (as defined in the TSR, 16 C.F.R. §§ 310.2(o), (dd), (ff)) by providing a program or service represented to alter the terms of consumers' student loans by consolidating consumers' loans, lowering consumers' interest rates and

---

cited by Nesheiwat to evidence his own lack of involvement—do not create any genuine dispute of material fact.

monthly payments, and achieving loan forgiveness. SUF P160-P169. He is therefore subject to the TSR.

Fees may only be collected under the TSR after sellers or telemarketers (like Nesheiwat) have both (1) renegotiated or altered a debt on behalf of a consumer and (2) the consumer has made at least one payment under the altered terms of their loans. 16 C.F.R. § 310.4(a)(5)(i). Yet the SLDRC—at Nesheiwat's direction—collected advance fees in violation of the TSR. SUF P215, P226-P229. At the time, Nesheiwat was familiar with the provisions of the TSR governing the collection of such fees. SUF P242. Nevertheless, he directed the SLDRC to collect the fees and substantially assisted them in doing so. 16 C.F.R. § 310.3(b); 12 U.S.C. § 5536 (a)(3).

The TSR also prohibits sellers and telemarketers from misrepresenting any material aspect of a debt-relief service. 16 C.F.R. § 310.3(a)(2)(x). It is undisputed that the representations Nesheiwat and the SLDRC made to consumers about lower interest rates, improved credit scores, and the identity of the loan servicers were false. SUF P160-P175, P189-P199, P201-P214. Nesheiwat participated extensively in the management and operation of the SLDRC. SUF P264. This included his giving the SLDRC managers specific and detailed direction on how to sell the company's services, overseeing the direct-mail marketing, editing solicitation letters, and managing the use of phone scripts for sales representatives. SUF P269-P276, P279-P288. Nesheiwat made no effort to verify the truthfulness of the statements in the materials used to market to consumers—and much of the information provided therein was false. SUF P277-P278.

Beyond violating the TSR, the misrepresentations discussed above also constitute a violation of the CFPA's prohibition on deceptive practices. An act or practice is considered "deceptive" under the CFPA if it (1) is likely to mislead consumers acting reasonably under the circumstances and (2) is material. *Consumer Fin. Prot. Bureau v. Gordon*, 819 F.3d 1179, 1192 (9th Cir. 2016) (citation omitted). Express representations are presumed to be material, and courts consider these likely to mislead consumers either when the statement was false or when the advertiser lacked a reasonable basis for asserting that the message was true. *F.T.C. v. Pantron I Corp.*, 33 F.3d 1088, 1095-96 (9th Cir. 1994). Nesheiwat and the SLDRC made material, false statements about the services offered by the SLDRC to induce consumers to pay advance fees for the programs offered by the

Case 8:20-cv-00043-SB-ADS Document 232 Filed 05/25/21 Page 7 of 9 Page ID #:5335

SLDRC. SUF P160-P175, P192-P199, P209-P214. As such, Nesheiwat violated the CFPA.[4]

In cases where an individual defendant "had control over the marketing materials and knowledge of their contents," courts have found it appropriate to grant summary judgment on claims brought under the CFPA. *Gordon*, 819 F.3d at 1193; *see F.T.C. v. Affordable Media*, 179 F.3d 1228, 1235 (9th Cir. 1999) ("The extent of an individual's involvement in a fraudulent scheme alone is sufficient to establish the requisite knowledge for personal restitutionary liability.") (citations omitted). Here, it is undisputed that Nesheiwat was heavily involved in and controlled much of the SLDRC's activities. This warrants a finding (relevant for purposes of calculating the appropriate civil penalties under 12 U.S.C. § 5565(c)(2) and 12 C.F.R. § 1083.1) that he acted recklessly. Accordingly, summary judgment is appropriate here on the Bureau's claims against Nesheiwat under the TSR and CFPA—including those claims predicated on his substantially assisting the SLDRC in violating those same statutes (e.g., Claims II-XI).[5]

**D. Invocation of the Fifth Amendment**

To the extent that there remains any question about Nesheiwat's culpability here—and there appears to be none on this record—the Court considers Nesheiwat's refusal to answer questions or respond to discovery in this case. Rather than respond to the Bureau's questions, Nesheiwat invoked his rights under the Fifth Amendment. SUF P290-P304. In civil cases, such an invocation allows the court to draw an adverse inference. *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 911 (9th Cir. 2008). It further permits the court to use its discretion to shift the burden to the defendant to disprove the fact at issue. *S.E.C. v. Colello*, 139 F.3d 674, 677-78 (9th Cir. 1998).

Here, Nesheiwat's refusal to answer even the most basic questions about his involvement with the operations of the SLDRC "support[s] the conclusion that [he]

---

[4] Nesheiwat further violated the CFPA's provision stating that covered persons may not violate a federal consumer financial law—including the TSR and FCRA. 12 U.S.C. § 5536(a)(1)(A).

[5] Nesheiwat's argument that the Seventh Amendment guarantees him the right to a jury trial in this case (Opp. at 5-6) is incorrect. In cases like the one at bar, where there is no dispute of material fact on the plaintiff's claims, a defendant does not have an unfettered right to proceed to trial.

knew exactly what was going on—or at least recklessly disregarded the reality of the situation." *S.E.C. v. Autocorp Equities, Inc.*, 292 F. Supp. 2d 1310, 1324 (D. Utah 2003). Though the evidence provided by the Bureau is sufficient to find that Nesheiwat violated the FCRA, TSR, and CFPA, his refusal to answer questions throughout this case, coupled with the affirmative evidence of violations, allows the Court to draw an adverse inference about his intent.

### E. Nesheiwat's Statute of Limitations Defense Fails

Finally, Nesheiwat argues that summary judgment should be granted in his favor because the Bureau's claims are barred by the CFPA's statute of limitations. Opp. at 2-5 (citing 12 U.S.C. § 5564(g)(1)). This argument fails on procedural and substantive grounds.

Nesheiwat did not move for summary judgment, and this Court's standing order does not permit cross-motions for summary judgment. MSJ Order (10.27.20) ¶ 1(d). His statute of limitations defense thus fails procedurally. It fares no better substantively. While there is a three-year statute of limitations for violations of federal consumer financial protection laws, the limitations period begins to run only "after the date of discovery of the violation to which an action relates." 12 U.S.C. § 5564(g)(1). Nesheiwat appears to argue that the Bureau was on notice of the claims against him because of consumer complaints about the SLDRC. Opp. at 2-5. But there is no "constructive discovery" rule set forth in the statute—and Nesheiwat has not shown that the Court is free to engraft one onto it, especially when the Supreme Court has cautioned against any such enlargement in construing such statutes against the government. *Badaracco v. Comm'r*, 464 U.S. 386, 391 (1984) ("Statutes of limitation sought to be applied to bar rights of the Government, must receive a strict construction in favor of the Government.") (citation omitted). What's more, the vast majority of the complaints Nesheiwat cites were not even made to the Bureau but rather were submitted to the Federal Trade Commission's Consumer Sentinel database. Dkt. No. 191-35. Of the 108 complaints referenced, only 24 were received by the Bureau, and none of those 24 complaints refers to Nesheiwat or Monster Loans. *See* SUF D3-D8, D10-D19, D21-D29 (describing complaints made specifically against Docu Prep Center d/b/a Certified Document Center, Assure Direct Services, and Certified Doc Prep).

Nesheiwat provides no competent evidence that the Bureau discovered his violations of federal consumer financial protection laws prior to January 9, 2017, three years before the complaint in this action was filed. Accordingly, he cannot

Case 8:20-cv-00043-SB-ADS Document 242 Filed 09/10/21 Page 55 of 56 Page ID #:5317

prevail on his argument that all of the Bureau's claims are barred by 12 U.S.C. § 5564(g)(1).

## CONCLUSION

For the reasons stated herein, the Court **GRANTS** the Motion in full. The Court finds that injunctive relief,[6] restitution,[7] and a civil money penalty are all appropriate remedies here.[8] The Bureau is directed to file a proposed conforming judgment by no later than **August 27, 2021**.

---

[6] A permanent injunction is justified when there is "some reasonable likelihood of future violations." *Commodity Futures Trading Commission v. Co Petro Marketing Grp., Inc.*, 502 F. Supp. 806, 818 (C.D. Cal. 1980), *aff'd*, 680 F.2d 573 (9th Cir. 1982). This is true even if Nesheiwat has ceased his unlawful activities, so long as recurrence remains possible. *Affordable Media, LLC*, 179 F.3d at 1237. Where, as here, the illegal conduct is elaborate and wide-ranging, regulatory agencies may seek injunctive relief "which extends beyond the immediate facts" of the case, using "fencing in" provisions "to prevent similar and related violations from occurring in the future." *Trans World Accts., Inc. v. F.T.C.*, 594 F.2d 212, 215, 217 (9th Cir. 1979).

[7] The CFPA authorizes the Court to grant relief on behalf of consumers, including a refund of moneys, restitution, and disgorgement or compensation for unjust enrichment. 12 U.S.C. § 5565(a)(2). "Restitution may be measured by the 'full amount lost by consumers rather than limiting damages to a defendant's profits.'" *Gordon*, 819 F.3d at 1195.

[8] Nesheiwat did not meaningfully oppose the Bureau's request for relief. Instead, he incorrectly contends that "the Bureau further failed to provide undisputed and admissible evidence to support any type of relief, including any amount of monetary relief." Opp. at 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | SA CV 20-00043 SB (ADSx) | Date: | July 14, 2021 |

Title: ***Bureau of Consumer Financial Protection v. Chou Team Realty LLC et al***

Present: The Honorable **STANLEY BLUMENFELD, JR., U.S. District Judge**

| | |
|---|---|
| Victor Cruz | Not Present |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings: IN CHAMBERS**

The Court strikes the following motions, Dkt. No's 202, 203, 204, 205, 206, 207, 208, 209, 210 and 211, without prejudice to refiling in accordance with the Court's standing order (provided that the refiling is otherwise timely), Local Rule 5-4.4.2 and *see* Notice to Filer of Deficiencies, Dkt. No. 212.